**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> *Plaintiff*, <br><br> v. <br><br> AT&T INC., AT&T SERVICES INC., AT&T MOBILITY LLC and AT&T CORP., <br><br> *Defendants*, <br><br> ERICSSON INC., <br><br> *Intervenor*. | Case No. 2:23-cv-00202-JRG-RSP <br>   (Lead Case) <br><br> **JURY TRIAL DEMANDED** |

<u>**ERICSSON INC.'S ANSWER AND COUNTERCLAIMS IN INTERVENTION**</u>

Intervenor Ericsson Inc. ("Ericsson" or "Intervenor"), hereby submits the following Answer and Counterclaims to the Complaint of Plaintiff XR Communications, LLC dba Vivato Technologies' ("XR" or "Plaintiff") against Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.[1] (collectively, "Defendants" or "AT&T"), as follows:

**SCOPE OF ERICSSON'S ANSWER IN INTERVENTION**

Ericsson's use of headings in this Answer in Intervention is for convenience only and is not an admission as to any of Plaintiff's allegations in the Complaint.

Ericsson further denies that any patent claims in this action are valid or enforceable. Ericsson further reserves the right to amend or supplement its Answer in Intervention based on

---

[1] Plaintiff has voluntarily dismissed AT&T Inc. from this lawsuit. *See* Dkt. 21. As used herein, the terms "AT&T" and "Defendants" do not include AT&T Inc.

1

any additional facts or developments that become available or that arise after the filing of this Answer in Intervention.

Ericsson denies each and every allegation averred in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

## INTRODUCTION

1.      Ericsson admits that the Complaint purports to make a claim for patent infringement of U.S. Patent Nos. 8,737,511 (the "'511 Patent"), 10,715,235 (the "'235 Patent"), 10,594,376 (the "'376 Patent"), 7,177,369 (the "'369 Patent"), and 8,289,939 (the "'939 Patent"), and collectively refers to the patents as the "Asserted Patents." Ericsson lacks knowledge or information sufficient to form a belief as to the ownership of the Asserted Patents. Ericsson denies that AT&T has infringed any of the Asserted Patents through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

2.      Ericsson admits that electronic devices connect to the Internet wirelessly and allow people to communicate with each other. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2, and therefore denies the same.

3.      Ericsson admits that Guglielmo Marconi was granted a British Patent (No. 12039), but denies that it occurred in 1896. Ericsson admits that British Patent (No. 12039) was titled "Improvements in Transmitting Electrical impulses and Signals, and in Apparatus therefor."

Ericsson admits that Guglielmo Marconi shared the Nobel Prize in Physics with Karl Ferdinand Braun in 1909. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, and therefore denies the same.

4.       Ericsson admits that Guglielmo Marconi shared the Nobel Prize in Physics with Karl Ferdinand Braun in 1909. Ericsson admits that Karl Ferdinand Braun gave a Nobel Lecture dated December 11, 1909. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4, and therefore denies the same.

5.       Ericsson admits that Karl Ferdinand Braun is credited with inventions related to radio waves. Ericsson admits that Karl Ferdinand Braun's December 11, 1909 Nobel Lecture described his experiments with antennas.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5, and therefore denies the same.

6.       Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies the same.

7.       Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies the same.

8.       Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9.       Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies the same.

## THE PARTIES

10.       Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies the same.

11.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies the same.

12.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies the same.

13.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies the same.

14.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies the same.

15.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies the same.

16.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies the same.

17.     Plaintiff has voluntarily dismissed AT&T Inc. from this lawsuit. No response is required to the allegations in Paragraph 17 of the Complaint because AT&T Inc. is no longer a party to this action.  *See* Dkt. 21.

18.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies the same.

19.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies the same.

20.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies the same.

## JURISDICTION AND VENUE

21.     Ericsson admits that the Complaint purports to state a claim for patent infringement arising under Title 35 of the United States Code. Ericsson admits that this Court has subject matter jurisdiction over patent-law claims generally pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22.     To the extent that the allegations of Paragraph 22 of the Complaint set forth legal conclusions, no response is required. Ericsson denies that AT&T has infringed any of the Asserted Patents through AT&T's use of Ericsson equipment. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 concerning personal jurisdiction over AT&T, and therefore denies the same.

23.     To the extent that the allegations of Paragraph 23 of the Complaint set forth legal conclusions, no response is required. Ericsson denies that AT&T has infringed any of the Asserted Patents through AT&T's use of Ericsson equipment. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23, and therefore denies the same.

24.     To the extent that the allegations of Paragraph 24 of the Complaint set forth legal conclusions, no response is required. Ericsson denies that AT&T has infringed any of the Asserted Patents through AT&T's use of Ericsson equipment. Ericsson, however, does not contest that venue in this District is proper pursuant to 28 U.S.C. § 1400(b) for purposes of this action only; but it does deny that this is the most convenient forum in which to try this case.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24, and therefore denies the same.

25.     Ericsson admits that the page at www.att.com/maps/wireless-coverage.html appears to advertise coverage for at least part of the Eastern District of Texas. To the extent this

paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

26.     Ericsson admits that the document referenced in the footnote to paragraph 26 states: "At March 31, 2022, wireless subscribers totaled 196.6 million (including approximately 3.3 million FirstNet connections) compared to 186.1 million at March 31, 2021. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

27.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies the same.

28.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies the same.

29.     Ericsson admits that the page at www.att.com/maps/wireless-coverage.html appears to advertise coverage for at least part of the Eastern District of Texas. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,737,511

30.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, Ericsson repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-29, as set forth above.

31.     Ericsson admits that Exhibit 1 to the Complaint purports to be a true and correct copy of U.S. Patent No. 8,737,511 (the "'511 Patent") entitled "Directed MIMO Communications." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and therefore denies the same.

32.     Ericsson denies that AT&T has infringed any of the referenced claims of the '511 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

33.     Ericsson denies that AT&T has infringed any of the referenced claims of the '511 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

34.     Ericsson denies that AT&T has infringed any of the referenced claims of the '511 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

35.     Ericsson admits that Exhibit 2 attached to the Complaint purports to be a claim chart related to the '511 Patent. Ericsson denies the remaining allegations in Paragraph 35 of the Complaint.

36.     Ericsson denies that AT&T has infringed any of the referenced claims of the '511 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

37.     Ericsson denies that AT&T has infringed any of the referenced claims of the '511 Patent through AT&T's use of Ericsson equipment and therefore denies that Plaintiff is entitled to any relief. To the extent this paragraph contains any additional factual allegations, Ericsson lacks

knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

38.     Ericsson denies the allegations in Paragraph 38 of the Complaint.

39.     Ericsson denies the allegations in Paragraph 39 of the Complaint.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,715,235

40.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, Ericsson repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-39, as set forth above.

41.     Ericsson admits that Exhibit 3 to the Complaint purports to be a true and correct copy of U.S. Patent No. 10,715,235 (the "'235 Patent") entitled "Directed Wireless Communications." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41, and therefore denies the same.

42.     Ericsson denies that AT&T has infringed any of the referenced claims of the '235 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

43.     Ericsson denies that AT&T has infringed any of the referenced claims of the '235 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

44.     Ericsson denies that AT&T has infringed any of the referenced claims of the '235 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any

additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

45.     Ericsson admits that Exhibit 4 attached to the Complaint purports to be a claim chart related to the '235 Patent. Ericsson denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Ericsson denies that AT&T has infringed any of the referenced claims of the '235 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

47.     Ericsson denies that AT&T has infringed any of the referenced claims of the '235 Patent through AT&T's use of Ericsson equipment and therefore denies that Plaintiff is entitled to any relief. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

48.     Ericsson denies the allegations in Paragraph 48 of the Complaint.

49.     Ericsson denies the allegations in Paragraph 49 of the Complaint.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 10,594,376**

50.     No response is required to Plaintiff's reference and incorporation of the Paragraphs above. To the extent a response is deemed required, Ericsson repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1- 49, as set forth above.

51.     Ericsson admits that Exhibit 5 to the Complaint purports to be a true and correct copy of U.S. Patent No. 10,594,376 (the "'376 Patent") entitled "Directed Wireless

Communications." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51, and therefore denies the same.

52.     Ericsson denies that AT&T has infringed any of the referenced claims of the '376 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

53.     Ericsson denies that AT&T has infringed any of the referenced claims of the '376 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

54.     Ericsson denies that AT&T has infringed any of the referenced claims of the '376 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

55.     Ericsson admits that Exhibit 6 attached to the Complaint purports to be a claim chart related to the '376 Patent. Ericsson denies the remaining allegations in Paragraph 55 of the Complaint.

56.     Ericsson denies that AT&T has infringed any of the referenced claims of the '376 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

57.     Ericsson denies that AT&T has infringed any of the referenced claims of the '376 Patent through AT&T's use of Ericsson equipment and therefore denies that Plaintiff is entitled to

any relief. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

58.     Ericsson denies the allegations in Paragraph 58 of the Complaint.

59.     Ericsson denies the allegations in Paragraph 59 of the Complaint.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 7,177,369**

60.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, Ericsson repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-59, as set forth above.

61.     Ericsson admits that Exhibit 7 to the Complaint purports to be a true and correct copy of U.S. Patent No. 7,177,369 (the "'369 Patent") entitled "Multipath Communication Methods and Apparatuses." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61, and therefore denies the same.

62.     Ericsson denies that AT&T has infringed any of the referenced claims of the '369 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

63.     Ericsson denies that AT&T has infringed any of the referenced claims of the '369 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

64.     Ericsson denies that AT&T has infringed any of the referenced claims of the '369 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any

additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

65.     Ericsson admits that Exhibit 8 attached to the Complaint purports to be a claim chart related to the '369 Patent. Ericsson denies the remaining allegations in Paragraph 65 of the Complaint.

66.     Ericsson denies that AT&T has infringed any of the referenced claims of the '369 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

67.     Ericsson denies that AT&T has infringed any of the referenced claims of the '369 Patent through AT&T's use of Ericsson equipment and therefore denies that Plaintiff is entitled to any relief. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

68.     Ericsson denies the allegations in Paragraph 68 of the Complaint.

69.     Ericsson denies the allegations in Paragraph 69 of the Complaint.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 9,289,939[2]**

70.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, Ericsson repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-69, as set forth above.

---

[2] Ericsson copies Plaintiff's Headings for ease of reference, but notes that the Asserted Patent is U.S. Patent No. 8,289,939, not 9,289,939.

71.     Ericsson denies that Exhibit 9 to the Complaint attaches a true and correct copy of U.S. Patent No. 9,289,939. Ericsson admits that Exhibit 9 to the Complaint purports to be a true and correct copy of U.S. Patent No. 8,289,939 (the "'939 Patent") entitled "Signal Communication Coordination." Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71, and therefore denies the same.

72.     Ericsson denies that AT&T has infringed any of the referenced claims of the '939 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

73.     Ericsson denies that AT&T has infringed any of the referenced claims of the '939 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

74.     Ericsson denies that AT&T has infringed any of the referenced claims of the '939 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

75.     Ericsson admits that Exhibit 10 attached to the Complaint purports to be a claim chart related to the '939 Patent. Ericsson denies the remaining allegations in Paragraph 75 of the Complaint.

76.     Ericsson denies that AT&T has infringed any of the referenced claims of the '939 Patent through AT&T's use of Ericsson equipment. To the extent this paragraph contains any

additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

77.     Ericsson denies that AT&T has infringed any of the referenced claims of the '939 Patent through AT&T's use of Ericsson equipment and therefore denies that Plaintiff is entitled to any relief. To the extent this paragraph contains any additional factual allegations, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

78.     Ericsson denies the allegations in Paragraph 78 of the Complaint.

79.     Ericsson denies the allegations in Paragraph 79 of the Complaint.

## PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. Ericsson denies that Plaintiff is entitled to any relief and specifically denies all the allegations and prayers for relief contained in Paragraphs (a) through (f) of Plaintiff's Prayer for Relief.

## DEFENSES

Subject to the responses above, Ericsson alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that Ericsson bears the burden of proof as to any of them or that any must be pleaded as defenses. Ericsson specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
## (NO INFRINGEMENT)

1.     Ericsson equipment and technology supplied to AT&T has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, in any manner including under any section of 35 U.S.C. § 271, including

35 U.S.C. §271(a), (b), and/or (c), willfully or otherwise. AT&T has not performed any act and are not proposing to perform any act in violation of any rights validly belong to Plaintiff.

### SECOND DEFENSE
### (INVALIDITY)

2.      The asserted claims of the Asserted Patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, each claim is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the Asserted Patents.

### THIRD DEFENSE
### (NOTICE, DAMAGES, AND COSTS)

3.      Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 252, 286, 287, or 307.  To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from AT&T's alleged infringement prior to at least the date of the filing of the original Complaint or otherwise limited by 35 U.S.C. § 286.

4.      Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

5.      Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

### FOURTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

6.      Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent

applications resulting in the Asserted Patents before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

### FIFTH DEFENSE
### (FAILURE TO STATE A CLAIM)

7.     The Complaint fails to state a claim upon which relief can be granted.

### SIXTH DEFENSE
### (LICENSE, IMPLIED LICENSE, AND/OR EXHAUSTION)

8.     Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, by any entity or entities having express or implied licenses or covenant not to sue or assert to the Asserted Patents and/or (ii) under the doctrine of patent exhaustion.  Additionally, Plaintiff's claims for patent infringement are precluded in whole or in part to any direct licenses or agreements/covenants not to sue that pertain to AT&T or Ericsson.

### SEVENTH DEFENSE
### (INEQUITABLE CONDUCT)

9.     Plaintiff's enforcement of at least the '235 Patent, the '376 Patent, and the '939 Patent is barred by inequitable conduct, as follows:

10.     The '235, '376, and '939 Patents all ultimately arose from applications originally filed in 2003 as Application Serial Numbers 10/700,329 for the '235 and '376 Patents and 10/700,342, for the '939 Patent.

11.     By fall of 2007, the '329 and '342 applications were owned by Vivato Networks, Inc.

12.     In December 2007, Vivato Networks merged with Catcher Holdings, Inc. ("Catcher"), and transferred the patent applications to Vivato Networks Holdings, Inc. ("Vivato Holdings"). Vivato Holdings granted Catcher the exclusive right to prosecute the applications.  On

April 1, 2008, Catcher ceased operations and terminated all employees due to a lack of working capital.

13.    In late April or early May 2008, Brooks withdrew as the attorney of record for the '329 and '342 applications.

14.    In June 2008, Aequitas Equipment Finance, LLC ("Aequitas"), assignee of Aequitas Capital's security interest in the applications, sought to foreclose on the '329 and '342 applications, each of which became abandoned between June and July 2008 for failure to respond to office actions from the United States Patent and Trademark Office ("USPTO").

15.    In April 2009, Aequitas obtained a foreclosure judgment against Vivato Networks and Vivato Holdings, and took title of the abandoned applications through a sheriff's sale.

16.    In fall 2009, Carl J. Schwedler, attorney for Aequitas, filed petitions to revive the '329 and '342 applications.  As part of each of those petitions, Schwedler represented that the entire period of delay from the due date for filing a reply to the pending USPTO office actions to the date of the petitions, was unintentional under 37 C.F.R. § 1.137(b)(4).

17.    Upon information and belief, Schwedler's representation that the delay in prosecuting the applications was unintentional was false.

18.    The USPTO granted the petitions filed by Aequitas to revive the '342 application, but denied the petition to revive the '329 application.  In December 2009, Aequitas sold its patent portfolio (including the revived '342 application and the still-abandoned '329 application) to Plaintiff XR.

19.    In 2010, XR took responsibility for prosecuting the patent applications.

20.    On November 8, 2010, Daniel P. Burke, an attorney for XR, filed a renewed petition to revive the '329 application.  In doing so, Burke represented to the USPTO that the entire period

of delay from the due date for filing a reply to the pending USPTO office action to the date of the petition was unintentional.

21.     Upon information and belief, Burke's representation that delay in prosecuting the applications was unintentional was false, and XR itself would not have had knowledge of the circumstances surrounding the abandonment of the applications.

22.     Upon information and belief, the delay that resulted in abandonment of the '329 and '342 applications was not unintentional.

23.     Upon information and belief, Aequitas and XR falsely certified that the entire period of delay in replying to the PTO was unintentional.

24.     Upon information and belief, the false representations that the entire period of delay in responding to the USPTO with respect to the '329, and '342 applications was unintentional were made with intent to deceive the USPTO into granting the petitions to revive. Specifically, upon information and belief, the following petitions to revive (and requests for reconsideration) contained knowingly false statements made with intent to deceive, and were material to the USPTO's decision to revive the applications and ultimately issue the Patents-in-Suit:

a.     The petition to revive the '329 application, filed on August 28, 2009 by Schwedler;

b.     The petition to revive the '342 application, filed on November 3, 2009 by Schwedler;

c.     The request for reconsideration of the dismissal of the petition to revive the '329 application, filed on November 18, 2009 by Schwedler; and

d.     The renewed petition to revive the '329 application, filed on November 8, 2010 by Burke.

25.     Upon information and belief, the false representations that the entire period of delay in responding to the USPTO with respect to the '329 and '342 applications was unintentional were material to the USPTO, because without that false representation the USPTO would not have ultimately granted the petitions to revive and the '235, '376, and '939 Patents never would have issued.

26.     Accordingly, upon information and belief, Aequitas, XR and their counsel engaged in inequitable conduct in reviving the '329 and '342 applications.

## EIGHTH DEFENSE
## (STATUTORY LIMITATIONS)

27.     To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government and/or public good, Plaintiff's claims involving AT&T or Ericsson equipment or technology may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## NINTH DEFENSE
## (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

28.     XR is not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 547 U.S. 388 (2006), any alleged injury to XR would not be immediate or irreparable, XR would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## RESERVATION OF DEFENSES

Ericsson hereby reserves the right to supplement defenses as discovery proceeds in this case.

## INTERVENOR ERICSSON INC.'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Ericsson

Inc. ("Ericsson") asserts the following counterclaims against Plaintiff XR Communications, LLC ("Plaintiff" or "XR"):

## Parties

1.      Intervenor Ericsson Inc. is a Delaware Corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2.      Upon information and belief, and according to the allegations in its Complaint, Plaintiff XR Communications, LLC is a Delaware limited liability company with a principal place of business at 2809 Ocean Front Walk, Venice, California 90291.

3.      Plaintiff's Complaint alleges that it is the "sole owner by assignment of all right, title, and interest in each Asserted Patent."

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 271, et seq.

5.      This Court has personal jurisdiction over Plaintiff because, among other reasons, Plaintiff has consented to jurisdiction by choosing to file claims for infringement of the Asserted Patents in this district.

6.      Venue is proper in this district.  Plaintiff has consented to venue in this district by bringing this action against Defendants, and thus venue for Ericsson's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

## Nature of the Action

7.      Based on XR's Complaint, XR has substantial rights and interests in U.S. Patent Nos. 8,737,511 (the "'511 Patent"), 10,715,235 (the "'235 Patent"), 10,594,376 (the "'376 Patent"), 7,177,369 (the "'369 Patent"), and 8,289,939 (the "'939 Patent"), and collectively

referred to as the Asserted Patents.

8.      Plaintiff has sued Ericsson's customer, AT&T (as defined above) for alleged infringement of the Asserted Patents in Eastern District of Texas, Case No. 2:23-cv-00202 (the "AT&T Case").

9.      Plaintiff's Complaint in the AT&T Case alleges infringement based, in part, upon functionality implemented by network equipment and technology supplied by Ericsson to AT&T.

10.      Ericsson asserts that the Asserted Patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112.

11.      Ericsson further denies that AT&T has infringed the Asserted Patents, directly or indirectly, through AT&T's use of Ericsson equipment or technology.

12.      In view of the foregoing, a conflict of asserted rights between Ericsson and Plaintiff with respect to the alleged infringement and validity of the Asserted Patents.

**First Counterclaim**
**Declaratory Judgment of Non-Infringement of the '511 Patent**

13.      Ericsson incorporates by reference the prior allegations.

14.      Plaintiff alleges that AT&T infringes the '511 Patent through the use of Ericsson's equipment and technology in its wireless network.

15.      An actual, substantial, and continuing justiciable controversy exists between Ericsson and Plaintiff with respect to infringement of the '511 Patent.

16.      Ericsson's equipment and technology does not infringe and has not infringed any valid claim of the '511 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

17.     There exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Plaintiff as to whether the Ericsson's equipment and technology has infringed or infringes any valid and enforceable claim of the '511 Patent.

18.     Ericsson requests a judicial determination and declaration that Ericsson's equipment and technology does not infringe any valid and enforceable claim of the '511 Patent.

## Second Counterclaim
### Declaratory Judgment of Non-Infringement of the '235 Patent

19.     Ericsson incorporates by reference the prior allegations.

20.     Plaintiff alleges that AT&T infringes the '235 Patent through the use of Ericsson's equipment and technology in its wireless network.

21.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Plaintiff with respect to infringement of the '235 Patent.

22.     Ericsson's equipment and technology does not infringe and has not infringed any valid claim of the '235 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

23.     Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Plaintiff as to whether the Ericsson's equipment and technology has infringed or infringes any valid and enforceable claim of the '235 Patent.

24.     Ericsson requests a judicial determination and declaration that Ericsson's equipment and technology does not infringe any valid and enforceable claim of the '235 Patent.

## Third Counterclaim
### Declaratory Judgment of Non-Infringement of the '376 Patent

25.     Ericsson incorporates by reference the prior allegations.

26.     Plaintiff alleges that AT&T infringes the '376 Patent through the use of Ericsson's equipment and technology in its wireless network.

27.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Plaintiff with respect to infringement of the '376 Patent.

28.     Ericsson's equipment and technology in a wireless network does not infringe and has not infringed any valid claim of the '376 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

29.     Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Plaintiff as to whether the Ericsson's equipment and technology has infringed or infringes any valid and enforceable claim of the '376 Patent.

30.     Ericsson requests a judicial determination and declaration that Ericsson's equipment and technology does not infringe any valid and enforceable claim of the '376 Patent.

### Fourth Counterclaim
### Declaratory Judgment of Non-Infringement of the '369 Patent

31.     Ericsson incorporates by reference the prior allegations.

32.     Plaintiff alleges that AT&T infringes the '369 Patent through the use of Ericsson's equipment and technology in its wireless network.

33.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Plaintiff with respect to infringement of the '369 Patent.

34.     Ericsson's equipment and technology does not infringe and has not infringed any valid claim of the '369 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

35.     Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Plaintiff as to whether the Ericsson's equipment and technology has infringed or infringes any valid and enforceable claim of the '369 Patent.

36.     Ericsson requests a judicial determination and declaration that Ericsson's equipment and technology does not infringe any valid and enforceable claim of the '369 Patent.

**Fifth Counterclaim**
**Declaratory Judgment of Non-Infringement of the '939 Patent**

37.     Ericsson incorporates by reference the prior allegations.

38.     Plaintiff alleges that AT&T infringes the '939 Patent through the use of Ericsson's equipment and technology in its wireless network.

39.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and Plaintiff with respect to infringement of the '939 Patent.

40.     Ericsson's equipment and technology does not infringe and has not infringed any valid claim of the '939 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

41.     Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Ericsson and Plaintiff as to whether the Ericsson's equipment and technology, either alone or as used in a wireless network, has infringed or infringes any valid and enforceable claim of the '939 Patent.

42.     Ericsson requests a judicial determination and declaration that Ericsson's equipment and technology does not infringe any valid and enforceable claim of the '939 Patent.

**PRAYER FOR RELIEF**

24

WHEREFORE, Ericsson prays for judgment as follows:

a. A declaration that AT&T has not infringed the Asserted Patents through AT&T's use of Ericsson equipment and/or technology, contributed to the infringement of any of the Asserted Patents, and/or induced others to infringe any of the Asserted Patents

b. A judgment in favor of Ericsson on all of its Defenses;

c. A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

d. A judgment in favor of Ericsson on its Counterclaims;

e. A judgment that the claims of each of the Asserted Patents are invalid and/or unenforceable;

f. A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and an award of attorney's fees and expenses of litigation to Ericsson;

g. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Intervenor Ericsson respectfully demand a jury trial of all issues triable to a jury in this action.

Dated:  September 26, 2023   Respectfully submitted,

          */s/ Deron R. Dacus*
          Deron R. Dacus (TBN 00790553)
          ddacus@dacusfirm.com
          **THE DACUS FIRM, P.C.**
          821 ESE Loop 323
          Suite 430
          Tyler, Texas 75701
          Telephone:  903.705.1117
          Facsimile:  903.581.2543
          Email: ddacus@dacusfirm.com

          Matthew S. Yungwirth
          Email: msyungwirth@duanemorris.com

John R. Gibson
Email: jrgibson@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Telephone: (404) 253-6900

*Counsel for Intervenor Ericsson Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 26, 2023.

*/s/ Deron R. Dacus*
Deron R. Dacus