**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, | |
| Plaintiff, | |
| v. | Case No. 2:23-CV-00202-JRG-RSP |
| AT&T SERVICES INC.; AT&T MOBILITY LLC; AND AT&T CORP., | (Lead Case) |
| Defendants, | **JURY TRIAL DEMANDED** |
| ERICSSON INC. and NOKIA OF AMERICA CORPORATION, | |
| Intervenors. | |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, | |
| Plaintiff, | |
| v. | Case No. 2:23-CV-00203-JRG-RSP |
| VERIZON COMMUNICATIONS, INC.; CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS | (Member Case) |
| Defendants, | **JURY TRIAL DEMANDED** |
| ERICSSON INC. and NOKIA OF AMERICA CORPORATION, | |
| Intervenors. | |

XR COMMUNICATIONS, LLC, dba VIVATO
TECHNOLOGIES,

                      Plaintiff,

v.

T-MOBILE USA, INC.,

                      Defendant,

ERICSSON INC. and
NOKIA OF AMERICA CORPORATION,

                      Intervenors.

Case No. 2:23-CV-00204-JRG-RSP

(Member Case)

**JURY TRIAL DEMANDED**

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Local Patent Rule 4-3, and the Court's Docket Control Order, Plaintiff XR Communications, LLC, dba Vivato Technologies ("Vivato"), Defendants AT&T Services, Inc., AT&T Mobility LLC, AT&T Corp. ("AT&T"), Verizon Communications, Inc., Cellco Partnership d/b/a Verizon Wireless ("Verizon"), and T-Mobile USA, Inc., ("T-Mobile") (together, "Defendants"), and Intervenors Ericsson Inc. ("Ericsson") and Nokia of America Corporation ("Nokia") (together, "Intervenors") (collectively, the "Parties") respectfully submit the following Joint Claim Construction and Prehearing Statement.

**I.**        **AGREED CLAIM CONSTRUCTIONS (P.R. 4-3(A)(1))**

The parties agree on the following claim constructions with respect to U.S. Patent Nos. 7,177,369 ("'369 Patent"), 8,289,939 Patent ("'939 Patent"), 8,737,511 ("'511 Patent"), and 10,715,235 ("'235 Patent").

| Claim Term | Agreed Construction |
|---|---|
| "said at least one transmission delay" <br><br> '369 Patent, claims 1, 21, 41 | "the at least one multipath transmission delay" |
| "transmission nulls" <br><br> '235 Patent, claims 2, 4, 8, 12, 16 | Plain and ordinary meaning, i.e., "portions of a transmission pattern where transmissions of no or insignificant energy are selectively directed." |
| "bi-directional beam[]" <br><br> '511 Patent claims 1, 10 | "a beam on which (i) the MIMO transmitter transmits and (ii) the MIMO receiver receives" |

## II.    DISPUTED CLAIM CONSTRUCTIONS (P.R. 4-3(A)(2))

The parties' proposed constructions of disputed terms are provided in the chart below, along with the intrinsic and extrinsic evidence on which the parties intend to rely.

### A.  U.S. Patent No. 7,177,369

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| "forward path pre-equalization parameter" / "determining at least one forward path pre-equalization parameter based on said at least one transmission delay" <br><br> '369 Patent, claims 1, 13, 21, 32, 33, 41 | Plain and ordinary meaning, i.e., a pre-equalization parameter for modifying a forward path signal to reduce unwanted effects associated with multipath fading between the transmitter and the receiver that is determined based on said at least one multipath transmission delay. <br><br> **Intrinsic Evidence:** '369 Patent at abstract, Figs. 1-9 (and associated discussion in the written description); 2:1-28, 3:1-5, 3:38-61, 6:16-19, 6:53-67, 7:5-34, 7:51-8:52, 9:43-10:24, 10:31-11:20, 11:58-12:6, 12:11-22, 12:29-43, 12:53-13:4, 13:31-50, 14:27-64, 15:2-10, 15:21-29, 15:58-16:16, 16:32-44; and claim language. <br><br> **Extrinsic Evidence:** Defendants' Petition and any other filings in IPR2024-00314 and | Plain and Ordinary Meaning <br><br><br><br><br><br><br><br><br> **Intrinsic Evidence:** '369 Patent at 3:17-32, 7:14-21, 8:4-14; 9:42-10:24; 14:30-15:29, 15:31-64; Figs. 3 and 9; IPR2024-00314, Paper Nos. 3, 7, 9, and 10 |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | exhibits thereto (e.g., Ex. 2001, IEEE Definition of pre-emphasis / pre-equalization).<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill). | |
| "modifying a forward path data signal that is to be transmitted to the receiving device based on said at least one forward path pre-equalization parameter"<br><br>'369 Patent, claim 1 | Plain and ordinary meaning, wherein "pre-equalization" has its plain and ordinary meaning, i.e., modifying a signal to reduce unwanted effects associated with multipath fading between the transmitter and the receiver.<br><br>**Intrinsic Evidence:** '369 Patent at abstract, Figs. 1-9 (and associated discussion in the written description); 2:1-28, 3:1-5, 3:38-61, 6:16-19, 6:53-67, 7:5-34, 7:51-8:52, 9:43-10:24, 10:31-11:20, 11:58-12:6, 12:11-22, 12:29-43, 12:53-13:4, 13:31-50, 14:27-64, 15:2-10, 15:21-29, 15:58-16:16, 16:32-44; and claim language.<br><br>**Extrinsic Evidence:**<br>Defendants' Petition and any other filings in IPR2024-00314 and exhibits thereto (e.g., Ex. 2001, IEEE Definition of pre-emphasis / pre-equalization)<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge | Plain and Ordinary Meaning<br><br><br><br>**Intrinsic Evidence:** '369 Patent at 3:17-32, 7:14-21, 8:4-14; 9:42-10:24; 14:30-15:29, 15:31-64; Figs. 3 and 9; IPR2024-00314, Paper Nos. 3, 7, 9, and 10 |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | and skill). | |
| "substantially reciprocal to"<br><br>'369 Patent, claim 12 | No construction necessary.<br><br>**Intrinsic Evidence:** '369 Patent at Figs. 1-9 (and associated discussion in the written description); 2:9-16, 7:21-34, 10:61-11:5, 11:59-12:6, 15:30-58; and claim language.<br><br><br>**Extrinsic Evidence:**<br><br>Defendants' Petition and any other filings in IPR2024-00314 and exhibits thereto.<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill). | Indefinite term of degree<br><br>**Intrinsic Evidence:** '369 Patent at 7:22-34, 10:31-37, 10:65-11:14, 11:58-12:6, 15:49-57; Fig. 6.<br><br><br><br>**Extrinsic Evidence:**<br><br>Expert testimony of James Proctor regarding the uncertainty of this term of degree |
| "a plurality of first device receive antennas"<br><br>'369 Patent, claim 19 | No construction necessary.<br><br>**Intrinsic Evidence:** '369 Patent at Figs. 1-3, 5, 9 (and associated discussion in the written description); 2:24-29, 2:50-53, 3:10-14, 4:46-6:11, 6:34-52, 7:34-42, 8:15-9:20, 9:63-10:14, 10:61-11:5, 11:40-57, 12:7-44, 14:46-15:10; and claim language.<br><br><br>**Extrinsic Evidence:**<br>Defendants' Petition and any other filings in IPR2024-00314 and exhibits thereto.<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), | Indefinite<br><br><br><br><br><br><br><br><br><br><br>**Extrinsic Evidence:**<br>Expert testimony of James Proctor regarding the uncertainty of first device as used in the context of this limitation in view of surrounding claim language |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill). | |

### B.  U.S. Patent No. 8,289,939

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| "wireless input/output (I/O) unit"<br><br>'939 Patent, claims 15, 30 | Plain and ordinary meaning; no construction necessary; not means-plus-function.<br><br>**Alternative proposed construction, should the term be treated as means-plus-function:**<br><br>**Function:**<br>Claims 15, and 30: establish a plurality of access points<br><br>**Structure:**<br>Wireless input/output unit 206 and equivalents thereof<br><br>**Intrinsic Evidence:** '939 Patent at abstract, Figs. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 (and associated discussion in the written description); 1:36-2:8, 2:12-45, 2:53-56, 3:25-4:27, 4:44-52, 5:30-64, 6:54-64, 8:1-10:21, 13:45-64, 16:12-38; and claim language<br><br>**Extrinsic Evidence:**<br><br>Petition and any other filings in IPR2022-00958; Defendants' IPR on the '939 patent; and exhibits thereto.<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in claim construction proceedings on this | Means-plus-function under 35 U.S.C. § 112, ¶ 6 and indefinite<br><br>Function: "establish a plurality of access points"<br><br>Structure: none disclosed<br><br>**Intrinsic Evidence:** '939 Patent at 2:13-21, 2:65-67, 3:25-46, 4:4-7, 4:17-27, 5:30-40, 5:57-58, 6:54-64, 18:66-19:7, FIGs. 2, 4, 6.<br><br>**Extrinsic Evidence:**<br>Expert testimony of James Proctor regarding the understanding of a person skilled in the art at the time of invention regarding the claim term and the absence of corresponding structure disclosed in the specification. |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | term in *XR Communications LLC v. D-Link Systems, Inc. et al.,* Lead Case Nos. 8:17-cv-596-DOC (Carter, J.), including D.I. 312 Order Adopting Special Master's Report and Recommendations Regarding Claim Construction [D.I. 280], in which the Court construed this term to have its plain and ordinary meaning. See, e.g., D.I. 256-5 (Declaration of Branimir Vojcic, Nov. 2, 2021).<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in claim construction proceedings in *XR Communications LLC v. Cisco Systems, Inc. et al., Samsung Electronics Co. Ltd. et al., Microsoft Corporation,* Case Nos. 6:21-cv-623, 6:21-cv-626, 6:21-cv-695 (W.D. Tex.) (Albright, J.), including, without limitation, Plaintiff's Claim Construction Briefing and all extrinsic evidence identified and attached thereto (*see* Case 6:21-cv-00623-ADA, D.I. 44), Sept. 1, 2022 Markman Hearing Transcript and Sept. 30, 2022 Markman Order.<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill). | |
| "signal transmission/ reception coordination logic"<br><br>'939 Patent, claims 15, 30 | Plain and ordinary meaning; no construction necessary; not means-plus-function.<br><br>**Alternative proposed construction, should the term be** | Means-plus-function under 35 U.S.C. § 112, ¶ 6 and indefinite<br><br>Function:<br><br>Claim 15: "ascertaining, by monitoring the plurality of |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | **treated as a means-plus-function limitation**:<br><br>**Function**:<br><br>Claim 15: ascertaining, by monitoring the plurality of access points for received signals, that: a first access point of the plurality of access points is receiving a first signal on a first channel, a second access point of the plurality of access points is receiving a second signal that is ongoing on a second channel, restrain[ing] at least a third access point of the plurality of access points from transmitting a third signal on a third channel responsive to the ascertaining that the first access point is receiving the first signal and that the second access point is receiving the second signal that is ongoing-on the second channel, wherein the restraining at least the third access point prevents degradation to the first and second signals.<br><br>Claim 30: ascertaining, by monitoring the plurality of access points for received signals, that a first access point of the plurality of access points is receiving a first signal on a first channel, restrain[ing] at least a second access point of the plurality of access points from transmitting a second signal on a second channel different from the first channel responsive to the ascertaining that the first access point is receiving the first signal.<br><br>**Structure**:<br>Signal transmission/reception logic 404 and/or MAC coordinator logic 606 and/or 6:1-51 and/or 6:65-7:20 and/or 9:11-59 and/or 11:19-12:21 and/or 14:28-15:22 and/or 15:23-65 and/or 16:53-67 | access points for received signals, that:" (i) "a first access point of the plurality of access points is receiving a first signal on a first channel," (ii) "a second access point of the plurality of access points is receiving a second signal that is ongoing on a second channel," (iii) "restrain[ing] at least a third access point of the plurality of access points from transmitting a third signal on a third channel responsive to the ascertaining that the first access point is receiving the first signal and that the second access point is receiving the second signal that is ongoing-on the second channel, wherein the restraining at least the third access point prevents degradation to the first and second signals"<br><br>Structure: none disclosed<br><br>Claim 30: (i) "ascertaining, by monitoring the plurality of access points for received signals, that a first access point of the plurality of access points is receiving a first signal on a first channel" and (ii) "restrain[ing] at least a second access point of the plurality of access points from transmitting a second signal on a asecond channel different from the first channel responsive to the ascertaining that the first access point is receiving the first signal."<br><br>Structure: none disclosed<br><br>**Intrinsic Evidence**: '939 Patent at 1:27-33, 2:13-21, 4:28-36, 5:30-56, 5:65-6:7, 6:1-38, 6:39-53, 7:11-20, 9:11-20, 9:28-31, 10:61-65. 11:54-12:13, 14:28-15:51, 16:39-40, 18:12-44, |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | and/or 18:12-55 and equivalents thereof.<br><br>The corresponding structure of "signal transmission/reception logic 404" includes the characteristics and configuration set forth for the signal transmission/reception coordination logic 404 (and the MAC coordinator logic 606, which is subsumed within the corresponding structure of the signal transmission/reception coordination logic 404) in the '939 Patent, including at 6:1-51 and/or 6:65-7:20 and/or 9:11-59 and/or 11:19-12:21 and/or 14:28-15:22 and/or 15:23-65 and/or 16:53-67 and/or 18:12-55, and equivalents thereof.<br><br>**Intrinsic Evidence:** '939 Patent at Figs. 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 (and associated discussion in the written description); 2:59-64, 3:13-21, 3:47-4:3, 5:30-7:6, 9:11-10:60, 11:54-12:21, 15:23-18:65; and claim language<br><br>**Extrinsic Evidence:**<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in claim construction proceedings on this term in *XR Communications LLC v. Cisco Systems, Inc. et al., Samsung Electronics Co. Ltd. et al., Microsoft Corporation,* Case Nos. 6:21-cv-623-ADA, 6:21-cv-626-ADA, 6:21-cv-695-ADA (W.D. Tex.) (Albright, J.), including, without limitation, Plaintiff's Claim Construction Briefing and all extrinsic evidence identified and attached thereto (*see* Case 6:21-cv-00623-ADA, D.I. 44), Sept. 1, 2022 Markman Hearing Transcript and Sept. 30, 2022 Markman Order construing this term to have its | 18:56-65, 19:11-19.  Figs. 4, 6, 8, 9, 10, 11, 13.<br><br>Prosecution History of the '939 Patent, May 9, 2011 Office Action Response<br><br>Prosecution History of the '939 Patent, January 30, 2012 Office Action Response<br><br>**Extrinsic Evidence:**<br>Expert testimony of James Proctor regarding the understanding of a person skilled in the art at the time of invention regarding the claim term and the absence of corresponding structure disclosed in the specification. |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | plain and ordinary meaning and not to invoke 112(6). *See, e.g.,* Declaration of Branimir Vojcic, DSc, dated May 6, 2022.<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in Proceedings in XR v. Amazon et al., Case No. 6:21-cv-620-ADA (W.D. Tex.) (Lead case) and XR v. D-Link et al., Case No. 8:17-cv-596-DOC(JDEx) (C.D. Cal.) (Lead case), including D.I. 312 Order Adopting Special Master's Report and Recommendations Regarding Claim Construction [D.I. 280], in which the Court construed this term.   See, e.g., D.I.  256-5 (Declaration of Branimir Vojcic, Nov. 2, 2021)<br><br>Petition and any other filings in IPR2022-00958 or Defendants' IPR on the '939 patent and exhibits thereto.<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill). | |
| "restrain . . . responsive to the ascertaining that the first access point is receiving the first signal and that the second access point is receiving the second signal that is ongoing-on the second channel" (Claim 15) / "restrain  .  .  . responsive  to  the | No construction necessary.<br><br>**Intrinsic Evidence:** '939 Patent at Figs. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 (and associated discussion in the written description); 5:30-6:53, 9:11-10:60, 11:39-12:21, 15:23-18:65; and claim language<br><br>**Extrinsic Evidence:**<br><br>Based on the intrinsic record and any extrinsic evidence (including | Plain and ordinary meaning, *i.e.*, "while the first access point is ascertained to be receiving the first signal and the second access point is ascertained to be receiving the second signal that is ongoing-on the second channel" (claim 15)<br><br>and "while the first access point is ascertained to be receiving the first signal" (claim 30) |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| ascertaining that the first access point is receiving the first signal" (Claim 30)<br><br>'939 Patent, claims 15, 30 | background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill).<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in claim construction proceedings on this term in *XR Communications LLC v. Cisco Systems, Inc. et al., Samsung Electronics Co. Ltd. et al., Microsoft Corporation,* Case Nos. 6:21-cv-623, 6:21-cv-626, 6:21-cv-695 (W.D. Tex.) (Albright, J.), including, without limitation, Plaintiff's Claim Construction Briefing and all extrinsic evidence identified and attached thereto (*see* Case 6:21-cv-00623-ADA, D.I. 44),Sept. 1, 2022 Markman Hearing Transcript and Sept. 30, 2022 Markman Order.<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in claim construction proceedings on this term in *XR Communications LLC v. D-Link Systems, Inc. et al.,* Lead Case Nos. 8:17-cv-596-DOC (Carter, J.), including D.I. 312 Order Adopting Special Master's Report and Recommendations Regarding Claim Construction [D.I. 280]<br><br>Excerpts of August 23, 2022 Rebuttal Expert Report of Harry Bims, Ph.D. on Validity addressing the '939 Patent in *XR Communications LLC v. D-Link Systems, Inc. et al.,* Lead Case Nos. 8:17-cv-596-DOC (Carter, J.).<br><br>Petition and any other filings in IPR2022-00958; Defendants' IPR on the '939 patent; and exhibits thereto. | **Intrinsic Evidence:** '939 Patent at 5:48-64, 6:35-46, 8:45-10:21, 11:39-42, Figs. 4, 5, 6, 7, 8.<br><br>Prosecution History of the '939 Patent, May 9, 2011 Office Action Response<br><br>Prosecution History of the '939 Patent, January 30, 2012 Office Action Response<br><br>U.S. Provisional Patent Application Nos. 60/423,696 and 60/423,702 |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | | |
| "the access point"<br><br>'939 Patent, claims 20-21, 33-34 | "the first access point"<br><br>**Intrinsic Evidence:** '939 Patent at Abstract, Figs. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 (and associated discussion in the written description); 5:57-6:53, 7:36-12:45, 17:18-32; and claim language<br><br>**Extrinsic Evidence:**<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill).<br><br>Petition and any other filings in IPR2022-00958 or Defendants' IPR on the '939 patent and exhibits thereto.<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in claim construction proceedings in *XR Communications LLC v. Cisco Systems, Inc. et al., Samsung Electronics Co. Ltd. et al., Microsoft Corporation,* Case Nos. 6:21-cv-623, 6:21-cv-626, 6:21-cv-695 (W.D. Tex.) (Albright, J.), including, without limitation, Plaintiff's Claim Construction Briefing and all extrinsic evidence identified and attached thereto (*see* Case 6:21-cv-00623-ADA, D.I. 44), Sept. 1, 2022 Markman Hearing Transcript and Sept. 30, 2022 Markman Order.<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in claim construction proceedings on this | Indefinite for lack of antecedent basis<br><br>**Intrinsic Evidence**: claim language |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | term in *XR Communications LLC v. D-Link Systems, Inc. et al.,* Lead Case Nos. 8:17-cv-596-DOC (Carter, J.), including D.I. 312 Order Adopting Special Master's Report and Recommendations Regarding Claim Construction [D.I. 280]. | |

### C.  U.S. Patent No. 8,737,511

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| "n multiple-input multiple-output transceivers (MIMO)"<br><br>'511 Patent claims 1, 10 | No construction necessary.<br><br>**Intrinsic Evidence:** '511 Patent at abstract, Figs. 1-5 (and associated discussion in the written description); 1:28-53, 1:60-2:22, 2:30-48, 2:54-67, 3:21-6:30, 6:65-7:24, 7:50-8:29, 8:49-9:46; and claim language<br><br>**Extrinsic Evidence:**<br>Defendants' Petition and any other filings in IPR2024-00868 and exhibits thereto.<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill).<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in claim construction proceedings in *XR Communications LLC v. Cisco Systems, Inc. et al., Samsung Electronics Co. Ltd. et al., Microsoft Corporation,* Case Nos. 6:21-cv-623, 6:21-cv-626, 6:21-cv-695 (W.D. Tex.) (Albright, J.), | "a single unit comprising a MIMO transmitter and a MIMO receiver, with common circuit components"<br><br>**Intrinsic Evidence:** '511 Patent at 1:28-46, 1:60-2:16, 2:58-66, 4:23-39, FIGs. 1-5<br><br>**Extrinsic Evidence:**<br>IPR2022-00613, Paper No. 17 (Jan. 14, 2023)<br>IPR2022-00613, Paper No. 33 (July 5, 2023)<br>IPR2022-00613, Ex. 2024 (July 17, 2023) |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | including, without limitation, Plaintiff's Claim Construction Briefing and all extrinsic evidence identified and attached thereto (*see* Case 6:21-cv-00623-ADA, D.I. 44), Sept. 1, 2022 Markman Hearing Transcript and Sept. 30, 2022 Markman Order. | |
| MIMO transmitter configured to process . . . "Z-th MIMO transmitter" "in multiple-input multiple-output transmitters (MIMO)" / "a Z-th MIMO transmitter" '511 Patent claims 1, 10, 20 | No construction necessary.<br><br>**Intrinsic Evidence:** '511 Patent at abstract, Figs. 1-5 (and associated discussion in the written description); 1:11-53, 2:4-2:22, 2:54-67, 3:21-48, 4:29-49, 6:1-53, 7:25-8:3, 8:13-9:59; and claim language<br><br>**Extrinsic Evidence:**<br>Defendants' Petition and any other filings in IPR2024-00868 and exhibits thereto.<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill). | "transmitter that processes MIMO signals for transmission"<br><br>**Intrinsic Evidence**: '511 Patent at 1:28-46, 1:60-2:16, 2:58-66, 4:23-39, FIGs. 1-3. |
| MIMO receiver configured to process . . . "j-th MIMO receiver" "in multiple-input multiple-output receivers (MIMO)" '511 Patent claims 1, 10, 19 | No construction necessary.<br>**Intrinsic Evidence:** '511 Patent at abstract, Figs. 1-5 (and associated discussion in the written description); 1:11-46, 1:60-2:16, 2:35-37, 2:54-67, 3:30-48, 4:29-5:41, 5:55-67, 6:13-7:30, 7:51-8:29, 9:24-10:3; and claim language<br><br>**Extrinsic Evidence:**<br><br>Defendants' Petition and any other | "receiver that processes received MIMO signals"<br><br>**Intrinsic Evidence**: '511 Patent at 1:28-46, 1:60-2:16, 2:58-66, 4:23-39, FIGs. 1-3. |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | filings in IPR2024-00868 and exhibits thereto.<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill). | |
| "2nd Generation Partnership Project (3GPP) Long Term Evolution (LTE), 3GPP LTE-Advanced, 3GPP LTE-TDD, 3GPP LTE-FDD"<br><br>'511 Patent claims 2, 11 | No construction necessary. Alternative proposed construction: 3rd Generation Partnership Project (3GPP) Long Term Evolution (LTE), 3GPP LTE-Advanced, 3GPP LTE-TDD, 3GPP LTE-FDD.<br><br>**Intrinsic Evidence:** '511 Patent at 1:47-53, 3:30-48, 8:49-65, 9:11-23; and claim language<br><br>**Extrinsic Evidence:**<br>Defendants' Petition and any other filings in IPR2024-00868 and exhibits thereto.<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill). | "one of the 3GPP LTE, LTE-Advanced, LTE-TDD or LTE-FDD standards that existed at the time of the invention"<br><br>**Intrinsic Evidence**: '511 Patent at 3:30-46. |

### D.  U.S. Patent No. 10,715,235

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| "transceiver"<br><br>'235 Patent, claims 1, 15, 18, 19 | No construction necessary.<br><br>**Intrinsic Evidence:** '235 Patent at Figs. 2, 4, 8A, 8B, 11-15, 17-18 (and associated discussion in the written description); 2:52-53, 3:37-52, 4:27-43, 5:5-55, 6:20-28, 7:22-30, 8:60-9:11, 10:5-11:23, 11:53-61, 12:6-30, 12:46-63, 15:44- 17:5, 18:10-19:5, 19:40-21:39, 22:56-23:64, 24:25-25:30, 25:31-27:67, 28:21-30:54, 30:62-31-11, 31:24-47; and claim language<br><br>**Extrinsic Evidence:**<br>Defendants' Petition and any other filings in IPR2024-00613; Petition and any other filings in IPR2022-01155; and exhibits thereto.<br><br>Any materials, pleadings, or orders filed, issued, or exchanged in claim construction proceedings on this term in *XR Communications LLC v. Cisco Systems, Inc. et al., Samsung Electronics Co. Ltd. et al., Microsoft Corporation,* Case Nos. 6:21-cv-623, 6:21-cv-626, 6:21-cv-695 (W.D. Tex.) (Albright, J.), including, without limitation, Plaintiff's Claim Construction Briefing and all extrinsic evidence identified and attached thereto (*see* Case 6:21-cv-00623-ADA, D.I. 44), Sept. 1, 2022 Markman Hearing Transcript and Sept. 30, 2022 Markman Order.<br><br>Based on the intrinsic record and any extrinsic evidence (including background knowledge and skill), Plaintiff may rely on expert testimony regarding how a POSITA would understand this term in view of the intrinsic record and any extrinsic evidence (including background knowledge and skill).<br><br>Corrected Invalidity Report of James A. Proctor, Jr., in *XR* | "a single unit comprising a transmitter and a receiver, with common circuit components"<br><br>**Intrinsic Evidence**: claim language<br><br>**Extrinsic Evidence:**<br>IPR2022-00613, Paper No. 17 (Jan. 14, 2023)<br>IPR2022-00613, Paper No. 33 (July 5, 2023)<br>IPR2022-00613, Ex. 2024 (July 17, 2023) |

| Claim Term | Plaintiff's Proposed Construction | Defendants' and Intervenors' Proposed Construction |
|---|---|---|
| | *Communications LLC v. ASUSTeK Computer Inc.,* Case No. 6:21-cv-00622-ADA, dated as of July 25, 2023, correcting opening report dated June 20, 2023<br><br>Rebuttal Report of Branimir Vojcic, D.Sc. Regarding Validity of the '235 and '376 Patents in *XR Communications LLC v. ASUSTeK Computer Inc.,* Case No. 6:21-cv-00622-ADA, dated as of July 18, 2023. | |

## III.   ANTICIPATED LENGTH OF TIME NEEDED FOR THE CLAIM CONSTRUCTION HEARING (P.R. 4-3(A)(3))

The parties estimate that four hours will be needed for the claim construction hearing. The parties agree that each side will be allocated half of the total time permitted for the hearing.

## IV.   PROPOSED WITNESSES TO BE USED AT THE CLAIM CONSTRUCTION HEARING (P.R. 4-3(A)(4))

No party proposes to call witnesses at the claim construction hearing.

## V.   OTHER ISSUES TO BE ADDRESSED PRIOR TO CLAIM CONSTRUCTION HEARING (P.R. 4-3(A)(5))

The parties are not currently aware of any issues that they would propose taking up at a prehearing conference prior to the claim construction hearing.

Dated: June 11, 2024                          Respectfully submitted,


                                              /s/ *Reza Mirzaie*
                                              Reza Mirzaie
                                              California Bar No. 246953
                                              rmirzaie@raklaw.com

Neil Rubin
nrubin@raklaw.com
Paul A. Kroeger
California Bar No. 229074
pkroeger@raklaw.com
Philip X. Wang
California Bar No. 262239
pwang@raklaw.com
James N. Pickens
California Bar No. 307474
Adam Hoffman
ahoffman@raklaw.com
Jacob Buczko
jbuczko@raklaw.com
Minna Chan
mchan@raklaw.com
Christian Conkle
cconkle@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:  (310) 826-6991

*Counsel for Plaintiff XR Communications*
*LLC dba Vivato Technologies*


/s/ *Matthew S. Yungwirth*
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 253-6900

Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

William A. Liddell
waliddell@duanemorris.com
**DUANE MORRIS LLP**
2801 Via Fortuna
Suite 200
Austin, Texas 78746-7567
Telephone: (512) 277-2272
Facsimile:  (512) 227-2301

Deron R Dacus
**THE DACUS FIRM, PC**
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile:  (903) 581-2543
Email: ddacus@dacusfirm.com

*Attorneys for Defendants*
*AT&T Services, Inc., AT&T Mobility LLC,*
*and AT&T Corporation*


/s/ *Matthew S. Yungwirth*
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 253-6900

Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

William A. Liddell
waliddell@duanemorris.com
**DUANE MORRIS LLP**

2801 Via Fortuna
Suite 200
Austin, Texas 78746-7567
Telephone: (512) 277-2272
Facsimile:  (512) 227-2301

Deron R Dacus
**THE DACUS FIRM, PC**
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile:  (903) 581-2543
Email: ddacus@dacusfirm.com

*Attorneys for Defendants*
*Verizon Communications, Inc. and*
*Cellco Partnership d/b/a Verizon Wireless*

/s/ *Matthew S. Yungwirth*
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 253-6900

Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

William A. Liddell
waliddell@duanemorris.com
**DUANE MORRIS LLP**
2801 Via Fortuna
Suite 200
Austin, Texas 78746-7567
Telephone: (512) 277-2272

Facsimile:  (512) 227-2301

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

*Attorneys for Defendant*
*T-Mobile USA, Inc.*


/s/ *Matthew S. Yungwirth*
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 253-6900

Deron R Dacus
**THE DACUS FIRM, PC**
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile:  (903) 581-2543
Email: ddacus@dacusfirm.com

*Attorneys for Intervenor*
*Ericsson, Inc.*


/s/ *Matthew S. Yungwirth*
Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson

jrgibson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 253-6900

Deron R Dacus
**THE DACUS FIRM, PC**
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile:  (903) 581-2543
Email: ddacus@dacusfirm.com

*Attorneys for Intervenor*
*Nokia of America Corporation*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the Parties met and conferred to discuss the substantive relief sought in this Motion pursuant to Local Rule CV-7(h).  The Parties are jointly seeking the relief sought in this Motion.

/s/ *Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 11, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Reza Mirzaie*
Reza Mirzaie