**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>              Plaintiff,<br><br>     v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br><br>              Defendants,<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br><br>              Intervenors. | Case No. 2:23-cv-00202-JRG-RSP<br><br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>              Plaintiff,<br><br>     v.<br><br>VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>              Defendants,<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br><br>              Intervenors. | Case No. 2:23-cv-00203-JRG-RSP<br><br>(Member Case) |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>              Plaintiff,<br><br>     v.<br><br>T-MOBILE USA, INC.,<br><br>              Defendant,<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br><br>              Intervenors. | Case No. 2:23-cv-00204-JRG-RSP<br><br>(Member Case) |

1

## DEFENDANTS' / INTERVENORS' OPPOSED MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW

**I.      INTRODUCTION**

Defendants AT&T Corp., AT&T Mobility LLC, and AT&T Services, Inc. (AT&T"), Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless ("Verizon"), T-Mobile USA, Inc. ("T-Mobile"), and Intervenors Ericsson Inc. ("Ericsson") and Nokia of America Corporation ("Nokia") (collectively, "Defendants/Intervenors") respectfully move the Court for an immediate stay of the above consolidated cases until the Patent Trial and Appeal Board ("Board") concludes its *inter partes* review of U.S. Patent Nos. 7,177,369 ("the '369 Patent"); 8,737,511 ("the '511 Patent"); and 10,715,235 ("the '235 Patent"). All three factors that the Court considers favor staying these cases.

First, staying these cases will not unduly prejudice or present a tactical disadvantage to Plaintiff XR Communications LLC, d/b/a Vivato Technologies ("XR" or "Plaintiff"). Instead, each side, and the Court, will benefit from a stay by avoiding the substantial time and cost of litigating patent claims that the PTAB may find invalid. Plaintiff is a non-practicing entity and does not compete with Defendants/Intervenors in the market. Even if Plaintiff were to prevail on any claim, a stay will not diminish its ability to receive monetary damages for the stayed time period.

Second, the status of litigation favors a stay. The parties and the Court have expended relatively few resources at this stage of the litigation, and much work remains to be done. The *Markman* hearing is still three months away, four months remain in fact discovery, and eight months remain until the jury is selected for trial. The IPRs are likely to simplify, or even resolve completely, many of the issues for trial. Accordingly, a stay of the litigation will significantly reduce costs to all parties on discovery, especially expensive expert discovery.

Third, a stay has a substantial likelihood of simplifying these cases by eliminating most issues for trial. The IPR petitions challenge every asserted claim as to three of the four asserted patents.[1] Further, Plaintiff has not asserted any non-patent causes of action. If the PTAB invalidates the claims at issue in the IPR petitions, it will entirely resolve these cases at least as it relates to the three asserted patents that are the basis for the IPR petitions.

The Court should grant a stay pending final decisions on the IPR petitions and any subsequent appeals.

## II.     BACKGROUND

On May 8, 2023, Plaintiff filed the instant Complaint against Defendants AT&T, T-Mobile, and Verizon alleging infringement of the '369 Patent, the '511 Patent, the '235 Patent, U.S. Patent No. 8,289,939 ("the '939 Patent"), and a fifth patent, U.S. Patent No. 10,594,376 ("the '376 Patent"). Dkt. 1. The Court granted Ericsson and Nokia's Motions to Intervene on September 26, 2023, based on the fact that Plaintiff's allegations directly implicate products these companies supply to the Defendants. Dkt. 54; Dkt. 55. Plaintiff served its infringement contentions on July 28, 2023, and amended infringement contentions on August 31, 2023. On February 23, 2024, the parties filed a joint stipulation of dismissal with prejudice as to Plaintiff's claim for infringement of the '376 Patent, leaving just the four remaining asserted patents. Dkt. 71. Opening claim construction briefs are not due until July 15, 2024, and the *Markman* hearing is scheduled for September 11, 2024. Dkt. 75. Fact discovery does not close until October 4, 2024, and expert discovery does not close until November 18, 2024. *Id*. Opening expert reports are not due until October 11, 2024. *Id.* The pretrial conference is scheduled for January 27, 2025, and jury selection

---

[1] The IPR petitions challenge every asserted claim in the present case with respect to three of the four asserted patents. Intervenors have not filed an IPR petition in connection with the '939 Patent. However, the facts still favor a stay of these matters so as to promote efficiency and conserve judicial resources by reducing the number of parallel district court actions.

is set to begin on March 3, 2025. *Id.* At the present stage of the case, the parties have engaged in minimal fact discovery. Plaintiff has done very little to develop its infringement theories through fact discovery, as it has only served one set of interrogatories and has not sought to depose any witnesses.

On March 6, 2024, Intervenors filed a petition for *inter partes* review against the '235 Patent. IPR2024-00613, Paper No. 3. Intervenors' IPR petition challenges all asserted claims, including claims 1-5, 8-12, and 15-19 of the '235 Patent. *Id.* at 29. The filing date was accorded notice as of April 16, 2024. *Id.*, Paper No. 5. The Board's institution decision is expected no later than October 16, 2024. 35 U.S.C. § 314(b). If instituted, the final written decision can be expected no later than October 16, 2025. 35 U.S.C. § 316(a)(11).

On January 5, 2024, Intervenors filed a petition for *inter partes* review against the '369 Patent. IPR2024-00314, Paper No. 3. Intervenors' IPR petition challenges all asserted claims, including claims 1-7, 9-10, 12-15, 19, 21, 28, 32-33, 35-37, and 41 of the '369 Patent. *Id.* at 13. The filing date was accorded notice as of January 19, 2024. *Id.*, Paper No. 6. The Board's institution decision is expected no later than July 19, 2024. 35 U.S.C. § 314(b). If instituted, the final written decision can be expected no later than July 19, 2025. 35 U.S.C. § 316(a)(11).

On May 8, 2024, Intervenors filed a petition for *inter partes* review against the '511 Patent. IPR2024-00868, Paper No. 3. Intervenors' IPR petition challenges all asserted claims, including claims 1-2, 4-6, 9-11, 13-15, and 18-20 of the '511 Patent. *Id.* at 18. The filing date was accorded notice as of June 18, 2024. *Id.*, Paper No. 6. The Board's institution decision is expected no later than December 18, 2024. 35 U.S.C. § 314(b). If instituted, the final written decision can be expected no later than December 18, 2025. 35 U.S.C. § 316(a)(11).

### III.     LEGAL STANDARDS

The Court's inherent power to manage its docket includes the power to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). The question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Vill. Green Techs., LLC v. Samsung Elecs., LTD.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *1–3 (E.D. Tex. Jan. 25, 2023) (internal quotes omitted).

In deciding whether to grant a stay pending resolution of an IPR petition, a court considers: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

### IV.     ARGUMENT

A stay of this litigation is warranted for the following three reasons: (1) the stay will not prejudice Plaintiff, (2) it will likely simplify most, if not all, of the issues in question, or could eliminate the need for trial as to three of the four patents-in-suit, and (3) the case is at an early stage. While the typical practice in this district is to deny pre-institution stay motions without prejudice to the right to renew such a motion after institution, these cases present unusual circumstances that make a pre-institution stay particularly appropriate. First, at least one institution decision on Intervenors' IPR petitions is expected before the *Markman* hearing in

these cases, with the second institution decision expected before the close of expert discovery, and thus there is no harm—and much potential gain—from waiting for a decision on institution. Second, Intervenors have filed IPR petitions on three out of four asserted patents in the present litigation. Thus, a stay in the present litigation would make any future work on these cases more efficient and streamlined. Accordingly, these cases present a fact-pattern that justifies a pre-institution stay.

### A. Plaintiff Would Suffer No Undue Prejudice from a Stay

This factor favors staying the litigation. A stay will not unduly prejudice Plaintiff because Plaintiff has not invested substantial time and expense in the litigation given that it is in its early stages. *Fisher-Price, Inc. v. Dynacraft BSC, Inc.*, No. 17-CV-3745-PJH, 2017 WL 5153588, at *2 (N.D. Cal. Nov. 7, 2017) at *2 (noting courts generally find staying a litigation does not cause nonmoving party any prejudice "where the party has not invested substantial time and expense in the litigation."). Plaintiff has not actively pursued fact discovery in these cases. More specifically, Plaintiff has not served a single corporate deposition notice, has not taken a single fact witness deposition, and has only served a single set of interrogatories. Thus, Plaintiff has expended minimal time and expense litigating its case against Defendants/Intervenors.

Moreover, a stay will not prejudice Plaintiff because it will not diminish Plaintiff's monetary damages. Potential monetary damages are all that are at issue in these cases; Plaintiff has not moved for a preliminary injunction. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318–19 (Fed. Cir. 2014) (noting fact that plaintiff did not seek a preliminary injunction weighed against any claim that it would be unduly prejudiced). Mere delay in Plaintiff enforcing its patent rights is likewise insufficient to constitute undue prejudice, especially when monetary damages are available to cure any prejudice. *Realtime Data, LLC v. Rackspace US, Inc.,* No. 6:16-CV-00961, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017) ("[C]oncerns such as timely

enforcement of patent rights are generally too generic, standing alone, to defeat a stay motion."). Accordingly, a stay will not unduly prejudice Plaintiff.

For these reasons, this factor weighs in favor of a stay.

### B. The Stage of these Cases Weighs in Favor of a Stay

"Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-00384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014). Here, as explained above, the proceedings have not reached an advanced stage, and there is significant work remaining to be done. Thus, a stay at this point in these cases would maximize the potential resource savings for both the parties and the Court. The parties have not yet started claim construction briefing, and the *Markman* hearing is not until September 11, 2024, which will occur after the anticipated institution decision for at least one of the IPR challenges. Thus, the facts favor a pre-institution stay. *See Landmark Tech., LLC v. iRobot Corp.*, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) (granting pre-institution stay pending CBM review where institution decision was expected "four months before the scheduled *Markman* hearing").

Additionally, expert discovery is not scheduled to begin for over four months, the close of which will occur after the anticipated institution decision for at least one of the IPR challenges. A stay could dramatically reduce the burdens of expert discovery, which is both extremely costly and time consuming, for patent claims that the PTAB invalidates. *NFC Tech. LLC,* 2015 WL 1069111, at *3 (explaining that denying a stay would "impose significant expenses on the parties that might be avoided" because "the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future"); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2017 WL 2882725, at *2 (E.D. Tex. Apr. 19, 2017) (noting that a stay would spare the parties

from "significant pre-trial expenses" of a "*Markman* hearing and expert discovery."). And notably, the most burdensome parts of the case – dispositive and *Daubert* motions, pretrial briefing, and trial – are still to come. Where "a significant amount of work" remains ahead for the parties and the court, a stay may be warranted. *See Horizon Therapeutics, Inc. v. Par Pharm., Inc.,* No 2:14-cv-384, 2015 WL 11116903, at *1 (E.D. Tex. Dec. 14, 2015) (staying case after close of discovery, just before dispositive motions deadline, and three months before trial); *Motion Games, LLC v. Nintendo Co.,* No 6:12-cv-878, 2015 WL 13404313, at *1 (E.D. Tex. June 8, 2015) (staying the case after close of fact and expert discovery and four months before trial).

Further, if this Court grants a stay before the scheduled *Markman* hearing, and some claims ultimately survive the IPR challenges, this Court may consider statements made in the IPR as part of the prosecution history in construing the parties' disputed claim terms. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017). Moreover, like in *Anza*, this Court may find the PTAB's reasoning "persuasive" in construing certain disputed claim terms. *Anza Tech., Inc. v. Avant Tech., Inc.,* No. A-17-cv-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018) (Yeakel, J) ("whatever occurs at the PTAB will potentially be helpful to the court in construing the parties' disputed claim terms").

For these reasons, this factor also weighs in favor of a stay.

### C. A Stay Will Substantially Simplify or Eliminate Issues in these Cases

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Techs.*, 2015 WL 1069111, at *4. Here, *all* of the asserted claims of the '369 Patent, the '511 Patent, and the '235 Patent have been challenged in Intervenors' petitions for *inter parties* review. Intervenors have stipulated that if the IPRs are instituted, they will not pursue the same invalidity grounds for the claims challenged here. Conversely, should the IPRs result in the cancellation of

8

some or all of the asserted claims, "either some portion of the litigation will fall away, or the litigation will come to an end altogether." *NFC Techs.*, 2015 WL 1069111, at *4. The final IPR decisions related to the asserted patents will significantly simplify Defendants'/Intervenors' trial, and this factor substantially weighs in favor of a stay.

## V. CONCLUSION

A stay of this litigation is appropriate because the stay will not prejudice Plaintiff, it will simplify the issues in question and trials of these cases, and the cases are in their early stages with a Plaintiff who has expended very little time and expense litigating its claims against the Defendants/Intervenors. Accordingly, Defendants/Intervenors respectfully request that the Court stay the present litigation pending the complete resolution, through any appeals, of the *inter partes* review petitions filed at the Patent Trial and Appeal Board.

Dated: July 9, 2024

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith (TBN 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Deron R. Dacus (TBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE

Suite 1700
Atlanta, Georgia 30309
Telephone: 404.253.6900
Facsimile:  404.253.6901

William A. Liddell
waliddell@duanemorris.com
**DUANE MORRIS LLP**
2801 Via Fortuna
Suite 200
Austin, Texas 78746-7567
Telephone: (512) 277-2272
Facsimile: (512) 227-2301

Tyler Marandola
tmarandola@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000

Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

*Counsel for Defendants / Intervenors*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, pursuant to Local Rule CV-7(h), counsel for the Parties met and conferred to discuss the substantive issues addressed in this Motion on July 9, 2024.  Counsel for Plaintiff indicated that it opposes this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 9, 2024.

*/s/ Melissa R. Smith*
Melissa R. Smith