# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> v. <br><br> AT&T SERVICES INC.; AT&T MOBILITY LLC; AND AT&T CORP. | Case No. 2:23-cv-00202-JRG-RSP <br><br> **LEAD CASE** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC.; CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS | CASE NO. 2:23-cv-00203-JRG-RSP <br><br> **MEMBER CASE** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> v. <br><br> T-MOBILE USA, INC. | CASE NO. 2:23-cv-00204-JRG-RSP <br><br> **MEMBER CASE** |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' / INTERVENORS' MOTION TO STAY PENDING *INTER PARTES* REVIEW

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................................. 4

II.   LEGAL STANDARD ...................................................................................................... 4

III.  ARGUMENT................................................................................................................... 5

       A.    There Can Be No Meaningful Simplification of the Issues Given that One of the IPRs Was Denied Institution, There Is No Pending IPR for the '939 Patent, and the PTAB Has Not Acted on the Other Two Petitions ................................................................. 5

       B.    Vivato Would Be Substantially Prejudiced by Delaying this Case Potentially for Years Until the IPRs Are Resolved ............................................................................. 8

       C.    The Parties and Court Have Already Invested Substantial Resources Into This Case and Thus the Stage of the Case Does Not Support a Stay ......................................... 10

IV.  CONCLUSION.............................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*,
No. 2:21-CV-00446-JRG, Dkt. 108 (E.D. Tex. Jan. 20, 2023) ........................................... 8, 10

*Cardware Inc. v. Samsung Elecs. Co., Ltd.*,
No. 2:22-CV-00141-JRG-RSP, Dkt. 64 (E.D. Tex. Feb. 16, 2023 .................................... 5

*Chrimar Sys., Inc. v. Adtran, Inc.*,
No. 6:15-CV-00618-JRG, 2016 WL 11746525 (E.D. Tex. Dec. 28, 2016) ............................. 8

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ..................................... 3

*Image Processing Techs., LLC v. LG Elecs. Inc.*,
No. 2:22-cv-00077-JRG-RSP, Dkt. 41 (E.D. Tex. Dec. 15, 2022) ....................................... 5

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) .............................. 8

*Longhorn HD LLC. v. NetScout Sys., Inc.*,
No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) ..................................... 10

*Luminati Networks Ltd. v. Teso LT, UAB*,
No. 2:19-CV-00395-JRG, 2020 WL 6803255 (E.D. Tex. Oct. 30, 2020) ............................... 4

*Netlist, Inc. v. Samsung Electronics Co. Ltd.*,
No. 2:22-cv-00293-JRG, Dkt. 689 (E.D. Tex. Mar. 11, 2024) ............................................. 5, 8

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
No. 4:19-CV-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ......................................... 4

*Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*,
No. 2:22-CV-00469-JRG, 2024 WL 1149223 (E.D. Tex. Mar. 15, 2024) ............................. 10

*Realtime Data LLC v. Actian Corp.*,
No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259 (E.D. Tex. June 14, 2016) .................. 3, 4, 8

*Realtime Data, LLC v. Rackspace US, Inc.*,
No. 6:16-CV-00961, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ........................................ 6

*Resonant Systems, Inc. v. Sony Group Corp.*,
No. 2:22-cv-00424-JRG, Dkt. 84 (E.D. Tex. July 9, 2024) ................................................... 6

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
No. 6:21-CV-00168-ADA, 2022 WL 2307475 (W.D. Tex. June 27, 2022) ............................ 6

*Soverain Software LLC v. Amazon.Com, Inc.*,
356 F. Supp. 2d 660 (E.D. Tex. 2005) .................................................................................. 3, 4

*Trover Grp., Inc. v. Dedicated Micros USA*,
No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ............................. 4, 8

*United Services Automobile Assoc. v. Truist Bank*,
No. 2:22-cv-00291-JRG-RSP, Dkt. 70 (E.D. Tex. Mar. 22, 2023) ....................................... 5

*Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*,
   No. 2:21-CV-00378-JRG, 2022 WL 16856099 (E.D. Tex. Nov. 10, 2022)............................... 4

## I.     INTRODUCTION

Defendants/Intervenors (hereafter, "Defendants") have failed to meet their burden to show that a stay pending *inter partes* review (IPR) is warranted. This Court has a "universal practice" of denying pre-institution motions to stay. None of the pending IPRs have been instituted, and one of them (IPR2024-00314, challenging claims of the '369 patent) was recently denied. Moreover, Defendants chose not to file any IPR on the '939 patent. Thus, there can be no meaningful simplification of the issues, and this case will be moving forward on the '369 and '939 patents regardless of the outcomes of pending IPRs on the other two asserted patents. The motion to stay should be denied on this basis alone. The other factors also weigh against a stay, as Plaintiff XR Communications, LLC dba Vivato Technologies ("Vivato") will be prejudiced by delaying this case potentially for years, especially given that the PTAB likely will not issue final written decisions (assuming institution) until well after the trial date. Indeed, the PTAB will not even decide whether to *institute* IPR in IPR2024-00868 until *after* the Markman hearing, and after fact and expert discovery are closed.

In sum, all three factors weigh against a stay. Defendants' motion should be denied.

## II.    LEGAL STANDARD

"Courts have the inherent power to manage their dockets and stay proceedings." *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *1 (E.D. Tex. June 14, 2016). Accordingly, there is "no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Id.* (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); *see also Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit

undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). A stay is appropriate only where "the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-CV-487, 2020 WL 1236266, at *4 (E.D. Tex. Mar. 13, 2020).

In determining whether to grant a stay, courts consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Realtime*, 2016 WL 3277259, at *1 (citing *Soverain*, 356 F. Supp. 2d at 662). As discussed below, all three factors weigh against a stay.

III.   **ARGUMENT**

    A.    **There Can Be No Meaningful Simplification of the Issues Given that One of the IPRs Was Denied Institution, There Is No Pending IPR for the '939 Patent, and the PTAB Has Not Acted on the Other Two Petitions**

While Defendants acknowledge that issue simplification is "most important factor bearing on whether to grant a stay" (Mot. at 8), they only briefly address this factor at the very end of their brief. That is likely because at the time Defendants filed their motion to stay, the PTAB had not yet acted on a single one of their pending IPR petitions, and "this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings." *Luminati Networks Ltd. v. Teso LT, UAB*, No. 2:19-CV-00395-JRG, 2020 WL 6803255, at *1 (E.D. Tex. Oct. 30, 2020); *see also Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("it is the universal practice" of courts in this District to deny pre-institution motions to stay); *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*, No. 2:21-CV-00378-JRG, 2022 WL 16856099, at *5 (E.D. Tex. Nov. 10, 2022) ("It

is the Court's established practice to consider that motions to stay pending IPR proceedings which have not been instituted are inherently premature and should be denied as such.").

Indeed, this Court routinely denies pre-institution motions to stay without even considering the other stay factors. *See, e.g.*, *Image Processing Techs., LLC v. LG Elecs. Inc.*, No. 2:22-cv-00077-JRG-RSP, Dkt. 41 (E.D. Tex. Dec. 15, 2022); *Cardware Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-00141-JRG-RSP, Dkt. 64 (E.D. Tex. Feb. 16, 2023); *United Services Automobile Assoc. v. Truist Bank*, No. 2:22-cv-00291-JRG-RSP, Dkt. 70 (E.D. Tex. Mar. 22, 2023). This fact alone would have been fatal to Defendants' motion.

Now the facts are even worse for Defendants, as the PTAB recently *denied* institution for the petition in IPR2024-00314 challenging claims of the '369 patent. Thus, there can be no issue simplification for at least two of the four asserted patents in this case—the PTAB denied institution for the '369 patent, and there is no pending petition for the '939 patent.[1] As noted by Defendants, the PTAB's institution decisions for the remaining two petitions on the '235 and '511 patents are not expected for several months (October and December 2024, respectively). Simplification with respect to these patents is therefore speculative at best. And even if these petitions are ultimately instituted, it should not matter given that this case will move forward at least with respect to the '369 and '939 patents. It would be simpler and more efficient to proceed to trial as scheduled, rather than indefinitely delay for the mere possibility that a tiny fraction of the issues in this case may be simplified. *See Netlist, Inc. v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00293-JRG, Dkt. 689 at 5 (E.D. Tex. Mar. 11, 2024) (denying renewed motion to stay even after the PTAB instituted IPR on all asserted patents because simplification was too speculative).

---

[1] Cisco previously filed an IPR on the '939 patent (IPR2022-00958), and the PTAB denied institution of Cisco's petition.

The fact that the pending IPRs were filed only by the Intervenor Defendants and not the carrier Defendants (AT&T, Verizon, and T-Mobile) reduces the potential for issue simplification even more and further weighs against a stay. The Intervenors stipulate that "if the IPRs are instituted, they will not pursue the same invalidity grounds for the claims challenged here." Mot. at 8. But this stipulation is useless given that as petitioners, they are already bound by the (broader) estoppel provision of 35 U.S.C. § 315(e). Importantly, the carrier Defendants did not offer any form of stipulation, and will not be bound by statutory estoppel either. Thus, they will be free to relitigate the very same invalidity arguments in this case after the stay is lifted, which will make these proceedings more complicated, not simpler. *See Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2017 WL 772654, at *3 (E.D. Tex. Feb. 28, 2017) ("where defendants do not agree to be bound by the full estoppel provisions of § 315, IPR 'may not actually simplify the issues at all'"); *Resonant Systems, Inc. v. Sony Group Corp.*, No. 2:22-cv-00424-JRG, Dkt. 84 at 4 (E.D. Tex. July 9, 2024) ("Defendants' refusal to be fully estopped by the Samsung IPRs further weighs against a stay here. Defendants should not be able to bootstrap off Samsung's IPRs unless they are willing to be fully bound by the result.").

While this action is slated to resolve all the patent disputes between the parties—either at the summary judgment stage or trial—the PTAB will only adjudicate limited invalidity issues for at most two of the four asserted patents (assuming institution).  There is "little sense in putting off trial (and [Vivato's] potential recovery) in favor of a lagging, limited adjudication that [will] not ultimately obviate the need for a jury trial." *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-CV-00168-ADA, 2022 WL 2307475, at *3 (W.D. Tex. June 27, 2022).

This factor strongly weighs against a stay.

**B.      Vivato Would Be Substantially Prejudiced by Delaying this Case Potentially for Years Until the IPRs Are Resolved**

This case has been pending for over 14 months, and delaying resolution of Vivato's patent infringement claims potentially for years until the IPRs are concluded would substantially prejudice Vivato. Defendants' assertion that Vivato cannot be prejudiced by a stay because it does not manufacture and sell products that practice the asserted patents is without merit. Defendants' infringement harms Vivato's business as an innovator and licensor of wireless communications technology. It is much harder to fund innovation or license technology for fair value when key industry players are using it without permission. As set forth in detail in the complaint, Vivato is not a mere NPE with no connection to the asserted patents. Vivato was formed in 2000 as a $80+ million venture-backed company with several key innovators in the wireless communication field. Dkt. 1 ¶ 11. Vivato has accomplished significant innovations in the field of wireless communications technology, with its earliest products focusing on achieving wireless communication over much longer ranges (i.e., several miles) as compared to a traditional 802.11 Wi-Fi access point. *Id.* ¶¶ 12–13. Over the years, Vivato has developed proven technology, with over 400 deployments globally, including private, public and government, and it has become a recognized provider of extended range wireless network infrastructure solutions. *Id.* ¶¶ 14–16. Thus, while Vivato itself may not directly compete with Defendants in the sense that it does not currently manufacture and sell cellular base stations or other cellular products, it actively licenses its technology to other companies that do. Notably, there is still a lot of life left in several asserted patents—the '511 patent and '939 patents do not expire until 2030. Allowing Defendants to continue their infringement is harmful to Vivato's business.

Defendants' assertion that mere delay in collecting monetary damages does not constitute undue prejudice also fails to acknowledge that Vivato is also seeking injunctive relief. *See* Dkt. 1

at p. 23. That Vivato is not seeking a *preliminary* injunction does not somehow negate the prejudice that would result from delaying trial. The standard for a preliminary injunction is extremely high and nearly impossible to meet in most patent cases. *Netlist*, Dkt. 689 at 4 ("The fact that Netlist is seeking solely monetary damages does not mean that Netlist cannot be prejudiced by a significant delay of an imminent trial date."); *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-00618-JRG, 2016 WL 11746525, at *1 (E.D. Tex. Dec. 28, 2016) ("Defendants' argument suggests that only those parties who seek injunctions could ever experience undue prejudice from the delay of the final resolution of their case. This cannot be the case.").

In any event, this Court has recognized that "a patent holder has 'an interest in the timely enforcement of its patent right.'" *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014); *see also Trover Grp.*, 2015 WL 1069179, at *2 ("[T]he plaintiffs' claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights."); *Realtime*, 2016 WL 3277259, at *2 ("The fact that Realtime is a non-practicing entity and is merely pursuing monetary damages would not preclude Realtime from experiencing prejudice if the Court granted Defendants' motion to stay."). Vivato would be "prejudiced by a delay in its ability to vindicate its patent rights caused by a stay, which weighs against granting this Motion." *Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 3 (E.D. Tex. Jan. 20, 2023).

Defendants' assertion that a stay will not result in undue prejudice given that Vivato "has not invested substantial time and expense in the litigation" (Mot. at 6) also fails. While it may be true that the parties have not yet taken any depositions, it is clear that the parties have invested substantial resources into this case over the past 14 months, as discussed further below. For instance, Vivato filed its opening claim construction brief a week ago. Dkt. 81. Vivato and its

experts have also started the process of preparing for opening expert reports. The mere fact that discovery is still in progress does not somehow negate this investment or the substantial prejudice that will result from delaying trial potentially for years. At the very least, some of Vivato's investment could have been avoided had Defendants diligently filed petitions on all asserted patents earlier in the case. Defendants have no explanation for why they filed their IPR petitions in piecemeal fashion and why they waited so long to file the final IPR on the '511 patent.

This factor weighs against a stay.

### C.     The Parties and Court Have Already Invested Substantial Resources Into This Case and Thus the Stage of the Case Does Not Support a Stay

Vivato filed this case in May 2023, and the parties and Court have already invested substantial resources over the past 14 months. The Court has held a scheduling conference, issued docket control orders, a protective order, and discovery order. Discovery is well under way—the parties have produced documents and exchanged initial disclosures, infringement contentions, and invalidity contentions. Most notably, the parties have already commenced claim construction. The parties filed the Joint Claim Construction and Prehearing Statement over a month ago on June 11, 2024, and Vivato recently filed its opening claim construction brief. *See* Dkt. 76, 81.

Indeed, claim construction, fact discovery, and expert discovery will likely be completed before the PTAB is done issuing *institution* decisions on the pending IPR petitions. The Markman hearing is set for September 11, 2024, the fact discovery deadline is October 4, and the expert discovery deadline is November 18. Dkt. 75. Meanwhile, the institution decision deadline for IPR2024-00868 is not until December 18, 2024. Dispositive motions, Daubert motions, and pretrial disclosures are also due before this date. Dkt. 75. And even assuming institution, a final written decision in IPR2024-00868 would not issue until December 2025 (and could come as late as June 2026)—well after the March 2025 trial date.

Thus, contrary to Defendants' assertions, this case is not in the "early stages." This factor strongly weighs against a stay. *See Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *4 (E.D. Tex. Jan. 6, 2022) ("Although it is true that the parties, and the Court, will still invest additional resources in this case, all dates for remaining case events—including trial—have been set and the Court intends to maintain those dates. Accordingly, the Court finds this factor does not favor a stay."); *Cal. Tech.*, Dkt. 108 at 5 (finding this factor weighed against a stay where the parties had engaged in discovery, exchanged contentions, and, as of the date of the order, had begun the claim construction process and were "nearing competition of document production").

Defendants' assertion that a granting a stay before the Markman hearing would allow the Court to "consider statements made in the IPR as part of the prosecution history in construing the parties' disputed claim terms" (Mot. at 8) also fails. Defendants have not specifically identified a single claim construction issue that could be impacted by the pending IPRs. Indeed, the petitioning Intervenor Defendants did not request construction of any term in the pending petitions. As explained by this Court, it is "far too speculative to assume that any sort of disclaimer or estoppel-worthy conduct will occur during the IPR proceedings, particularly where the parties have proposed no terms for construction in the IPR." *Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:22-CV-00469-JRG, 2024 WL 1149223, at *6 (E.D. Tex. Mar. 15, 2024).

This factor weighs against a stay.

## IV.    CONCLUSION

For the foregoing reasons, Defendants/Intervenors' motion to stay should be denied.

11

Dated:  July 23, 2024                                    Respectfully submitted,


                                                        */s/ Reza Mirzaie*
                                                        Reza Mirzaie (CA SBN 246953)
                                                        rmirzaie@raklaw.com
                                                        James N. Pickens (CA SBN 307474)
                                                        jpickens@raklaw.com
                                                        Christian W. Conkle (CA SBN 306374)
                                                        cconkle@raklaw.com
                                                        RUSS AUGUST & KABAT
                                                        12424 Wilshire Blvd. 12th Floor
                                                        Los Angeles, CA 90025
                                                        Phone: (310) 826-7474
                                                        Facsimile: (310) 826-6991

                                                        *Attorneys for Plaintiff XR Communications,*
                                                        *LLC d/b/a Vivato Technologies*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Reza Mirzaie*
Reza Mirzaie

13