**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T SERVICES INC., ET AL.,<br><br>Defendants.<br><br>ERICSSON, INC. ET AL.,<br><br>Intervenors. | Case No. 2:23-cv-00202-JRG-RSP<br><br>**(LEAD CASE)**<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE PAYNE'S CLAIM
CONSTRUCTION MEMORANDUM OPINION AND ORDER</u>**

Under Rule 72 of the Federal Rules of Civil Procedure, Defendants AT&T Corp., AT&T Mobility LLC, and AT&T Services, Inc. ("AT&T"), Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless ("Verizon"), T-Mobile USA, Inc. ("T-Mobile"), and Intervenors Ericsson Inc. ("Ericsson") and Nokia of America Corporation ("Nokia") (collectively, "Defendants") hereby respectfully subject the following objections to Magistrate Judge Payne's Claim Construction Order (the "Order"), Dkt. 99, and request that this Court adopt Defendants' proposed constructions. A district court judge must set aside all or part of a magistrate judge's claim construction order if it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Defendants respectfully object to the Magistrate Judge's constructions as set forth below.[1]

I. **"forward path pre-equalization parameter" / "determining at least one forward path pre-equalization parameter based on said at least one transmission delay" / "modifying a forward path data signal that is to be transmitted to the receiving device based on said at least one forward path pre-equalization parameter" ('369 Patent, Claims 1, 13, 21, 32, 33, 41)**

Defendants respectfully object to the Court's construction of the "pre-equalization" terms because it includes an intent-based limitation that is not consistent with the plain and ordinary meaning, nor the claims themselves that already define the pre-equalization parameter. For example, based on the Court's construction, which includes the phrase "unwanted effects associated with multipath fading . . .", finding infringement would be dependent on the subjective intent of the actor performing the method and whether he, she or it is performing pre-equalization with the intent to reduce unwanted effects of multipath fading or for a different purpose. Dkt. 99 at 12-15. Thus, for the reasons set forth in Defendants'/Intervenors' Responsive Claim

---

[1] For Defendants' objections, Defendants also incorporate the arguments and authorities in Defendants'/Intervenors' Responsive Claim Construction Brief (Dkt. 86) and at the Claim Construction Hearing.

Construction Brief (Dkt. 86 at 1-3) and argued at the *Markman* hearing, Defendants object to the Court's construction of the pre-equalization terms.

### II.    "wireless input/output (I/O) unit" ('939 Patent, Claims 15, 30)

Defendants object to the Court's construction of "wireless input/output (I/O) unit" because the Court misapplied the law and focused on whether the specification disclosed a structure for the "wireless input/output (I/O) unit" in determining whether the term was means-plus-function. Dkt. 99 at 19 (analyzing Figures, 2, 3, and 4 from specification). However, that "the specification discloses a structure corresponding to an asserted means-plus-function claim term does not necessarily mean that the claim term is understood by persons of ordinary skill in the art to connote a specific structure or a class of structures." *MTD Prods. Inc. v. Iancu*, 933 F.3d 1336, 1344 (Fed. Cir. 2019). In fact, in every case in which a means plus function term is found not to be indefinite, there must be corresponding structure in the specification. That simply is not the test for assessing whether § 112, ¶ 6 applies. Indeed, in a similar case this Court recognized that simply disclosing structure in the specification does not mean that a claim term is not means-plus-function. *See Canon, Inc. v. TCL Elecs. Holdings Ltd.*, 2020 WL 2098197 at *25-26 (E.D. Tex. May 1, 2020) (explaining "That the patent specification discloses an example of a communication unit or a connection unit in the specification . . . does not by itself impart structural significance to the nonce 'unit' terms" and holding that "unit" terms including "detection unit" and "acquiring unit" were means-plus function). Here, the Court's reasoning is inconsistent with the law and it should have found that § 112, ¶ 6 applies for the reasons set forth in Defendants'/Intervenors' Responsive Claim Construction Brief, Dkt. 86 at 7-15, and as argued at the *Markman* hearing.

**III.     "signal transmission/reception coordination logic" ('939 Patent, Claims 15, 30)**

Defendants agree with the Court's conclusion that § 112, ¶ 6 applies. Dkt. 99 at 22-24. Defendants object only to the Court's finding[2] that the structure it identifies is disclosed and clearly linked to performing the claimed function (*id*. at 24-26) for the reasons set forth in Defendants'/Intervenors' Responsive Claim Construction Brief. Dkt. 86 at 18-22.

**IV.     "restrain . . . responsive to the ascertaining that the first access point is receiving the first signal and that the second access point is receiving the second signal that is ongoing-on the second channel" ('939 Patent, Claim 15); "restrain . . . responsive to the ascertaining that the first access point is receiving the first signal" ('939 Patent, Claim 30)**

Defendants agree with the Court's explanation regarding the scope of this limitation. Dkt. 86 at 22-26. And while they believe that explanation should be included in the construction, they do not object to the construction, based on their understanding that the Court's explanation reflects its understanding of the plain and ordinary meaning that will apply with respect to the issue of infringement.

**V.      "transceiver" ('235 Patent, Claims 1, 15, 18, 19)**

Defendants respectfully object to the Court's finding that the present record is insufficient to form a basis to adopt Defendants' construction. Dkt. 99 at 33. Nevertheless, Defendants understand that the Court will revisit this construction at a later phase of the case, at which time Defendants will re-make their arguments.

**VI.     "n multiple-input multiple-output transceivers (MIMO) ('511 Patent, Claims 1, 10)**

Defendants respectfully object to the Court's construction for the reasons set forth in Defendants'/Intervenors' Responsive Claim Construction Brief (Dkt. 86 at 29) and argued at the *Markman* Hearing.

---

[2] Defendants do not believe there are any material disputes as to the proposed functions.

3

**VII.    "MIMO transmitter . . ." / "MIMO receiver . . ." ('511 Patent, Claims 1, 10, 20)**

Defendants respectfully object to the Court's construction for the reasons set forth in Defendants'/Intervenors' Responsive Claim Construction Brief (Dkt. 86 at 29-30) and argued at the *Markman* Hearing.

Dated:  November 29, 2024

Respectfully submitted,

*/s/ Matthew S. Yungwirth*

Melissa R. Smith (TBN 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Deron R. Dacus (TBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
Telephone: 404.253.6900
Facsimile:  404.253.6901

William A. Liddell
waliddell@duanemorris.com
**DUANE MORRIS LLP**
2801 Via Fortuna
Suite 200
Austin, Texas 78746-7567

4

Telephone: (512) 277-2272
Facsimile: (512) 227-2301

Tyler Marandola
tmarandola@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000

Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

*Counsel for Defendants / Intervenors*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 29, 2024.

                                                */s/ Melissa R. Smith*
                                                Melissa R. Smith