# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES<br>　　*Plaintiff*,<br>v.<br><br>AT&T SERVICES INC., AT&T MOBILITY LLC, and AT&T CORP.<br>　　*Defendant*,<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br>　　*Intervenors*. | Case No. 2:23-cv-00202-JRG-RSP (Lead Case)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF VIVATO'S RESPONSE TO DEFENDANTS'
<u>OBJECTIONS TO CLAIM CONSTRUCTION ORDER [DKT. 116]</u>**

# TABLE OF CONTENTS

I.   U.S. Patent No. 7,177,369 ("'369 PATENT")............................................................ 1

    A.   "forward path pre-equalization parameter" and related terms ('369 patent, claim 1, 13, 21, 32, 33, 41) ....................................................................... 1

II.   U.S. Patent No. 8,289,939 ("'939 PATENT")............................................................ 2

    A.   "wireless input/output (I/O) unit" ('939 patent, claims 15, 30) ........................ 2

III.   U.S. PATENT NO. 10,715,235 ("'235 PATENT") .................................................. 2

    A.   "transceiver" ('235 patent, claims 1, 15, 18, 19) ............................................... 2

IV.   U.S. PATENT NO. 8,737,511 ("'511 PATENT") .................................................... 3

    A.   "n multiple-input multiple-output transceivers" ('511 patent, claims 1, 10) ..................................................................................................................... 3

    B.   "MIMO transmitter…" / "MIMO receiver…" ('511 patent, claims 1, 10, 20) ..................................................................................................................... 3

**TABLE OF EXHIBITS TO DKT. 81 (VIVATO'S OPENING *MARKMAN* BRIEF)**

| Ex. | Description | Abbrev. |
|---|---|---|
| 1 | U.S. Patent No. 7,177,369 | '369 Patent |
| 2 | U.S. Patent No. 8,289,939 | '939 Patent |
| 3 | U.S. Patent No. 8,737,511 | '511 Patent |
| 4 | U.S. Patent No. 10,715,235 | '235 Patent |
| 5 | *XR Communications LLC v. D-Link Systems, Inc. et al.,* Lead Case Nos. 8:17-cv-596-DOC (Carter, J.) (D.I. 312 Order Adopting Special Master's Report and Recommendations Regarding Claim Construction [D.I. 280]) | CDCA Order Adopting R&R |
| 6 | *XR Communications LLC v. D-Link Systems, Inc. et al.,* Lead Case Nos. 8:17-cv-596-DOC (Carter, J.) (D.I. 280 Special Master's Report and Recommendations Regarding Claim Construction) | R&R |
| 7 | Claim Construction Order, *XR Communications LLC v. Cisco Systems, Inc. et al., Samsung Electronics Co. Ltd. et al., Microsoft Corporation,* Case Nos. 6:21-cv-623, 6:21-cv-626, 6:21-cv-695 (W.D. Tex.) (Albright, J) | WDTX Order |
| 8 | IPR2024-00314, Petition for Inter Partes Review on U.S. Patent No. 7,177,369 | '369 IPR Petition |
| 9 | IPR2024-00314, May 8, 2024 Response to POPR | '369 IPR Reply |
| 10 | IPR2024-00314, Ex. 2001 (The Authoritative Dictionary of IEEE Standards Terms, 7th ed., Dec. 2000) (excerpted). | '369 IPR Ex. 2001 |
| 11 | IPR2022-00958, Petition for Inter Parties Review on U.S. Patent No. 8,289,939 | IPR2022-00958 |
| 12 | IPR2024-00314, Decision Denying Institution (July 15, 2024) | '369 IPR Institution Decision |
| 13 | Excerpts of D.I. 256-5 in *XR Communications LLC v. D-Link Systems, Inc. et al.,* Lead Case Nos. 8:17-cv-596-DOC (Carter, J.) | |

Plaintiff XR Communications, LLC dba Vivato Technologies ("Vivato") respectfully responds to the above-captioned Defendants and Intervenors' (together, "Defendants") Objections (Dkt. 116) to Magistrate Judge Payne's Claim Construction Memorandum Opinion and Order ("Order," Dkt. 99). Vivato submits that the Order's constructions should be maintained for "pre-equalization parameter" ('369 patent, cl. 1, 13, 21, 32, 33, 41); "wireless input/output (I/O) unit" ('939 patent, cl. 15, 30); "n multiple-input multiple-output transceivers (MIMO)" ('511 patent, cl. 1, 10); "MIMO transmitter . . . " / "MIMO receiver . . ." ('511 patent, cl. 1, 10, 20); and "transceiver" ('235 patent, cl. 1, 15, 18, 19). Defendants' objections should be overruled.

I. **U.S. PATENT NO. 7,177,369 ("'369 PATENT")**

A. **"forward path pre-equalization parameter" and related terms ('369 patent, claim 1, 13, 21, 32, 33, 41)**

For the reasons set forth in Vivato's Opening Claim Construction Brief (Dkt. 81 at 1-6) and Reply Brief (Dkt. 88 at 1-2) and argued at the *Markman* hearing, the Court should maintain the Order's construction of the pre-equalization terms. Defendants' objections fail to address the reasoning in the Order. Dkt. 99 at 14-15. As the Order explains,

> "[P]re-equalization" refers to "emphasiz[ing] the magnitude of some frequency components with respect to the magnitude of others, to reduce adverse effects, such as noise, in subsequent parts of the system." Authoritative Dict. of IEEE Standard Terms, Dkt. No. 81-11 at 859. This definition largely aligns with the specification's explanation that pre-equalization "substantially reduces unwanted effects associated with multipath fading." '369 Patent at 7:18–20. Thus, a construction that, for example, reads on randomly changing power levels of frequency components would be improper."

Dkt. 99 at 14.

Defendants present no evidence or argument undermining these points. Instead, Defendants wrongly argue that a portion of the Court's construction ("reduce unwanted effects") depends on subjective "intent." But the Court already correctly found that the construction does

1

not depend on subjective "intent." Nor did the PTAB suggest in denying institution that the term or any proposed construction was: (a) subjective or (b) dependent on the user's intent.

The Court's construction is correct and consistent with what it means in the context of the '369 patent to perform "forward path pre-equalization." As the Court explained, the "forward path pre-equalization parameter" must be based on multipath transmission delay within a reverse path data signal under the claim language. This illustrates that in this context, "forward path pre-equalization" is not "randomly changing power levels." Instead, this claim language "conveys to a skilled artisan that the determined parameter refers to the *specific* adverse effect of multipath fading." Dkt. 99 Accordingly, the Court should maintain the construction of "forward path pre-equalization parameter" as "a pre-equalization parameter for modifying a forward path signal to reduce unwanted effects associated with multipath fading between the transmitter and receiver." Defendants' objections should be overruled.

## II.   U.S. PATENT NO. 8,289,939 ("'939 PATENT")

### A.   "wireless input/output (I/O) unit" ('939 patent, claims 15, 30)

For the reasons set forth in Vivato's Opening Claim Construction Brief (Dkt. 81 at 10-14) and Reply Brief (Dkt. 88 at 4-6) and argued at the *Markman* hearing, the Court should maintain the Order's construction of the wireless input/output unit term. The Court correctly found that this claim term connotes a sufficiently definite structure to one of ordinary skill in the art and therefore is not a § 112 ¶ 6 term. Dkt. 99 at 19. Defendants' objections fail to refute the Court's reasoning and correct reliance on the intrinsic record. Defendants also fail to identify any errors in the Court's reasons for rejecting their arguments. Dkt. 99 at 19. Defendants' objections should be overruled.

## III.   U.S. PATENT NO. 10,715,235 ("'235 PATENT")

### A.   "transceiver" ('235 patent, claims 1, 15, 18, 19)

For the reasons set forth in Plaintiff's Claim Construction Brief (Dkt. 81 at 30) and Reply

Brief (Dkt. 88 at 10) and argued at the *Markman* hearing, the Court should maintain the Order's construction of the transceiver term. Defendants do not substantively object to the Court's construction. Therefore, Defendants' objections should be overruled.

## IV.   U.S. PATENT NO. 8,737,511 ("'511 PATENT")

### A.   "n multiple-input multiple-output transceivers" ('511 patent, claims 1, 10)

For the reasons set forth in Vivato's Opening Claim Construction Brief (Dkt. 81 at 28-29) and Reply Brief (Dkt. 88 at 10) and argued at the *Markman* hearing, the Court should maintain the Order's construction of the n multiple-input multiple-output transceivers term. Defendants fail to articulate any objections beyond citing their prior *Markman* briefing. Therefore, Defendants' objections should be overruled.

### B.   "MIMO transmitter . . ." / "MIMO receiver . . ." ('511 patent, claims 1, 10, 20)

For the reasons set forth in Vivato's Opening Claim Construction Brief (Dkt. 81 at 28-29) and Reply Brief (Dkt. 88 at 10) and argued at the *Markman* hearing, the Court should maintain the Order's construction of the MIMO transmitter . . ." / "MIMO receiver . . ." terms. Defendants fail to articulate any objections beyond citing their prior *Markman* briefing. Therefore, Defendants' objections should be overruled.

Dated: December 13, 2024

Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Adam Hoffman
CA State Bar No. 218740
Neil A. Rubin
CA State Bar No. 250761
James Pickens
CA State Bar No. 307474

3

        Christian W. Conkle
CA State Bar No. 306374
Philip Wang
CA State Bar No. 262239
Minna Jay
CA State Bar No. 305941
Paul Kroeger
CA State Bar No. 229074
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_vivato@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff,
XR Communications, LLC,
dba Vivato Technologies*

4

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on December 13, 2024, with a copy of this document via the Court's ECF system.

<u>/s/ Reza Mirzaie</u><br>
Reza Mirzaie