# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>   Plaintiff,<br><br>vs.<br><br>AT&T SERVICES INC., ET AL.,<br><br>   Defendants.<br><br>ERICSSON, INC. ET AL.,<br><br>   Intervenors. | Case No. 2:23-cv-00202-JRG-RSP<br><br>**(LEAD CASE)**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' OPPOSED MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS

# Table of Exhibits

| Exhibit No. | Description |
|---|---|
| 1 | Defendants' P.R. 3-3 and 3-4 Disclosures in Case No. 2:23-cv-00202-JRG-RSP, served October 12, 2023 on Plaintiff |
| 2 | Defendants' P.R. 3-3 and 3-4 Disclosures in Case No. 2:23-cv-00470-JRG-RSP, served February 29, 2024 on Plaintiff |
| 3 | Plaintiff's Amended Infringement Contentions for 369 Patent, served August 31, 2023 |
| 4 | Defendants' May 15, 2024 PR 4-2 Disclosures in Case No. 2:23-cv-00202-JRG-RSP |
| 5 | The Court's Preliminary Constructions in Case No. 2:23-cv-00202-JRG-RSP, retrieved from the Court on September 11, 2024 |
| 6 | Institution Decision in IPR2024-00314, dated July 15, 2024 |
| 7 | Defendants' First Amended P.R. 3-3 and 3-4 Disclosures, in Case No. 2:23-cv-00202-JRG-RSP, served December 3, 2024 |
| 8 | Exhibit E-11 to Defendants First Amended P.R. 3-3 and 3-4 Disclosures, served December 3, 2024 |
| 9 | Patent Owner Preliminary Response in IPR2024-00314, dated April 22, 2024 |

I.      **INTRODUCTION AND PRELIMINARY STATEMENT OF DISPUTE**

This dispute involves Defendants' amended invalidity contentions that add a single claim chart for "Adaptive Multicarrier Modulation: A Convenient Framework for Time-Frequency Processing in Wireless Communications," by T. Keller et al., IEEE Proceedings of the IEEE, Vol. 88, No. 5, at pp. 611-640 ("Keller"). The Keller reference is applicable to and invalidates all of the asserted claims of U.S. Patent No. 7,177,369 (the "'369 Patent"). This is Defendants first request to supplement their invalidity contentions and all factors weigh in favor of granting them leave to supplement.

First, Defendants were diligent in searching for the Keller reference and timely amending their invalidity contentions within weeks of this reference being identified. For context, the reference was located by Defendants' invalidity expert a few weeks after the September 11 *Markman* hearing. The search was undertaken in response to the Court's September 11 identification of its preliminary construction of "forward path pre-equalization parameter" (in Claims 1, 13, 21, 32, 33, 41 of the '369 Patent) to mean "pre-equalization parameter for modifying a forward path signal to reduce unwanted effects associated with multipath fading between the transmitter and the receiver." On November 14, 2024, the Court officially adopted this construction, which is inconsistent with the constructions that the parties advocated at the *Markman* Hearing, *i.e.*, a plain and ordinary meaning construction (Defendants) and "a parameter used for pre-equalization, that is, to account for properties of a propagation path between a transmitter and a receiving device." (XR). And while XR had previously suggested a construction similar to the Court's XR had abandoned that construction during the claim construction process.

Second, the Keller reference is highly relevant to and significant to successfully defending against XR's patent infringement claims. This reference constitutes anticipatory prior art and therefore could potentially invalidate all asserted claims of the '369 Patent.

Third, and most importantly, XR will not be prejudiced at all (no less unfairly) by permitting Defendants to supplement their invalidity contentions. XR was given notice of the Keller reference and Defendants' claim charts on December 3, when two and one-half months were left in fact discovery. Therefore, XR has already and will continue to have ample time to adequately explore and address the additional prior art before the close of fact discovery, without the need to delay the established case timeline. But consistent with its approach regarding Defendants' other invalidity contentions, XR has not conducted any discovery related to Defendants' identified prior art.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4) and Patent Rule 3-6(b), amendment or supplementation of Invalidity Contentions is permitted upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); P.R. 3-6(b). "Courts routinely consider four factors to determine whether good cause has been shown: '(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.'" *Estech Sys., Inc. v. Target Corp.*, No. 20-cv-00123-JRG, 2021 WL 2187978, at *2 (E.D. Tex. May 28, 2021) (citing *Keranos*, 797 F.3d at 1035); *Gibson Brands, Inc. v. Armadillo Distrib. Enter., Inc.*, No. 19-CV-00358-ALM, 2020 WL 6060997, at *2 (E.D. Tex. Oct. 14, 2020).

## III.  ARGUMENT

Here, there is good cause because each of the factors weigh in favor of permitting Defendants to supplement their invalidity contentions. At the very least, on balance, they favor Defendants and justify the proposed supplementation.

### A.  Factor 1: Defendants Have Been Diligent in Identifying and Supplementing their Contentions

First, Defendants demonstrated diligence in searching for prior art before and after the service of its invalidity contentions. Courts have recognized the difficulty involved in discovering all relevant prior art before the service date and have granted motions to amend or supplement when parties have exercised sufficient diligence in searching for prior art. *See*, *e.g.*, *Uniloc 2017, LLC v. Google LLC*, No. 2:18-00497-JDG-RSP, Dkt. No. 98, at 3 (E.D. Tex. Oct. 9, 2019) (granting motion for leave to supplement invalidity contentions because defendant showed that it "exercised diligence in discovering the prior art"); *see also Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2020 WL 10456917, at *2 (E.D. Tex. Feb. 24, 2020) ("The Court ... appreciates the difficulty of discovering all relevant prior art and supplemental materials.") (citation omitted).

Defendants' search for prior art before serving invalidity contentions involved searching for public information relating to 5 patents and 88 claims.[1] Defendants collected numerous documents and identified numerous prior art references as part of this process. *See, e.g.*, Ex. 1 at 10-27 (listing prior art references that were charted); Ex. 2 at 10-23. Defendants' prior art search was guided by their interpretation of XR's infringement contentions, which were vague at best and gave no indication as to their interpretation of the pre-equalization parameter in the claims of the '369 Patent. Ex. 3 at 131-135.

Following the exchange of contentions, the parties engaged in the claim construction process. During that process, Defendants consistently sought a plain and ordinary meaning of the subject claim term. Ex. 4 at 4; Dkt. 89 at 2-4. XR, on the other hand, vacillated between multiple claim constructions in this action and the companion IPR related to the '369 Patent. While the

---

[1] This case involves the set of cases originally consolidated in Case No. 2:23-cv-00202-JRG-RSP, which involved five patents (of which one was dropped), and the set of cases originally consolidated in Case No. 2:23-cv-00470-JRG-RSP, which involved two patents. Defendants' reference to the number of patents and claims refers to the patents originally asserted in the first No. 2:23-cv-00202-JRG-RSP.

Court's construction is similar to an earlier construction that Plaintiff sought earlier in the case, such as in the parties' June 11, 2024 Joint Claim Construction Statement, XR appeared to have abandoned that construction, which is "plain and ordinary meaning, *i.e.*, a parameter used for pre-equalization, that is, to modify a forward path signal to reduce unwanted effects associated with multipath fading between the transmitter and the receiver." Ultimately, at the *Markman* hearing, XR advocated for what had been an alternate construction first raised in their August 21, 2024 Reply Brief -- "plain and ordinary meaning, *i.e.*, a parameter used for pre-equalization, that is, to **account for properties of a propagation path** between a transmitter and a receiving device."

On the morning of the day of the *Markman* Hearing, the Court issued a preliminary claim construction for the term "forward path pre-equalization parameter" that differed from both parties' proposed constructions. Ex. 5 at 1. Rather than wait for the Court to issue its claim construction order, Defendants immediately responded to the Court's unforeseen construction, with their invalidity expert beginning a search for new prior art soon. Defendants then supplemented their contentions with an additional invalidity claim chart less than three weeks after the *Markman* Order issued, well in advance of the deadlines to serve both final infringement and final invalidity contentions. *See* Patent Rule 3-6(a) (explaining that parties may serve amended infringement contentions within 30 days of the claim construction order and amended invalidity contentions within 50 days of the claim construction order). Defendants' response to the Court's claim construction, where they served supplemental contentions less than a month after the claim construction order, was diligent. *See, e.g., Cathx Research Ltd. v. 2G Robotics, Inc.*, No. 5:21-cv-00077-RWS, 2022 WL 3656441, at *1 (E.D. Tex. June 16, 2022) (six-week delay not excessive); *Paice LLC v. Toyota Motor Corp.*, No. 2:07-cv-180-DF, 2008 WL 11278039, at *2 (E.D. Tex. Nov. 17, 2008) (delay of months not excessive where four additional prior art publications were

4

disclosed "given the low number of additional references").

While XR will argue that Defendants were not diligent because XR previously advocated for a similar construction early in the *Markman* process, that argument ignores the fact that XR's construction was fleeting, abandoned, and the Court's construction rejected the proposals that both parties put forth at the *Markman* Hearing. Dkt. 99 at 13-15. Moreover, the PTAB previously rejected the Court's construction in a co-pending IPR. Ex. 6 at 13-16. "Whether the Court's claim construction was foreseeable is determined from the time of the claim construction briefing, rather than the time the original infringement contentions are served." *Implicit LLC v. Huawei Techs. USA Inc.*, No. 6:17-cv-182-JRG, 2018 WL 1182156, at *4 (E.D. Tex. July 2, 2018).[2] Here, Defendants were left to respond to the Court's construction that neither party advanced as of the conclusion of claim construction briefing and previously had been rejected, and so any delay on Defendants part prior to the claim construction order issuing is justified.

### B. Factor 2: The Keller Reference Is Important to the Merits of Defendants' Case

Here, the proposed amendment is of paramount importance and therefore supports providing leave to amend. *Motio, Inc. v. Avnet, Inc.*, 2015 WL 5952530, at *3-4 (E.D. Tex. Oct. 13, 2015) (leave to amend is permitted "far after the deadline for the service of invalidity contentions [where the] reference appears to be exceedingly relevant and may very well be of paramount importance"); *Kroy IP Holdings, LLC v. Autozone, Inc.*, 2014 WL 7463099 at *5 (E.D. Tex. Dec. 30, 2014) (permitting amendment where the defendant "should have informed [plaintiff] at an earlier time of its intention" because "the proposed amendment relates to an important piece

---

[2] In light of this construction, Defendants are also permitted to supplement their constructions under P.R. 3-6(a). *See, e.g.*, *Cell & Network Selection LLC v. AT&T*, No. 6:13-cv-403, 2014 WL 10727108, at *2 (E.D. Tex. Nov. 10, 2014) ("P.R. 3-6(a)(1) allows a party alleging patent infringement to amend its contentions in light of an unexpected claim construction by the Court.").

of evidence… it would be improper to bar [defendant] from raising that invalidity claim"). The Court need not "analyze the strength of [Defendants'] contentions at this stage," *Thomas Swan & Co. v. Finisar Corp.*, 2014 WL 12599218 at *2 (E.D. Tex. Apr. 29, 2014), but should consider Defendants' "representations as to the nature of the [proposed] prior art." *Kroy IP Holdings*, 2014 WL 7463099, *5. In determining whether a proposed amendment is important, "courts consider whether the prior art discloses features not present in the previously disclosed prior art are necessary or whether it is merely cumulative in light of the references already asserted." *Maxell Ltd. v. Apple Inc.*, 2020 WL 10456917, at *2 (E.D. Tex. Feb. 24, 2020).

The Keller reference is important because it anticipates and/or renders obvious the claimed inventions of the '369 Patent. For example, Keller unambiguously discloses a pre-equalization parameter that satisfies the Court's construction, "a pre-equalization parameter for modifying a forward path signal to reduce unwanted effects associated with multipath fading between the transmitter and receiver." Ex. 8 at 7-8. Indeed, XR has argued that Defendants' other prior art references do not disclose this limitation. Ex. 9.

### C. Factor 3: XR Will Not Suffer Any Unfair Prejudice

XR would not suffer any prejudice as a result of this Court granting Defendants' motion. It is telling that XR has articulated no unfair prejudice. During the parties' December 18 lead and local meet and confer, XR did not identify any particular prejudice; instead relying generally on timing, *i.e.*, that the disclosure was made late in the fact discovery period. Neither constitute unfair prejudice under the circumstances of this case.

First, Defendants served their proposed amendment less than three weeks after the Court issued its Claim Construction Order, which was more than 11 weeks prior to the close of the fact discovery period provided by the Court's operative Docket Control Order (D.I. 95). It also is noteworthy that, as of the filing of this motion, XR has not sought fact discovery related to any

6

prior art reference disclosed in Defendants' contentions. No dispositive motions have been filed and none are due for another four months; and trial is nearly 7-months away. *See, e.g.,* Dkt. 95 (Second Amended DCO) at 7 (fact discovery closing February 14, 2025, dispositive motions due April 14, and trial July 21, 2025); *see also Realtime Data, LLC v. Actian Corp.*, No. 6:15-cv-00463, Dkt. 369, at 4 (E.D. Tex. Aug. 11, 2016) (Plaintiff not prejudiced where fact and expert discovery would not close for one and four months respectively); *see generally Maxell*, 2020 WL 10456917, at *3 ("courts in this district frequently allow amendments to invalidity contentions after *Markman* proceedings").

Second, to address XR's argument that this supplementation would expand the scope of the case, Defendants offered to move up the claim and prior art narrowing, current scheduled for February 21 and 28, respectively. XR's counsel rejected this offer, which is inconsistent with its argument that Defendants are unfairly "expanding" the scope of this case.

### D. Factor 4: Neither Party Seeks a Continuance, and a Continuance Is Not Necessary

As discussed above, the case is still in its fact discovery stage and XR was notified of the prior art reference and received claim charts more than two-months prior to the close of fact discovery. If it intended to seek third party discovery regarding the Keller reference, it had more than enough time to pursue that discovery. Therefore, the addition of the Keller reference does not require any extension or changing of existing case deadlines. This should render a continuance unnecessary. Therefore, this factor weighs strongly in favor of granting leave.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' motion for leave to supplement its invalidity contentions should be granted.

Dated:  December 27, 2024	Respectfully submitted,

/s/ Matthew S. Yungwirth

Deron R. Dacus (TX SBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
Sajid Saleem
ssaleem@duanemorris.com
**Duane Morris LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
Telephone: (404)-253-6900

William Andrew Liddell
waliddell@duanemorris.com
**Duane Morris LLP**
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, Texas 78746
Telephone: (512) 277-2300

Elissa Sanford
esanford@duanemorris.com
**Duane Morris LLP**
901 New York Avenue N.W. Ste 700 East
Washington, D.C. 20001-4795

*Counsel for Defendants/Intervenors*

/s/ Melissa R. Smith
Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

8

*Counsel for Defendant*
*T-Mobile USA, Inc.*

9

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, pursuant to Local Rule CV-7(h), counsel for the Parties met and conferred to discuss the substantive issues addressed in this Motion on December 18, 2024. Counsel for Plaintiff indicated that it opposes this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2024, the foregoing document was served upon counsel of record for Plaintiff in this instant action via the Court's ECF system.

*/s/ Melissa R. Smith*
Melissa R. Smith
