# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| XR COMMUNICATIONS D/B/A VIVATO TECHNOLOGIES, | Case No. 2:23-cv-00470-JRG-RSP |
| Plaintiff, | **LEAD CASE** |
| v. | |
| VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | |
| Defendants. | |
| XR COMMUNICATIONS D/B/A VIVATO TECHNOLOGIES, | Case No. 2:23-cv-00468-JRG-RSP |
| Plaintiff, | **MEMBER CASE** |
| v. | |
| AT&T SERVICES INC; AT&T MOBILITY LLC; and AT&T CORP., | |
| Defendants. | |
| XR COMMUNICATIONS D/B/A VIVATO TECHNOLOGIES, | Case No. 2:23-cv-00469-JRG-RSP |
| Plaintiff, | **MEMBER CASE** |
| v. | |
| T-MOBILE USA, INC., | |
| Defendant. | |

## DEFENDANTS' P.R. 3-3 AND 3-4 DISCLOSURES

### I.    INTRODUCTION

Pursuant to P.R. 3-3 and 3-4 and the Docket Control Order (Dkt. 41), Defendants Verizon

Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless (collectively, "Verizon");

Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp. (collectively, "AT&T");

"); Defendant T-Mobile USA, Inc. ("T-Mobile"); Intervenor Nokia of America Corporation ("Nokia"); and Intervenor Ericsson, Inc. ("Ericsson") (all defendants and intervenors collectively, "Defendants") hereby disclose their P.R. 3-3 and 3-4 disclosures ("Invalidity Contentions") in view of XR Communications d/b/a Vivato Technologies' various P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions (collectively, "Infringement Contentions"), served on January 4, 2024.  In the event that XR Communications d/b/a Vivato Technologies ("XR") is granted leave to amend further its Infringement Contentions or amends its infringement theories, these Invalidity Contentions may change, and Defendants reserve the right to amend or supplement these Invalidity Contentions.

Defendants contend that each of the Asserted Claims (as defined below) by XR is invalid under 35 U.S.C. §§ 102, 103, and/or 112 for at least the reasons provided below.[1]

### A.    Asserted Claims

XR served Infringement Contentions alleging infringement of the following patents and claims (collectively, the "Asserted Patents" and "Asserted Claims"):

- Claims 18-26 and 28 of U.S. Patent No. 11,750,256 (the "'256 patent); and

- Claims 11-13, 15-17, and 19-20 of U.S. Patent No. 11,777,569 (the "'569 patent").

These Invalidity Contentions address only the Asserted Claims specifically set forth in XR's Infringement Contentions. Nevertheless, Defendants do not concede that the claims that XR has not asserted are valid, and Defendants reserve all rights to amend these contentions if XR asserts additional claims and/or patents.

---

[1] All Asserted Patents have a priority dates prior to March 16, 2013. Accordingly, all references to 35 U.S.C. §102 refer to the pre-AIA version of that statute defining prior art.

## B.    Ongoing Discovery and Disclosures

Defendants base their Invalidity Contentions on their current knowledge and understanding of the Asserted Claims and review of prior art, as of the date of these Invalidity Contentions. Defendants' Invalidity Contentions are made without the benefit of discovery regarding the parties' claim construction contentions, expert discovery, third-party discovery, and claim construction opinion or order by the Court.  These Invalidity Contentions are provided without prejudice to Defendants' right to revise, amend, correct, supplement, modify, or clarify their Invalidity Contentions.

Defendants also base their Invalidity Contentions on their current knowledge and understanding of the Asserted Claims in view of XR's Infringement Contentions.  Defendants reserve all of their rights both to seek leave to amend or supplement and to amend or supplement these contentions if XR supplements or amends its infringement contentions or otherwise responds to address any deficiency.

Defendants incorporate by reference all other bases for invalidity identified in Defendants' Answers, Initial Disclosures, and interrogatory responses in this matter, and the prosecution or post-grant review (e.g., during *Inter Partes* Review) of the Asserted Patents and all related patents and/or patent applications, including but not limited to statements made by both the patent applicant and patent examiners, and references cited therein.

Defendants further incorporate by reference all admissions regarding the Asserted Patents including, but not limited to, admissions in the specification of the Asserted Patents, and the prosecution or post-grant review of the Asserted Patents and related patents and/or patent applications. Defendants further incorporate any and all invalidity contentions previously served or subsequently served in any related litigation, or served in any prior litigation involving the Asserted Patents and related patents (collectively, the "Other Actions").

### C.    Claim Construction

The Court has not construed the Asserted Claims. Defendants map the prior art references to the Asserted Claims based on XR's apparent constructions, to the extent understood, of the Asserted Claims as advanced in XR's Infringement Contentions. However, nothing stated in this document or accompanying claim charts should be treated as an admission or suggestion that XR's apparent claim constructions are correct, or that any claim terms of the Asserted Claims are not invalid under 35 U.S.C. § 112 for being indefinite, failing to satisfy the written description requirement, or failing to satisfy the enablement requirement. In fact, Defendants specifically deny that XR's apparent claim constructions are proper.

Depending on the Court's construction of the Asserted Claims of the Asserted Patents, and/or positions that XR or its expert witness(es) may take concerning claim interpretation, infringement, and/or invalidity issues, the asserted prior art references may be of greater or lesser relevance. Given this uncertainty, the charts may reflect alternative applications of the prior art against the Asserted Claims. Thus, no chart or position taken by Defendants should be construed as an admission or a waiver of any particular construction of any claim term. Defendants also reserve the right to challenge any of the claim terms under 35 U.S.C. § 112, including by arguing that they are indefinite, not supported by the written description, and/or not enabled.

### D.    Effective Dates

XR asserted under P.R. 3-1(e) that the Asserted Claims of the '256 patent are entitled to a priority date of February 1, 2002.  Defendants contest XR's alleged priority date.  The '256 Patent is entitled to a priority date of no earlier than November 3, 2003.

XR asserted under P.R. 3-1(e) that the Asserted Claims of the '569 patent are entitled to a priority date of February 1, 2002.  Defendants contest XR's alleged priority date.  The '569 Patent is entitled to a priority date of no earlier than November 3, 2003.

Defendants contest XR's claimed priority dates as new matter was added to the specification of the Asserted Patents through later-filed applications disclosing new matter that was incorporated into the Asserted Claims.  Defendants reserve the right to rely on prior art dated after XR's claimed priority date to the extent XR fails to prove entitlement to the above priority dates for any Asserted Claim. To the extent XR in the future seeks and is granted leave to amend its disclosures in an attempt to establish an earlier effective date, Defendants reserve the right to amend these contentions in response, including by disclosing additional prior art or earlier versions or evidence of the prior art disclosed herein.

### E.    Prior Art Identification and Citation

The accompanying invalidity claim charts (Exhibits A and B) cite to particular teachings and disclosures of the prior art references as applied to features of the Asserted Claims. However, persons having ordinary skill in the art may view an item of prior art generally in the context of other publications, literature, products, and understanding. Accordingly, the cited portions are only exemplary and are intended to put XR on notice of the basis for Defendants' contentions. Defendants have endeavored to identify the most relevant portions of the references, but the references may contain additional support for particular claim limitations. Defendants reserve the right to rely on uncited portions of the prior art references, other documents, and/or operational systems, as well as fact and expert testimony, to provide context or to aid in understanding the cited portions of the references and interpreting the teachings of the prior art and to establish bases for combinations of certain cited references that render the Asserted Claims obvious.

Defendants reserve the right to rely on any prior art system referenced, embodied, or described in any of the prior art references identified herein, or which embodies any of the prior art references identified herein. Moreover, Defendants reserve the right to rely on inventor admissions concerning the scope of the prior art relevant to the asserted patents found in, *inter*

*alia*, the prosecution histories or post-grant review proceedings of the asserted patents and related patents and/or patent applications, any testimony or declarations of the named inventors concerning the asserted patents or related patents, and any papers or evidence submitted by XR in connection with this litigation, any other pending or future litigation brought by XR involving the asserted patents or related patents. Defendants also may establish what was known to a person having ordinary skill in the art through treatises, published industry standards other publications, products, and/or testimony.

Where the invalidity claim charts (Exhibits A and B) cite to a particular figure in a reference, the citation should be understood to encompass the caption of the figure and other text relating to and/or describing the figure. Similarly, where the invalidity claim charts cite to particular text referring to a figure, the citation should be understood to include the figure and related figures as well.

The prior art references listed herein and in the accompanying claim charts may disclose the elements of the Asserted Claims explicitly and/or inherently. The prior art references are also relevant for their showing of the state of the art and reasons and motivations for making improvements, additions, and combinations. The suggested obviousness combinations are provided in the alternative to Defendants' anticipation contentions and are not to be construed to suggest that any reference is not itself anticipatory.

Further, the combinations of prior art references contained herein demonstrating the obviousness of the Asserted Patents under 35 U.S.C. § 103 are merely exemplary and are not intended to be exhaustive. All such combinations are intended to include and are in view of the knowledge of a person of ordinary skill in the art. Additional obviousness combinations of the identified prior art references are possible, and Defendants reserve the right to use any such

combination(s) in this Action. In particular, Defendants are currently unaware of the extent, if any, to which XR will contend that limitations of any particular claim(s) is/are not disclosed in the art that Defendants have identified as anticipatory. To the extent that XR does so, Defendants reserve the right to identify other evidence or references that anticipate or render obvious the particular claim(s).

Nothing in these Invalidity Contentions should be treated as an admission that any of Defendants' accused instrumentalities meet any limitation of the Asserted Claims. Defendants deny infringing the Asserted Claims. To the extent that any prior art reference identified by Defendants contains a claim element that is the same as or similar to an element in an accused instrumentality, based on a claim construction inferred from XR's Infringement Contentions, inclusion of that reference in Defendants' Invalidity Contentions is not a waiver by Defendants of any claim construction or non-infringement position, nor is it an admission or suggestion by Defendants that any accused instrumentality satisfies the limitations of the Asserted Claims under a proper construction of those claims.

### F.    Lack of Inventorship and Proper Ownership

Defendants reserve the right to assert that the Asserted Claims are invalid under 35 U.S.C. § 102(f) and/or § 102(g) in the event that Defendants obtain evidence that the named inventor of the Asserted Patents did not invent (either alone or in conjunction with other parties) the subject matter claimed in the Asserted Patents. Should Defendants obtain such evidence, Defendants will provide the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived, and/or the circumstances surrounding the making of the invention before the patent application.

## G.    Additional Reservation of Rights

Defendants' identification in the prior art of claim elements recited in the preamble of any claims is not intended to indicate that any such preamble is limiting. All such disclosures are made only to the extent the preamble is determined to be limiting.

As described above, Defendants also intend to diligently seek discovery from third parties to demonstrate the inventions were known or used by others under 35 U.S.C. § 102(a), in public use and/or on-sale under 35 U.S.C. § 102(b), and/or earlier invention of the claimed inventions under 35 U.S.C. § 102(g). Defendants may therefore modify, amend, and/or supplement these Invalidity Contentions if and when further information becomes available.

Additionally, Defendants incorporate by reference into these contentions every claim element cross-referenced in XR's Infringement Contentions. For any element in XR's Infringement Contentions for which XR refers to the information from one or more other elements (whether in the same or a different patent), Defendants incorporate by reference the same cross-reference for these contentions.

Subject to the foregoing statements and qualifications, Defendants provide the following disclosures.

## II.    **P.R. 3-3 DISCLOSURES AND CONTENTIONS**

The following Exhibits (also referred to as Appendices) include claim charts of prior art references that, alone and/or in combination with other references, render the Asserted Claims of the Asserted Patents invalid under § 102 or 103, and further include (directly and/or in combination with the corresponding subparts of Section II.B. of this document) secondary references that would have been obvious to combine with the charted prior art references and motivations for making such combinations.

| Exhibit A | U.S. Patent No. 11,750,256 (the "'256 patent) |
|-----------|-----------------------------------------------|
| Exhibit B | U.S. Patent No. 11,777,569 (the "'569 patent") |

## A.    P.R. 3-3(a) Disclosures: Identification of Items of Prior Art that Anticipate

Subject to Defendants' reservation of rights, Defendants contend that the following prior art patents, printed publications, and systems, alone and/or in combination, anticipate and/or render obvious the Asserted Claims of the Asserted Patents.

As noted above, however, discovery is ongoing, and Defendants' prior art investigation and third party discovery are therefore not yet complete. Accordingly, Defendants reserve the right to present additional items of prior art under 35 U.S.C. § 102(a), (b), (e), (f) and/or (g), and/or § 103 located during the course of discovery or further investigation. For example, Defendants expect to issue subpoenas to third parties believed to have knowledge, documentation, and/or corroborating evidence concerning some of the prior art listed in this and the following sections and/or additional prior art. These third parties include, without limitation, the authors, inventors, or assignees of the references listed in these disclosures. In addition, Defendants reserve the right to assert invalidity under 35 U.S.C. §§ 102(c) or (d) to the extent that discovery or further investigation yields information forming the basis for such invalidity.

While the categories of art (patents/applications, non-patent publications, and systems) below are organized by asserted patent number, because of the overlapping nature of the asserted patents, Defendants identify each reference in each category as art applicable to each of the asserted patents.

### 1.    Prior Art Patents and Published Patent Applications

Defendants disclose the following patents and patent applications publications:

a.    The '256 Patent

| Exh. | Patent/Publication No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|------|------------------------|-------------------|----------------|--------------------------|-------------|
| A01 | USP 7,224,758 | U.S. | Brian Banister | May 29, 2007 | Banister 758 |
| A02 | USP 6,738,020 | U.S. | Eric D. Lindskog, Mitchell D. Trott, Hafedh Trigui, Serge de la Barbosa | May 18, 2004 | Lindskog |
| A03 | USP 6,888,809 | U.S. | Gerard Joseph Foschini, Angel Lozano, Farrokh Rashid-Farrokhi, Reinaldo A. Valenzuela | May 3, 2005 | Foschini |
| A04 | USPP 2001/0031647 | U.S. | Shimon Scherzer, Piu Wong | October 18, 2001 | Scherzer 647 |
| A05 | USP 6,124,824 | U.S. | Guanghan Xu, Daniel Wee, Ying Chen, Yong Rao | September 26, 2000 | Xu |
| A06 | USP 6,175,550 | U.S. | Richard van Nee | January 16, 2001 | van Nee |
| A07 | USP 7,139,324 | U.S. | Juha Ylitalo, Marcos Katz | November 21, 2006 | Ylitalo |
| A08 | USPP 2003/0068983 | U.S. | Sung-jin Kim, Ju-Ho Lee, Jong-Hyeuk Lee, Yong-Suk Lee, Ki-ho Kim, Hyeon-Woo Lee | April 10, 2003 | Kim 983 |
| A09 | USPP 2002/0190901 | U.S. | Shousei Yoshida | February 19, 2002 | Yoshida 901 |
| A10 | USPP 2008/0170533 | U.S. | Haruch Cyzs, Haim Grinberger | July 17, 2008 | Cyzs |
| A11 | PCT Pub. WO2000001078A1 | PCT | Robert Harrison | January 6, 2000 | Harrison |
| A12 | USPP 2002/0060643 | U.S. | Shmuel Levy, Noam Livneh, Ori Stern, Ami Saguy | May 23, 2002 | Levy 643 |

| Exh. | Patent/Publication No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|---|---|---|---|---|---|
| A13 | PCT Pub. No. WO2002047286A2 | PCT | Ari Hottinen, Risto Wichman, Olav Tirkkonen | June 13, 2002 | Hottinen 286 |
| A14 | USP 7,155,231 | U.S. | Joseph P. Burke, Michael J. Wengler, Bhaskar D. Rao, Harris S. Simon | December 26, 2006 | Burke |
| A15 | USP 5,933,421 | U.S. | Siavash Alamouti, Eduardo F. Casas, Michael Hirano, Elliott Hoole, Mary Jesse, David G. Michelson, Patrick Poon, Gregory J. Veintimilla, Hongliang Zhang | August 3, 1999 | Alamouti |
| A17 | USP 6,141,335 | U.S. | Mikio Kuwahara, Seishi Hanaoka, Nobukazu Doi, Takaki Uta | October 31, 2000 | Kuwahara |
| A18 | USP 6,067,290 | U.S. | Arogyaswami J. Paulraj, Robert W. Heath, Jr., Peroor K. Sebastian, David J. Gesbert | May 23, 2000 | Paulraj 290 |
| A20 | USP 5,828,658 | U.S. | Bjorn E. Ottersten, Craig H. Barratt, David M. Parish, Richard H. Roy, III | October 27, 2000 | Ottersten |
| A22 | USP 5,471,647 | U.S. | Derek Gerlach, Arogyaswami Paulraj | November 28, 1995 | Gerlach 647 |
| A23 | USPP 2002/0018530 | U.S. | Sung-jin Kim, Kwang-bok Lee, Hyeon-Woo Lee, Keun-chul Hwang, Ho-Kyu Choi, Yong-Suk Lee | February 14, 2002 | Kim 530 |
| A26 | USP 6,947,707 | U.S. | Balaji Raghothaman | September 20, 2005 | Raghothaman |
| A27 | USP 6,533,012 | U.S. | Marcos Katz | April 22, 2003 | Katz |

11

| Exh. | Patent/Publication No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|---|---|---|---|---|---|
| A29 | USP 6,473,036 / USPP 2003/0125040 | U.S. | Jay Walton, Mark Wallace, Steven Howard | July 3, 2003 | Walton 040 |
| A30 | USP 7,248,841 | U.S. | Brian Agee, Matthew Bromberg | July 24, 2007 | Agee 841 |
| A32 | USP 6,317,586 | U.S. | Martin Haardt | November 13, 2001 | Haardt 586 |
| A33 | USP 6,141,567 | U.S. | Michael Youssefmir, Mitchell D. Trott, Kamaraj Karuppiah, Paul Petrus | October 31, 2000 | Youssefmir 567 |
| A34 | USPP 2004/0018818 | U.S. | Ari Hottinen, Risto Wichman, Olay Tirkkonen | January 29, 2004 | Hottinen 818 |
| A35 | USP 6,031,877 | U.S. | Simon Saunders | February 29, 2000 | Saunders 877 |
| A36 | Japanese Patent Pub. JP2002290317 A | Japan | Daisuke Jitsukawa, Hiroyuki Seti, Yoshiaki Tanaka | October 4, 2002 | Jitsukawa |
| A37 | USPP 2002/0131381 | U.S. | Sung-jin Kim, Yong-Suk Lee, Sung-Ho Choi, Hyun-woo Lee, Sung-Oh Hwang, Byung-Jae Kwak, Yong-Jun Kwak, Sang-Hwan Park | September 19, 2002 | Kim 381 |
| A38 | USP 7,116,723 | U.S. | Sung-jin Kim, Kwang-bok Lee, Hyeon-Woo Lee, Keun-chul Hwang, Ho-Kyu Choi, Yong-Suk Lee | October 3, 2006 | Kim 723 |
| A40 | USPP 2002/0158801 | U.S. | William Crilly, Ken Biba, Robert Conley | October 31, 2002 | Crilly |
| A41 | USP 5,634,199 | U.S. | Derek Gerlach, Arogyaswami Paulraj, Gregory G. Raleigh | May 27, 1997 | Gerlach 199 |

| Exh. | Patent/Public ation No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|---|---|---|---|---|---|
| A42 | USP 6,895,258 | U.S. | Shimon Scherzer, Piu Wong | May 17, 2005 | Scherzer 258 |
| A43 | USP 6,760,388 | U.S. | John Ketchum, Mark Wallace, Steven Howard, Jay Walton | July 6, 2004 | Ketchum |
| A44 | USP 6,359,923 | U.S. | Brian G. Agee, Matthew Bromberg, Derek Gerlach, David Gibbons, James Timothy Golden, Minnie Ho, Elliott Hoole, Mary Jesse, Robert Lee Maxwell, Robert G. Mechaley, Jr., Robert Ray Naish, David J. Nix, David James Ryan, David Stephenson | March 19, 2002 | Agee 923 |
| A45 | USP 6,473,036 | U.S. | James Proctor, Jr. | October 29, 2002 | Proctor 036 |
| A46 | USPP 2003/0017853 | U.S. | Sridhar Kanamaluru, Zygmond Turski, Henry Owen | January 23, 2003 | Kanamaluru |
| A47 | U.S. 6,970,722 | U.S. | Michael Lewis | November 29, 2005 | Lewis |
| A48 | U.S. 7,158,501 | U.S. | Hideo Kasami, Kuniaki Ito, Kiyoshi Toshimitsu, Tomoko Adachi | January 2, 2007 | Kasami '501 |
| A49 | U.S. 7,263,385 | U.S. | Mehmet Izzet Gurelli, Raul Hernan Etkin | August 28, 2007 | Gurelli |
| A50 | U.S. 6,895,253 | U.S. | Manuel Joseph Carloni, Michael James Gans, Reinaldo A. Valenzuela, Jack Harriman Winters | May 17, 2005 | Carloni |
| A51 | U.S. 7,042,394 | U.S. | Ian Sayers | May 9, 2006 | Sayers |
| A52 | U.S. 2002/0041430 | U.S. | Hideo Kasami, Shuichi Obayashi | May 9, 2006 | Kasami '430 |
| A53 | U.S. 2003/0060205 | U.S. | Joseph Shapira | Marcy 27, 2003 | Shapira |

| Exh. | Patent/Publication No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|------|------------------------|-------------------|----------------|--------------------------|-------------|
| A54 | U.S. 6,795,409 | U.S. | Michael Youssefmir, Mitchell D. Trott, Roger Rogard | September 21, 2004 | Youssefmir |
| A55 | U.S. 7,039,441 | U.S. | Douglas O. Reudink, Mark D. Reudink | May 2, 2006 | Reudink |
| A56 | U.S. 5,592,490 | U.S. | Craig H. Barratt, David M. Parish, Richard H. Roy, III | January 7, 1997 | Barratt |
| A57 | U.S. 7,529,525 | U.S. | Omri Hovers, Shahar Kagan, Nanu Peri, Milena Chechik | May 5, 2009 | Hovers |
| A58 | USP 6,927,728 | U.S. | Frederick W. Vook, Timothy A. Thomas, Xiangyang Zhuang | August 9, 2005 | Vook |

b.    The '569 Patent

| Exh. | Patent/Publication No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|------|------------------------|-------------------|----------------|--------------------------|-------------|
| B01 | USP 7,224,758 | U.S. | Brian Banister | May 29, 2007 | Banister 758 |
| B02 | USP 6,738,020 | U.S. | Eric D. Lindskog, Mitchell D. Trott, Hafedh Trigui, Serge de la Barbosa | May 18, 2004 | Lindskog |
| B03 | USP 6,888,809 | U.S. | Gerard Joseph Foschini, Angel Lozano, Farrokh Rashid-Farrokhi, Reinaldo A. Valenzuela | May 3, 2005 | Foschini |
| B04 | USPP 2001/0031647 | U.S. | Shimon Scherzer, Piu Wong | October 18, 2001 | Scherzer 647 |
| B05 | USP 6,124,824 | U.S. | Guanghan Xu, Daniel Wee, Ying Chen, Yong Rao | September 26, 2000 | Xu |
| B06 | USP 6,175,550 | U.S. | Richard van Nee | January 16, 2001 | van Nee |
| B07 | USP 7,139,324 | U.S. | Juha Ylitalo, Marcos Katz | November 21, 2006 | Ylitalo |

| Exh. | Patent/Publication No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|------|------------------------|-------------------|----------------|--------------------------|-------------|
| B08 | USPP 2003/0068983 | U.S. | Sung-jin Kim, Ju-Ho Lee, Jong-Hyeuk Lee, Yong-Suk Lee, Ki-ho Kim, Hyeon-Woo Lee | April 10, 2003 | Kim 983 |
| B09 | USPP 2002/0190901 | U.S. | Shousei Yoshida | February 19, 2002 | Yoshida 901 |
| B10 | USPP 2008/0170533 | U.S. | Haruch Cyzs, Haim Grinberger | July 17, 2008 | Cyzs |
| B11 | PCT Pub. WO2000001078A1 | PCT | Robert Harrison | January 6, 2000 | Harrison |
| B12 | USPP 2002/0060643 | U.S. | Shmuel Levy, Noam Livneh, Ori Stern, Ami Saguy | May 23, 2002 | Levy 643 |
| B13 | PCT Pub. No. WO2002047286A2 | PCT | Ari Hottinen, Risto Wichman, Olav Tirkkonen | June 13, 2002 | Hottinen 286 |
| B14 | USP 7,155,231 | U.S. | Joseph P. Burke, Michael J. Wengler, Bhaskar D. Rao, Harris S. Simon | December 26, 2006 | Burke |
| B15 | USP 5,933,421 | U.S. | Siavash Alamouti, Eduardo F. Casas, Michael Hirano, Elliott Hoole, Mary Jesse, David G. Michelson, Patrick Poon, Gregory J. Veintimilla, Hongliang Zhang | August 3, 1999 | Alamouti |
| B17 | USP 6,141,335 | U.S. | Mikio Kuwahara, Seishi Hanaoka, Nobukazu Doi, Takaki Uta | October 31, 2000 | Kuwahara |
| B18 | USP 6,067,290 | U.S. | Arogyaswami J. Paulraj, Robert W. Heath, Jr., Peroor K. Sebastian, David J. Gesbert | May 23, 2000 | Paulraj 290 |
| B20 | USP 5,828,658 | U.S. | Bjorn E. Ottersten, Craig H. Barratt, David M. | October 27, 2000 | Ottersten |

| Exh. | Patent/Publication No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|---|---|---|---|---|---|
| | | | Parish, Richard H. Roy, III | | |
| B22 | USP 5,471,647 | U.S. | Derek Gerlach, Arogyaswami Paulraj | November 28, 1995 | Gerlach 647 |
| B23 | USPP 2002/0018530 | U.S. | Sung-jin Kim, Kwang-bok Lee, Hyeon-Woo Lee, Keun-chul Hwang, Ho-Kyu Choi, Yong-Suk Lee | February 14, 2002 | Kim 530 |
| B26 | USP 6,947,707 | U.S. | Balaji Raghothaman | September 20, 2005 | Raghothaman |
| B27 | USP 6,533,012 | U.S. | Marcos Katz | April 22, 2003 | Katz |
| B29 | USP 6,473,036 / USPP 2003/0125040 | U.S. | Jay Walton, Mark Wallace, Steven Howard | July 3, 2003 | Walton 040 |
| B30 | USP 7,248,841 | U.S. | Brian Agee, Matthew Bromberg | July 24, 2007 | Agee 841 |
| B32 | USP 6,317,586 | U.S. | Martin Haardt | November 13, 2001 | Haardt 586 |
| B33 | USP 6,141,567 | U.S. | Michael Youssefmir, Mitchell D. Trott, Kamaraj Karuppiah, Paul Petrus | October 31, 2000 | Youssefmir 567 |
| B34 | USPP 2004/0018818 | U.S. | Ari Hottinen, Risto Wichman, Olay Tirkkonen | January 29, 2004 | Hottinen 818 |
| B35 | USP 6,031,877 | U.S. | Simon Saunders | February 29, 2000 | Saunders 877 |
| B36 | Japanese Patent Pub. JP2002290317A | Japan | Daisuke Jitsukawa, Hiroyuki Seti, Yoshiaki Tanaka | October 4, 2002 | Jitsukawa |
| B37 | USPP 2002/0131381 | U.S. | Sung-jin Kim, Yong-Suk Lee, Sung-Ho Choi, Hyun-woo Lee, Sung- | September 19, 2002 | Kim 381 |

| Exh. | Patent/Public ation No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|---|---|---|---|---|---|
| | | | Oh Hwang, Byung-Jae Kwak, Yong-Jun Kwak, Sang-Hwan Park | | |
| B38 | USP 7,116,723 | U.S. | Sung-jin Kim, Kwang-bok Lee, Hyeon-Woo Lee, Keun-chul Hwang, Ho-Kyu Choi, Yong-Suk Lee | October 3, 2006 | Kim 723 |
| B40 | USPP 2002/0158801 | U.S. | William Crilly, Ken Biba, Robert Conley | October 31, 2002 | Crilly |
| B41 | USP 5,634,199 | U.S. | Derek Gerlach, Arogyaswami Paulraj, Gregory G. Raleigh | May 27, 1997 | Gerlach 199 |
| B42 | USP 6,895,258 | U.S. | Shimon Scherzer, Piu Wong | May 17, 2005 | Scherzer 258 |
| B43 | USP 6,760,388 | U.S. | John Ketchum, Mark Wallace, Steven Howard, Jay Walton | July 6, 2004 | Ketchum |
| B44 | USP 6,359,923 | U.S. | Brian G. Agee, Matthew Bromberg, Derek Gerlach, David Gibbons, James Timothy Golden, Minnie Ho, Elliott Hoole, Mary Jesse, Robert Lee Maxwell, Robert G. Mechaley, Jr., Robert Ray Naish, David J. Nix, David James Ryan, David Stephenson | March 19, 2002 | Agee 923 |
| B45 | USP 6,473,036 | U.S. | James Proctor, Jr. | October 29, 2002 | Proctor 036 |
| B46 | USPP 2003/0017853 | U.S. | Sridhar Kanamaluru, Zygmond Turski, Henry Owen | January 23, 2003 | Kanamaluru |
| B47 | U.S. 6,970,722 | U.S. | Michael Lewis | November 29, 2005 | Lewis |

| Exh. | Patent/Publication No. | Country of Origin | Named Inventor | Issue / Publication Date | Short Title |
|---|---|---|---|---|---|
| B48 | U.S. 7,158,501 | U.S. | Hideo Kasami, Kuniaki Ito, Kiyoshi Toshimitsu, Tomoko Adachi | January 2, 2007 | Kasami '501 |
| B49 | U.S. 7,263,385 | U.S. | Mehmet Izzet Gurelli, Raul Hernan Etkin | August 28, 2007 | Gurelli |
| B50 | U.S. 6,895,253 | U.S. | Manuel Joseph Carloni, Michael James Gans, Reinaldo A. Valenzuela, Jack Harriman Winters | May 17, 2005 | Carloni |
| B51 | U.S. 7,042,394 | U.S. | Ian Sayers | May 9, 2006 | Sayers |
| B52 | U.S. 2002/0041430 | U.S. | Hideo Kasami, Shuichi Obayashi | May 9, 2006 | Kasami '430 |
| B53 | U.S. 2003/0060205 | U.S. | Joseph Shapira | Marcy 27, 2003 | Shapira |
| B54 | U.S. 6,795,409 | U.S. | Michael Youssefmir, Mitchell D. Trott, Roger Rogard | September 21, 2004 | Youssefmir |
| B55 | U.S. 7,039,441 | U.S. | Douglas O. Reudink, Mark D. Reudink | May 2, 2006 | Reudink |
| B56 | U.S. 5,592,490 | U.S. | Craig H. Barratt, David M. Parish, Richard H. Roy, III | January 7, 1997 | Barratt |
| B57 | U.S. 7,529,525 | U.S. | Omri Hovers, Shahar Kagan, Nanu Peri, Milena Chechik | May 5, 2009 | Hovers |
| B58 | USP 6,927,728 | | Frederick W. Vook, Timothy A. Thomas, Xiangyang Zhuang | August 9, 2005 | Vook |

### 2.    Prior Art Non-Patent Publications

In addition to the patents and patent and patent application publications, Defendants disclose the following additional publications:

### a.    The '256 Patent

| Exh. | Title | Author / Publisher | Date Published | Short Title |
|---|---|---|---|---|
| A16 | 3GPP TSG RAN WG1 R1-99c10 | Motorola | August 30-September 3, 1999 | Motorola 3GPP |

| Exh. | Title | Author / Publisher | Date Published | Short Title |
|---|---|---|---|---|
| A19 | Space-Time Signaling in Multi-Antenna Systems | Robert W. Heath Jr. | November 2001 | Heath 2001 |
| A21 | Won Mee Jang et al.,  Joint Transmitter-Receiver Optimization in Synchronous Multiuser Communications over Multipath Channels, 46 IEEE Trans. Comm. 269 | Won Mee Jang, Branimir R. Vojcic, Raymond Pickholtz | February 1998 | Jang |
| A24 | Ari Hottinen and Risto Wichman, Transmit Diversity Using Filtered Feedback Weights in the FDD/WCDMA System, 2000 Int'l Zurich Seminar on Broadband Commc's Accessing Transmission Network Proceedings 15 | Ari Hottinen, Risto Wichman | 2000 | Hottinen 2000 |
| A25 | Derek Gerlach and Arogyaswami Paulraj, Base Station Transmitter Antenna Arrays with Mobile to Base Feedback, 1993 Asilomar Conf. on Signals Systems and Computers 1432 | Derek Gerlach, Arogyaswami Paulraj | 1993 | Gerlach 1993 |
| A28 | R. Thomas Dewberry  et al., Transmit Diversity in 3G CDMA Systems, 40 IEEE Commc'ns Magazine 68, April 2002 | R. Thomas Dewberry, Steven D. Gray, D. Mihai Ionescu, Giridhar Mandyam, Balaji Raghothaman | April 2002 | Derryberry |
| A31 | Pramod Viswanath et al, Opportunistic Beamforming Using Dumb Antennas, 48 IEEE Trans. on Information Theory 1277 | Pramod Viswanath, David N. C. Tse, Rajiv Laroia | June 2002 | Viswanath |

| Exh. | Title | Author / Publisher | Date Published | Short Title |
|---|---|---|---|---|
| A39 | Banister, Brian Clarke, "Feedback Assisted Multi-Antenna Transmission Weight Adaptation for Wireless Communications" | Brian Clarke Banister | 2002 | Banister 2002 |
| A59 | Impact of Closed-Loop Power Control on SDMA-TDMA System Performance, Proc. IEEE Vehicular Tech. Conf. (2002) | Yunjian Jia, Shinsuke Hara, Yoshitaka Hara | September 28, 2002 | Jia |
| A60 | A Dynamic Channel Assignment Algorithm for Cellular System with Adaptive Array Antennas, IEEE Vehicular Tech. Conf. (1999) | Lan Chen, Hidekasu Marata, Susumu Yoshida, Shouichi Hirose | May 20, 1999 | Chen |
| A61 | Combined Downlink Beamforming and Channel Estimation for High Data Rate CDMA Systems, Proc. IEEE Signal Processing Workshop on Statistical Signal Processing (2001) | Sylvie Perreau | August 8, 2001 | Perreau |
| A62 | Adaptive Transmitting Antenna Methods for Multipath Environments, IEEE Globecom. Communications: The Global Bridge | Derek Gerlach, Arogyaswami Paulraj | December 2, 1994 | Gerlach AT |
| A63 | Adaptive Transmitting Antenna Arrays at the Base Station in Mobile Radio Networks | Derek Gerlach | August 1995 | Gerlach Thesis |
| A64 | Applications of Antenna Arrays to Mobile Communications, Part I – Performance Improvement, Feasibility, and System Consideration, 85 Proc. IEEE 1031 (1997) | Lai C. Godara | July 1997 | Godara |
| A65 | Downlink Beam-Forming Method Using STBC for Mobile Propagation Environments, IEEE Vehicular Tech. Conf. (2002) | Yasushi Takatori, Keizo Cho, Toshikazu Hori | May 9, 2002 | Takatori |

| Exh. | Title | Author / Publisher | Date Published | Short Title |
|------|-------|--------------------|----------------|-------------|
| A66 | Transmit Beamforming Power Control for Cellular Wireless Systems, 16 IEEE J. on Selected Areas in Commc'n 1437 (1998) | Farrokh Rashid Farrokhi, K. J. Ray Liu, Leandros Tassiulas | October 1998 | Rashid Farrokhi |
| A67 | An Overview of Smart Antenna Technology for Mobile Communications Systems, IEEE Communications Surveys, Fourth Quarter 1999, Vol. 2, No. 4 | Per H. Lehne, Magne Pettersen | Fourth Quarter 1999 | Lehne |
| A68 | Digital Beamforming in Wireless Communications | John Litva, Titus Kwok Yeung Lo | August 31, 1996 | Litva |

### b.    The '569 Patent

| Exh. | Title | Author / Publisher | Date Published | Short Title |
|------|-------|--------------------|----------------|-------------|
| B16 | 3GPP TSG RAN WG1 R1-99c10 | Motorola | August 30- September 3, 1999 | Motorola 3GPP |
| B19 | Space-Time Signaling in Multi-Antenna Systems | Robert W. Heath Jr. | November 2001 | Heath 2001 |
| B21 | Won Mee Jang et al.,  Joint Transmitter-Receiver Optimization in Synchronous Multiuser Communications over Multipath Channels, 46 IEEE Trans. Comm. 269 | Won Mee Jang, Branimir R. Vojcic, Raymond Pickholtz | February 1998 | Jang |
| B24 | Ari Hottinen and Risto Wichman, Transmit Diversity Using Filtered Feedback Weights in the FDD/WCDMA System, 2000 Int'l Zurich Seminar on Broadband Commc's Accessing Transmission Network Proceedings 15 | Ari Hottinen, Risto Wichman | 2000 | Hottinen 2000 |

| Exh. | Title | Author / Publisher | Date Published | Short Title |
|------|-------|--------------------|----------------|-------------|
| B25 | Derek Gerlach and Arogyaswami Paulraj, Base Station Transmitter Antenna Arrays with Mobile to Base Feedback, 1993 Asilomar Conf. on Signals Systems and Computers 1432 | Derek Gerlach, Arogyaswami Paulraj | 1993 | Gerlach 1993 |
| B28 | R. Thomas Dewberry et al., Transmit Diversity in 3G CDMA Systems, 40 IEEE Commc'ns Magazine 68, April 2002 | R. Thomas Dewberry, Steven D. Gray, D. Mihai Ionescu, Giridhar Mandyam, Balaji Raghothaman | April 2002 | Derryberry |
| B31 | Pramod Viswanath et al, Opportunistic Beamforming Using Dumb Antennas, 48 IEEE Trans. on Information Theory 1277 | Pramod Viswanath, David N. C. Tse, Rajiv Laroia | June 2002 | Viswanath |
| B39 | Banister, Brian Clarke, "Feedback Assisted Multi-Antenna Transmission Weight Adaptation for Wireless Communications" | Brian Clarke Banister | 2002 | Banister 2002 |
| B59 | Impact of Closed-Loop Power Control on SDMA-TDMA System Performance,  Proc. IEEE Vehicular Tech. Conf. (2002) | Yunjian Jia, Shinsuke Hara, Yoshitaka Hara | September 28, 2002 | Jia |
| B60 | A Dynamic Channel Assignment Algorithm for Cellular System with Adaptive Array Antennas, IEEE Vehicular Tech. Conf. (1999) | Lan Chen, Hidekasu Marata, Susumu Yoshida, Shouichi Hirose | May 20, 1999 | Chen |

| Exh. | Title | Author / Publisher | Date Published | Short Title |
|---|---|---|---|---|
| B61 | Combined Downlink Beamforming and Channel Estimation for High Data Rate CDMA Systems, Proc. IEEE Signal Processing Workshop on Statistical Signal Processing (2001) | Sylvie Perreau | August 8, 2001 | Perreau |
| B62 | Adaptive Transmitting Antenna Methods for Multipath Environments, IEEE Globecom. Communications: The Global Bridge | Derek Gerlach, Arogyaswami Paulraj | December 2, 1994 | Gerlach AT |
| B63 | Adaptive Transmitting Antenna Arrays at the Base Station in Mobile Radio Networks | Derek Gerlach | August 1995 | Gerlach Thesis |
| B64 | Applications of Antenna Arrays to Mobile Communications, Part I – Performance Improvement, Feasibility, and System Consideration, 85 Proc. IEEE 1031 (1997) | Lai C. Godara | July 1997 | Godara |
| B65 | Downlink Beam-Forming Method Using STBC for Mobile Propagation Environments, IEEE Vehicular Tech. Conf. (2002) | Yasushi Takatori, Keizo Cho, Toshikazu Hori | May 9, 2002 | Takatori |
| B66 | Transmit Beamforming Power Control for Cellular Wireless Systems, 16 IEEE J. on Selected Areas in Commc'n 1437 (1998) | Farrokh Rashid Farrokhi, K. J. Ray Liu, Leandros Tassiulas | October 1998 | Rashid Farrokhi |
| B67 | An Overview of Smart Antenna Technology for Mobile Communications Systems, IEEE Communications Surveys, Fourth Quarter 1999, Vol. 2, No. 4 | Per H. Lehne, Magne Pettersen | Fourth Quarter 1999 | Lehne |
| B68 | Digital Beamforming in Wireless Communications | John Litva, Titus Kwok Yeung Lo | August 31, 1996 | Litva |

3.    Prior Art Systems

Defendants also contend that the Asserted Claims are invalid in view of public knowledge, uses and/or offers for sale or sales of products and services that are prior art under 35 U.S.C. § 102(a) and/or 35 U.S.C. § 102(b) and/or prior inventions made in this country by other inventors who had not abandoned, suppressed, or concealed them under 35 U.S.C. § 102(g), and that anticipate or render obvious the Asserted Claims.

The following lists each system that is now known by Defendants to constitute prior art under 35 U.S.C. §§ 102(a), (b) and/or (g). Defendants contend that the following descriptions and events are stated on information and belief, and are supported by the information and documents that will be produced by Defendants and/or third parties. As discovery is ongoing, Defendants continue to investigate these events.

Defendants also reserve the right to rely upon any system, public knowledge or use embodying or otherwise incorporating any of the prior art disclosed below, alone or in combination. Defendants further reserve the right to rely upon any other documents or references describing any such system, knowledge or use.

The following systems, and any other systems identified in these contentions, are prior art under one or more of 35 U.S.C. § 102(a), (b), and (g).

### a.    '256 Patent

In addition to the above patents and publications, the ArrayComm IntelliCell products are prior art based on their public sale and use by ArrayComm at least as early as 2000.

Defendants also identify prior art products, systems and/or printed publications that were generated as part of AT&T's "Project Angel." Project Angel related to AT&T's development (at least as early as 2000) of a multi-user fixed wireless system that provided high-speed Internet, voice telephone service, and home networking. AT&T's work on Project Angel led to public testing no later than 1999 in Dallas, Texas, with around 2,000 customers participating in testing.

AT&T also commercially implemented this system no later than March, 2000 in Fort Worth, Texas, where it offered fixed wireless Internet service for sale to customers. AT&T subsequently sold Project Angel in 2002 to Netro Corp., who was in turn acquired by SR Telecom Inc. in 2003. SR Telecom entered bankruptcy in 2007. Defendants have exercised reasonable diligence in trying to discover more information about Project Angel such that the related systems and printed publications could be identified with more detail in claim charts. Nevertheless, given the passage of time and the multiple companies involved, discovery is ongoing and Defendants reserve the right to supplement their contentions to include additional information that may become available.

Defendants also identify prior art products and systems that were generated as part of Navini Networks' broadband access equipment including at least Navini's Ripwave line of products. Navini Networks was founded in January 2000 and provided scalable, wireless broadband access network that required zero installation at the end-user site and offered non-line-of-sight operation, with the added benefit of nomadic/mobile capabilities. On information and belief, Navini's products incorporated adaptive antennas, transmitters, receivers, and beamforming (or spot forming) in order to create transmission peaks and nulls. Navini Networks was based in Plano, TX and had over 70 worldwide deployments of its products. Defendants have exercised reasonable diligence in trying to discover more information about Navini Network's products during the relevant, early 2000 timeframe such that the related systems and printed publications could be identified with more detail in claim charts. Nevertheless, given the passage of time and the multiple companies involved, discovery is ongoing and Defendants reserve the right to supplement their contentions to include additional information that may become available.

Furthermore, based on information currently known to Defendants, products or systems from at least the following companies may also constitute prior art based on their public sale and

use prior to the claimed priority date of the '256 Patent:  Iospan Wireless (a.k.a. Gigabit Wireless);

Motia, Inc.; Clarity Wireless, Corp.; Cognio, Inc.; Motorola, Inc.; Motorola Solutions, Inc.;

Motorola Mobility, LLC; Lenovo Group Limited; Google, Inc.; Toshiba Corp.; Kabushiki Kaisha

Toshiba, Japan; and Metawave Corp.  Defendants' investigation, including third-party discovery

in this matter, is ongoing.

> **b.**    **'569 Patent**

In addition to the above patents and publications, the ArrayComm IntelliCell products are

prior art based on their public sale and use by ArrayComm at least as early as 2000.

Defendants also identify prior art products, systems and/or printed publications that were

generated as part of AT&T's "Project Angel."  Project Angel related to AT&T's development (at

least as early as 2000) of a multi-user fixed wireless system that provided high-speed Internet,

voice telephone service, and home networking.  AT&T's work on Project Angel led to public

testing no later than 1999 in Dallas, Texas, with around 2,000 customers participating in testing.

AT&T also commercially implemented this system no later than March, 2000 in Fort Worth,

Texas, where it offered fixed wireless Internet service for sale to customers.  AT&T subsequently

sold Project Angel in 2002 to Netro Corp., who was in turn acquired by SR Telecom Inc. in 2003.

SR Telecom entered bankruptcy in 2007.  Defendants have exercised reasonable diligence in trying

to discover more information about Project Angel such that the related systems and printed

publications could be identified with more detail in claim charts.  Nevertheless, given the passage

of time and the multiple companies involved, discovery is ongoing and Defendants reserve the

right to supplement their contentions to include additional information that may become available.

Defendants also identify prior art products and systems that were generated as part of

Navini Networks' broadband access equipment including at least Navini's Ripwave line of

products.  Navini Networks was founded in January 2000 and provided scalable, wireless

broadband access network that required zero installation at the end-user site and offered non-line-of-sight operation, with the added benefit of nomadic/mobile capabilities.  On information and belief, Navini's products incorporated adaptive antennas, transmitters, receivers, and beamforming (or spot forming) in order to create transmission peaks and nulls.  Navini Networks was based in Plano, TX and had over 70 worldwide deployments of its products.  Defendants have exercised reasonable diligence in trying to discover more information about Navini Network's products during the relevant, early 2000 timeframe such that the related systems and printed publications could be identified with more detail in claim charts.  Nevertheless, given the passage of time and the multiple companies involved, discovery is ongoing and Defendants reserve the right to supplement their contentions to include additional information that may become available.

Furthermore, based on information currently known to Defendants, products or systems from at least the following companies may also constitute prior art based on their public sale and use prior to the claimed priority date of the '569 Patent:  Iospan Wireless (a.k.a. Gigabit Wireless); Motia, Inc.; Clarity Wireless, Corp.; Cognio, Inc.; Motorola, Inc.; Motorola Solutions, Inc.; Motorola Mobility, LLC; Lenovo Group Limited; Google, Inc.; Toshiba Corp.; Kabushiki Kaisha Toshiba, Japan; and Metawave Corp.  Defendants' investigation, including third-party discovery in this matter, is ongoing.

## B.    P.R. 3-3(b) Disclosures: Each Item of Prior Art that Anticipates and/or Renders Obvious the Asserted Claim, and Obviousness Combinations and Motivations to Combine

Based on presently known information and the apparent constructions XR is asserting in its Infringement Contentions, the prior art references identified above anticipate the Asserted Claims or, alone or in combination with the knowledge in the art, render the Asserted Claims obvious. To the extent XR asserts that any of the prior art references charted in Exhibits A-01 et seq., and B-01 et seq, fail to explicitly or inherently disclose any element of the Asserted Claims,

Defendants contend that it would have been obvious to modify such reference to include the allegedly missing element, in view of the knowledge of one of ordinary skill in the art, the admitted prior art of the Asserted Patents, and/or in combination with any of the other prior art references identified in the Exhibits for that respective patent. To the extent XR contends that any primary reference does not anticipate the Asserted Claims, it would have been obvious to combine or modify the primary references with concepts from other prior art.

In particular, for each limitation of the Asserted Claims that XR contends is not met by a particular primary reference, Defendants contend that the limitation (and claim as a whole) is obvious based on a combination of that particular primary reference with (1) any other primary reference disclosing that limitation, (2) any other reference as identified in Exhibits A–E as disclosing that limitation, (3) any admitted prior art, as explained in the background of each patent or discussed in the file history, and/or (4) the knowledge of a person of ordinary skill in the art including any of the references and concepts discussed herein regarding the relevant background and state of the art. The specific combinations of prior art that Defendants contend render the Asserted Claims obvious are readily determinable as described herein and as provided in Exhibits A-E. Defendants' obviousness grounds for each dependent claim incorporate the obviousness grounds for the claim(s) from which the dependent claim depends in addition to any obviousness grounds identified in the charts for the dependent claim.

Defendants do not yet have the benefit of XR's positions on the prior art, including what (if any) elements it contends are missing in each prior art reference, whether XR agrees that a reference is in fact prior art, and whether XR agrees that a person of ordinary skill in the art would be motivated to combine specific references. Defendants reserve the right to supplement these

obviousness positions (including identifying additional prior art combinations and the associated reasons to combine) as discovery in the case progresses, including expert discovery.

While the categories of art (patents/applications, non-patent publications, and systems) below are organized by asserted patent number, because of the overlapping nature of the asserted patents, Defendants identify each reference in each category as art applicable to each of the asserted patents.

### 1. Background and State of the Art

Defendants set forth below a summary of their current understanding of the state of the art as understood as of the asserted priority dates of the Asserted Patents for the general subject matter of each of the Asserted Patents. The information discussed in this section may have formed the background knowledge of a person of ordinary skill in the art at the time the Asserted Patents were filed and may have been used in determining whether and how to combine references to achieve the claimed inventions. *See Randall Mfg. v. Rea*, 733 F.3d 1355, 1362 (Fed. Cir. 2013) (stating that "the knowledge [of a person of ordinary skill in the art] is part of the store of public knowledge that must be consulted when considering whether a claimed invention would have been obvious"). Defendants expressly reserve the right to rely on each of the prior art references, systems, concepts, and technologies discussed in this Section with respect to each of the Asserted Patents. In addition to the prior art identified in Section II.A, Defendants reserve the right to rely on each of the prior art references in its prior art document production. Further, Defendants identify the following prior art references that provide information concerning the state of the art at or before the priority date of the Asserted Claims.

### a. '256 Patent

| Patent No. / Publication |
|---|
| Prior art listed in the file history of the '256 Patent, or that of any related foreign or domestic patent applications |
| HOMERF |
| GSM |
| IS-95 |
| WCDMA |
| CDMA2000 |
| IEEE 802.11-1999 |
| IEEE 802.11a-1999 |
| IEEE 802.11b-1999 |
| IEEE 802.11f-2003 |
| IEEE 802.11g-2003 |
| IEEE 802.11h-2003 |
| Smart Antennas for Dummies (Author: Arild Jacobsen, ISBN: 82-423-0388-6) |
| Gerard. J. Foschini (October 1996), "Layered Space-Time Architecture for Wireless Communication in a Fading Environment When Using Multi-Element Antennas," Bell Laboratories Technical Journal: 41–59. |
| P. W. Wolniansky; G. J. Foschini; G. D. Golden; R. A. Valenzuela (September 1998), "V-BLAST: An Architecture for Realizing Very High Data Rates Over the Rich-Scattering Wireless Channel," Proc. URSI ISSSE: 295–300. |
| U.S. 4,750,147 |
| U.S. 4,965,732 |
| U.S. 5,515,378 |
| U.S. 5,546,090 |
| US   5,642,353 |
| U.S. 5,553,074 |
| U.S. 5,697,066 |
| U.S. 5,739,788 |
| U.S. 5,886,988 |
| U.S. 5,890,067 |
| U.S. 6,006,110 |
| U.S. 6,067,290 |
| U.S. 6,101,399 |
| U.S. 6,219,561 |
| U.S. 6,330,460 |
| U.S. 6,351,499 |
| U.S. 6,564,036 |
| U.S. 6,665,545 |
| U.S. 6,687,492 |
| U.S. 6,795,409 |

| Patent No. / Publication |
| --- |
| U.S. 7,130,662 |
| U.S. 7,212,499 |
| U.S. 6,301,238 |
| U.S. 6,621,454 |
| WO00/072464 |
| WO01/010156 |
| WO03/075396 |
| WO97/00543 |
| WO97/33388 |
| WO98/18271 |
| "Adaptive Transmitting antenna arrays at the Base Station in Mobile Radio Networks," Derek Gerlach |
| A.S. Acampora, S.V. Krishnamurthy, and M. Zorzi, "Media Access Protocols for Use with Smart Adaptive Array Antennas to Enable Wireless Multimedia Communications" Wireless Networks, Springer-Verlag, 1998. |
| Z.-S. Zhang and A.S. Acampora, "Performance of a Modified Polling Strategy for Broadband Wireless Access in a Harsh Fading Environment," Telecommunication Systems, Vol. 1, No. 3, 1993. |
| A. Acampora and S Krishnamurthy, "A New Adaptive MAC Protocol for Broadband Packet Networks in Harsh Fading and Interference Environments", IEEE/ACM Transactions on Networking, Vol. 8, No. 3, June 2000. |
| S.V. Krishnamurthy, A.S. Acampora, and M. Zorzi, "Polling-Based Media Access Protocols for Use with Smart Adaptive Array Antennas," IEEE/ACM Trans. Networking Vol. 9, No. 2, April 2001. |
| Z. Zhang and A.S. Acampora, "Performance of a Modified Polling Strategy for Broadband Wireless LANs in a Harsh Fading Environment," IEEE GLobecom '91 Conference Record, Dec. 1991, Phoenix. |
| S. Krishnamurthy, A. S. Acampora, and M. Zorzi, "Polling Based Media Access Protocols for Use With Smart Adaptive Array Antennas", Conference Record, International Conference on Universal Personal Communications, Florence, Oct., 1998. |
| A. S. Acampora and S. V. Krishnamurthy, "A New Adaptive MAC Layer Protocol for Wireless ATM Networks in Harsh Fading and Interference Environments," IEEE Intl. Conf. Universal Personal Comm., San Diego, Oct. 1997. |
| A.S. Acampora and J.H. Winters, "A Wireless Network for Wide-Band Indoor Communications," JSAC, Vol. 5, No. 5, 1987. |
| A.S. Acampora and J.H. Winters, "System Applications for wireless Indoor Communications," IEEE Communications Magazine, Vol. 25, No. 8, 1987. |
| Yamaguchi et al., "4 GHz 8x8 Switch Matrix for SDMA System," Microwave Symposium, 1975 IEEE-MTT-S International. |
| Gerlach et al., "Spectrum Reuse Using Transmitting Antenna Arrays with Feedback," Acoustics, Speech, and Signal Processing, ICASSP, 1994. |

| Patent No. / Publication |
|---|
| S. Krishnamurthy, A. S. Acampora, and M. Zorzi, "Polling Based Media Access Protocols for Use With Smart Adaptive Array Antennas", Conference Record, International Conference on Universal Personal Communications, Florence, Oct., 1998. |
| A. S. Acampora and S. V. Krishnamurthy, "A New Adaptive MAC Layer Protocol for Wireless ATM Networks in Harsh Fading and Interference Environments," IEEE Intl. Conf. Universal Personal Comm., San Diego, Oct. 1997. |
| Gerlach et al., "Adaptive Transmitting Antenna Arrays with Feedback," IEEE Signal Processing Letters, Oct. 1994. |
| Gerlach et al., "Base Station Transmitting Antenna Arrays for Multipath Environments," Signal Processing, Oct. 1996. |
| Foschini et al., "On Limits of Wireless Communications in a Fading Environment when Using Multiple Antennas," *Wireless Personal Communications*, 1998. |
| A. J. Paulraj and C. B. Papdias, "Space-Time Processing for Wireless Communications," IEEE Signal Processing Magazine, pp. 49-83, November 1997. |
| U.S. 7,529,305 |
| S. Anderson et al., "An Adaptive Array for Mobile Communication Systems," IEEE Transactions on Vehicular Technology, Vol. 40, No. 1, February 1991. |
| G. Foschini et al., "BLAST Bell Labs Layered Space Time", Bell Labs. |
| L.H. Brandenburg and A.D. Wyner, "Capacity of the Gaussian Channel with Memory, The Multivariate Case", The Bell System Technical Journal, Vol. 53, Issue 5, May-June 1974. |
| D. Chapman, "First-Hand: Sidelobe Cancellers and the Like", IEEE, |
| A.J. Fenn, et al., "The Development of Phased-Array Radar Technology", Lincoln Laboratory Journal Vol. 12, Number 2. |
| G.J. Foschini, "Layered Space-Time Architecture for Wireless Communication in a Fading Environment when Using Multi-Element Antennas", Bell Labs Technical Journal. |
| A.R. Kaye, "Transmission of Multiplexed PAM Signals Over Multiple Channel and Diversity Systems", IEEE Transaction on Communications, Vol. 18, No. 5. |
| G. Raleigh, et al., "Characterization of Fast Fading Vector Channels for Multi-Antenna Communication Systems", IEEE. |
| G.G. Raleigh, et al., "Spatio-Temporal Coding for Wireless Communications", IEEE Transactions on Communications, Vol. 46, No. 3. |
| D.O. Reudink, et al., "A Scanning Spot-Beam Satellite System", The Bell System Technical Journal. |
| S.C. Swales, et al., "Multi-Beam Adaptive Base-Station Antennas for Cellular Land Mobile Radio Systems", IEEE. |
| W. Van Etten, "Maximum Likelihood Receiver for Multiple Channel Transmission Systems", IEEE Transactions on Communications. |
| J.H. Winters, "Optimum Combining in Digital Mobile Radio with Cochannel Interference", IEEE Journal on Selected Areas in Communications, Vol. SAC-2, No. 4. |
| U.S. 5,345,599, A.J. Paulraj, et al., "Increasing capacity in wireless broadcast systems using distributed transmission/directional reception (DTDR)", Sept. 6, 1994. |
| U.S. 5,515,378, R.H. Roy III and Bjorn Ottersen, "Spatial Division Multiple Access Wireless Communication Systems", May 7, 1996. |

| Patent No. / Publication |
| --- |
| U.S. 5,642,353, R.H. Roy III, et al., "Spatial Division Multiple Access Wireless Communication Systems", June 24, 1997. |
| M. Cooper, "A Layman's Guide to Cellular", Annual Review of Communications. |
| R.H. Roy, "Application of Smart Antenna Technology in Wireless Communication Systems". |
| B. Ottersten, "Array Processing for Wireless Communications". |
| M. Cooper, et al., "Intelligent Antennas: Spatial Division Multiple Access", Intelligent Antennas: Spatial Division Multiple Access, 1996 Annual Review of Communications. |
| "Intellicell: A Fully Adaptive Approach to Smart Antennas" ArrayComm, Inc., 2002 |
| Commercial Deployment of Adaptive Antennas, Spectrum Management 2003, May 20-21, 2003 |
| D. Nowicki, et al., "Smart Antenna Strategies", Mobile Communication International, April 1995. |
| M. Goldburg, et al., "The Impacts of SDMA on PCS System Design", IEEE. |
| J. Kang, et al., "Low Complexity Array Response Vector Estimation For Smart Antenna Systems", 2000 IEEE. |
| H. Li, et al., "Coded Beamforming for Block Fading Vector Channel", Dept. of Electrical and Computer Engineering, 2001, IEEE. |
| K.R. Dandekar, et al., "Effect of mutual coupling on direction finding in smart antenna applications", Electronics Letters, Oct. 26, 2000, Vol. 36, No. 22. |
| L. Bigler, et al., "Experimental Direction of Arrival and Spatial Signature Measurements at 900 MHz for Smart Antenna Systems", 1995 IEEE. |
| S-S. Jeng, et al., "Experimental Evaluation of Smart Antenna System Performance for Capacity Improvement", 1997 IEEE. |
| S-S. Jeng, et al., "Experimental Evaluation of Smart Antenna System Performance for Wireless Communications", IEEE Transactions on Antennas and Propagation, Vol., 46, No. 6, June 1998. |
| S-S Jeng, et al., "Experimental Studies of Spatial Signature Variation at 900 MHz for Smart Antenna Systems", 1998 IEEE. |
| K.R. Dandekar, et al., "Modeling And Prediction Of The Wireless Vector Channel Encountered By Smart Antenna Systems", Microwave And Optical Technology Letters, Vol. 35, No. 4, November 20, 2002. |
| S..C. Swales, et al., "Multi-Beam Adaptive Base-Station Antennas For Cellular Land Mobile Radio Systems", 1989 IEEE. |
| W. Yang, et al., "New Method for Designing Smart Antenna Downlink Weighting Vectors Based on the Filter Bank Concept", SPIE, Vol, 3162. |
| P. Balaban, et al., "Optimum diversity Combining and Equalization in Digital Data Transmission with Applications to Cellular Mobile Radio - Part I: Theoretical Considerations", 1992 IEEE. |
| J.A. Cadzow, et al., "Resolution Of Coherent Signals Using A Linear Array", 1987 IEEE. |
| G. Xu, et al., "Smart Antenna systems for Wireless Communications", 1988 IEEE. |
| J.H. Winters, et al., "The Impact of Antenna Diversity on the Capacity of Wireless Communication Systems", IEEE Transactions on Communications, Vol. 42, No. 2/3/4, February/March/April 1994. |

| Patent No. / Publication |
|---|
| H. Li, et al., "Transmission Optimization Over Flat Rayleigh Fading channel with Multiple Antennas", 1999 IEEE. |
| A. Kavak, et al., "Vector Channels for Smart Antennas - Measurements, Statistical Modeling, and Directional Properties in Outdoor Environments", IEEE Transactions On Microwave Theory And Techniques, Vol, 48, No. 6, June 2000. |
| A.F. Naguib, et al., "Performance Of CDMA Cellular Networks With Base-Station Antenna Arrays: The Downlink", 1994 IEEE. |
| U.S. 5,914,946, D. Avidor, et al., "TDM-Based Fixed Wireless Loop System", Jun. 22, 1999. |
| US 5,687,194 E. Paneth, et al., "Subscriber RF Telephone System For Providing Multiple Speech And/Or Data Signals Simultaneously Over Either A Single Or A Plurality Of RF Channels". |
| U.S. 5,828,658, B.E. Ottersten, et al., "Spectrally Efficient High Capacity Wireless Communication Systems With Spatio-Temporal Processing", Oct. 27, 1998. |
| J. Liang & A. Paulraj, "Forward link antenna diversity using feedback for indoor communication systems", IEEE, 1995 International Conference on Acoustics, Speech, and Signal Processing, Vol. 3, pp. 1753-5 |
| D. Gerlach & A. Paulraj, "Base station transmitter antenna arrays with mobile to base feedback", IEEE, Proceedings of 27th Asilomar Conference on Signals, Systems and Computers, Vol. 2, pp. 1432-6 |
| A. Naguib, A. Paulraj, & T. Kailath, "Capacity improvement of base-station antenna arrays cellular CDMA", IEEE, Proceedings of 27th Asilomar Conference on Signals, Systems and Computers, Vol. 2, pp. 1437-41 |
| G. Raleigh & V. K. Jones, "Adaptive Antenna Transmission for Frequency Duplex Digital Wireless Communication", IEEE, 1997 IEEE International Conference on Communications, Vol. 2, pp. 641-6 |
| P. Lehne & M. Petterson, "An overview of smart antenna technology for mobile communications systems", IEEE Communications Surveys, Fourth Quarter 1999, Vol. 2, No. 4 |
| A. Paulraj, "Smart antennas for battlefield multimedia wireless networks with dual use applications" (August 1998) |
| D. Gerlach, "Adaptive Transmitting antenna arrays at the Base Station in Mobile Radio Networks" (August 1995) |
| Yee, Limmartz, & Fettweis, "Multicarrier CDMA in indoor wireless radio networks", Proc. PMIRC '93, Yokohoma, Japan, pp. 109-113, September 1993 |
| "Essentials of ATM Networks," Oliver C. Ibe, Addison-Wesley 1997 |
| "Computer Networks", Andrew S. Tanenbaum, 3d Ed. Prentice Hall PTR 1996 |
| T.E. Curtis, "Digital Beamforming for Sonar System," IEEE Proc. Pt. F, Vol. 127 pp. 257-265, Aug. 1980 |
| P. Barton, "Digital Beamforming for radar", I EEE Proc. Pt. F., Vol. 266-267, Aug. 1980 |
| S. Applebaum, "Adaptive Arrays," IEEE Trans. On Antennas and Propagation, Vo. AP-24, No. 5, pp. 585-598, Sep. 1976 |
| R. T. Compton, Jr., *Adaptive Antennas: Concepts and Applications*, Prentice Hall, Englewood Cliffs, NJ, 1988 |

| Patent No. / Publication |
|---|
| J.E. Hudson, *Adaptive Array Principles*, Peregrinus, London 1981 |
| R. A. Monzingo & T.W. Miller, *Introduction to Adaptive Arrays*, John Wiley & Sons, 1980 |
| W.F. Gabriel, "Adaptive Arrays – an introduction," Proc. IEEE, vol 64, pp. 239-272, Feb. 1976 |
| B.D. Van Veen & K.M. Buckley, "Beamforming: A versatile approach to spatial filtering," IEEE ASSP Magazine, vol. 5, pp. 4-24, Apr. 1998 |
| B. Widrow, P. E. Mantey, L. J. Griffiths, and B.B. Goode, "Adaptive Antenna Systems," Proc. IEEE, vol. 55, pp. 2143-2159, Dec. 1967 |
| R. T. Compton, R. J. Huff, W.G. Swarner, and A. A. Ksienki, "Adaptive Arrays for Communication Systems: An overview of research at the Ohio State University", IEEE Trans. Antennas Propagation, vol. AP-24, pp. 599-607, 1976 |
| B.G. Agee, S.V. Schell, and W. A. Gardner, "Spectral Self-Coherence Restoral: A New Approach to Blind Adaptive Signal Extraction Using Antenna Arrays," Proc. IEEE, vo. 78, pp. 753-767, Apr. 1990 |
| Q. Wu, K.M Wong, and R. Ho, "A fast algorithm for adaptive beamforming of cyclic signals," IEEE Proc. Pt. F, vo.. 141, pp. 312-318, Dec. 1994 |
| J. H. Winters, "Increased Data Rate for Communication Systems with Adaptive Antennas," Proc. IEEE Int. Conf. Comm., June 1982 |
| Y.S. Yeh and D. O. Reudink, "Efficient Spectrum Utilization for Mobile Radio Systems Using Space Diversity," IEEE Int. Conf. Radio Spectrum Conservation Techniques, London, pp. 12-16, 1980 |
| Y. S. Yeh and D. O. Reudink, "Efficient Spectrum Utilization for Mobile Radio Systems Using Space Diversity," IEEE Trans. Comm. Vo. COM-30, pp. 447-455, March 1982 |
| J. H. Winters, "Optimum combining in digital mobile radio with co-channel interference," *IEEE Trans. Veh. Technol.*, vol 33. Pp. 144-155, Aug. 1984 |
| U.S. Patent No. 7,200,368 |
| U.S. Patent No. 7,079,514 |
| U.S. Patent No. 6,232,921 |
| U.S. Patent No. 6,219,561 |
| U.S. Patent No. 6,108,565 |
| U.S. Patent No. 6,901,062 |
| U.S. Patent No. 7,139,324 |
| U.S. Patent No. 7,054,662 |
| U.S. Patent No. 7,499,499 |
| U.S. Patent No. 7,447,270 |
| U.S. Patent No. 6,347,234 |
| U.S. Patent No. 6,980,832 |
| U.S. Patent No. 6,501,747 |
| U.S. Patent No. 7,050,480 |
| U.S. Patent No. 7,039,441 |
| U.S. Patent No. 5,815,116 |

| Patent No. / Publication |
|---|
| U.S. Patent No. 6,188,913 |
| U.S. Patent No. 6,496,535 |
| U.S. Patent No. 6,834,076 |
| U.S. Patent No. 7,088,782 |
| U.S. Patent No. 7,310,304 |
| U.S. Patent No. 7,706,458 |
| U.S. Patent Publication No. 2002/086708 |
| U.S. Patent Publication No. 2003/0017853 |
| U.S. Patent No. 6,553,012 |
| U.S. Patent No. 6,970,722 |
| U.S. Patent No. 7,042,394 |
| U.S. Patent Publication No. 2003/0060205 |
| U.S. Patent No. 6,738,020 |
| U.S. Patent No. 6,795,409 |
| U.S. Patent No. 7,529,525 |
| L. Chen et al., "A Dynamic Channel Assignment Algorithm for Cellular System with Adaptive Array Antennas," IEEE Veh. Tech. Conf. 2001. |
| S. Perreau, "Combined Downlink Beamforming and Channel Estimation for High Data Rate CDMA Systems," Proc. IEEE Signal Processing Workshop on Statistical Signal Processing (2001) |
| F. Rashid Farrokhi et al, "Transmit Beamforming Power Control for Cellular Wireless Systems," 16 IEEE J. on Selected Areas in Commc'n 1437 (1998) |
| S. Choi et al., "Transmitter Power Control (TPC) and Dynamic Frequency Selection (DFS) Joint Proposal for 802.11h WLAN," IEEE 802.11-01/169r2 |
| M. Ghosh et al, "On the Use of Multiple Antennae for 802.11," IEEE 802.11-02/180r0 |
| H. Yu, "HDR 802.11a Solution Using MIMO-OFDM," IEEE 802.11-02/294r1 |
| J. Regnier, "Benefits of Smart Antennas in 802.11 Networks," IEEE 802.11-03/025r0 |
| A. van Zelst et al., "Space Division Multiplexing (SDM) for OFDM Systems," 51 IEEE Veh. Tech. Conf., Vol. 2, pp. 1070-1074 (Spring 2000) |
| A. Hori et al, "System Capacity and Cell Radius Comparison with Several High Data Rate WLANs" IEEE 802.11-02/159r1 |
| P. Brenner, "A Technical Tutorial on the IEEE 802.11 Protocol," Breezcom Wireless Communications (July 18, 1996) |
| Siemens AG & Technical University of Munich, "Advanced closed loop Tx diversity concept (eigenbeamformer)," 3GPP TSGR1#14(00)0853, July 2000 |
| H. Holma & A. Toskala, "WCDMA for UMTS," John Wiley & Sons, 2000 |

       b.      <u>'569 Patent</u>

| Patent No. / Publication |
|---|
| Prior art listed in the file history of the '569 Patent, or that of any related foreign or domestic patent applications |
| HOMERF |
| GSM |
| IS-95 |
| WCDMA |
| CDMA2000 |
| IEEE 802.11-1999 |
| IEEE 802.11a-1999 |
| IEEE 802.11b-1999 |
| IEEE 802.11f-2003 |
| IEEE 802.11g-2003 |
| IEEE 802.11h-2003 |
| Smart Antennas for Dummies (Author: Arild Jacobsen, ISBN: 82-423-0388-6) |
| Gerard. J. Foschini (October 1996), "Layered Space-Time Architecture for Wireless Communication in a Fading Environment When Using Multi-Element Antennas," Bell Laboratories Technical Journal: 41–59. |
| P. W. Wolniansky; G. J. Foschini; G. D. Golden; R. A. Valenzuela (September 1998), "V-BLAST: An Architecture for Realizing Very High Data Rates Over the Rich-Scattering Wireless Channel," Proc. URSI ISSSE: 295–300. |
| U.S. 4,750,147 |
| U.S. 4,965,732 |
| U.S. 5,515,378 |
| U.S. 5,546,090 |
| US  5,642,353 |
| U.S. 5,553,074 |
| U.S. 5,697,066 |
| U.S. 5,739,788 |
| U.S. 5,886,988 |
| U.S. 5,890,067 |
| U.S. 6,006,110 |
| U.S. 6,067,290 |
| U.S. 6,101,399 |
| U.S. 6,219,561 |
| U.S. 6,330,460 |
| U.S. 6,351,499 |
| U.S. 6,564,036 |
| U.S. 6,665,545 |
| U.S. 6,687,492 |
| U.S. 6,795,409 |

| Patent No. / Publication |
|---|
| U.S. 7,130,662 |
| U.S. 7,212,499 |
| U.S. 6,301,238 |
| U.S. 6,621,454 |
| WO00/072464 |
| WO01/010156 |
| WO03/075396 |
| WO97/00543 |
| WO97/33388 |
| WO98/18271 |
| "Adaptive Transmitting antenna arrays at the Base Station in Mobile Radio Networks," Derek Gerlach |
| A.S. Acampora, S.V. Krishnamurthy, and M. Zorzi, "Media Access Protocols for Use with Smart Adaptive Array Antennas to Enable Wireless Multimedia Communications" Wireless Networks, Springer-Verlag, 1998. |
| Z.-S. Zhang and A.S. Acampora, "Performance of a Modified Polling Strategy for Broadband Wireless Access in a Harsh Fading Environment," Telecommunication Systems, Vol. 1, No. 3, 1993. |
| A. Acampora and S Krishnamurthy, "A New Adaptive MAC Protocol for Broadband Packet Networks in Harsh Fading and Interference Environments", IEEE/ACM Transactions on Networking, Vol. 8, No. 3, June 2000. |
| S.V. Krishnamurthy, A.S. Acampora, and M. Zorzi, "Polling-Based Media Access Protocols for Use with Smart Adaptive Array Antennas," IEEE/ACM Trans. Networking Vol. 9, No. 2, April 2001. |
| Z. Zhang and A.S. Acampora, "Performance of a Modified Polling Strategy for Broadband Wireless LANs in a Harsh Fading Environment," IEEE GLobecom '91 Conference Record, Dec. 1991, Phoenix. |
| S. Krishnamurthy, A. S. Acampora, and M. Zorzi, "Polling Based Media Access Protocols for Use With Smart Adaptive Array Antennas", Conference Record, International Conference on Universal Personal Communications, Florence, Oct., 1998. |
| A. S. Acampora and S. V. Krishnamurthy, "A New Adaptive MAC Layer Protocol for Wireless ATM Networks in Harsh Fading and Interference Environments," IEEE Intl. Conf. Universal Personal Comm., San Diego, Oct. 1997. |
| A.S. Acampora and J.H. Winters, "A Wireless Network for Wide-Band Indoor Communications," JSAC, Vol. 5, No. 5, 1987. |
| A.S. Acampora and J.H. Winters, "System Applications for wireless Indoor Communications," IEEE Communications Magazine, Vol. 25, No. 8, 1987. |
| Yamaguchi et al., "4 GHz 8x8 Switch Matrix for SDMA System," Microwave Symposium, 1975 IEEE-MTT-S International. |
| Gerlach et al., "Spectrum Reuse Using Transmitting Antenna Arrays with Feedback," Acoustics, Speech, and Signal Processing, ICASSP, 1994. |

| Patent No. / Publication |
| --- |
| S. Krishnamurthy, A. S. Acampora, and M. Zorzi, "Polling Based Media Access Protocols for Use With Smart Adaptive Array Antennas", Conference Record, International Conference on Universal Personal Communications, Florence, Oct., 1998. |
| A. S. Acampora and S. V. Krishnamurthy, "A New Adaptive MAC Layer Protocol for Wireless ATM Networks in Harsh Fading and Interference Environments," IEEE Intl. Conf. Universal Personal Comm., San Diego, Oct. 1997. |
| Gerlach et al., "Adaptive Transmitting Antenna Arrays with Feedback," IEEE Signal Processing Letters, Oct. 1994. |
| Gerlach et al., "Base Station Transmitting Antenna Arrays for Multipath Environments," Signal Processing, Oct. 1996. |
| Foschini et al., "On Limits of Wireless Communications in a Fading Environment when Using Multiple Antennas," *Wireless Personal Communications*, 1998. |
| A. J. Paulraj and C. B. Papdias, "Space-Time Processing for Wireless Communications," IEEE Signal Processing Magazine, pp. 49-83, November 1997. |
| U.S. 7,529,305 |
| S. Anderson et al., "An Adaptive Array for Mobile Communication Systems," IEEE Transactions on Vehicular Technology, Vol. 40, No. 1, February 1991. |
| G. Foschini et al., "BLAST Bell Labs Layered Space Time", Bell Labs. |
| L.H. Brandenburg and A.D. Wyner, "Capacity of the Gaussian Channel with Memory, The Multivariate Case", The Bell System Technical Journal, Vol. 53, Issue 5, May-June 1974. |
| D. Chapman, "First-Hand: Sidelobe Cancellers and the Like", IEEE, |
| A.J. Fenn, et al., "The Development of Phased-Array Radar Technology", Lincoln Laboratory Journal Vol. 12, Number 2. |
| G.J. Foschini, "Layered Space-Time Architecture for Wireless Communication in a Fading Environment when Using Multi-Element Antennas", Bell Labs Technical Journal. |
| A.R. Kaye, "Transmission of Multiplexed PAM Signals Over Multiple Channel and Diversity Systems", IEEE Transaction on Communications, Vol. 18, No. 5. |
| G. Raleigh, et al., "Characterization of Fast Fading Vector Channels for Multi-Antenna Communication Systems", IEEE. |
| G.G. Raleigh, et al., "Spatio-Temporal Coding for Wireless Communications", IEEE Transactions on Communications, Vol. 46, No. 3. |
| D.O. Reudink, et al., "A Scanning Spot-Beam Satellite System", The Bell System Technical Journal. |
| S.C. Swales, et al., "Multi-Beam Adaptive Base-Station Antennas for Cellular Land Mobile Radio Systems", IEEE. |
| W. Van Etten, "Maximum Likelihood Receiver for Multiple Channel Transmission Systems", IEEE Transactions on Communications. |
| J.H. Winters, "Optimum Combining in Digital Mobile Radio with Cochannel Interference", IEEE Journal on Selected Areas in Communications, Vol. SAC-2, No. 4. |
| U.S. 5,345,599, A.J. Paulraj, et al., "Increasing capacity in wireless broadcast systems using distributed transmission/directional reception (DTDR)", Sept. 6, 1994. |
| U.S. 5,515,378, R.H. Roy III and Bjorn Ottersen, "Spatial Division Multiple Access Wireless Communication Systems", May 7, 1996. |

| Patent No. / Publication |
|---|
| U.S. 5,642,353, R.H. Roy III, et al., "Spatial Division Multiple Access Wireless Communication Systems", June 24, 1997. |
| M. Cooper, "A Layman's Guide to Cellular", Annual Review of Communications. |
| R.H. Roy, "Application of Smart Antenna Technology in Wireless Communication Systems". |
| B. Ottersten, "Array Processing for Wireless Communications". |
| M. Cooper, et al., "Intelligent Antennas: Spatial Division Multiple Access", Intelligent Antennas: Spatial Division Multiple Access, 1996 Annual Review of Communications. |
| "Intellicell: A Fully Adaptive Approach to Smart Antennas" ArrayComm, Inc., 2002 |
| Commercial Deployment of Adaptive Antennas, Spectrum Management 2003, May 20-21, 2003 |
| D. Nowicki, et al., "Smart Antenna Strategies", Mobile Communication International, April 1995. |
| M. Goldburg, et al., "The Impacts of SDMA on PCS System Design", IEEE. |
| J. Kang, et al., "Low Complexity Array Response Vector Estimation For Smart Antenna Systems", 2000 IEEE. |
| H. Li, et al., "Coded Beamforming for Block Fading Vector Channel", Dept. of Electrical and Computer Engineering, 2001, IEEE. |
| K.R. Dandekar, et al., "Effect of mutual coupling on direction finding in smart antenna applications", Electronics Letters, Oct. 26, 2000, Vol. 36, No. 22. |
| L. Bigler, et al., "Experimental Direction of Arrival and Spatial Signature Measurements at 900 MHz for Smart Antenna Systems", 1995 IEEE. |
| S-S. Jeng, et al., "Experimental Evaluation of Smart Antenna System Performance for Capacity Improvement", 1997 IEEE. |
| S-S. Jeng, et al., "Experimental Evaluation of Smart Antenna System Performance for Wireless Communications", IEEE Transactions on Antennas and Propagation, Vol., 46, No. 6, June 1998. |
| S-S Jeng, et al., "Experimental Studies of Spatial Signature Variation at 900 MHz for Smart Antenna Systems", 1998 IEEE. |
| K.R. Dandekar, et al., "Modeling And Prediction Of The Wireless Vector Channel Encountered By Smart Antenna Systems", Microwave And Optical Technology Letters, Vol. 35, No. 4, November 20, 2002. |
| S..C. Swales, et al., "Multi-Beam Adaptive Base-Station Antennas For Cellular Land Mobile Radio Systems", 1989 IEEE. |
| W. Yang, et al., "New Method for Designing Smart Antenna Downlink Weighting Vectors Based on the Filter Bank Concept", SPIE, Vol, 3162. |
| P. Balaban, et al., "Optimum diversity Combining and Equalization in Digital Data Transmission with Applications to Cellular Mobile Radio - Part I: Theoretical Considerations", 1992 IEEE. |
| J.A. Cadzow, et al., "Resolution Of Coherent Signals Using A Linear Array", 1987 IEEE. |
| G. Xu, et al., "Smart Antenna systems for Wireless Communications", 1988 IEEE. |
| J.H. Winters, et al., "The Impact of Antenna Diversity on the Capacity of Wireless Communication Systems", IEEE Transactions on Communications, Vol. 42, No. 2/3/4, February/March/April 1994. |

| Patent No. / Publication |
|---|
| H. Li, et al., "Transmission Optimization Over Flat Rayleigh Fading channel with Multiple Antennas", 1999 IEEE. |
| A. Kavak, et al., "Vector Channels for Smart Antennas - Measurements, Statistical Modeling, and Directional Properties in Outdoor Environments", IEEE Transactions On Microwave Theory And Techniques, Vol, 48, No. 6, June 2000. |
| A.F. Naguib, et al., "Performance Of CDMA Cellular Networks With Base-Station Antenna Arrays: The Downlink", 1994 IEEE. |
| U.S. 5,914,946, D. Avidor, et al., "TDM-Based Fixed Wireless Loop System", Jun. 22, 1999. |
| US 5,687,194 E. Paneth, et al., "Subscriber RF Telephone System For Providing Multiple Speech And/Or Data Signals Simultaneously Over Either A Single Or A Plurality Of RF Channels". |
| U.S. 5,828,658, B.E. Ottersten, et al., "Spectrally Efficient High Capacity Wireless Communication Systems With Spatio-Temporal Processing", Oct. 27, 1998. |
| J. Liang & A. Paulraj, "Forward link antenna diversity using feedback for indoor communication systems", IEEE, 1995 International Conference on Acoustics, Speech, and Signal Processing, Vol. 3, pp. 1753-5 |
| D. Gerlach & A. Paulraj, "Base station transmitter antenna arrays with mobile to base feedback", IEEE, Proceedings of 27th Asilomar Conference on Signals, Systems and Computers, Vol. 2, pp. 1432-6 |
| A. Naguib, A. Paulraj, & T. Kailath, "Capacity improvement of base-station antenna arrays cellular CDMA", IEEE, Proceedings of 27th Asilomar Conference on Signals, Systems and Computers, Vol. 2, pp. 1437-41 |
| G. Raleigh & V. K. Jones, "Adaptive Antenna Transmission for Frequency Duplex Digital Wireless Communication", IEEE, 1997 IEEE International Conference on Communications, Vol. 2, pp. 641-6 |
| P. Lehne & M. Petterson, "An overview of smart antenna technology for mobile communications systems", IEEE Communications Surveys, Fourth Quarter 1999, Vol. 2, No. 4 |
| A. Paulraj, "Smart antennas for battlefield multimedia wireless networks with dual use applications" (August 1998) |
| D. Gerlach, "Adaptive Transmitting antenna arrays at the Base Station in Mobile Radio Networks" (August 1995) |
| Yee, Limmartz, & Fettweis, "Multicarrier CDMA in indoor wireless radio networks", Proc. PMIRC '93, Yokohama, Japan, pp. 109-113, September 1993 |
| "Essentials of ATM Networks," Oliver C. Ibe, Addison-Wesley 1997 |
| "Computer Networks", Andrew S. Tanenbaum, 3d Ed. Prentice Hall PTR 1996 |
| T.E. Curtis, "Digital Beamforming for Sonar System," IEEE Proc. Pt. F, Vol. 127 pp. 257-265, Aug. 1980 |
| P. Barton, "Digital Beamforming for radar", I EEE Proc. Pt. F., Vol. 266-267, Aug. 1980 |
| S. Applebaum, "Adaptive Arrays," IEEE Trans. On Antennas and Propagation, Vo. AP-24, No. 5, pp. 585-598, Sep. 1976 |
| R. T. Compton, Jr., *Adaptive Antennas: Concepts and Applications*, Prentice Hall, Englewood Cliffs, NJ, 1988 |

| Patent No. / Publication |
|---|
| J.E. Hudson, *Adaptive Array Principles*, Peregrinus, London 1981 |
| R. A. Monzingo & T.W. Miller, *Introduction to Adaptive Arrays*, John Wiley & Sons, 1980 |
| W.F. Gabriel, "Adaptive Arrays – an introduction," Proc. IEEE, vol 64, pp. 239-272, Feb. 1976 |
| B.D. Van Veen & K.M. Buckley, "Beamforming: A versatile approach to spatial filtering," IEEE ASSP Magazine, vol. 5, pp. 4-24, Apr. 1998 |
| B. Widrow, P. E. Mantey, L. J. Griffiths, and B.B. Goode, "Adaptive Antenna Systems," Proc. IEEE, vol. 55, pp. 2143-2159, Dec. 1967 |
| R. T. Compton, R. J. Huff, W.G. Swarner, and A. A. Ksienki, "Adaptive Arrays for Communication Systems: An overview of research at the Ohio State University", IEEE Trans. Antennas Propagation, vol. AP-24, pp. 599-607, 1976 |
| B.G. Agee, S.V. Schell, and W. A. Gardner, "Spectral Self-Coherence Restoral: A New Approach to Blind Adaptive Signal Extraction Using Antenna Arrays," Proc. IEEE, vo. 78, pp. 753-767, Apr. 1990 |
| Q. Wu, K.M Wong, and R. Ho, "A fast algorithm for adaptive beamforming of cyclic signals," IEEE Proc. Pt. F, vo.. 141, pp. 312-318, Dec. 1994 |
| J. H. Winters, "Increased Data Rate for Communication Systems with Adaptive Antennas," Proc. IEEE Int. Conf. Comm., June 1982 |
| Y.S. Yeh and D. O. Reudink, "Efficient Spectrum Utilization for Mobile Radio Systems Using Space Diversity," IEEE Int. Conf. Radio Spectrum Conservation Techniques, London, pp. 12-16, 1980 |
| Y. S. Yeh and D. O. Reudink, "Efficient Spectrum Utilization for Mobile Radio Systems Using Space Diversity," IEEE Trans. Comm. Vo. COM-30, pp. 447-455, March 1982 |
| J. H. Winters, "Optimum combining in digital mobile radio with co-channel interference," *IEEE Trans. Veh. Technol.*, vol 33. Pp. 144-155, Aug. 1984 |
| U.S. Patent No. 7,200,368 |
| U.S. Patent No. 7,079,514 |
| U.S. Patent No. 6,232,921 |
| U.S. Patent No. 6,219,561 |
| U.S. Patent No. 6,108,565 |
| U.S. Patent No. 6,901,062 |
| U.S. Patent No. 7,139,324 |
| U.S. Patent No. 7,054,662 |
| U.S. Patent No. 7,499,499 |
| U.S. Patent No. 7,447,270 |
| U.S. Patent No. 6,347,234 |
| U.S. Patent No. 6,980,832 |
| U.S. Patent No. 6,501,747 |
| U.S. Patent No. 7,050,480 |
| U.S. Patent No. 7,039,441 |
| U.S. Patent No. 5,815,116 |

| Patent No. / Publication |
|---|
| U.S. Patent No. 6,188,913 |
| U.S. Patent No. 6,496,535 |
| U.S. Patent No. 6,834,076 |
| U.S. Patent No. 7,088,782 |
| U.S. Patent No. 7,310,304 |
| U.S. Patent No. 7,706,458 |
| U.S. Patent Publication No. 2002/0086708 |
| U.S. Patent Publication No. 2003/0017853 |
| U.S. Patent No. 6,553,012 |
| U.S. Patent No. 6,970,722 |
| U.S. Patent No. 7,042,394 |
| U.S. Patent Publication No. 2003/0060205 |
| U.S. Patent No. 6,738,020 |
| U.S. Patent No. 6,795,409 |
| U.S. Patent No. 7,529,525 |
| L. Chen et al., "A Dynamic Channel Assignment Algorithm for Cellular System with Adaptive Array Antennas," IEEE Veh. Tech. Conf. 2001. |
| S. Perreau, "Combined Downlink Beamforming and Channel Estimation for High Data Rate CDMA Systems," Proc. IEEE Signal Processing Workshop on Statistical Signal Processing (2001) |
| F. Rashid Farrokhi et al, "Transmit Beamforming Power Control for Cellular Wireless Systems," 16 IEEE J. on Selected Areas in Commc'n 1437 (1998) |
| S. Choi et al., "Transmitter Power Control (TPC) and Dynamic Frequency Selection (DFS) Joint Proposal for 802.11h WLAN," IEEE 802.11-01/169r2 |
| M. Ghosh et al, "On the Use of Multiple Antennae for 802.11," IEEE 802.11-02/180r0 |
| H. Yu, "HDR 802.11a Solution Using MIMO-OFDM," IEEE 802.11-02/294r1 |
| J. Regnier, "Benefits of Smart Antennas in 802.11 Networks," IEEE 802.11-03/025r0 |
| A. van Zelst et al., "Space Division Multiplexing (SDM) for OFDM Systems," 51 IEEE Veh. Tech. Conf., Vol. 2, pp. 1070-1074 (Spring 2000) |
| A. Hori et al, "System Capacity and Cell Radius Comparison with Several High Data Rate WLANs" IEEE 802.11-02/159r1 |
| P. Brenner, "A Technical Tutorial on the IEEE 802.11 Protocol," Breezcom Wireless Communications (July 18, 1996) |
| Siemens AG & Technical University of Munich, "Advanced closed loop Tx diversity concept (eigenbeamformer)," 3GPP TSGR1#14(00)0853, July 2000 |
| H. Holma & A. Toskala, "WCDMA for UMTS," John Wiley & Sons, 2000 |

## 2.    Obviousness

Defendants contend that, to the extent the primary references identified in these Preliminary Invalidity Contentions do not anticipate the Asserted Claims, it would have been obvious to combine any of the references, systems, concepts, or technologies discussed in this Section with those primary references. Defendants also reserve the right to rely on the discussions of the state of the art and prior art in each of the Asserted Patent specifications and their file histories including foreign file histories of related patents in explaining the state of the art. Defendants further expressly reserve the right to supplement their summary of the background and state of the art, including, for example, with information from any of the authors or named inventors on any of the prior art references, by personnel familiar with systems based on any of the prior art references, or any prior art systems related to prior art references, or by technical experts retained on behalf of any party. Defendants also expressly reserve the right to rely on any admissions by any of the named inventors, institutions with which they were associated, and XR, regarding the state of the art.

### a.    '256 Patent

In the following discussion, the claim elements refer to the elements as charted in the charts for Exhibits A (e.g., A-01).  In the asserted combinations between two or more references that are charted in the Exhibit A charts, the combination would be to use the citations for one of the elements (as shown in the charts) from the reference(s) to fill in the gaps for the other reference(s). For example, if XR alleges that element 18[a] is not present in chart A-01, the combination of A-01 and A-30 or the combination of A-01 and A-40 would include the content of A-30 and A-40, respectively, for element 18[a].

**Weight Computations.**  Claims [18e], [18f], [18g], [18h], 20, 21, [22e], [22f], 23, 24, 25, and 28 refer to computing weights that are subsequently used to transmit beamforming.  Under

XR's apparent application of the claims, such weight computations were well-known prior to the priority date of the '256 Patent.  References that teach these limitations include:  Banister 758 (see A-1 chart at element [18e]), Lindskog (see A-02 chart at element [18e]), Foschini (see A-03 chart at element [18e]), Scherzer 647 (see A-04 chart at element [18e]), Xu (see A-05 chart at element [18e]), Ylitalo (see A-07 chart at element [18e]), Kim 983 (see A-08 chart at element [18e]), Yoshida 901 (see A-09 chart at element [18e]), Cyzs (see A-10 chart at element [18e]), Harrison (see A-11 chart at element [18e]), Levy 643 (see A-12 chart at element [18e]), Hottinen 286 (see A-13 chart at element [18e]), Burke (see A-14 chart at element [18e]), Alamouti (see A-15 chart at element [18e]), Motorola 3GPP (see A-16 chart at element [18e]), Kuwahara (see A-17 chart at element [18e]), Paulraj 290 (see A-18 chart at element [18e]), Ottersten (see A-20 chart at element [18e]), Jang (see A-21 chart at element [18e]), Gerlach 647 (see A-22 chart at element [18e]), Kim 530 (see A-23 chart at element [18e]),  Hottinen 2000 (see A-24 chart at element [18e]), Gerlach 1993 (see A-25 chart at element [18e]), Raghothaman (see A-26 chart at element [18e]), Katz (see A-27 chart at element [18e]), Derryberry (see A-28 chart at element [18e]), Walton 040 (see A-29 chart at element [18e]), Agee 841 (see A-30 chart at element [18e]), Viswanath (see A-31 chart at element [18e]), Haardt 586 (see A-32 chart at element [18e]), Youssefmir 567 (see A-33 chart at element [18e]), Hottinnen 818 (see A-34 chart at element [18e]), Saunders 877 (see A-35 chart at element [18e]), Jitsukawa (see A-36 chart at element [18e]), Kim 381 (see A-37 chart at element [18e]), Kim 723 (see A-38 chart at element [18e]), Banister 2002 (see A-39 chart at element [18e]), Crilly (see A-40 chart at element [18e]), Gerlach 199 (see A-41 chart at element [18e]), Scherzer 258 (see A-42 chart at element [18e]), Ketchum (see A-43 chart at element [18e]), Agee 923 (see A-44 chart at element [18e]), Proctor 036 (see A-45 chart at element [18e]).

The motivation to combine with each of these references (beyond the other motivations identified herein) includes several factors including: (1) express statements regarding the benefits of beamforming, (2) express statements that weight computations were used for transmit beamforming, and (3) the knowledge of a POSITA recognizing that transmit beamforming and weight computations were well-known and in use.

**Transmission Peaks and Transmission Nulls.** Claims [18g] [18h], [22f], and [25] recite the steps of constructing signals to include transmission peaks and transmission nulls. Such techniques were well-known prior to the priority date of the '256 Patent. References that teach these limitations include: Kanamaluru (see A-46 chart at element [18g], [18h]), Lewis (see A-47 chart at element [18g], [18h]), Gurelli (see A-49 chart at element [18g], [18h]), Gerlach 647,(see A-22 chart at element [18g], [18h]), Gerlach 199 (see A-41 chart at element [18g], [18h]), Crilly (see A-40 chart at element [18g], [18h]), Kasami 430 (see A-52 chart at element [18g], [18h]), Shapira (see A-53 chart at element [18g], [18h]), Lindskog (see A-02 chart at element [18g], [18h]), Youssefmir (see A-33 chart at element [18g], [18h]), Agee 841 and 923 (see A-30, A-44 charts at element [18g], [18h]), Reudink (see A-55 chart at element [18g], [18h]), Jia (see A-59 chart at element [18g], [18h]), Perreau (see A-61 chart at element [18g], [18h]), Gerlach-AT (see A-62 chart at element [18g], [18h]), Gerlach Thesis (see A-63 chart at element [18g], [18h]), Godara (see A-64 chart at element [18g], [18h]), Hovers (see A-57 chart at element [18g], [18h]), Vook (see A-58 chart at element [18g], [18h]), Lehne (see A-67 chart at element [18g], [18h]), Litva.

The motivation to combine with each of these references (beyond the other motivations identified herein) includes several factors including: (1) express statements regarding the benefits of placing transmission peaks and transmission nulls, (2) express statements regarding the benefits

of beamforming, and (3) the knowledge of a POSITA recognizing that beamforming provided benefits including increased transmission range as well as reduced signal to noise ratio, and further enabled efficient spectrum reuse.

### b.    '569 Patent

In the following discussion, the claim elements refer to the elements as charted in the charts for Exhibit B (e.g., B-01).  In the asserted combinations between two or more references that are charted in the Exhibit B charts, the combination would be to use the citations for one of the elements (as shown in the charts) from the reference(s) to fill in the gaps for the other reference(s).  For example, if XR alleges that element 11[a] is not present in chart B-01, the combination of B-01 and B-30 would include the content of B-30 for element 11[a], and the combination of B-01 and B-40 would include the content of B-40 for element 11[a].

**Adaptive Antennas.**  Claims [11pre], [11b], [11c], [11d], [11e], [11f], 13, 15, 29, and 20 recite an adaptive antenna.  Adaptive antennas were well known prior to the priority date of the '569 Patent.  References that teach adaptive antennas include: Kanamaluru (see B-46 chart at elements [11b] [11c]), Lewis (see B-47 chart at elements [11b] [11c]), Kasami 501 (see B-48 chart at elements [11b] [11c]), Gurelli (see B-49 chart at elements [11b] [11c]), Gerlach 647 (see B-22 chart at elements [11b] [11c]), Gerlach 199 (see B-41 chart at elements [11b] [11c]), Crilly (see B-40 chart at elements [11b] [11c]), Carloni (see B-50 chart at elements [11b] [11c]), Sayers (see B-51 chart at elements [11b] [11c]), Kasami 430 (see BX-52 chart at elements [11b] [11c]), Shapira (see BX-X chart at elements [11b] [11c]), Lindskog (see B-02 chart at elements [11b] [11c]), Youssefmir (see B-33 chart at elements [11b] [11c]), Agee 841 (see B-30 chart at elements [11b] [11c]), Reudink (see B-55 chart at elements [11b] [11c]), Barratt (see B-56 chart at elements [11b] [11c]), Jia (see B-59 chart at elements [11b] [11c]), Chen (see B-60 chart at elements [11b] [11c]), Perreau (see B-61 chart at elements [11b] [11c]), Gerlach-AT (see B-62 chart at elements

[11b] [11c]), Gerlach Thesis (see B-63 chart at elements [11b] [11c]), Godara (see B-64 chart at elements [11b] [11c]), Rashid-Farrokhi (see B-66 chart at elements [11b] [11c]), Hovers (see B-57 chart at elements [11b] [11c]), Vook (see B-58 chart at elements [11b] [11c]), Lehne (see B-67 chart at elements [11b] [11c]), Litva (see B-68 chart at elements [11b] [11c]]).

The motivation to combine with each of these references (beyond the other motivations identified herein) includes several factors, including but not limited to: (1) express statements regarding the benefits of antenna arrays, and (2) the knowledge of a POSITA about the operation of snd uses for antenna arrays, including functionality enabled.

### C.    P.R. 3-3(c) Disclosures: Charts Identifying Where in Each Item of Prior Art Each Element of the Asserted Claim Is Found

Exhibits A-01 et seq., and B-01 et seq., of these contentions are charts that specifically identify where each element of each Asserted Claim is found in the prior art. The claim charts in these contentions (Exhibits A-01 et seq., B-01 et seq.) provide example sections within the prior art references that teach or suggest each and every element of the assert claims either expressly or inherently. The contentions set forth obviousness arguments based on the disclosures in each of the references, teachings well known at the time of filing, admitted prior art, and the knowledge of a person of ordinary skill in the art at the time the respective patent application was filed. If needed, all of the exhibited art can be used in combination for an obvious determination.

For Asserted Claims governed by 35 U.S.C. §112 ¶ 6, the exhibits include identity of structure(s), act(s), or materials in each prior art reference that performs the claimed function.  To the extent any limitation of any of the Asserted Claims is construed to have a similar meaning, or to encompass similar feature(s) and function(s), as apparently contended by XR in its Infringement Contentions, or later determined by the Court, and to the extent at least one claim chart in Exhibits A-01 et seq., and B-01 et seq., identifies any prior art reference, or a portion thereof, as disclosing

or teaching such similarly construed claim limitation, such identified prior art reference, or the portion thereof, and Defendants' contentions with respect to such claim limitation and such prior art reference as found in such claim chart, are incorporated by reference, and are part of, Defendants' invalidity contentions with respect to each of the Asserted Claims that includes such similarly construed claim limitation.

### D. P.R. 3-4(d) Disclosures: Invalidity Under 35 U.S.C. § 112

Pursuant to Local Rule 3-3(d), Defendants contend that certain claims of the Asserted Patents are invalid under 35 U.S.C. § 112 because: (1) the claims are indefinite; (2) the claims are not enabled; and/or (3) the claims lack adequate written description. Defendants' contentions that the following claims are invalid under 35 U.S.C. § 112 are made in the alternative, and do not constitute, and should not be interpreted as, admissions regarding the construction or scope of the claims of the Asserted Patents, or that any of the claims of the Asserted Patents are not anticipated or rendered obvious by any prior art.

These contentions are based on Defendants' current understanding of XR's Infringement Contentions. To the extent XR contends that the prior art references identified above would not enable a person of ordinary skill to make or use the elements of the Asserted Claims against which they are cited, or to the extent XR contends that the Asserted Claims cover something different from what Defendants understands them to cover, the Asserted Claims do not comply with the enablement, written description, and/or definiteness requirements of 35 U.S.C. § 112 ¶¶ 1 & 2. Because compliance with the requirements of 35 U.S.C. § 112 ¶¶ 1 & 2 depends on the construction of those phrases—and no claim construction positions have been exchanged, no claim construction order issued in this case, and no expert discovery undertaken—Defendants' positions on written description, enablement, and/or indefiniteness are necessarily preliminary at this early stage of the case. A more detailed basis for Defendants' indefiniteness, enablement, and/or written

description defenses will be set forth in Defendants' claim construction briefing and/or expert reports on invalidity and/or in Motion[s] for Summary Judgment of Invalidity, to be served in accordance with the Court's Docket Control Order. Defendants have not taken any depositions related to these issues and discovery is on-going. Defendants specifically reserve the right to amend and/or supplement these contentions based on further developments in the case in accordance with the Court's Rules or as otherwise authorized by the Court.

The written description and enablement requirements are analyzed by comparing the claims with the disclosure in the specification. If the claimed invention does not appear in the specification, the claim fails regardless of whether one of skill in the art could make or use the claimed invention. *See, e.g., Ariad Pharms., Inc. v. Eli Lilly & Co*., 598 F.3d 1336, 1348 (Fed. Cir. 2010). To satisfy the enablement requirement, a patentee must "describe the manner and process of making and using the invention so as to enable a person of skill in the art to make and use the full scope of the invention without undue experimentation." *See, e.g., LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1344-45 (Fed. Cir. 2005). To satisfy the written description requirement, the patentee must convey to those skilled in the art that, as of the filing date, the applicant was in possession of the invention, and demonstrate that possession by disclosing the invention in the specification. *See, e.g., Ariad*, 598 F.3d at 1352. A patent must also be precise enough to afford clear notice to what is claimed. *Nautilus, Inc. v. Biosig Instruments, Inc*., 134 S. Ct. 2120, 2124 (2014). A patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention. *Id*. The standard for assessing if a patent claim is sufficiently definite to satisfy the statutory requirement is whether "one skilled in the art would understand the bounds of the claim when read in light of the specification." *See Novo*

*Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1358 (Fed. Cir. 2003). Claims that depend from claims that are invalid for lack of enablement or written description support inherit the deficiencies of the claims from which they depend and are also invalid.

A claim term can be indefinite based on multiple grounds ranging from the substantive concerns to unresolvable drafting errors, each of which can be fatal to the validity of the claims as a matter of law.  For example, a claim directed to a mixed statutory class, like the Asserted Claims here, is not allowed, and any such claim is indefinite.  The Federal Circuit has repeatedly held that apparatus claims that contain method claim limitations are indefinite because it is impossible to determine when direct infringement occurs. *See, e.g., Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339-40 (Fed. Cir. 2723) (an independent claim that recited both an apparatus and a method of using that apparatus was indefinite, as was its dependent claims); *IPXL Holdings v. Amazon.com*, 430 F.3d 1377, 1384 (Fed. Cir. 2005); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) (mixed claims "create confusion as to when direct infringement occurs because they are directed both to systems and to actions performed by" users). Claim terms that lack antecedent basis are indefinite. *See, e.g., Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1348-49 (Fed. Cir. 2002) (claim ending in the middle of a claim limitation was indefinite because it was "impossible to discern the scope of such a truncated limitation"). Furthermore, means-plus-function claims, which invoke 35 U.S.C. § 112 ¶6, may be invalid as indefinite where a patent owner has failed to disclose adequate corresponding structure linked to the recited claim functionality. *Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1311-12 (Fed. Cir. 2012).

In the Supreme Court's decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014), the Court clarified that a patent is invalid "for indefiniteness if its claims read

in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *See Nautilus, Inc. v. Biosig Instruments, Inc*., 134 S. Ct. 2120, 2124 (2014). "[I]t cannot be sufficient that a court can ascribe some meaning to a patent's claim; the definiteness inquiry trains on the understanding of a skilled artisan at the time of the patent application, not that of a court viewing matters post hoc." *Id*. at 2130. The definiteness inquiry necessarily demands that the "patent and prosecution history disclose a single known approach or establish that, where multiple known approaches exist, a person of ordinary skill in the art would know which approach to select." *Id*. Claims that depend from claims that are indefinite inherit the indefiniteness of the claims from which they depend and are also indefinite.

The Asserted Claims of the Asserted Patents are invalid because the Asserted Patents do not include sufficient written description of the purported inventions claimed therein, and of the manner and process of making and using said inventions, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which the inventions pertain, or which they are most nearly connected, to make and use any of the claimed inventions. 35 U.S.C. § 112 ¶1.

Defendants contend that the specifications to which priority is sought fail to describe the full scope of the claimed inventions in sufficient detail such that one skilled in the art could reasonably conclude that the inventor had possession of the claimed invention as of the filing dates to which the Asserted Patents claim priority. The specifications of the Asserted Patents fail to describe the claimed inventions in a manner understandable to one of ordinary skill in the art and fail to show that the listed inventors actually invented the claimed inventions. Accordingly, each of the Asserted Claims is invalid for lack of adequate written description under 35 U.S.C. § 112 ¶1.

In addition, Defendants contend that, at the time of XR's claimed priority date, the patent applications to which XR claims priority did not enable one of ordinary skill in the art to make and use the full scope of the claimed inventions without undue experimentation. Accordingly, each of the Asserted Claims is invalid for lack of enablement under 35 U.S.C. § 112 ¶1.

Defendants also contend that the Asserted Claims fail to particularly point out and distinctly claim the subject matter that the listed inventor regarded as his invention. Defendants contend that one of ordinary skill in the art would not understand the scope of each of the Asserted Claims when the claim is read in light of the specification. Accordingly, each of the Asserted Claims is invalid for indefiniteness under 35 U.S.C. § 112, ¶1.

Defendants contend that XR's apparent claim constructions render the Asserted Claims overly broad in scope and well beyond the purported inventions described in the Asserted Patents. XR is attempting to construe the Asserted Claims in an idiosyncratic manner that is entirely inconsistent with the written specification and prosecution history of the Asserted Patents as well as with the understanding of one of ordinary skill in the art at the time the applications that issued as the Asserted Patents were filed. These allegations are inconsistent with the plain language of the claims, the supporting description, and the prosecution history.

Defendant provides below an identification of terms in the Asserted Claims that render the Asserted Claims, at least as apparently construed by XR in its Infringement Contentions as discussed above, invalid pursuant to 35 U.S.C. § 112 as not enabled or lacking sufficient written description.

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| '256 patent: Claim 18 | "receiving a first signal transmission from a first remote device via the first antenna element;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| '256 patent: Claim 18 | "receiving a second signal transmission from a second remote device via the second antenna element;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 18 | "determining first signal information for the first signal transmission;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 18 | "determining second signal information for the second signal transmission, wherein the second signal transmission is different than the first signal transmission;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 18 | "determining a first set of weighting values based on the first signal information;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 18 | "determining a second set of weighting values based on the second signal information;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 18 | "transmitting a third signal to the first remote device via the antenna array, wherein the third signal is constructed based on the first set of weighting values to include one or more first transmission peaks and one or more first transmission nulls in the third signal; and" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 18 | "transmitting a fourth signal to the second remote device via the antenna array, wherein | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| | the fourth signal is constructed based on the second set of weighting values to include one or more second transmission peaks and one or more second transmission nulls in the fourth signal." | |
| '256 patent: Claim 19 | "The method of claim 18, wherein the first signal information includes at least one of a transmit power level, a data transmit rate, an antenna direction, quality of service data, and timing data." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 20 | "The method of claim 18, further comprising: associating the first set of weighting values with the first remote device; and associating the second set of weighting values with the second remote device." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 21 | "The method of claim 18, further comprising: a fifth signal transmission from the first remote device, determining fifth signal information for the fifth signal transmission; updating the first set of weighting values based on the fifth signal information; and associating the updated first set of weighting values with the first remote device." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 22 | "receiving a first signal transmission from a remote device via the antenna array;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| '256 patent: Claim 22 | "receiving a second signal transmission from the remote device via the antenna array;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 22 | "determining first signal information for the first signal transmission;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 22 | "determining second signal information for the second signal transmission, wherein the second signal information is different than the first signal information;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 22 | "determining a first set of weighting values based on the first signal information; and" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 22 | "transmitting a third signal to the remote device via the antenna array, wherein the third signal is constructed based on the first set of weighting values to include one or more first transmission peaks and one or more first transmission nulls in the third signal." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 23 | "The method of claim 22, further comprising: wherein the first set of weighting values is further determined based on the second signal information." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 24 | "The method of claim 22, further comprising: | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| | associating the first set of weighting values with the remote device; updating the first set of weighting values based on the second signal information; and associating the updated first set of weighting values with the first remote device." | describe or enable the full breadth of the claims. |
| '256 patent: Claim 25 | "The method of claim 24, further comprising: transmitting a fourth signal to the remote device via the antenna array, wherein the fourth signal is constructed based upon the updated first set of weighting values to include one or more second transmission peaks and one or more second transmission nulls in the fourth signal." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 26 | "The method of claim 22, wherein the first signal information includes at least one of a transmit power level, a data transmit rate, an antenna direction, quality of service data, and timing data." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '256 patent: Claim 28 | "The method of claim 22, wherein the second signal transmission is received after the first signal transmission and wherein the second signal transmission is received based on the first set of weighting values associated with the remote device. " | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| '569 patent: Claim 11 | "A computer-implemented method for use by a wireless access point (AP) in communication with one or more client devices (CP) including a first client device, the wireless AP including a processor, a memory operatively coupled to the processor, a transceiver operatively coupled to the processor, and an adaptive antenna array coupled to the transceiver, the computer-implemented method comprising:" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 11 | "generating, using the processor, first data packets for transmission to the client device;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 11 | "transmitting, using the transceiver and the adaptive array antenna, a directed AP communication beam, including the first data packets, to the first client device;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 11 | "receiving, using the transceiver and the adaptive array antenna, a directed CD communication beam, including second data packets, from the first client device;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 11 | "directed CD communication beam" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| '569 patent: Claim 11 | "obtaining, using the processor and from the second data packets, antenna direction information of an antenna of the first client device;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 11 | "storing, by the processor in the memory, the obtained antenna direction information of the antenna of the first client device;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 11 | "coordinating, by the processor using the transceiver and the adaptive array antenna, directed wireless communications with the first client device based on the obtained antenna direction information of the antenna of the first client device stored in the memory." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 12 | "The computer-implemented method of claim 11, wherein the directed AP communication beam includes transmission peaks and transmission nulls within a coverage area of the directed AP communication beam." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 13 | "The computer-implemented method of claim 11, wherein the directed CD communication beam is received through a receive beam-forming network from antenna elements of the adaptive antenna array." | |
| '569 patent: Claim 15 | "The computer- | The claim is invalid under pre-AIA 35 U.S.C. § |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| | implemented method of claim 11, further comprising: generating, using the processor, additional data packets for transmission to a second client device of the one or more client device; and simultaneously with transmitting the directed AP communication beam to the first client device, transmitting, using the transceiver and the adaptive antenna array, another directed AP communication beam, including the additional data packets, to the second client device." | 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 16 | "The computer-implemented method of claim 11, wherein, based on the second data packets received from the first client device, the transmission peaks are directed at the first client device." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 17 | "The computer-implemented method of claim 11, wherein, based on the second data packets received from the first client device, the transmission nulls are directed at a second client device of the one [or] more client devices." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '569 patent: Claim 19 | "The computer-implemented method of claim 11, further comprising: obtaining, | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| | using the processor from the second data packets, timing data of the first client device; storing, by the processor in the memory, the timing data of the first client device; and coordinating, by the processor using the transceiver and the adaptive array antenna, directed wireless communications with the first client device based on the obtained antenna direction information of the antenna and the timing data stored in the memory." | |
| '569 patent: Claim 20 | "The computer-implemented method of claim 11, further comprising receiving, using the transceiver and the adaptive array antenna, a second directed CD communication beam from a second client device of the one or more client devices; applying, using the processor, a first weight to the directed CD communication beam; and applying, using the processor, a second weight to the second directed CD communication beam, wherein the first weight is different than the second weight." | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

These are merely examples and are not intended to be limiting. Defendants reserve all rights to amend their Invalidity Contentions under 35 U.S.C. § 112, including after an Asserted Claim is ultimately construed by the Court, in response to any interpretation of an Asserted Claim embodied in XR's infringement positions, and/or to account for any changes in the law concerning invalidity under 35 U.S.C. §112. Defendants additionally reserve the right to provide additional explanation and/or argument for their Invalidity Contentions under § 112, including, for example, based on expert testimony.

### III.     P.R. 3-4 DISCLOSURES AND CONTENTIONS

#### A.     P.R. 3-4(a) Disclosures

Pursuant to P.R. 3-4(a), Defendants are separately producing representative technical documentation within their possession, custody, and control that show the operation of aspects or elements of the Accused Instrumentality identified by XR in its Infringement Contentions for each Defendant. Defendants reserve the right to supplement these disclosures with additional documentation.

#### B.     P.R. 3-4(b) Disclosures

In accordance with P.R. 3-4(b), Defendants are producing a single set of prior art references identified in these Invalidity Contentions for prior art related to patents asserted against more than one Defendant. Defendants are also producing prior art references concerning prior art systems and methods. Such documents can be found at the following Bates range: DEFS-PA_ 00000001 – DEFS-PA_00028716.  Any prior art references not in English are produced with an English translation of the portion(s) relied upon. These prior art references are cited herein and support the contentions presented. Defendants' search for prior art references, additional documentation, and/or corroborating evidence concerning prior art apparatuses and methods is ongoing. Accordingly, Defendants reserve the right to supplement their production, as provided by the local

rules, as additional prior art references, additional documentation, and/or corroborating evidence concerning prior art documents/apparatuses, and methods are obtained during the course of discovery.

Dated:  February 29, 2024                    Respectfully submitted,

_/s/ Matthew S. Yungwirth_
Melissa Smith (TX SBN 24001351)
melissa@gillamsmith.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  903.934.8450


Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**Duane Morris LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900


***Counsel for Defendant T-Mobile USA, Inc.***


_/s/ Matthew S. Yungwirth_

Deron R. Dacus (TX SBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:  903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com

John R. Gibson
jrgibson@duanemorris.com
**Duane Morris LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900

*Counsel for Defendant Ericsson Inc.*

*/s/ Matthew S. Yungwirth*

Deron R. Dacus (TX SBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:  903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**Duane Morris LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900

*Counsel for Defendant Nokia of America Corporation*

*/s/ Matthew S. Yungwirth*
Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323
Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

Matthew S. Yungwirth
msyungwirth@duanemorris.com

64

Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**Duane Morris LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900

*Counsel for Defendants Verizon Communications
Inc. and Cellco Partnership d/b/a Verizon Wireless*


*/s/ Matthew S. Yungwirth*

Deron R. Dacus (TX SBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:  903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
Duane Morris LLP
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900

***Counsel for Defendants AT&T Services Inc.,
AT&T Mobility LLC, and AT&T Corp.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 29, 2024, the foregoing document was served via e-mail upon all counsel of record in this case.

<u>*/s/ Brianna Vinci*</u>
Brianna Vinci