# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br>    Plaintiff, <br><br> v. <br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP., <br><br>    Defendants, <br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC., <br><br>    Intervenors. | Case No. 2:23-cv-00202-JRG-RSP (Lead Case) <br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' / INTERVENORS' MOTION TO COMPEL PLAINTIFF TO SUPPLEMENT ITS RESPONSES TO INDIVIDUAL INTERROGATORY NOS. 1 – 6**

# **TABLE OF CONTENTS**

TABLE OF REFERENCED INTERROGATORIES ................................................................... ii

I.    FACTUAL BACKGROUND ............................................................................................1

II.    LEGAL STANDARD .......................................................................................................2

III.    ARGUMENT ....................................................................................................................2

IV.    CONCLUSION .................................................................................................................5

## TABLE OF REFERENCED INTERROGATORIES

| No. | Interrogatory |
|---|---|
| **Defendants'/Intervenors' First Set of Interrogatories to Plaintiff (Nos. 1-4)** **(served June 26, 2024)** ||
| 1 | Identify all factual and legal bases for Plaintiff's contention that the Accused Products perform the recited functionality of the Asserted Claims of the '369 Patent, including but not limited to identifying, on an element-by-element basis with respect to each Accused Product, all code or instructions that Plaintiff contends cause the Accused Products to perform the recited functionality of the Asserted Claims. |
| 2 | Identify all factual and legal bases for Plaintiff's contention that the Accused Products perform the recited functionality of the Asserted Claims of the '939 Patent, including but not limited to identifying, on an element-by-element basis with respect to each Accused Product, all code or instructions that Plaintiff contends cause the Accused Products to perform the recited functionality of the Asserted Claims. |
| 3 | Identify all factual and legal bases for Plaintiff's contention that the Accused Products perform the recited functionality of the Asserted Claims of the '511 Patent, including but not limited to identifying, on an element-by-element basis with respect to each Accused Product, all code or instructions that Plaintiff contends cause the Accused Products to perform the recited functionality of the Asserted Claims. |
| 4 | Identify all factual and legal bases for Plaintiff's contention that the Accused Products perform the recited functionality of the Asserted Claims of the '235 Patent, including but not limited to identifying, on an element-by-element basis with respect to each Accused Product, all code or instructions that Plaintiff contends cause the Accused Products to perform the recited functionality of the Asserted Claims. |
| **Defendants'/Intervenors' Second Set of Interrogatories to Plaintiff (Nos. 5-6)** **(served October 29, 2024)** ||
| 5 | Identify all factual and legal bases for Plaintiff's contention that the Accused Products perform the recited functionality of the Asserted Claims of the '256 Patent, including but not limited to identifying, on an element-by-element basis with respect to each Accused Product, all code or instructions that Plaintiff contends cause the Accused Products to perform the recited functionality of the Asserted Claims. |
| 6 | Identify all factual and legal bases for Plaintiff's contention that the Accused Products perform the recited functionality of the Asserted Claims of the '569 Patent, including but not limited to identifying, on an element-by-element basis with respect to each Accused Product, all code or instructions that Plaintiff contends cause the Accused Products to perform the recited functionality of the Asserted Claims. |

Defendants / Intervenors respectfully move this Court to compel Plaintiff to supplement its responses to Defendants' respective Individual Interrogatory Nos. 1 – 6 ("Source Code Interrogatories"). Despite numerous communications and meet and confers specifically identifying the deficiencies in Plaintiff's responses to the Source Code Interrogatories, Plaintiff has yet to provide responses that specifically identify where or how any element of the asserted patent claims is found in the source code of the accused products. Contrary to Plaintiff's view, providing this required detail months later in its expert reports runs afoul of its duties under P.R. 3-1 and the Discovery Order and impermissibly prevents Defendants / Intervenors from investigating and defending against Plaintiff's infringement theories during fact discovery.

## I.     FACTUAL BACKGROUND

There remain six patents asserted in this case ("Asserted Patents"), and on August 31, 2023, January 4, 2024 and December 12, 2024,[1] Plaintiff served infringement contentions purporting to identify its infringement theories for the Asserted Patents, including for several software limitations. Plaintiff broadly accuses of infringement Intervenors' 5G RAN base stations deployed in Defendants' cellular networks (*see* Ex. 1):

> Defendant's current, past, and future 3GPP 5G NR Radio Access Network (RAN) solutions and cellular base stations, O-RAN, vRAN and Cloud RAN solutions including radios and baseband units supporting 5G NR MIMO, Massive MIMO, active antenna systems / advanced antenna systems, and/or beamforming, including massive MIMO radios and basebands compliant with the 3GPP 5G Standard, that are provided to Defendant from Nokia or Ericsson.

Dating back to December 2023, Nokia and Ericsson made available for inspection their source code for the accused cellular base stations. Since making the source code available, Plaintiff's various experts have reviewed it over a dozen times—with each visit lasting multiple

---

[1] The present action is the result of consolidating XR 1 and XR 2 (Dkt. 94); hence, there are different dates for case action items up to consolidation.

hours over multiple days. *See, e.g.,* Ex. 2 (showing first source code review). On June 26, 2024, and October 29, 2024, Defendants each served individual interrogatories asking, for each patent:

> Identify all factual and legal bases for Plaintiff's contention that the Accused Products perform the recited functionality of the Asserted Claims of the [] Patent, including but not limited to identifying, on an element-by-element basis with respect to each Accused Product, all code or instructions that Plaintiff contends cause the Accused Products to perform the recited functionality of the Asserted Claims.

*See* Table of Referenced Interrogatories, *supra*, at p. ii. Plaintiff did not provide substantive responses. Instead, Plaintiff incorporates by reference its infringement contentions, its requested source code printouts, its experts' forthcoming opinions, and all code or instructions that implement the functionalities described in the infringement contentions. Nowhere has Plaintiff identified the source code that it believes support its infringement theory for any element of any of the 78 currently asserted claims across the six currently Asserted Patents. With fact discovery ending on February 17, 2025, the time for supplementing its responses has long passed.

## II.   LEGAL STANDARD

An "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." FED. R. CIV. P. 33(a)(2). Indeed, other courts have found that "an interrogatory is not objectionable merely because it inquires into the opinion, conclusion and contentions of the opposing party," and "interrogatories have been allowed which call upon the patentee to interpret the claims of its own patents." *ROY-G-BIV Corp. v. Fanuc Ltd.*, No. 2:07-CV-418 (DF), 2008 WL 11346476, at *6 (E.D. Tex. July 15, 2008).

## III.   ARGUMENT

Plaintiff has made clear during meet and confers that it intends to rely on portions of the Intervenors' source code to try to prove infringement of the Asserted Patents. Yet, it has sought to avoid identifying the source code it intends to rely upon by not explicitly invoking paragraph 3(a)

2

of the Discovery Order (Dkt. 39) in its infringement contentions. Faced with the situation where Plaintiff's infringement contentions broadly identified numerous functionalities as infringing (*see* Section I, *supra*), Defendants each served a set of the Source Code Interrogatories in which they sought identification by Plaintiff of the evidence it intends to rely upon in supporting its infringement theories. Instead of providing a response, Plaintiff gave the same boilerplate non-response: reference to the infringement contentions, future expert opinions, and its voluminous and varied source code print requests. These categories do not provide the requested and required source code evidence.

As an initial matter, the Source Code Interrogatories seek the identification of evidence not included within Plaintiff's infringement contentions. *See Sol IP, LLC v. AT&T Mobility, LLC*, No. 2:18-cv-526-RWS-RSP, Dkt. XX (E.D. Tex. Apr. 23, 2020). Thus, Plaintiff's incorporation of its infringement contentions into its responses to the Source Code Interrogatories is insufficient. Moreover, Plaintiff's blanket incorporation of its source code print requests does not provide the requisite identification of evidence either. Plaintiff is accusing different product functionality of infringement for each Asserted Patent. Yet, Plaintiff makes no effort to parse the printouts by applicable patent, much less by asserted claim or limitation, and Defendants/Intervenors' alleged "greater relative access to the source code" improperly shifts—and does not relieve Plaintiff of— its burden of proving infringement to Defendants/Intervenors.

Also, contention interrogatories such as the Source Code Interrogatories are permissible and must be responded to within a timely basis during fact discovery. "Once source code has been provided to the plaintiffs, however, courts have required plaintiffs to supplement their infringement charges with pinpoint citations." *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2011 WL 940263, at *7 (N.D. Cal. Feb. 18, 2011). Indeed, "the

authority is clear that a plaintiff should provide citations once a plaintiff has had a sufficient opportunity to review the source code, at least with respect to contentions that are or may be based upon it." *Id.* Further, the Source Code Interrogatories do not seek expert opinions, but rather how the source code infringes the Asserted Patents. *See Vasudevan Software, Inc.*, 2011 WL 940263, at *7. "Plaintiff simply needs to articulate the basis for its infringement theory." *Balsam Coffee Sols. Inc. v. Folgers Coffee Co.*, No. 6:09-CV-89, 2009 WL 4906860, at *4 (E.D. Tex. Dec. 9, 2009). Plaintiff cannot avoid this responsibility by deferring fulsome responses until its opening expert report after fact discovery closes, surprising Defendants/Intervenors with the relevant source code citations.[2]

Finally, Plaintiff's incorporation of "all code or instructions that implement the functionalities described in Vivato's Infringement Contentions, including, *e.g.*, code or instructions for radio coordination, MIMO functionalities and/or beamforming functionalities in the Accused Products" is equally non-responsive. Plaintiff is accusing different functionality across the Asserted Patents, and this blanket incorporation does not identify which functionality applies to which Asserted Patent. Also, Plaintiff's references encompass significant amounts of code and persons with knowledge, and as a result, Defendants/Intervenors cannot meaningfully prepare their defenses, nor provide Plaintiff with the appropriate witnesses for depositions.

Here, Plaintiff's infringement contentions appear to suggest that it will rely on source code to prove its claims for at least the following claim limitations:

- '369 Patent: claim limitations 1[a], 1[b], 1[c], 10, 21, 33, 35, 37, 41;
- '235 Patent: claim limitations 1[e], 1[f], 1[g], 1[h], 4, 5, 8[b], 8[c], 8[d], 8[e], 11, 12, 15[d], 15[e], 15[f], 15[g], 17, 18, 19.

---

[2] Plaintiff objects that the Source Code Interrogatories seek premature expert testimony; yet it seeks similar information in its interrogatories directed to non-infringement contentions.

- '511 Patent: claim limitations 1[a], 1[b], 1[c], 10, 19, 20.

- '939 Patent: claim limitations 15[b], 15[c], 30[b].

- '256 Patent: claim limitations 18[c], 18[d], 18[e], 18[f], 18[g], 18[h], 19, 20, 21, 22[c], 22[d], 22[e], 22[f], 23, 24, 25, 26, 28.

- '569 Patent: claim limitations 11[a], 11[b], 11[c], 11[d], 11[e], 11[f], 12, 19, 20.

Accordingly, Defendants/Intervenors move the Court to require Plaintiff to supplement its interrogatory responses to identify the source code by page: line number that it contends supports its infringement contentions for at least each of these limitations; or be precluded from relying on any such source code citations in its expert reports and at trial.

## IV.   CONCLUSION

Plaintiff should be compelled to provide substantive responses or it should be precluded from relying on source code in its expert reports or at trial.

| | |
|---|---|
| Dated:  December 31, 2024 | Respectfully submitted,<br><br>*/s/* Matthew S. Yungwirth<br>Deron R. Dacus (TBN 00790553)<br>ddacus@dacusfirm.com<br>**THE DACUS FIRM, P.C.**<br>821 ESE Loop 323<br>Suite 430<br>Tyler, Texas 75701<br>Telephone:  903.705.1117<br>Facsimile:  903.581.2543<br>Email: ddacus@dacusfirm.com<br><br>Matthew S. Yungwirth<br>Email: msyungwirth@duanemorris.com<br>John R. Gibson<br>Email: jrgibson@duanemorris.com<br>Alice E. Snedeker<br>aesnedeker@duanemorris.com<br>**DUANE MORRIS LLP**<br>1075 Peachtree Street NE, Suite 1700<br>Atlanta, GA 30309<br>Telephone: (404) 253-6900<br><br>Melissa R. Smith (TBN 24001351)<br>**GILLAM & SMITH, LLP**<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>William A. Liddell<br>waliddell@duanemorris.com<br>**DUANE MORRIS LLP**<br>2801 Via Fortuna<br>Suite 200<br>Austin, Texas 78746-7567<br>Telephone: (512) 277-2272<br>Facsimile: (512) 227-2301<br><br>Tyler Marandola<br>tmarandola@duanemorris.com<br>**DUANE MORRIS LLP**<br>30 S. 17th Street<br>Philadelphia, PA 19103<br>Telephone: (215) 979-1000 |

6

Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

*Counsel for Defendants/Intervenors*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 31, 2024.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the Parties met and conferred to discuss the substantive issues addressed in this Motion pursuant to Local Rule CV-7(h), including but not limited to a telephonic meet and confer between lead and local counsel for the parties on December 18, 2024.  Plaintiff opposes this request.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth