# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba, VIVATO TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> AT&T SERVICES INC., AT&T MOBILITY LLC, and AT&T CORP., <br><br> Defendants, <br><br> NOKIA OF AMERICA CORPORATION and ERICSSON INC., <br><br> Intervenors. | Case No. 2:23-cv-00202-JRG-RSP (Lead) |

**XR'S OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

<b><u>Page(s)</u></b>

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ......................................................................................................... 1

III. ARGUMENT ....................................................................................................................... 2

    A. Factor 1: Defendants Were Not Diligent In Identifying The Prior Art Reference They Now Belatedly Seek To Add ................................................................................ 2

    B. Factor 2: Defendants Fail to Show the Keller Reference is of Any Particular Importance ............................................................................................................. 4

    C. Factor 3: XR will Suffer Prejudice ........................................................................ 5

    D. Factor 4: A Continuance is Not Appropriate Under These Circumstances .......... 6

IV. CONCLUSION .................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**

*Alt v. Medtronic, Inc.*,
　No. 2:04-CV-370, 2006 WL 278868 (E.D. Tex. Feb. 1, 2006) .................................................. 1

*Gree Inc. v. Supercell Oy*,
　No. 2:19-cv-00070-JRG-RSP, Dkt. 288 (E.D. Tex. July 2, 2020) ......................................... 3, 5

*Rembrandt v. Samsung*,
　No. 2:13-cv-00213-JRG-RSP, Dkt. 170 (E.D. Tex. Dec. 4, 2014) ......................................... 2, 5

*Uniloc 2017, LLC v. Google LLC*,
　No. 2:18-00550-JRG, Dkt. No. 133 (E.D. Tex. Jan. 16, 2020) ................................................ 2

## TABLE OF EXHIBITS

| EXHIBIT NO. | DESCRIPTION |
| --- | --- |
| A | Plaintiff's Proposed Claim Constructions And Extrinsic Evidence, Served On May 15, 2024 |
| B | Patent Owner Preliminary Response, IPR2024-00314, Filed On April 22, 2024 |
| C | Defendants' December 3, 2024 Email To XR Disclosing the Keller Reference |
| D | Defendants' Exhibit E-01 Invalidity Chart, Served On October 12, 2023 |
| E | Defendants' Exhibit E-02 Invalidity Chart, Served On October 12, 2023 |
| F | Defendants' Exhibit E-03 Invalidity Chart, Served On October 12, 2023 |
| G | Defendants' Exhibit E-04 Invalidity Chart, Served On October 12, 2023 |
| H | Defendants' Exhibit E-05 Invalidity Chart, Served On October 12, 2023 |
| I | Defendants' Exhibit E-06 Invalidity Chart, Served On October 12, 2023 |
| J | Defendants' Exhibit E-07 Invalidity Chart, Served On October 12, 2023 |
| K | Defendants' Exhibit E-08 Invalidity Chart, Served On October 12, 2023 |
| L | Defendants' Exhibit E-09 Invalidity Chart, Served On October 12, 2023 |
| M | Defendants' Exhibit E-10 Invalidity Chart, Served On October 12, 2023 |

## I.  INTRODUCTION

Defendants' Motion for Leave to Supplement Invalidity Contentions (Dkt. 123) ("Mot.") with a publicly available reference over a year after its October 12, 2023 deadline to provide invalidity contentions should be denied. Defendants' claim that the Court's construction of "forward path pre-equalization parameter" was somehow "unforeseen" is superficial where the construction adopts express language from the specification as to the meaning of the term, and where XR had expressly advocated for that construction since the beginning of the Markman process. Defendants fail to explain why it was unable to locate the publicly available reference earlier, how this reference is more pertinent to the Court's construction of the term more than the other ten primary references and endless obviousness combinations that they timely disclosed, how the Court's construction caused Defendants to somehow change its invalidity position, or why it is of any particular importance. XR has been preparing for this case with the timely disclosed references in mind, and will be prejudiced if Defendants are permitted its supplement now when fact discovery closes in less than a month on February 14, 2025. Defendants' Motion should be denied.

## II.  LEGAL STANDARD

Amendments and additions to a party's invalidity contentions are governed by Local Patent Rule 3-6(b). Patent Rule 3-6(b) requires a showing of good cause for untimely amendment or supplementation of invalidity contentions. The burden of proving good cause rests with the party seeking the untimely amendment. *Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown: (1) the explanation for the failure to meet the deadline; (2)

the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Id.*

### III. ARGUMENT

#### A. Factor 1: Defendants Were Not Diligent In Identifying The Prior Art Reference They Now Belatedly Seek To Add

In the context of untimely amendments to invalidity contentions, the first factor requires the amending party to show it was diligent both in discovering ***and*** in disclosing the prior art references. *Uniloc 2017, LLC v. Google LLC*, No. 2:18-00550-JRG, Dkt. No. 133 at 3 (E.D. Tex. Jan. 16, 2020). Defendants fail to do either.

First, the time for Defendants to serve their invalidity contentions was October 12, 2023. Defendants do not state when they found the Keller reference, but admit they did not begin searching for it until nearly a year later, on September 11, 2024. Months after that, on December 3, 2024, Defendants belatedly disclosed the reference to XR. Ex. C.

Second, the Keller reference is a publicly available reference from the IEEE that was accessible to Defendants prior to the deadline for filing Invalidity Contentions, and there is no explanation by Defendants as to why they were unable to find the reference earlier. *See* Mot. at 1; *see Rembrandt v. Samsung*, No. 2:13-cv-00213-JRG-RSP, Dkt. 170 at 2-3 (E.D. Tex. Dec. 4, 2014) (finding no good cause and that Defendants lacked diligence in locating a publicly available prior art reference). This is particularly so since Defendants located several other purported prior art references from the IEEE. *See*, e.g., Ex. 1 at 21-27. It is disingenuous for Defendants to call the Court's construction of "forward path pre-equalization parameter" "unforeseen" when the construction adopts express language from the specification as to the meaning of the term, and when it is a construction that XR expressly advocated for since the beginning of the Markman process. *See Uniloc 2017, LLC v. Google LLC*, No. 2:18-00550-JRG, Dkt. No. 133 at 3-5 (E.D.

2

Tex. Jan. 16, 2020) (Defendant's explanation of "'unforeseen' claim construction proposals" was inadequate and weighed against granting leave to supplement its invalidity contentions). There is no explanation from Defendants as to why XR's proposed claim construction positions prevented Defendants from previously identifying the Keller reference as potentially relevant prior art or how the Court's construction now somehow causes Defendants to change its invalidity positions to require new prior art. *See Gree Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG-RSP, Dkt. 288 at 3-5 (E.D. Tex. July 2, 2020) (finding lack of diligence where the defendant did not adequately explain why the plaintiff's proposed construction would cause the defendant to need to change its invalidity position and require new prior art).

Defendants have been on notice since the beginning of the case on May 8, 2023 (Dkt. 1, Complaint) that it would need a reference to address "forward path pre-equalization parameter" (in Claims 1, 13, 21, 32, 33, and 41 of the '369 Patent) which has its plain and ordinary meaning, i.e., "a pre-equalization parameter for modifying a forward path signal to reduce unwanted effects associated with multipath fading between the transmitter and the receiver." As the Court noted in its Markman Order, this definition is ***expressly*** provided in the patent specification that explains pre-equalization "substantially reduces unwanted effects associated with multipath fading." Dkt. 81-2 ('369 Patent) at 7:18-20; *see* Dkt. 99 (Markman Order) at 13-15 (noting the same and that "the previous step of the claim requires the 'forward path pre-equalization parameter' to be based on a 'transmission delay within a reverse path data signal.'"). And in any event, Defendants were on notice at least no later than XR's Disclosure of Preliminary Claim Constructions under P.R. 4-2 on May 15, 2024, that XR was proposing this construction consistent with the express language

3

of the specification. Ex. A[1] at 3[2]. Throughout the Markman process and meet and confers, including in its June 11, 2024 P.R. 4-3 Disclosures (Dkt. 76 at 3-4) and in its Opening Claim Construction Brief (Dkt. 81 at 2-6), XR maintained this proposed construction of "plain and ordinary meaning, wherein 'pre-equalization' has its plain and ordinary meaning, i.e., modifying a signal to reduce unwanted effects associated with multipath fading between the transmitter and the receiver."[3] In its Reply Brief, XR proposed an alternative construction that was still consistent with the plain meaning it proposed earlier in an effort to compromise with Defendants (Dkt. 88 at 1-2), but did not "abandon" that construction as Defendants suggest. *See* Dkt. 89, at 2-4 (proposing both constructions).

Despite this history, Defendants admit that they only **began** searching for the Keller reference to address the plain meaning of "forward path pre-equalization parameter" **after** the Court's September 11, 2024 Preliminary Constructions, without any real explanation for its months of delay. Mot. at 1. Notably, this search began only after Defendants lost their IPR on the '369 Patent (*see* Dkt. 81-13, Denying Institution of IPR2024-00314), and after the Court's Preliminary Construction rejected Defendants' proposed construction of the term. Defendants are now attempting to belatedly grow their prior art references without good cause and to the prejudice of XR. This factor weighs against granting Defendants' untimely supplement.

    **B.**    **Factor 2: Defendants Fail to Show the Keller Reference is of Any Particular Importance**

---

[1] Lettered exhibits are concurrently filed with this Opposition. Numbered exhibits refer to those filed with Defendants' Motion.
[2] This is also consistent with the construction XR proposed in its April 22, 2024 Patent Owner Preliminary Response in IPR2024-00314. *See* Ex. B at 14.
[3] Defendants' suggestion that XR "vacillated" "between multiple claim constructions in this action and the companion IPR" is misleading. XR's proposed constructions have remained consistent with proposing the term to mean "for modifying a signal to reduce unwanted effects associated with multipath fading between the transmitter and the receiver," with minor, non-substantive edits. *Compare* Exs. A-B and Dkts. 76 and 81.

Defendants claim the Keller Reference "is of paramount importance", but their only argument is that "it anticipates and/or renders obvious the claimed inventions of the '369 Patent." The same is purportedly true of the 10 primary references that Defendants previously disclosed on time. *See* Ex. 1 at 20, 27, 33-34; Exs. D-M (the 10 timely-served primary references that purportedly "anticipates and/or renders obvious" the Asserted Claims of the '369 Patent and purportedly expressly discloses the "forward path pre-equalization parameter"). Defendants also disclosed an unlimited number of obviousness combinations based on those 10 references. *See* Ex. 1 at 78-82, 131-170. While Defendants parrot the Court's construction of "forward path pre-equalization parameter" in its Keller chart (Ex. 8 at 7-8), the quoted portions of the Keller Reference do not "unambiguously disclose" the construction. Defendants provide no explanation of whether, how, or why the Keller reference is more pertinent than the other 10 primary references to the Court's construction. Nor do Defendants disclaim the other 10 references and endless obviousness combinations they previously disclosed as purportedly meeting the Court's construction of "forward path pre-equalization parameter." Rather, the Keller Reference appears to merely be a fungible, substitute primary reference to the other 10 previously disclosed references. *Uniloc*, *supra*, at 6-8 (declining to find this factor in favor of amendment where defendant did not specify how the references offered a "unique substantive contribution"); *Gree*, *supra*, at 5 (finding this factor weighed against allowing the amendment where the defendant failed to explain how the new reference was "uniquely important" or somehow more critical or necessary than the other references already identified). Since Defendants failed to meet their burden of showing the importance of the proposed supplementation, this factor weighs against allowing the supplement.

    **C.**    **Factor 3: XR will Suffer Prejudice**

XR has been preparing its case strategy based on the timely disclosed prior art references since the beginning of this case, including its claim construction, infringement, and IPR strategies. Fact discovery in this -202 Case was originally scheduled to close on October 4, 2024, and expert reports were originally scheduled to be served by October 11, 2024. Dkt. 40. XR agreed to the consolidate this -202 Case with the -470 Case to **narrow**, not expand the cases. *See* Dkt. 93. Defendants' late disclosure greatly reduces the amount of time for XR to review, prepare, and respond to the reference. Additionally, had Defendants timely disclosed the Keller reference in October 2023, XR would have had ample time to take discovery, locate and depose the two authors of the Keller reference. Instead, Defendants waited until just before the holidays to notify XR of the reference, and XR has insufficient time to now conduct discovery if Defendants are permitted this supplementation as XR's attorneys have two trials scheduled before the close of fact discovery on February 14, 2024. This factor weighs against allowing Defendants to supplement its invalidity contentions.

### D.  Factor 4: A Continuance is Not Appropriate Under These Circumstances

Under these circumstances where Defendants were far from diligent in searching for and locating the public Keller Reference and disclosed it right before the holidays with less than two months left of fact discovery, Defendants' requested supplement should not be allowed and a continuance is not appropriate. This factor is neutral.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to supplement its invalidity contentions should be denied.

Dated: January 17, 2025                                               Respectfully submitted,

                                                                              */s/ Reza Mirzaie*

6

Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Adam Hoffman
CA State Bar No. 218740
Neil A. Rubin
CA State Bar No. 250761
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Philip Wang
CA State Bar No. 262239
Minna Jay
CA State Bar No. 305941
Paul Kroeger
CA State Bar No. 229074
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_vivato@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff,*
*XR Communications, LLC,*
*dba Vivato Technologies*

7

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on January 17, 2025 with a copy of this document via the Court's ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie
