IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>     Plaintiff,<br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br><br>     Defendants,<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br><br>     Intervenors. | Case No. 2:23-cv-00202-JRG-RSP<br>(Lead Case) |

**ORDER**

Before the Court is Defendants' Motion for Leave to Amend Invalidity Contentions. **Dkt. No. 123**. In the Motion, Defendants ask for leave to supplement their invalidity contentions with a new Institute of Electrical and Electronics Engineers reference: "Adaptive Multicarrier Modulation: A Convenient Framework for Time-Frequency Processing in Wireless Communications," by T. Keller. For the reasons discussed below, the Motion is **DENIED**.

### I. APPLICABLE LAW

Local Patent Rule 3-6, which governs changes to a party's invalidity contentions, requires a showing of good cause for untimely supplementation of invalidity contentions. *See* P.R. 3-6(b) ("[S]upplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause."). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely

1

apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id.*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## II. ANALYSIS

### A. Explanation

"In the context of untimely amendments to invalidity contentions, the first factor—explanation—requires the amending party to show it was diligent both in discovering *and* in disclosing the prior art references." *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00550-JRG-RSP, Dkt. No. 133, at *3–4 (E.D. Tex. Jan. 17, 2020) (emphasis in original) (collecting cases). A party must "explain why, with reasonable diligence, [it] could not have discovered" the relevant prior art references "prior to the deadline for filing Invalidity Contentions." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014). "A party's failure to provide any adequate justification for its untimely disclosure materially weighs heavily in favor of rejecting the disclosure, and may even be sufficient standing alone to support exclusion." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019) (emphasis omitted) (collecting cases).

In this case, Defendants have not adequately demonstrated that they "exercised diligence in discovering the prior art." *See Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00493-JRG-RSP, 2019 WL 6465318, at *1 (E.D. Tex. Dec. 2, 2019) (quoting *Invensys Sys., Inc. v. Emerson Elec. Co.*, No.

2

6:12-CV-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014)).

As an initial matter, the Keller reference is publicly available from the IEEE. ADAPTIVE MULTICARRIER MODULATION: A CONVENIENT FRAMEWORK FOR TIME-FREQUENCY PROCESSING IN WIRELESS COMMUNICATIONS, https://ieeexplore.ieee.org/document/849157 (last visited Jan. 21, 2025). Given this, Defendants should have been able to acquire this information had they diligently searched for it. Defendants began their search which would eventually lead to Keller shortly after the September 11, 2024 *Markman* hearing. Dkt. No. 123 at 4. This was in spite of the fact that the deadline to serve invalidity contentions was on October 12, 2023—almost a full year prior. *See* Dkt. No. 40 at 5; *compare id.*

Defendants offer as an excuse that they only realized that the Keller reference would be useful following receipt of the Court's preliminary construction[1] of a particular term in U.S. Patent No. 7,177,369 at the *Markman* hearing: "'forward path pre-equalization parameter' as 'a pre-equalization parameter for modifying a forward path signal to reduce unwanted effects associated with multipath fading between the transmitter and receiver'". Dkt. No. 123 at 1. Cutting against this is the fact that the construction comes from the '369 Patent's specification. *See* '369 Patent at 7:18–20. Further, Plaintiff had proposed this as a possible construction[2] in their Preliminary Claim Constructions under Local Patent Rule 4-2, which were served on Defendants on May 15, 2024. Dkt. No. 131 at 3-4. Thus, Defendants were on notice since at least May 15, 2024, but did not begin their search for what would lead them to Keller until September 11, 2024.

Also, Defendants state that they found Keller only "a few weeks after [] September 11, 2024,"

---

[1] The preliminary construction was adopted as the final construction in the Court's Claim Construction Order. Dkt. No. 99 at 15.
[2] That Plaintiff ultimately wound up proposing a somewhat different construction is irrelevant here. Plaintiff's new proposed construction was consistent with their initial construction, and the initial construction, in combination with the '369 Patent's specification, was sufficient to put Defendants on notice.

3

but did not give Plaintiff notice of the reference until December 3, 2024. Dkt. No. 123 at 1, 2.

Defendants have not provided adequate explanations for these delays in discovering the reference and disclosing it.

Accordingly, this factor weighs against granting leave to supplement Defendants' invalidity contentions.

### B. Prejudice

This factor is concerned with the prejudice that is likely to result from any supplementation. The parties' arguments regarding prejudice go toward timing.

Defendants' arguments rest on the notion that they did not have notice that they should conduct a search leading to Keller until the *Markman* hearing. *See id.* at 6-7. As discussed above, the Court disagrees that this is the case. *See supra* Section II.A. Defendants then argue that no dispositive motions have yet been filed in this case and that they are not due for another four months, and that trial is nearly seven months away. Dkt. No. 123 at 7.

Plaintiff asserts that it relied on Defendants' disclosures in formulating its claim construction materials and infringement materials.[3] Dkt. No. 131 at 6. They further assert that Defendants' new invalidity theories, if allowed, would be brought at a late stage of the case with respect to fact and expert discovery, and would "greatly reduce[] the amount of time for [Plaintiff] to review, prepare, and respond to the [Keller] reference." *Id.*

The Court finds that the timing here weighs against granting leave. Defendants' arguments regarding timing are not germane to the relevant period of the litigation,[4] whereas Plaintiff's

---

[3] Plaintiff also argues that it uses Defendants' disclosures in formulating its *inter partes* review strategies. Dkt. No. 131 at 6. The Court, while understanding of this, does not consider proceedings before the Patent Trial and Appeal Board relevant here.

[4] Defendants' citation to *Realtime Data* in unavailing. The circumstances there differed significantly from those present in the instant matter. *See generally Realtime Data, LLC v. Actian Corp.*, No. 6:15-cv-00463, Dkt. 369 (E.D. Tex. Aug. 11, 2016).

4

arguments are. It is the issue of timing with respect to *discovery* where prejudice would emerge here, not the litigation as a whole. Thus, the court agrees that Plaintiff would be prejudiced by the reduced amount of time they would have to review and respond to the Keller reference, given the time remaining in discovery. *See* Dkt. No. 95 at 7 (setting fact discovery deadline of February 14, 2025 and expert discovery deadline of April 7, 2025); *compare* Dkt. No. 123 at 2 (stating that Defendants gave Plaintiff notice of the Keller reference on December 3, 2024).

The Court also notes that, as discussed above, there was a delay of many weeks between when Defendants found Keller and when they disclosed it to Plaintiff. *See supra* Section II.A. Further, Plaintiff was unable to know whether this information would be allowed while the instant motion was pending. Thus, Plaintiff did not have the benefit of this new information for several weeks during discovery, while Defendants did.

Accordingly, this factor weighs slightly against granting leave to supplement.

### C. Importance

This factor focuses on the importance of the evidence which may be excluded. In the context of prior art, the importance of a given reference rises in proportion to the uniqueness of its substantive disclosures relative to other, previously-disclosed prior art. When a proposed reference's disclosures are substantively cumulative of the disclosures in other references that have already been identified in a party's invalidity charts, such proposed reference offers little or no probative value and is unlikely to be important.

Defendants have already identified more than 50 combinations of 10 different (timely disclosed) prior art references which allegedly render the patents-in-suit obvious. Dkt. No. 123-1 at 20, 27, 33-34, 131-170.

While Defendants declare that the Keller reference is of "paramount importance", they do not adequately identify any disclosure in it that is distinct from the already-identified prior art other than

5

a summary declaration that "Keller unambiguously discloses a pre-equalization parameter that satisfies the Court's construction . . . ." Dkt. No. 123 at 5, 6. This is insufficient. Defendants (as the movants with the burden) must explain *why* this is. Thus, the Court has no basis to conclude that the new information would constitute important evidence at trial or otherwise.

Accordingly, this factor weighs against granting leave to supplement Defendants' invalidity contentions.

### D. Continuance

This factor is concerned with the availability and utility of a continuance to cure any harm that may result from permitting the untimely amendment. Neither party seeks a continuance, nor does the Court find a continuance would be appropriate.

### III.  CONCLUSION

The Court finds that the factors, on balance, weigh against granting leave to supplement Defendants' invalidity contentions. Accordingly, the Motion is **DENIED**.

**SIGNED this 22nd day of January, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE