# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba, VIVATO TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC., AT&T MOBILITY LLC, and AT&T CORP.,<br><br>Defendants,<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br><br>Intervenors. | Case No. 2:23-cv-00202-JRG-RSP |

**XR'S OPPOSITION TO DEFENDANTS'/INTERVENORS' MOTION TO COMPEL PLAINTIFF TO SUPPLEMENT RESPONSES TO INDIVIDUAL INTERROGATORY NOS. 1–6**

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ........................................................................................................... 1

II.  FACTUAL BACKGROUND.......................................................................................... 1

III. ARGUMENT................................................................................................................... 2

    A.   Defendants' Contention Interrogatories Are Overly Broad As They Purport to Require Detailed Source Code Infringement Contentions Beyond What Is Required by the Patent Local Rules ................................................................................. 2

    B.   XR's Infringement Contentions Comply With the Requirements of P.R. 3-1 and Do Not Require Supplemental Source Code Citations......................................................... 3

IV. CONCLUSION................................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Cases**

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Systems, LLC*,
   No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017) ................... 3, 6

*Sol IP, LLC v. AT&T Mobility LLC*,
   No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140 (E.D. Tex. Jan. 6, 2020) .......................... 2, 7

*SSL Services, LLC v. Cisco Systems, Inc.*,
   No. 2:15-cv-00433-JRG-RSP, 2016 WL 727673 (E.D. Tex. Feb. 24, 2016) ............................ 4

*Thomas Swan & Co. v. Finisar Corp.*,
   No. 2:13-CV-178-JRG, 2014 WL 12599221 (E.D. Tex. Apr. 16, 2014) ............................... 3, 4

*Uniloc 2017 LLC v. Google LLC*,
   No. 2:18-cv-00492-JRG-RSP, 2020 WL 2306613 (E.D. Tex. May 8, 2020). ...................... 2, 3

*Vasudevan Software, Inc. v. International Business Machines Corp.*, No. C09-05897 RS HRL,
   2011 WL 940263 (N.D. Cal. Feb. 18, 2011) .............................................................................. 6

## I. INTRODUCTION

Defendants/Intervenors' (hereafter, collectively, "Defendants") motion to compel supplemental interrogatory responses is without merit and should be denied. Defendants request an order compelling plaintiff XR Communications, LLC ("XR") to provide pincite source code citations for certain claim limitations. But this Court has routinely rejected similar attempts to use interrogatories to impose requirements beyond what is required by the patent local rules. XR served infringement contentions detailing its infringement theories with detailed element-by-element claim charts for all asserted claims long ago. And because those contentions fully comply with the requirements of P.R. 3-1 without reference to source code, further supplementation with source code citations is not required. Defendants cannot use interrogatories to force XR to prematurely disclose expert analysis that is not required by this Court's local rules. XR has already provided Defendants with printouts of the specific lines of source code it culled from the hundreds of millions lines that were produced, and will provide more specific citations in its forthcoming expert reports. Nothing more is required at this time. Defendants' motion should be denied.

## II. FACTUAL BACKGROUND

There are six asserted patents in this case, which generally relate to wireless communication technology: United States Patent No. 8,737,511 ("'511 patent"); 10,715,235 ("'235 patent"); 7,177,369 ("'369 patent"); 8,289,939 ("'939 patent"); 11,750,256 ("'256 patent"); and 11,777,569 ("'569 patent"). XR served infringement contentions for the '511, '235, '369, and '939 patents on July 28, 2023. XR served infringement contentions for the '256 and '569 patents on January 4, 2024. On December 12, 2024, XR served an amended claim chart to AT&T for the '939 patent. It is undisputed that none of the claim charts served on Defendants invoke paragraph

1

3(a)(i) of the Discovery Order (Dkt. 39). *See* Mot. at 2–3 (acknowledging that XR did not "invok[e] paragraph 3(a) of the Discovery Order").

The fact discovery deadline is February 14, 2025. XR is required to narrow its case to no more than 24 total asserted claims by February 21, 2025. Opening expert reports are due February 28, 2025. Dkt. 95.

### III.     ARGUMENT

#### A.     Defendants' Contention Interrogatories Are Overly Broad As They Purport to Require Detailed Source Code Infringement Contentions Beyond What Is Required by the Patent Local Rules

While contention interrogatories may not be objectionable *per se*, "a court may deny a motion to compel with respect to an overly broad contention interrogatory." *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00492-JRG-RSP, 2020 WL 2306613, at *1 (E.D. Tex. May 8, 2020). And here, the interrogatories at issue, which essentially demand that XR provide detailed source code contentions *in addition to* the P.R. 3-1 infringement charts already provided by XR, are impermissibly overbroad. Indeed, this Court has previously rejected similar attempts to compel responses to contention interrogatories that exceed the requirements of the patent local rules. *See, e.g., id.* (denying motion to compel more detailed response to interrogatory requesting "the complete factual and legal bases for Your contentions of infringement," and finding plaintiff's response incorporating its P.R. 3-1 infringement contentions sufficient); *Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140, at *1 (E.D. Tex. Jan. 6, 2020) (denying motion to compel response to interrogatory demanding element-by-element written description contentions beyond what is required by P.R. 3-1(e)).

As set forth below, XR's infringement contentions comply with P.R. 3-1 and do not require supplemental source code citations. XR's expert reports are due soon and will provide any relevant source citations. Accordingly, XR's responses incorporating its infringement contentions and

forthcoming expert reports, as well as the source code printouts obtained from XR's experts, are more than reasonable, especially in light of the sheer volume of source code produced (*see* n.2, *infra*). *See Uniloc*, 2020 WL 2306613, at *1–2; *Thomas Swan & Co. v. Finisar Corp.*, No. 2:13-CV-178-JRG, 2014 WL 12599221, at *2 (E.D. Tex. Apr. 16, 2014) (plaintiff's identification of 15,000 lines of source code from the 6.6 million lines produced was sufficiently specific to put defendant on notice of plaintiff's infringement theories). Defendants' attempt to use interrogatories to impose requirements on XR beyond what is required by the local rules is improper and their motion to compel should be denied.

   **B. XR's Infringement Contentions Comply With the Requirements of P.R. 3-1 and Do Not Require Supplemental Source Code Citations**

   Defendants do not challenge the sufficiency of XR's P.R. 3-1 infringement contentions. They also admit that XR's claim charts do not invoke paragraph 3(a)(i) of the Discovery Order (Dkt. 39), which allows a plaintiff to defer charting software limitations until after source code inspection, for any limitation. *See* Mot. at 2–3 (acknowledging that XR did not "invok[e] paragraph 3(a) of the Discovery Order"). Instead, Defendants have taken the position that, in addition to the element-by-element evidence provided in XR's claim charts, XR is also required to provide specific source code citations for certain software limitations. That is not the law. Where, as here, the plaintiff has timely served infringement contentions that comply with the requirements of P.R. 3-1, further supplementation with citations to source code is not required.

   For example, in *Elbit Sys. Land & C4I Ltd. v. Hughes Network Systems, LLC*, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *9 (E.D. Tex. June 20, 2017), *report and rec. adopted*, 2017 WL 4693971 (E.D. Tex. July 31, 2017), defendant Hughes moved to strike the plaintiff's infringement contentions for failure to provide source code citations for certain "software limitations" that contained the following statement: "Pursuant to the Court's Discovery

3

Order (Dkt. 55) and P.R. 3-1(g),[1] Plaintiffs state on information and belief that further evidence for this limitation resides in the source code for the Accused Instrumentalities. Plaintiffs reserve the right to supplement after production of the source code for the Accused Instrumentalities." *Id.* The Court rejected this argument, explaining that "a party that refers to a claim element as a 'software limitation' [is not bound] to later identify corresponding source code." *Id.* "If a party discloses how a 'software limitation' is met without reference to source code, and the party's disclosure otherwise meets Local Patent Rule 3-1's requirements, there may be no need to later update infringement contentions with references to source code." *Id.* The Court further found that because plaintiff "charted certain software limitations by identifying documents allegedly establishing the existence of the limitations in the accused system—without reference to third-party source code," it had "no obligation" to supplement with source code citations. *Id.*

Similarly, in *SSL Services, LLC v. Cisco Systems, Inc.*, No. 2:15-cv-00433-JRG-RSP, 2016 WL 727673, at *6–8 (E.D. Tex. Feb. 24, 2016), this Court denied the defendant's motion to compel the plaintiff to provide amended infringement contentions with source code citations. The Court found that because "SSL did not invoke rule 3-1(g) when it served its infringement contentions," and because "SSL's contentions comply with the disclosure requirements of Patent Local Rule 3-1," further supplementation with source code was not required. *Id.* at *8–9. The Court also noted that Rule 3-1(g) was inapplicable in any event because the 30-day deadline to supplement after the production of source code had "long since lapsed." *Id.* at *8.

As another example, in *Thomas Swan & Co. v. Finisar Corp.*, No. 2:13-CV-178-JRG, 2014 WL 12599221, at *2 (E.D. Tex. Apr. 16, 2014), this Court likewise denied the defendant's motion to compel more detailed source code contentions. Similar to Defendants here, defendant Finisar

---

[1] P.R. 3-1(g) is equivalent to paragraph 3(a)(i) of the Discovery Order in this case.

4

complained that the plaintiff's contentions cited to an "undifferentiated mass of between 9,000 to 15,000 lines of source code for over 100 claim elements." *Id.* However, the Court found that "the relative specificity of the cited code," where plaintiff identified approximately 15,000 lines of code from the more than 6.6 million lines contained in Finisar's source code production, coupled with the "non-source code citations" in the contentions, "provided defendants with sufficient notice of its infringement theories at this stage of the case." *Id.* The Court further noted that while plaintiff "may not yet have identified source code or other evidence with the precision necessary to prove this assertion," such as at the summary judgment stage, "it has put Finisar on notice of its contentions, meeting its burden at this time." *Id.*

The same reasoning applies here. XR's infringement contentions identify non-source code evidence for every limitation of the asserted claims, including the alleged software limitations, and do not invoke paragraph 3(a)(i) of the Discovery Order for any limitation. Defendants do not assert otherwise. Accordingly, XR has no obligation to provide detailed source code contentions at this time. XR has already provided Defendants with the source code printouts obtained from XR's experts, which identify the specific portions of source code that XR intends to rely on from the more than *hundreds of millions* produced lines of source code that XR intends to rely on.[2] Given XR's narrow set of printouts, Defendants should be able to discern which portions of their own source code pertain to the accused features in their own accused products. For example, Ericsson's interrogatory responses have identified specific feature numbers for certain beamforming features that the parties understand are accused of infringement, such as ▮▮▮▮▮▮▮▮▮

---

[2] Given the sheer volume of source code produced, it is difficult to provide an accurate estimate of the total number of lines of source code. However, XR's expert estimates that for the 51 versions of the base station software revisions produced by Ericsson, there was anywhere from 150 million to more than 600 million total lines of source code. XR culled approximately 46,000 lines and provided these printouts to Defendants. Thus, even using the most conservative estimate, XR's printouts represent merely 0.03% of the total source code (and likely far less).

5

████████████████████████████████████████████████████████

████████████████ Ericsson should be able to easily determine which portions of the source code printouts provided by XR correspond to these features.

In any event, XR's experts will soon provide specific source code citations in their forthcoming expert reports. Defendants' attempt to force the premature disclosure of its expert opinions and impose requirements beyond those outlined in P.R. 3-1 is improper and should be rejected. It would also be a waste of time and resources given that XR is required to narrow its case to only 24 claims across the six asserted patents very soon.

The cases cited by Defendants are inapposite. *Vasudevan Software, Inc. v. International Business Machines Corp.*, No. C09-05897 RS HRL, 2011 WL 940263 (N.D. Cal. Feb. 18, 2011) is a NDCal case with different standards and local rules. In addition, the plaintiff's contentions expressly stated for certain limitations that "[a]dditional evidence that the Accused Software [practices this element] … will be found in the source code for the Accused Software." *Id.* at *8. XR's contentions do not contain any such statement. But even if they did, this Court has found that a party is not bound to later identify corresponding source code if the contentions disclose how each limitation is met without reference to source code. *Elbit Sys.*, 2017 WL 2651618, at *9.

Defendants also cite *Balsam Coffee Sols. Inc. v. Folgers Coffee Co.*, No. 6:09-CV-89, 2009 WL 4906860 (E.D. Tex. Dec. 9, 2009), which does not concern source code at all. That case simply stands for the proposition that a "[p]laintiff simply needs to articulate the basis for its infringement theory." *Id.* at *4. XR has already done so, and Defendants have had XR's infringement contentions for over a year now. If Defendants believed they do not have sufficient notice of XR's infringement theories, they should have challenged XR's P.R. 3-1 contentions long ago.

6

Finally, the *Sol IP, LLC v. AT&T Mobility, LLC*, No. 2:18-cv-526-RWS-RSP (E.D. Tex. Apr. 23, 2020) case cited by Defendants actually undermines their position and supports that their motion should be *denied*. In that case, the Court explained: "It is illogical to force a plaintiff to only be able to use evidence in its expert reports that was originally in its infringement contentions, which are produced early in a case. While Sol IP needed to disclose the source code it relies on to prove its theories in its expert reports, no such requirement existed for its infringement contentions." Dkt. 537 at 4. The Court found that the plaintiff's expert properly relied on source code evidence that was not disclosed in the infringement contentions, and denied the defendant's motion to strike the source code citations in the expert's report. *Id.* at 3–4. It is thus entirely proper to allow XR to provide specific source code citations in its forthcoming expert reports rather compel XR to disclose them in discovery.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to compel should be denied.

Dated: January 14, 2025                                           Respectfully submitted,

/s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Adam Hoffman
CA State Bar No. 218740
Neil A. Rubin
CA State Bar No. 250761
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Philip Wang
CA State Bar No. 262239

7

Minna Jay
CA State Bar No. 305941
Paul Kroeger
CA State Bar No. 229074
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_vivato@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff,*
*XR Communications, LLC,*
*dba Vivato Technologies*

8

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on January 14, 2025 with a copy of this document via email.

*/s/ Reza Mirzaie*

