# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> *Plaintiff,* <br><br> v. <br><br> AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP., <br><br> *Defendants,* <br> NOKIA OF AMERICA CORPORATION and ERICSSON INC., <br> *Intervenors,* | Case No. 2:23-cv-00202-JRG-RSP <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> *Plaintiff,* <br><br> VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> *Defendants,* <br> NOKIA OF AMERICA CORPORATION and ERICSSON INC., <br> *Intervenors,* | Case No. 2:23-cv-00203-JRG-RSP <br> (Member Case) |

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>T-MOBILE USA, INC.,<br><br>　　　　*Defendants,*<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br>　　　　*Intervenors,* | Case No. 2:23-cv-00204-JRG-RSP<br>(Member Case) |

# PLAINTIFF XR COMMUNICATION, LLC'S MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' DAMAGES EXPERT W. CHRISTOPHER BAKEWELL

1

## **TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. Mr. Bakewell's Discussions of Foreclosure Sales and Patent Transfers, Dating More Than a Decade Prior to the Relevant Time, are Irrelevant and Prejudicial. ................... 1

III. Conclusion .................................................................................................................. 3

# TABLE OF AUTHORITIES

**Cases**

*Adasa Inc. v. Avery Dennison Corp.*,
  55 F.4th 900 (Fed. Cir. 2022) ................................................................................................... 2

*Finjan, Inc. v. Secure Computing Corp.*,
  626 F.3d 1197 (Fed. Cir. 2010) ................................................................................................. 2

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) ..................................................................................................... 3

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ................................................................................................. 2

*Odetics, Inc. v. Storage Tech. Corp.*,
  185 F.3d 1259 (Fed. Cir. 1999) ................................................................................................. 3

*ResQNet.com, Inc. v. Lansa, Inc.*,
  594 F.3d 860 (Fed. Cir. 2010) ................................................................................................... 1

*Uniloc U.S.A. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) ................................................................................................. 3

*Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*,
  609 F.3d 1308 (Fed. Cir. 2010) ................................................................................................. 1

## I. INTRODUCTION

Plaintiff XR Communications, LLC ("Vivato") moves to strike expert opinions of Defendants' rebuttal damages expert, W. Chrisopher Bakewell, pertaining to irrelevant foreclosure sales and patent transfers that occurred more than a decade prior to the hypothetical negotiation. To be presented to the jury for damages, agreements must be technically and economically comparable to the hypothetical negotiation for damages. Even Mr. Bakewell does not contend these agreements are comparable. For example, there is no dispute that the hypothetical negotiation for damages in the Verizon, T-Mobile and AT&T cases occurred in the 2021/2022 timeframe. Nevertheless, Mr. Bakewell recites, with no attendant analysis, patent transfer and foreclosure sale terms from more than a decade prior. These transactions are not relevant, not comparable, and not relied on by either side's damages expert to determine damages. Furthermore, it would be unduly prejudicial to delve into irrelevant patent transfer and foreclosure/bankruptcy proceedings. Mr. Bakewell's opinions on these matters should be excluded.

## II. Mr. Bakewell's Discussions of Foreclosure Sales and Patent Transfers, Dating More Than a Decade Prior to the Relevant Time, are Irrelevant and Prejudicial.

Mr. Bakewell should not be permitted to present agreements nobody in this case, even Mr. Bakewell, contends are comparable for the purposes of determining damages. It is a bedrock principal that in order for agreements and their terms to be presented to the jury, they must be economically and technically comparable to the hypothetical negotiation for damages. *Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010) ("comparisons of past patent licenses to the infringement must account for 'the technological and economic differences' between [the past patent licenses and the patent in suit].") (quoting

1

*ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 873 (Fed. Cir. 2010)); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1329 (Fed. Cir. 2009). There is no dispute in this case that Vivato's 2006 Asset Purchase Agreement with Wayout, a 2007 Agreement and Plan of Merger between Vivato and Catcher, and a 2009/2010 Patent Purchase and Secured Party Bill of Sale involving Vivato and investor Acquitas are not relevant to determining damages. Ex. A at ¶¶ 582-591.[1] Reciting the terms of those transactions, including payments and the fact that there was a bankruptcy and foreclosure involving Vivato, would be unduly prejudicial, and contrary to Federal Circuit law, which requires only comparable transactions be presented to the jury. *Adasa Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 915 (Fed. Cir. 2022), citing *Lucent Techs., Inc.*, 580 F.3d at 1329 ("The party proffering a license bears the burden of establishing it is sufficiently comparable to support a proposed damages award.")

Not only is there no comparability analysis surrounding these transactions, their basic circumstances show that they are not comparable and irrelevant. It is undisputed that the hypothetical negotiation for damages in these cases took place in the 2021/2022 timeframe. Ex. A at ¶¶ 97-99. These transactions involving Vivato occurred 11-15 years prior to the hypothetical negotiation. *Id*. at ¶¶ 582-591. Mr. Bakewell has no requisite analysis tying any transaction to the hypothetical negotiation for damages far in the future. *Id*. In fact, he does not even claim they are comparable. Mr. Bakewell simply recites "I provide a brief discussion of such information in the following paragraphs, only for context, completeness and in response to Mr.

---

[1] Vivato cites to and refers to Mr. Bakewell's report served in the Verizon lead matter. Mr. Bakewell's opinions and the relevant circumstances are the same across all three cases consolidated for pre-trial purposes. Ex. B (T-Mobile Report) at ¶¶ 580-589, Ex. C (AT&T Report) at ¶¶ 581-590.

Dell." *Id*. at ¶ 580. But Mr. Dell does not contend these transactions are relevant and will not testify to them at trial. Mere vague "completeness" is not a valid basis. They must be comparable. Under Federal Circuit law and ordinary principles of relevance, this is insufficient grounds to present agreements and monetary terms to the jury. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 78 (Fed. Cir. 2012) (agreement dating three years from hypothetical negotiation is irrelevant because, *inter alia*, the proffering party failed to account for the "changing technological and financial landscape in the market."); *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276–77 (Fed. Cir. 1999); *Uniloc U.S.A. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011) ("there must be a basis in fact to associate the royalty rates used in prior licenses to the particular hypothetical negotiation at issue in the case.").

Moreover, presentation of these transactions would be prejudicial. As Mr. Bakewell describes, these transactions occurred at times of company stress, including a foreclosure of assets. Discussing that Vivato, over a decade prior to the relevant time, had corporate struggles and that the patents-in-suit and/or their priority applications may have been tied up in a foreclosure, can serve no purpose other than to confuse and prejudice. Presenting these agreements would also reference other legal proceedings, such as bankruptcy proceedings, in violation of Court MIL No. 13. Moreover, financial terms stemming from these transactions could improperly skew and prejudice the jury's determination of damages. For this additional reason, the transactions should be excluded under FRE 403.

### III.  Conclusion

For the foregoing reasons, the Court should exclude Mr. Bakewell's opinions on the 2006-2010 Vivato foreclosure sale and patent transfers. Ex A at ¶¶ 582-591, Ex. B at ¶¶ 580-589, Ex. C at ¶¶ 581-590.

| | |
|---|---|
| Dated: June 4, 2025 | Respectfully submitted,<br>*/s/ Reza Mirzaie*<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Adam Hoffman<br>CA State Bar No. 218740<br>Neil A. Rubin<br>CA State Bar No. 250761<br>James Pickens<br>CA State Bar No. 307474<br>Christian W. Conkle<br>CA State Bar No. 306374<br>Philip Wang<br>CA State Bar No. 262239<br>Minna Jay<br>CA State Bar No. 305941<br>Paul Kroeger<br>CA State Bar No. 229074<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>rak_vivato@raklaw.com<br><br>Andrea L. Fair<br>TX State Bar No. 24078488<br>MILLER FAIR HENRY PLLC<br>1507 Bill Owens Parkway<br>Longview, TX 75604<br>Telephone: 903-757-6400<br>andrea@millerfairhenry.com<br><br>*Attorneys for Plaintiff,*<br>*XR Communications, LLC,*<br>*dba Vivato Technologies* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, and served defendants with a copy via electronic mail.

/s/ *Reza Mirzaie*
Reza Mirzaie

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Headwater has complied with the meet and confer requirement in Local Rule CV-7(h) by meeting and conferring with counsel for Defendants on June 3, 2025. For Vivato, James Pickens and Minna Jay of Russ August & Kabat and Andrea Fair of Miller Fair Henry attended the conference. For Defendants, John Gibson and Matthew Yungwirth of Duane Morris attended the conference. Plaintiff explained the basis for its proposed motion, and Defendants explained why they believe the motion lacks good cause. The parties could not reach an agreement, and discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Defendants oppose this motion.

/s/ *Reza Mirzaie*
Reza Mirzaie