# Exhibit 15

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**COPY MAILED**

NOV 0 3 2009

**OFFICE OF PETITIONS**

VIVATO, INC.
139 TOWNSEND STREET, SUITE 200
SAN FRANCISCO, CA 94107

In re Application of
**Marcus D.A. SILVA**, et al.
Application No. 10/700,329         :   DECISION ON PETITION
Filed: November 3, 2003            :   UNDER 37 CFR 1.137(b)
Attorney Docket No.                :

This is a decision on the petition under 37 CFR 1.137(b), filed August 28, 2009, to revive the above-identified application.

The petition is **DISMISSED**.

Any request for reconsideration of this decision must be submitted within TWO (2) MONTHS from the mail date of this decision. Extensions of time under 37 CFR 1.136(a) are permitted. The reconsideration request should include a cover letter entitled "Renewed Petition under 37 CFR 1.137(b)." This is **not** a final agency action within the meaning of 5 U.S.C. § 704.

The application became abandoned for failure to timely reply within the meaning of 37 CFR 1.113 to the final Office action, mailed March 17, 2008, which set a shortened statutory period for reply of three (3) months. No extensions of time under the provisions of 37 CFR 1.136(a) were obtained. Accordingly, the application became abandoned on June 18, 2008.

A grantable petition under 37 CFR 1.137(b) must be accompanied by: (1) the required reply, unless previously filed; (2) the petition fee as set forth in 37 CFR 1.17(m); (3) a statement that the entire delay in filing the required reply from the due date for the reply until the filing of a grantable petition pursuant to 37 CFR 1.137(b) was unintentional; and (4) any terminal disclaimer (and fee as set forth in 37 CFR 1.20(d)) required by 37 CFR 1.137(c). Where there is a question as to whether either the abandonment or the delay in filing a petition under 37 CFR 1.137 was unintentional, the Commissioner may require additional information. See MPEP 711.03(c)(II)(C) and (D). The instant petition lacks items (**1**) and (**3**) above.

Turning first to item (**3**) above, the statement of unintentional delay is not considered at this time to be a properly submitted statement. In this regard, the petition containing the statement of unintentional delay is signed by Carl J. Schwedler, who is one of the



Exhibit # Schwedler 9  07/08/22 - MC   ARUBA_0032740

XR-EDTX1-00052810

Application No. 10/700,329 Page 2

attorney for AEQUITAS EQUIPMENT FINANCE, LLC. Petitioner's attention is directed to 37 CFR 1.33(b), which states.

> *Amendments and other papers.* Amendments and other papers, except for written assertions pursuant to § 1.27(c)(2)(ii) of this part, filed in the application must be signed by:
> (1) A registered patent attorney or patent agent of record appointed in compliance with § 1.32(b);
> (2) A registered patent attorney or patent agent not of record who acts in a representative capacity under the provisions of § 1.34;
> (3) An assignee as provided for under § 3.71(b) of this chapter; or
> (4) All of the applicants (§ 1.41(b)) for patent, unless there is an assignee of the entire interest and such assignee has taken action in the application in accordance with § 3.71 of this chapter.

An unsigned amendment (or other paper) or one not properly signed by a person having authority to prosecute the application is not entered. This applies, for instance, where the amendment (or other paper) is signed by only one of two applicants and the one signing has not been given a power of attorney by the other applicant.

Therefore, as the petition containing the statement of unintentional delay is not signed by all the inventors and the record herein fails to disclose that petitioner herein (Mr. Carl J. Schwedler) was ever given a power of attorney to act on behalf of the other inventors, **or that he is an assignee of the entire interest and has complied with the provisions of 37 CFR 3.73(b)**, the petition is considered to not contain a proper statement of unintentional delay. As it appears that Mr. Schwedler is signing on behalf of an assignee, compliance with 37 CFR 3.73(b) must be satisfied. In this regard, 37 CFR 3.73(b) provides:

> (1) In order to request or take action in a patent or trademark matter, the assignee must establish its ownership of the patent or trademark property of paragraph (a) of this section to the satisfaction of the Director. The establishment of ownership by the assignee may be combined with the paper that requests or takes the action. Ownership is established by submitting to the Office a signed statement identifying the assignee, accompanied by either:
>
> (i) Documentary evidence of a chain of title from the original owner to the assignee (e.g., copy of an executed assignment * * * For patent matters only, the submission of the documentary evidence must be accompanied by a statement affirming that the documentary evidence of the chain of title from the original owner to the assignee was or concurrently is being submitted for recordation pursuant to § 3.11; or

Application No. 10/700,329                                                                 Page 3

    (ii)  A statement specifying where documentary evidence of a chain of title from the original owner to the assignee is recorded in the assignment records of the Office (e.g., reel and frame number).

(2) The submission establishing ownership must show that the person signing the submission is a person authorized to act on behalf of the assignee by:

    (i)  Including a statement that the person signing the submission is authorized to act on behalf of the assignee; or
    (ii)  Being signed by a person having apparent authority to sign on behalf of the assignee, e.g., an officer of the assignee.

(c) For patent matters only:

    (1)  Establishment of ownership by the assignee must be submitted prior to, or at the same time as, the paper requesting or taking action is submitted.
    (2)  If the submission under this section is by an assignee of less than the entire right, title and interest, such assignee must indicate the extent (by percentage) of its ownership interest, or the Office may refuse to accept the submission as an establishment of ownership.

In view of the above, and as it appears that Mr. Schwedler is signing the statement of unintentional delay as an assignee, then compliance with 37 CFR 3.73(b) must be satisfied. A blank certificate under 37 CFR 3.73(b) is enclosed with this decision for petitioner's convenience.

As to item (1) above, the reply is considered defective also for the reasons stated above (that the paper (reply) must be signed by a proper party; i.e., all the inventors or an assignee of the entire interest and, if signed by an assignee of the entire interest, must satisfy the provisions of 37 CFR 3.73(b).

In sum, petitioner must submit a petition containing a statement of unintentional delay and reply (amendment) signed by all the inventors, **unless** petitioner herein is the assignee of the entire right, title and interest in the instant application, then compliance with 37 CFR 3.73(b) must be satisfied, which can be accomplished by completion of the enclosed certificate under 37 CFR 3.73(b).

An extension of time under 37 CFR 1.136 must be filed prior to the expiration of the maximum extendable period for reply. See In re Application of S., 8 USPQ2d 1630, 1631 (Comm'r Pats. 1988). Since the $555 extension of time fee submitted with the petition on August 28, 2009 was subsequent to the maximum extendable period for reply, petitioner may request a refund of this fee by writing to the following address: Mail Stop

ARUBA_0032742

XR-EDTX1-00052812

Application No. 10/700,329                                                                                                  Page 4

16, Commissioner for Patents, P. O. Box 1450, Alexandria, VA 22313-1450. A copy of this decision should accompany petitioner's request.

Further correspondence with respect to this matter should be addressed as follows:

By mail:     Mail Stop PETITIONS
             Commissioner for Patents
             Post Office Box 1450
             Alexandria, VA 22313-1450

By hand:     Customer Service Window
             Mail Stop Petitions
             Randolph Building
             401 Dulany Street
             Alexandria, VA 22314

By fax:      (703) 872-9306
             ATTN: Office of Petitions

Any questions concerning this matter may be directed to Monica A. Graves at (571) 272-7253.

Brian W. Brown
Petitions Examiner
Office of Petitions

cc:  **CARL J. SCHWEDLER**
     **BULLIVANT HOUSER BAILEY, PC.**
     **1415 L. STRET, SUITE 1000**
     **SACRAMENTO, CA 95814**

**Enclosure:** Certificate under 37 CFR 3.73(b) and Privacy Act Statement

ARUBA_0032743

XR-EDTX1-00052813