# Exhibit 22

```
 1                UNITED STATES DISTRICT COURT
 2              FOR THE WESTERN DISTRICT OF TEXAS
 3                        WACO DIVISION
 4   XR COMMUNICATIONS, LLC,    §
     dba VIVATO TECHNOLOGIES,   §
 5                              § CIVIL NO.
               Plaintiff,       § 6:21-cv-00623-ADA
 6                              §
     VS.                        §
 7                              §
     CISCO SYSTEMS, INC., and   §
 8   MERAKI LLC,                §
                                §
 9             Defendant,       §
                                §
10                              §

11
            *******************************************
12
          ORAL, VIDEOTAPED, AND ZOOM DEPOSITION OF
13
                        CARL SCHWEDLER
14
                       DECEMBER 5, 2022
15
            *******************************************
16

17            The Oral, Videotaped, and Zoom Deposition
18   of CARL SCHWEDLER, produced as a witness at the instance
19   of the defendants, and duly sworn, was taken in the
20   above-styled and numbered cause on DECEMBER 5, 2022,
21   from 7:39 a.m. to 9:55 a.m., before Nicole A. Hatler,
22   CSR No. 11275 in and for the State of Texas, reported by
23   machine shorthand, in their respective locations via
24   Zoom, pursuant to the Texas Rules of Civil Procedure,
25   the Current Emergency Order Regarding the COVID-19 State
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                    XR-EDTX-00090427

```
 1        Q.  I'm presuming you're referring to the patent
 2   office prosecution files?
 3        A.  Right.
 4        Q.  Okay.  I just wanted to -- were there separate
 5   files you kept outside of the prosecution files?
 6        A.  No.  If there are other files, I didn't see
 7   them.  You mean, like, general files and --
 8        Q.  Well, I was just going off of your answer.
 9   We're -- you were making clear that if something was in
10   a file --
11        A.  A prosecution file, yeah.
12        Q.  I just wanted to make sure I knew what files
13   you were talking about.
14              MR. BREMER:  Okay.  I don't think I have
15   any further questions right now.  I don't know if any
16   other defendants' attorneys have any questions.
17              MR. DOWNING:  This is John Downing for
18   ASUSTeK.  I don't have any questions.
19              MR. CRUZEN:  This is Rob Cruzen for Eero
20   and Amazon entities, I have no further questions.
21              MS. MCCARTE:  Kathleen McCarte for Samsung
22   defendants, no further questions.
23              MR. WANG:  If there are no -- no other
24   defendants questions, I do have a few, but my first
25   question, Mr. Schwedler, is would you like a short break
```

XR Communications, LLC v. Cisco Systems, Inc., et al.
Focus Litigation Solutions

Page: 64

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

XR-EDTX-00090490

```
 1   before we continue?  Five minutes?
 2                THE WITNESS:  Yeah.  Five minutes would be
 3   good.  Sure.
 4                MR. WANG:  Okay.  Let's go off the record.
 5                THE VIDEOGRAPHER:  Okay.  The time is
 6   9:17 a.m.  We're off the record.
 7       (A recess was held from 9:17 a.m. until 9:30 a.m.)
 8                THE VIDEOGRAPHER:  The time is 9:30 a.m.
 9   We're back on the record.
10                MS. HARTJES:  And I will just add for the
11   record that, if one defendant objects, all defendants
12   are considered to have joined that objection.
13                THE WITNESS:  Okay.
14                MR. WANG:  Plaintiff XR agrees, as
15   discussed during the break.
16       Q.   EXAMINATION BY MR. WANG:  Welcome back,
17   Mr. Schwedler.  Thank you for taking the time to speak
18   with us today.
19                Earlier this morning, do you recall being
20   asked about your first deposition in the Central
21   District of California cases?
22       A.   Yes.
23       Q.   And -- and you testified that that was your
24   best and truthful testimony, correct?
25       A.   Yes.
```

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

XR-EDTX-00090491

1    Q.   And you stand by the testimony that you gave
2  during that deposition, correct?
3    A.   Yes.
4    Q.   Do you recall that, in that deposition, you
5  testified that, when you submitted the petition for
6  revival, they were based on the best information you had
7  at the time?
8    A.   Yes.
9    Q.   And do you stand by that testimony?
10   A.   Yes.
11   Q.   Do you recall that, in that deposition, you
12 testified that, at the time that you submitted the
13 petitions for revival, they were, quote, certainly based
14 on a reasonable investigation into what you needed to
15 know to make the representations in those papers?
16          MR. BREMER:   Object to form as leading.
17   Q.   BY MR. WANG:   You can answer, Mr. Schwedler.
18   A.   Yes.
19   Q.   Do you recall that testimony?
20   A.   Yes.
21   Q.   Do you recall that, in your earlier deposition,
22 you testified that you recalled making a determination
23 that the delays were unintentional based on, quote,
24 Investigating the relationship of the application, the
25 entities of who owned what when, end quote?

XR Communications, LLC v. Cisco Systems, Inc., et al.
Focus Litigation Solutions
Page: 66

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

XR-EDTX-00090492

Carl Schweber

```
 1                    MR. BREMER:   Objection to form.
 2                    THE WITNESS:   Yes.
 3         Q.   BY MR. WANG:   And do you stand by that
 4   testimony?
 5         A.   Yes.
 6         Q.   Do you recall, in your earlier deposition, you
 7   testified that, in your investigation, you recalled
 8   there being financial difficulties or a bankruptcy with
 9   the prior assignees and that that was, quote, The kind
10   of information you would have elicited, end quote?
11         A.   Yes.
12                    MR. BREMER:   Objection to form.
13         Q.   BY MR. WANG:   And do you stand by that
14   testimony?
15         A.   Yes.
16         Q.   Do you recall, in your earlier deposition, you
17   testified that, as part of your investigation, you would
18   have reviewed the prosecution histories and, quote,
19   Would have done some outside research, at least, end
20   quote?
21                    MR. BREMER:   Same objection to form.
22                    THE WITNESS:   Yes.   That would be my
23   practice.
24         Q.   BY MR. WANG:   And do you stand by that
25   testimony?
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
XR-EDTX-00090493

Carl Schwedler

```
 1        A.   Yes, that would be my practice.
 2        Q.   Do you recall that, in your earlier deposition,
 3   you testified that, when you were preparing the revival
 4   petitions, if you needed more information about the
 5   applications or for the revival petitions, quote,
 6   Anything relevant would have been communicated through
 7   the managing partner of the case who is your colleague
 8   at Bullivant?
 9             Do you recall that?
10        A.   Yes.
11             MR. BREMER:   Objection to form.
12        Q.   BY MR. WANG:   Do you stand by that testimony?
13        A.   Yes.
14        Q.   Do you recall, in your earlier deposition, you
15   testified that you would have received factual
16   information from your colleague at Bullivant but made
17   your own conclusions about prosecution practice?
18             MR. BREMER:   Objection to form.
19             THE WITNESS:   Yes.
20        Q.   BY MR. WANG:   Do you stand by that testimony?
21        A.   Yes.
22        Q.   In the course of working on the prosecutions
23   we've talked about today and submitting the revivals for
24   petition, did anyone pressure you to make those
25   statements to the patent office?
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY    XR-EDTX-00090494

```
1                 MR. BREMER:  Objection to form.
2                 THE WITNESS:  No, no.
3        Q.   BY MR. WANG:  Did anyone pressure you to
4   mislead or deceive the patent office?
5        A.   No.
6                 MR. BREMER:  Same objection.
7        Q.   BY MR. WANG:  Did anyone pressure you to fail
8   to conduct a reasonable investigation?
9        A.   No.
10                MR. BREMER:  Objection to form.
11       Q.   BY MR. WANG:  In your work on the prosecution
12  of the applications and submitting revival petitions,
13  did you have any motive to deceive or mislead the patent
14  office?
15       A.   No.
16       Q.   In your work on the prosecution of the
17  applications and submitting the revival petitions, did
18  you have any motive to violate your duty of reasonable
19  investigation?
20       A.   No.
21       Q.   Mr. Schwedler, I want to ask a little bit about
22  your background.
23            I believe in your earlier deposition, you
24  testified that you started practicing prosecution in the
25  1990s; is that correct?
```

XR Communications, LLC v. Cisco Systems, Inc., et al.
Focus Litigation Solutions

Page: 69

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

XR-EDTX-00090495

1     A.  Yes.

2     Q.  Do you -- do you recall when you first became a
3  member of the patent bar or started working on
4  prosecution?

5     A.  Early '90s, 1993 maybe.  '92, '93.

6     Q.  The 1992 to 1993 time frame?

7     A.  Yeah.  Somewhere in there.

8     Q.  And you -- you testified in your earlier
9  deposition that you've never been found to have
10 committed inequitable conduct before the patent and
11 trademark office; is that correct?

12    A.  Yes, that is my understanding.

13    Q.  And I also believe Mr. Schwedler, you testified
14 that you had to stop practicing law because of
15 Parkinson's Disease --

16    A.  Yes.

17    Q.  -- is that correct?

18    A.  Yes.

19    Q.  And that was in around 2015, correct?

20    A.  Yeah.  Probably.  I mean, it's difficult --
21 it's difficult to tell when it kicks in.  It's --
22 diagnosis isn't the start of it.  I think that's when I
23 was diagnosed.

24    Q.  I think, in your earlier deposition, you
25 testified that around 2013, your Parkinson's Disease

XR Communications, LLC v. Cisco Systems, Inc., et al.
Focus Litigation Solutions
Page: 70

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

XR-EDTX-00090496

```
 1  on all parties and/or the witness shown herein on
 2  _____;
 3          I further certify that pursuant to FRCP Rule
 4  30(f)(1) that the signature of the deponent:
 5          __X__ was requested by the deponent or a part
 6  before the completion of the deposition and that the
 7  signature is to be before any notary public and returned
 8  within 30 days from the date of receipt of the
 9  transcript.  If returned, the attached Changes and
10  Signature Page contains any changes and the reasons
11  therefore:
12          _____ was not requested by the deponent or a
13  part before the completion of the deposition.
14          I further certify I am neither counsel for,
15  related to, nor employed by any of the parties or
16  attorneys in the action in which this proceeding was
17  taken, and further that I am not financially or
18  otherwise interested in the outcome of the action.
19          Certified to by me this 8th day of December,
20  2022.
21
22
23                          _____
                            Nicole A. Hatler, Texas CSR 11275
24                          Expiration Date:  11/30/22
                            NHatler@Ymail.com
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

XR-EDTX-00090513