# Exhibit 30

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

CASE NO. 8:17-CV-00596-DOC (LEAD)

_____

XR COMMUNICATIONS, LLC, d/b/a VIVATO TECHNOLOGIES,

    Plaintiff,

vs.

D-LINK SYSTEMS, INC., et al.,

    Defendants.

_____

VIDEO DEPOSITION OF

NICHOLAS GODICI

Conducted Remotely

Friday, August 26, 2022

10:02 PT

_____

Reported by: Elisabeth A. Lorenz: RMR, CRR

Job No. SY005599

TransPerfect Legal Solutions
212-400-8845 - Depo@TransPerfect.com

**RESTRICTED - ATTORNEYS' EYES ONLY**

XR-EDTX1-00054314

Page 162

1  fact after reviewing the -- the facts in this case.
2  Q      Thank you.
3         Going back to the heading of Subsection E,
4  do you believe that the determination of whether the
5  abandonment of the applications was intentional and
6  the revival is improper is a legal conclusion?
7              MR. MARANDOLA:  Objection, compound.
8              THE WITNESS:  Could you tell me what --
9  which heading you're referring to?
10 BY MR. WANG:
11 Q      Subsection E, it refers to if it determines
12 that the abandonment of the '329, '860, and '342
13 applications was intentional, the revival was
14 improper?
15 A      And the question is again?  I'm sorry.
16 Q      My question is, do you believe that
17 determination of whether the applications were
18 intentionally abandoned or that a revival was
19 improper is a legal conclusion?
20             MR. MARANDOLA:  Objection to the form.
21             THE WITNESS:  Well, as I state in this
22 paragraph, it's my understanding that the trier of
23 fact will make that determination.  The trier of
24 fact knows the law.  I don't -- I'm not attempting
25 to instruct the -- the court on the law.  The court

TransPerfect Legal Solutions
212-400-8845 - Depo@TransPerfect.com

RESTRICTED - ATTORNEYS' EYES ONLY

XR-EDTX1-00054475

knows the law.

My job here is to explain what happened during the prosecution, what happened during the abandonment and then subsequent revivals, and what the Patent Office requires in terms of the -- of the -- of their rules and -- and what the Patent Office considers to be intentional and unintentional. And then -- in that background, I understand that the court will make the final determination of whether or not the revivals were proper or improper.

BY MR. WANG:

Q Can you read the remainder of paragraph 284 to yourself?

A Okay.

Q And in the second-to-last sentence, you say that: If it is determined that Schwelder and/or Burke failed to make the required inquiry and the statement to the PTO that the delay was unintentional is false, such would be a violation of the duty of candor, and the revival of the applications would have been improper.

Do you see that?

A Yes.

Q You don't offer any opinion that the revival

```
 1   petitions made by Mr. Schwedler and Mr. Burke
 2   contain statements that were knowingly false, do
 3   you?
 4   A       Well, we don't have a statement from
 5   Schwelder or Burke that says, Hey, I knew -- I knew
 6   that was intentional, but I told the Patent Office
 7   it was unintentional.  We don't have that statement
 8   from either Schwelder or Burke.
 9           But what we do have -- that's why we have
10   the duty of candor, the duty of disclosure, and the
11   duty of reasonable inquiry.
12           In other words, they are obligated to go
13   find out what the facts are.  And if they don't find
14   out the real facts, then they're -- they can't make
15   that statement to the Patent Office that the entire
16   delay was unintentional.  They're -- in other words,
17   they're making a -- a positive statement to a
18   government agency that, based on their
19   investigation, the abandonment was unintentional.
20           And if, in fact, the facts show that --
21   otherwise and that the statement is false, that's
22   improper.  And if the Patent Office knew that it was
23   improper, the Patent Office would have never revived
24   those patent applications.
25   Q       Do you recall in Mr. Schwedler and
```

**RESTRICTED - ATTORNEYS' EYES ONLY**

XR-EDTX1-00054477

Page 165

1  Mr. Burkes' depositions that they maintained their
2  belief that the abandonments were unintentional?
3  A      They may have -- they may have stated that,
4  you know, in -- in some kind of a redirect of
5  questioning by their own attorney.
6         But -- I'm looking at -- I'm looking at what
7  the evidence shows, okay?  And -- and my point being
8  this:  The evidence shows that -- that Brooks was
9  not being paid and that -- and that they suddenly
10 decided not to pay him, for some reason.  And Brooks
11 withdrew, and the applications went abandoned.
12        And then when -- a year later, when they
13 were petitioned to revive, there's no indication
14 that -- that investigation occurred correctly into
15 the facts and circumstances.  And it will be up to
16 the court to -- to go through the testimony and
17 possibly hear more testimony.
18        But if, in fact, the investigation wasn't
19 done properly and the facts weren't uncovered, then
20 it would have been an improper statement to the
21 Patent Office and an improper revival.
22 Q      I understand that, Mr. Godici.
23        In paragraph 284 you refer to:  Such would
24 be a violation of the duty of candor.  And you also
25 say there, "failed to make the required inquiries,"

TransPerfect Legal Solutions
212-400-8845 - Depo@TransPerfect.com

RESTRICTED - ATTORNEYS' EYES ONLY

XR-EDTX1-00054478

Page 166

1  so I understand that.
2          But my question is -- I want to confirm, you
3  don't assert or offer an opinion that Mr. Schwedler
4  or Mr. Burke made knowingly false statements to the
5  PTO in the revival petitions, correct?
6          MR. MARANDOLA:  Objection.  Asked and
7  answered.
8          THE WITNESS:  Well, again, we don't
9  have testimony that they -- that they had some
10 knowledge or document that said it was intentional,
11 and then decided to tell the Patent Office that it
12 was unintentional.
13         But what we have is the PTO requirement
14 that they do an investigation, and to do an
15 investigation into the facts and circumstances of
16 why the patent applications went abandoned.
17         So they -- you know, they -- without
18 that investigation, they can't make that
19 conclusionary statement to the Patent Office that
20 the entire delay was unintentional without digging
21 into the reasons why and investigating the reasons
22 why.  That's -- that's what the Patent Office
23 requires.  That's what I'm trying to convey here for
24 the court.
25

**RESTRICTED - ATTORNEYS' EYES ONLY**

XR-EDTX1-00054479

Page 167

```
 1   BY MR. WANG:
 2   Q       Generally, Mr. Godici, a finding of
 3   inequitable -- inequitable conduct is made against
 4   patent prosecutors, correct?
 5   A       Well, anybody with the duty of candor and
 6   duty of disclosure, it's possible they may violate
 7   that duty of candor and duty of disclosure.
 8   Q       Just generally speaking, how would an
 9   applicant violate that duty of candor or disclosure,
10   compared to the prosecuting attorney, for example?
11   A       Well, I mean, there are situations where
12   I -- I mean, do you want me to go into
13   hypotheticals?
14           But it's possible that a patent applicant
15   may know a prior art or may have sold the invention
16   more than one year prior to the application date, or
17   some other fact that would render the patent
18   invalid, and that would be -- that would be required
19   to be conveyed to the Patent Office.  And that's one
20   way that a patent applicant, particularly an
21   inventor or a corporate person, you know, could
22   violate the duty of candor.
23   Q       But other than, perhaps, power of attorneys,
24   the -- the applicant does not submit papers in a
25   prosecution, correct?
```

RESTRICTED - ATTORNEYS' EYES ONLY

XR-EDTX1-00054480

Page 187

1          CERTIFICATE OF SHORTHAND REPORTER

2

3               I, ELISABETH A. LORENZ, Registered

4   Merit Reporter and Certified Realtime Reporter, the

5   officer before whom the foregoing deposition was

6   taken, do hereby certify that the foregoing

7   transcript is a true and correct record of the

8   testimony given; that said testimony was taken by me

9   stenographically and thereafter reduced to

10  typewriting under my direction; that reading and

11  signing was not requested; and that I am neither

12  counsel for, related to, nor employed by any of the

13  parties to this case and have no interest, financial

14  or otherwise, in its outcome.

15               IN WITNESS WHEREOF, I have hereunto set

16  my hand this 1st day of September, 2022.

17

18

19          _____

20          ELISABETH A. LORENZ

21          NCRA Registered Merit Reporter

22          NCRA Certified Realtime Reporter

23

24

25

TransPerfect Legal Solutions
212-400-8845 - Depo@TransPerfect.com

RESTRICTED - ATTORNEYS' EYES ONLY

XR-EDTX1-00054500