# Exhibit 13

RECV'D 08 NOV 19 15:56 USDC-ORP

FILED 08 NOV 19 16:28 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| AEQUITAS EQUIPMENT FINANCE, LLC, an Oregon limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>VIVATO NETWORKS, INC, a Delaware corporation, and VIVATO NETWORKS HOLDINGS, INC., a Delaware corporation,<br><br>    Defendants. | Civil No.: 3:08-CV-00750-AC<br><br>**ORDER OF JUDGMENT** |
| VIVATO NETWORKS HOLDINGS, INC., a Delaware corporation,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>CATCHER HOLDINGS, INC., a Delaware corporation,<br><br>    Third-Party Defendant. | |

/////

Bullivant|Houser|Bailey PC
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

ORDER OF JUDGMENT
Page 1

## I. ORDER OF SUMMARY JUDGMENT ON PLAINTIFF AEQUITAS' CLAIMS AGAINST VNH

On October 6, 2008, counsel for the parties appeared before the Court on plaintiff Aequitas Equipment Finance, Inc.'s ("Aequitas") Motion for Summary Judgment on its claims for breach of contract, declaratory judgment, and judicial foreclosure against defendant Vivato Networks Holdings, Inc ("VNH"), an Oregon corporation.[1] The Court, being advised of all pertinent matters, grants Aequitas' Motion for Summary Judgment and orders as follows:

    A.    That summary judgment on Aequitas' claim for breach of contract against defendant VNH is entered in Aequitas' favor and against VNH for an award in the amount owed under the Business Loan Agreement and Promissory Note applicable to this case, an award of attorney fees and costs as permitted under the contracts applicable to this case, and an award of prejudgment interest and post-judgment interest as allowed by law;

    B.    VNH may object to the amount of Aequitas' attorney fees and costs pursuant to Fed. R. Civ. P. 54;

    C.    That summary judgment declaring the validity of Aequitas' primary security interest in the collateral described in Aequitas' Second Amended Complaint (the "Collateral") and VNH's secondary security interest in the Collateral is entered in Aequitas' favor and against VNH; and

    D.    That summary judgment on Aequitas' claim for judicial foreclosure is granted in Aequitas' favor and against VNH and that Aequitas' lien on the Collateral be foreclosed in the manner prescribed by law (including but not limited to its obligation to sell the Collateral in a commercially reasonable manner), that VNH may become a purchaser at the sale, and

---

[1] Vivato Networks Holdings, Inc. ("VNHI") is inadvertently identified in the caption as a Delaware corporation. The parties hereto stipulate that VNHI is for all purposes an Oregon corporation and all actions herein shall be deemed to be against VNHI, an Oregon corporation, and that service is and was effective as against VNHI, an Oregon corporation.

Bullivant|Houser|Bailey PC
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

ORDER OF JUDGMENT
Page 2

that the proceeds of the sale shall be applied as follows:

    1.    First, to the satisfaction of Aequitas' judgment referenced above;

    2.    Second, the balance to VNH.

## II. ORDER OF ENTRY OF DEFAULT AND DEFAULT JUDGMENT ON PLAINTIFF AEQUITAS' CLAIMS AGAINST VNI.

On October 20, 2008, plaintiff Aequitas filed a Motion for Order of Default and Judgment of Default against defendant Vivato Networks, Inc. ("VNI"). The Court, being advised of all pertinent matters, grants Aequitas' Motion for Order of Default and Judgment of Default and orders as follows:

    A.    That an order of default is entered against VNI and in favor of Aequitas on Aequitas' claims for breach of contract and judicial foreclosure;

    B.    That default judgment is entered for Aequitas and against VNI on Aequitas' claim for breach of contract for an award in the amount owed under the Business Loan Agreement and Promissory Note applicable to this case, an award of attorney fees and costs as permitted under the contracts applicable to this case, and an award of prejudgment interest and post-judgment interest as allowed by law;

    C.    That default judgment is entered for Aequitas and against VNI on Aequitas' claim for judicial foreclosure and that Aequitas' lien on the Collateral be foreclosed in the manner prescribed by law (including but not limited to its obligation to sell the Collateral in a commercially reasonable manner), that VNH may become a purchaser at the sale, and that the proceeds of the sale shall be applied as follows:

    1.    First, to the satisfaction of Aequitas' judgment referenced above;

    2.    Second, the balance to VNH.

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

ORDER OF JUDGMENT
Page 3

## III. ORDER OF DEFAULT AND DEFAULT JUDGMENT ON VNH'S CLAIMS AGAINST VNI AND CATCHER.

On October 27, 2008, VNH filed a Motion for Entry of Default and Judgment of Default against third-party defendant Catcher Holdings, Inc. ("Catcher") on VNH's third-party claims. On November 18, 2008, VNH filed a Motion for Entry of Default and Judgment of Default against VNI on VNH's cross-claims against VNI. The Court, being advised of all pertinent matters, grants VNH's Motion for Entry of Default and Judgment of Default and orders as follows:

A. That an order of default is entered against VNI and Catcher and in favor of VNH on VNH's claims for declaratory judgment;

B. That default judgment is entered against VNI and Catcher and in favor of VNH on VNH's claims for declaratory judgment, and the Court declares as follows:

1. That Catcher and VNI do not hold any right, title, or interest in the Collateral;

2. That VNH is entitled to a distribution of all excess funds upon the sale of the Collateral and beyond payment to Aequitas under the Note and associated loan documents, the Patent License Agreement, the Patent Purchase Agreement, the Consent, and the Amendment to Patent Purchase Agreement identified in VNH's Answer and Affirmative Defenses to Second Amended Complaint, Cross-claims, and Third Party Claims (respectively the "Note and associated documents," the "Patent License Agreement," the "PPA," the "Consent," and the "Amendment to PPA");

3. That VNH is legally entitled to trigger, and has triggered, all applicable default provisions under the Patent License Agreement, and Catcher's interest in the Collateral is terminated;

Bullivant|Houser|Bailey PC
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

ORDER OF JUDGMENT
Page 4

  4.  That VNH is and was entitled to priority over VNI and Catcher and all other entities in all or a portion of the Collateral (second only to Aequitas);

  5.  That VNH is entitled to any excess funds obtained by Aequitas as a result of the sale of all or any portion of the Collateral to satisfy the debt owed Aequitas; and

  6.  That the PPA, Consent, and Amendment to PPA were duly executed and authorized.

 C. That an order of default is entered against VNI and Catcher on VNH's claims for equitable subrogation;

 D. That a default judgment is entered against VNI and Catcher on VNH's claims for equitable subrogation, and the Court declares that VNH is entitled to be substituted for Aequitas for all of the rights, priorities, remedies, liens, and securities that Aequitas has as against Catcher and VNI vis-à-vis the Promissory Note and the Business Loan Agreement applicable to this case;

 F. That an order of default is entered against Catcher on VNH' claim for breach of contract; and

 G. That default judgment is entered against Catcher on VNH's claim for breach of contract for an award in the amount of the value of Collateral (to be ascertained after the Collateral is sold), the cost to VNH to prepare, file, prosecute, maintain, and enforce the Collateral, and VNH's reasonable attorneys' fees and costs in connection with the enforcement and interpretation of the Patent License Agreement, in amounts to be set forth in a supplemental judgment or judgments by VNH against VNI and Catcher.

 H. That any sale by VNH to any parties under the same or similar conditions as the PPA, as reinstated, amended or otherwise modified, or to any other third parties, are hereby deemed to be commercial reasonable and approved by this Court without further

Bullivant|Houser|Bailey PC
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

ORDER OF JUDGMENT
Page 5

action by this Court so long as there is written approval by Aequitas and VNH.

DATED this 19 day of November, 2008.

BY _____
Hon. Michael W. Mosman

Submitted by:

BULLIVANT HOUSER BAILEY PC

BY _____
David VanSpeybroeck, OSB #954440
Attorneys for Plaintiff Aequitas Equipment Finance

AMBROSE LAW GROUP LLC

BY _____
Christopher M. Ambrose, OSB #960344
Telephone: 503.467.7209
Attorneys for Defendant Vivato Networks Holdings, Inc.

10866944.1

Bullivant|Houser|Bailey PC
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

ORDER OF JUDGMENT
Page 6