# Exhibit 29

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>　　　　Plaintiff,<br>　v.<br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br>　　　　Defendants,<br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br>　　　　Intervenors. | Case No. 2:23-cv-00202-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

## **EXPERT REPORT OF NICHOLAS P. GODICI**

required by the PTO, he would have determined that at least a portion of the delay in fact resulted from a deliberate course of conduct, specifically the decision not to pay Brooks and not to hire another attorney to replace Brooks after he withdrew.

### E. If It Is Determined That the Abandonment of the '329 Application Was Intentional, the Revival Was Improper

240. As explained above, if the trier of fact determines, based on the evidence presented above, that a deliberate decision was made not to fund the prosecution of the above applications, then the revival of the applications was improper and would not have been granted if PTO was informed of such. That is, the PTO would not have granted the petitions to revive if it was aware that Sidley chose not to pay Mr. Brooks or anyone else to respond to the PTO Office Actions. Further, the duty of candor and the duty of reasonable inquiry into the circumstances that lead to the abandonment of the applications required **Schwedler** and **Burke** to make such an inquiry. If it is determined that **Schwedler** and/or **Burke** failed to make the required inquiry and the statement to the PTO that the delay was unintentional was false, such would be a violation of the duty of candor and the revival of the applications would have been improper. I understand that patents have been held unenforceable in such a circumstance.

241. If the revival of the '329 application was improper, then the '329 application would have remained abandoned and no subsequent patents could have been filed as continuation or divisional applications of the '329 application. *See* 35 U.S.C. § 120 (subsequent applications claiming the benefit of earlier applications must be filed "during the pendency of the [earlier] application"). Therefore, subsequent divisional and continuation applications based on the '329 application could not have been filed, and the '235 patent would not have issued.[19]

242. In addition, I also understand that, under the doctrine of infectious

---

[19] *See Lumenyte Corp.*, 1996 WL 383927, at *1 (holding three patents unenforceable based on inequitable conduct in prosecuting the ultimate parent application).

60

unenforceability, if a family member patent is found unenforceable, the inequitable conduct can infect other family members if the inequitable conduct at issue bears and immediate and necessary relation to the enforcement of the related patent.[20]

243. Under PTO rules and procedures, each individual associated with the filing and prosecution of an application has a duty of candor when dealing with the PTO. 37 CFR § 1.56(a). Additionally, any statement presented to the PTO must be true after an inquiry reasonable under the circumstances. 37 CFR § 11.18. In this case, at least **Sidley**, **Schwedler**, **Burke**, and **Zajac** owed a duty of candor to the PTO relative the prosecution of the Asserted Patents. The filing of knowingly false unintentional delay statements in petitions to revive and/or failure to make a reasonable inquiry as to the truthfulness of such statements would be a violation of the PTO duty of candor and reasonable inquiry requirements.

Dated: April 25, 2025

*Nicholas P. Godici* (signature)

Nicholas P. Godici

---

[20] *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804 (Fed. Cir. 1990).