# EXHIBIT I

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**EXHIBIT 5**
Witness: C. Schwedler
Date: 12-5-22
Stenographer: Nicole Hatler, TX CSR # 11275

**BULLIVANT HOUSER BAILEY PC**
**1415 L STREET**
**SUITE 1000**
**SACRAMENTO CA 95814**

COPY MAILED

DEC 2 2 2009

OFFICE OF PETITIONS

In re Application of
Bobby JOSE et al.
Application No. 10/700,342
Filed: November 03, 2003
Attorney Docket No. **29988/40000**

: DECISION ON PETITION

This is a decision on the petition under the unintentional provisions of 37 CFR 1.137(b), filed October 30, 2009, to revive the above-identified application.

The petition is **GRANTED**.

The application became abandoned for failure to reply in a timely manner to the Restriction Requirement, mailed April 03, 2008, which set a shortened statutory period for reply of one (1) month or thirty (30) days (whichever is later). No extensions of time under the provisions of 37 CFR 1.136(a) were obtained. Accordingly, the application became abandoned on May 04, 2008.

The petition satisfies the requirements of 37 CFR 1.137(b) in that petitioner has supplied (1) the reply in the form of an election, (2) the petition fee of $810, and (3) a proper statement of unintentional delay. Accordingly, the reply to the restriction requirement of April 03, 2008 is accepted as having been unintentionally delayed.

An extension of time under 37 CFR 1.136 must be filed prior to the expiration of the maximum extendable period for reply. See In re Application of S., 8 USPQ2d 1630, 1631 (Comm'r Pats. 1988). Since the $555 extension of time fee submitted with the petition on October 30, 2009 was subsequent to the maximum extendable period for reply, this fee is unnecessary and will be credited to petitioner's deposit account.

It is not apparent whether the person signing the statement of unintentional delay was in a position to have firsthand or direct knowledge of the facts and circumstances of the delay at issue. Nevertheless, such statement is being treated as having been made as the result of a

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

XR-EDTX-00090558
XR-EDTX-00090558

reasonable inquiry into the facts and circumstances of such delay. See 37 CFR 10.18(b) and Changes to Patent Practice and Procedure; Final Rule Notice, 62 Fed. Reg. 53131, 53178 (October 10, 1997), 1203 Off. Gaz. Pat. Office 63, 103 (October 21, 1997). In the event that such an inquiry has not been made, petitioner must make such an inquiry. If such inquiry results in the discovery that it is not correct that the entire delay in filing the required reply from the due date for the reply until the filing of a grantable petition pursuant to 37 CFR 1.137(b) was unintentional, petitioner must notify the Office.

Telephone inquiries concerning this decision should be directed to Tredelle Jackson at (571) 272-2783.

This application is being referred to Technology Center AU 2419 for appropriate action on the concurrently filed amendment.

Ramesh Krishnamurthy
Petitions Examiner
Office of Petitions

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

XR-EDTX-00090559
XR-EDTX-00090558