IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC.; AT&T MOBILITY LLC; and AT&T CORP,<br><br>Defendants. | Case No. 2:23-cv-00202-JRG-RSP<br><br>**LEAD CASE** |

**VIVATO'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WRITTEN DESCRIPTION FOR THE '235 PATENT (DKT. 159)**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 1

II.  RESPONSE TO DEFENDANTS' STATEMENT OF ISSUES ......................................... 1

III. RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND STATEMENT OF FACTS CREATING A GENUINE ISSUE ................................................................................................................ 1

IV.  DEFENDANTS' MOtion Should Be Denied ................................................................ 2

    A.  Legal Standard .................................................................................................... 2

    B.  Defendants' Motion Should Be Denied at Least Because It Fails to Consider the Teachings of the Provisional Application ......................................... 3

    C.  Genuine Issues of Fact Preclude Summary Judgment on Written Description of "determin[ing] a set of weighting values" Based on the "first signal information" and "second signal information" from The Same "remote station" ...................................................................................... 5

    D.  Genuine Issues of Fact Preclude Summary Judgment on Written Description of Receiving a "first signal transmission" and "second signal transmission" from the "same remote station" "simultaneously" ........................................................................................................ 6

    E.  Genuine Issues of Fact Preclude Summary Judgment on Written Description Concerning "determin[ing] a set of weighting values" Based on the "first signal information" that Comprises One of the Enumerated Types of Information in Claim 15 ...................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*AAT Bioquest, Inc. v. Texas Fluorescence Labs.*, Inc.,
  No. 14–cv–03909–DMR, 2015 WL 1738402 (N.D. Cal. Apr. 13, 2015) .................................. 4

*Centrak, Inc. v. Sonitor Techs, Inc.*,
  915 F.3d 1360 (Fed. Cir. 2019) ................................................................................................ 2

*Cordis Corp. v. Medtronic AVE Inc.*,
  339 F.3d at 1352 (Fed. Cir. 2003) ............................................................................................ 3

*Headwater Research LLC v. Samsung Electronics Co.*,
  Case No. 2:23-CV-103-JRG-RSP, Dkt. No. 365 (E.D. Tex. April 1, 2025) ............................ 3

*Intirtool, Ltd. v. Texar Corp.*,
  369 F.3d 1289 (Fed. Cir. 2004) ................................................................................................ 2

*Koito Mfg. Co., Ltd. v. Turn–Key–Tech, L.L.C.*,
  381 F.3d 1142 (Fed. Cir. 2004) ................................................................................................ 3

*Trustees of Columbia University in City of New York v. Symantec Corp.*,
  811 F.3d 1359 (Fed. Cir. 2016) ................................................................................................ 3

*Vas-Cath Inc. v. Mahurkar*,
  935 F.2d 1555 (Fed. Cir. 1991) ................................................................................................ 3

I. **INTRODUCTION**

Defendants[1] cannot meet their burden of showing no genuine issue that claims 1 and 15 of the '235 Patent lack written description by clear and convincing evidence. Their motion is based entirely on the conclusory testimony of Defendants' expert Dr. Negus who failed to consider the full disclosure of the specification in rendering his opinions. Specifically, Dr. Negus ignored whether the provisional application—incorporated by reference into the '235 Patent— *in combination* with the specification provided written description support for the claims. Indeed, Defendants do not even attach the provisional to their motion or discuss its contents. As a result, Dr. Negus's assertion is unreliable and incorrect. At a minimum, the provisional creates a genuine dispute on the factual issue of written description that precludes summary judgment.

Moreover, even without the Provisional, Defendants arguments ignore clear specification support for the claims, improperly seek to limit the disclosure based on how the preferred embodiments operate, or are disguised (and untimely), claim construction arguments.

II. **RESPONSE TO DEFENDANTS' STATEMENT OF ISSUES**

Whether Defendants have shown by clear and convincing evidence that there is genuine issue of fact that the '235 Patent lacks written description for claims 1 and 15.

III. **RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND STATEMENT OF FACTS CREATING A GENUINE ISSUE**

Defendants' "Statement of Undisputed Facts" ignores the fact that their expert, Dr. Negus, failed to consider the whether the '235 Patent *in combination* with U.S. Provisional Appl. No. 70/423,660 ("Provisional"), to which the '235 Patent claims priority and incorporates by reference,

---

[1] "Defendants" refers collectively to all Defendants and Intervenors, i.e., Defendants AT&T Corp., AT&T Mobility LLC, and AT&T Services, Inc. (AT&T"), Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless ("Verizon"), T-Mobile USA, Inc. ("T-Mobile"); and Intervenors Ericsson Inc. ("Ericsson") and Nokia of America Corporation ("Nokia").

1

provides written description support for the claims. Instead, he only considered whether the Provisional and '235 specification *separately* provided support for the claims. Ex. 2, ¶¶ 2328-2352. The Provisional, which Defendants did not attach to the motion, is attached hereto as Ex. A. Relevant citations providing genuine issues of fact as to written description are provided below.

Likewise, while Defendants cite the '235 Patent specification (and the citations themselves are undisputed), they mischaracterize the citations or failed to cite relevant provisions concerning written description. Additional citations to the '235 Patent specification creating a genuine issue of fact are identified below.

In response to Defendants' contention that "XRs response to … Interrogatories did not identify any specific portions of the '235 Patent as providing written description support," Motion at 1, Plaintiff notes that Defendants' invalidity contentions identified every limitation of the '235 Patent as lacking written description. Ex. B at 175-183. Plaintiff offered to supplement its responses upon receiving a narrowed list from Defendants and Defendants declined. Ex. 4 at 16-17. Plaintiff did not waive the opportunity to further respond, including with expert testimony, if Defendants ever articulated a written description theory for which they bear the burden. If any party has waived written description arguments, it is Defendants.

### IV.   DEFENDANTS' MOTION SHOULD BE DENIED

#### A.   Legal Standard

Defendants must prove lack of written description by clear and convincing evidence. *Intirtool, Ltd. v. Texar Corp.*, 369 F.3d 1289, 1294 (Fed. Cir. 2004) (reversing finding of lack of written description). Moreover, "[t]he issue of whether a claimed invention satisfies the written description requirement is a question of fact." *Centrak, Inc. v. Sonitor Techs, Inc.*, 915 F.3d 1360, 1365 (Fed. Cir. 2019) (vacating summary judgment of lack of written description).

The written description requirement is satisfied where the specification conveys that "as of the filing date sought, [the inventor] was in possession of *the invention*." *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1564 (Fed. Cir. 1991). "There is no requirement that a specification disclose the exact words of the claim." *Headwater Research LLC v. Samsung Electronics Co.*, Case No. 2:23-CV-103-JRG-RSP, Dkt. No. 365 at 5 (E.D. Tex. April 1, 2025) (denying summary judgment of no written description). *See also Koito Mfg. Co., Ltd. v. Turn–Key–Tech, L.L.C.*, 381 F.3d 1142, 1154 (Fed. Cir. 2004) ("The disclosure originally filed does not ... have to provide in haec verba support for the claimed subject matter at issue."). Instead, the requirement is met where "'the patent disclosure provides ample support for the breadth of the term [and] does not "unambiguously limit[ ]" the meaning of [the term].'" *Cordis Corp. v. Medtronic AVE Inc.*, 339 F.3d at 1352, 1365 (Fed. Cir. 2003).

**B.     Defendants' Motion Should Be Denied at Least Because It Fails to Consider the Teachings of the Provisional Application**

The '235 incorporates the Provisional "by reference in its entirety." '235 patent at 1:6–16. The Provisional is 237 pages and contains appendices describing the "Little Joe" device as part of the application. Ex. A. Defendants' Motion makes, at most, only passing reference to disclosure of the Provisional. SUF ¶¶ 26-28. Because Defendants and their expert fail to consider the teaching of the Provisional in combination with the '235 Patent specification, as it relates to written description, their motion cannot demonstrate clear and convincing evidence of invalidity.

"[P]rovisional applications incorporated by reference are 'effectively part of the' specification as though it was 'explicitly contained therein.'" *Trustees of Columbia University in City of New York v. Symantec Corp.*, 811 F.3d 1359, 1365–66 (Fed. Cir. 2016). Such provisionals are part of the specification and considered to be "the patent's description of the invention." *Id.* (A POSITA could and would rely on disclosures of a provisional application to assess written

3

description support. *See AAT Bioquest, Inc. v. Texas Fluorescence Labs.*, Inc., No. 14–cv–03909–DMR, 2015 WL 1738402, at *5–7 (N.D. Cal. Apr. 13, 2015) (denying defendant's motion for summary judgment of no written description based in part on the provisional and crediting patentee's expert testimony regarding the same.

Defendants' motion fails because it does not analyze the contents of the Provisional, much less show why its teaching, in combination with the '235 specification, does not demonstrate that the inventors had possession of the invention being claimed. Indeed, and tellingly, Defendants do not even attach the Provisional to their Motion. Instead, Defendants' expert only opines that the Provisional *alone* does not show "that applications were possession of an invention that recites" the limitations of claim 1 and 15. Ex. 2, ¶¶ 2332, 2333. Defendants assert that "Dr. Negus expressly discussed the portions of the specification that could be relevant to the claim language, and explained in detail how they did not disclose the challenged claim limitations." Mot. at 10. However, the cited paragraphs (2341-48) do not reference the Provisional at all, let alone in combination with the remainder of the specification.

Defendants take issue with the fact that Plaintiff's expert, Dr. Cooklev does not provide any citations to the provision that provide written description disclosure." Mot. at 10. This argument ignores that Defendants bear the complete burden on invalidity. Moreover, a plain reading of the specification clear shows relevant disclosure for each of the limitations Defendants challenge in this motion. For example, the Provisional provides clear disclosure of the "simultaneous" disclosure a first and second signal transmission:

4



Ex. A at 178-79. Likewise, calculating weighted values is discussed throughout the provisional including in the source code. *Id.* at 68, 69, 140-142, 150-151. Similarly, transmit power lever, data transmit rate (data rate), antenna direction, quality of service data, and timing data are also discussed extensively. *Id.* at 18, 20, 37, 39, 40, 41, 48, 71, 97, 123,121, 122, 128, 130, 132, 145, 163, 165, 171, 229. The relevant disclosures are highlighted in Exhibit A attached hereto, and they alone show genuine issues of fact precluding summary judgment.

    **C.**    **Genuine Issues of Fact Preclude Summary Judgment on Written Description of "determin[ing] a set of weighting values" Based on the "first signal information" and "second signal information" from The Same "remote station"**

Defendants' claim that "the '235 Patent never discloses determining weighting values based on two received signals" is simply false. Mot. at 8. For example, the patent teaches, with respect to Figure 12, that "Communication and/or data transfers *signals* are received from *sources* 1202 (e.g., *sources* A and B). The *signals* received from *sources* 1202 are considered desired *signals*...." '235 Patent at 24:25-30 (emphasis added). As shown, the signals and sources are plural—meaning more than one. The patent then teaches how to "determine a set of weighting values" based on the multiple signals from different source. *See id* at 24:34-25:30 ("the routing table includes stored weighting values (w) each associated with a particular signal"; "a polynomial

5

expansion … can be utilized to establish the values of wights ($w_i$) to be applied to a weight vector."). Thus, using more than one signal to calculating weighting values is clearly disclosed.

Defendants' complaint that the "'235 patent never discloses determining weighting values based on two received signals, because it discloses that all the weighting values must be changed when there is any change in the pattern, i.e., whenever a new signal is received" is without merit. Mot. at 8. The portion of the specification Defendants rely on for this example only concerns an "illustrative example" that happens "in general," not in every embodiment. '235 Patent at 25:1-30. Moreover, the claims require "determin[ing] a *set* of weighting values based on the first signal information and second signal information." Thus, if each of the first and second signals were afforded their own weighting value, this would still satisfy the limitation as they would collectively be a "set." Defendant's Motion should be denied.

### D.     Genuine Issues of Fact Preclude Summary Judgment on Written Description of Receiving a "first signal transmission" and "second signal transmission" from the "same remote station" "simultaneously"

Defendants' claim that "the '235 Patent never discloses receiving two transmissions from the same remote station simultaneously" is similarly without merit. Mot. at 8. As discussed above, the Provisional provides direct written description support for sending and receiving multiple simultaneous transmissions. Ex. A at 178-79. While the Provisional discussed sending and receiving simultaneous transmission to two different end user devices (remote stations), is it at least genuine issue of fact as to whether a POSITA would understand that the teaching would apply to two signals from the same device. Defendants' expert Dr. Negus offers no opinion or explanation that a POSITA would not (and even if he did, this motion would still fail).

Moreover, the '235 Patent specification alone provides written description support. It discusses the "simultaneous" transmission and receipt of "signal*s*," plural, not just the simultaneous transmission and receipt of one signal as Defendants content. '235 Patent at 3:47-52

6

("An increase in communication range is achieved by beamforming directed communication beams which *simultaneously transmit directed signals and receive communication signals* from different direction via receive and transmit beam-forming networks."). Such teaching plainly shows that the inventors were possession of the invention.

      **E.    Genuine Issues of Fact Preclude Summary Judgment on Written Description Concerning "determin[ing] a set of weighting values" Based on the "first signal information" that Comprises One of the Enumerated Types of Information in Claim 15**

Defendants' final argument concerning the enumerated information in claim 15, is not a written description argument, but a disguised and belated claim construction argument. Defendants' Motion does not contest that the '235 Patent provides written description support for enumerated types of information in Claim 15: "a transmit power level, a data transmit rate, an antenna direction, quality of service data, or timing data." Mot. at 8-9. Indeed, Dr. Negus concedes written description support is provided for each of the enumerated types of information. Ex. 4, ¶¶ 2346-47. Moreover, as discussed above, the Provisional along with the portions of the specification cited by Defendants clearly provides support for these enumerated types.

Defendants also do not contest that the '235 Patent provides written description support for "determine a set of weighted values." Mot. at 7-8. Defendants' contention that the '235 Patent does "suggest that these types of information are *used* to determine weighting values" simply misreads the claims. Mot. at 8. Nothing in the claim requires that the type of data changes the weighted value calculation. It only requires: (1) "the first signal information comprise" one of the enumerated values; and (2) "determin[ing] a set of weighting values based on the first signal information." Calculating the weighted value is agnostic to the type of information contained in the signal. Accordingly, Defendants' complaint lacks merit, and the Motion should be denied.

7

Dated: June 18, 2025

Respectfully submitted,
*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Adam Hoffman
CA State Bar No. 218740
Neil A. Rubin
CA State Bar No. 250761
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Philip Wang
CA State Bar No. 262239
Minna Jay
CA State Bar No. 305941
Paul Kroeger
CA State Bar No. 229074
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_vivato@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com


*Attorneys for Plaintiff,*
*XR Communications, LLC,*
*dba Vivato Technologies*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served through CM/ECF on June 19, 2025.

                                              */s/ Reza Mirzaie*
                                              Reza Mirzaie