# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS D/B/A VIVATO TECHNOLOGIES,<br><br>             Plaintiff,<br><br>     v.<br><br>AT&T SERVICES INC; AT&T MOBILITY LLC; and AT&T CORP.,<br>             Defendants. | Case No. 2:23-cv-00202-JRG-RSP<br><br>**LEAD CASE** |
| XR COMMUNICATIONS D/B/A VIVATO TECHNOLOGIES,<br><br>             Plaintiff,<br><br>     v.<br><br>VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br>             Defendants. | Case No. 2:23-cv-00203-JRG-RSP<br><br>**MEMBER CASE** |
| XR COMMUNICATIONS D/B/A VIVATO TECHNOLOGIES,<br><br>             Plaintiff,<br><br>     v.<br><br>T-MOBILE USA, INC.,<br>             Defendant. | Case No. 2:23-cv-00204-JRG-RSP<br><br>**MEMBER CASE** |

**DEFENDANTS' P.R. 3-3 AND 3-4 DISCLOSURES**

I.   **INTRODUCTION**

Pursuant to P.R. 3-3 and 3-4 and the Docket Control Order (Dkt. 40), Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp. (collectively, "AT&T"); Defendants

describe the claimed inventions in a manner understandable to one of ordinary skill in the art and fail to show that the listed inventors actually invented the claimed inventions. Accordingly, each of the Asserted Claims is invalid for lack of adequate written description under 35 U.S.C. § 112 ¶1.

In addition, Defendants contend that, at the time of XR's claimed priority date, the patent applications to which XR claims priority did not enable one of ordinary skill in the art to make and use the full scope of the claimed inventions without undue experimentation. Accordingly, each of the Asserted Claims is invalid for lack of enablement under 35 U.S.C. § 112 ¶1.

Defendants also contend that the Asserted Claims fail to particularly point out and distinctly claim the subject matter that the listed inventor regarded as his invention. Defendants contend that one of ordinary skill in the art would not understand the scope of each of the Asserted Claims when the claim is read in light of the specification. Accordingly, each of the Asserted Claims is invalid for indefiniteness under 35 U.S.C. § 112, ¶1.

Defendants contend that XR's apparent claim constructions render the Asserted Claims overly broad in scope and well beyond the purported inventions described in the Asserted Patents. XR is attempting to construe the Asserted Claims in an idiosyncratic manner that is entirely inconsistent with the written specification and prosecution history of the Asserted Patents as well as with the understanding of one of ordinary skill in the art at the time the applications that issued as the Asserted Patents were filed. These allegations are inconsistent with the plain language of the claims, the supporting description, and the prosecution history.

Defendant provides below an identification of terms in Asserted Claims that render the Asserted Claims, at least as apparently construed by XR in its Infringement Contentions as

175

discussed above, invalid pursuant to 35 U.S.C. § 112 as not enabled or lacking sufficient written description.

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| '235 Patent: Claim 1 | "a transceiver operatively coupled to the antenna and configured to transmit and receive electromagnetic signals using the antenna" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claims 1 and 15 | "a processor operatively coupled to the transceiver" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 1 | "a processor operatively coupled to the transceiver, the processor configured to: receive a first signal transmission from a remote station via the first antenna element and a second signal transmission from the remote station via the second antenna element simultaneously; determine first signal information for the first signal transmission; determine second signal information for the second signal transmission, wherein the second signal information is different than the first signal information; determine a set of weighting values based on the first signal information and the second signal | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims.<br><br>The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 2 because the claim does not distinctly and particularly point out the invention.<br><br>This claim limitation is subject to 35 U.S.C. § 112, ¶ 6, and is invalid under 35 U.S.C. § 112, ¶ 2 because the specification does not disclose corresponding structure linked to the claimed function. |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| | information, wherein the set of weighting values is configured to be used by the transceiver to construct one or more beam-formed transmission signals; cause the transceiver to transmit a third signal to the remote station via the antenna, the third signal comprising content based on the set of weighting values." | |
| '235 Patent: Claim 1 | "receive a first signal transmission from a remote station via the first antenna element and a second signal transmission from the remote station via the second antenna element simultaneously" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 1 | "determine a set of weighting values based on the first signal information and the second signal information, wherein the set of weighting values is configured to be used by the transceiver to construct one or more beam-formed transmission signals" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 1 | "cause the transceiver to transmit a third signal to the remote station via the antenna, the third signal comprising content based on the set of weighting values" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 2 | "wherein the first signal transmission and the | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to |

177

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| | second signal transmission comprise electromagnetic signals comprising one or more transmission peaks and one or more transmission nulls" | describe or enable the full breadth of the claims. |
| '235 Patent: Claim 3 | "wherein the first signal transmission and the second signal transmission are directional transmissions" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 4 | "wherein the content comprises data configured to be used by the remote station to modify the placement of one or more transmission peaks and one or more transmission nulls in a subsequent signal transmission" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 5 | "wherein the set of weighting values is further based on one or more of: a transmit power level, a data transmit rate, an antenna direction, quality of service data, or timing data" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 8 | "receiving a first signal transmission from a remote station via a first antenna element of an antenna and a second signal transmission from the remote station via a second antenna element of the antenna simultaneously, wherein the first signal transmission and the second signal transmission comprise | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| | electromagnetic signals comprising one or more transmission peaks and one or more transmission nulls" | |
| '235 Patent: Claim 8 | "determining a set of weighting values based on the first signal information and the second signal information, wherein the set of weighting values is configured to be used by the remote station to construct one or more beam-formed transmission signals" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 8 | "transmitting to the remote station a third signal comprising content based on the set of weighting values" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 9 | "transmitting the third signal to the remote station via the antenna" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 10 | "wherein the first signal transmission and the second signal transmission are directional transmissions" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 11 | "wherein the set of weighting values is further based on one or more of: a transmit power level, a data transmit rate, an antenna direction, quality of service data, or timing data" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 12 | "wherein the content comprises data configured to be used by | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the |

179

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
|  | the remote station to modify the placement of one or more transmission peaks and one or more transmission nulls in a subsequent signal transmission" | claims. |
| '235 Patent: Claim 15 | "a processor operatively coupled to the transceiver, the processor configured to: receive a first signal transmission from a remote station via the antenna, the first signal transmission comprising first signal information, wherein the first signal information comprises one or more of: a transmit power level, a data transmit rate, an antenna direction, quality of service data, or timing data; receive a second signal transmission from the remote station via the antenna, the second signal transmission comprising second signal information; determine a set of weighting values based on the first signal information and the second signal information, wherein the set of weighting values is configured to be used by the transceiver to construct one or more beam-formed transmission signals; | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims.<br><br>The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 2 because the claim does not distinctly and particularly point out the invention.<br><br>This claim limitation is subject to 35 U.S.C. § 112, ¶ 6, and is invalid under 35 U.S.C. § 112, ¶ 2 because the specification does not disclose corresponding structure linked to the claimed function. |

180

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
| | cause the transceiver to generate a third signal comprising content based on the set of weighting values." | |
| '235 Patent: Claim 15 | "receive a first signal transmission from a remote station via the antenna, the first signal transmission comprising first signal information, wherein the first signal information comprises one or more of: a transmit power level, a data transmit rate, an antenna direction, quality of service data, or timing data;" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 15 | "determine a set of weighting values based on the first signal information and the second signal information, wherein the set of weighting values is configured to be used by the transceiver to construct one or more beam-formed transmission signals" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 15 | "cause the transceiver to generate a third signal comprising content based on the set of weighting values" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 16 | "wherein the first signal transmission and the second signal transmission comprise electromagnetic signals comprising one or more transmission peaks and one or more transmission | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

181

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
|  | nulls" |  |
| '235 Patent: Claim 17 | "wherein the processor is configured to receive a fourth signal transmission from an interferer source, the fourth signal transmission being undesired, and the processor is configured to store identifying information concerning the undesired interferer source and the remote station" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 18 | "wherein the processor is configured to identify a further interferer signal transmission from the interferer source, and to identify a further desired signal transmission from the remote station, wherein the processor is further configured to prevent the transceiver from transmitting a fifth signal transmission via the antenna during reception of the further desired signal transmission but to allow the transceiver to transmit a sixth signal transmission via the antenna during reception of the further interferer signal transmission" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |
| '235 Patent: Claim 19 | "wherein the set of weighting values are applied to the third signal, and wherein the transceiver is configured to receive a fourth signal transmitted from the remote station, and the | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims. |

| Asserted Claim(s) | Claim Term | Invalidity Under 35 U.S.C. § 112 |
|---|---|---|
|  | processor is configured to apply the set of weighting values to the fourth signal" |  |
| '939 Patent: Claims 15 and 30 | "a wireless input/output (I/O) unit that is configured to establish a plurality of access points" | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims.<br><br>The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 2 because the claim does not distinctly and particularly point out the invention.<br><br>This claim limitation is subject to 35 U.S.C. § 112, ¶ 6, and is invalid under 35 U.S.C. § 112, ¶ 2 because the specification does not disclose corresponding structure linked to the claimed function. |
| '939 Patent: Claim 15: | "signal transmission/reception coordination logic that is capable of ascertaining, by monitoring the plurality of access points for received signals, that:<br><br>a first access point of the plurality of access points is receiving a first signal on a first channel, a second access point of the plurality of access points is receiving a second signal that is ongoing on a second channel, the signal transmission/reception coordination logic adapted to restrain at least a third access point of the plurality of access points from transmitting a third signal on a third channel responsive to the ascertaining that the first | The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 1 because the specification fails to describe or enable the full breadth of the claims.<br><br>The claim is invalid under pre-AIA 35 U.S.C. § 112, ¶ 2 because the claim does not distinctly and particularly point out the invention.<br><br>This claim limitation is subject to 35 U.S.C. § 112, ¶ 6, and is invalid under 35 U.S.C. § 112, ¶ 2 because the specification does not disclose corresponding structure linked to the claimed function. |

183

Accordingly, Defendants reserve the right to supplement their production, as provided by the local rules, as additional prior art references, additional documentation, and/or corroborating evidence concerning prior art documents/apparatuses, and methods are obtained during the course of discovery.

Dated: October 12, 2023

Respectfully submitted,

/s/ Matthew S. Yungwirth
Melissa Smith (TX SBN 24001351)
melissa@gillamsmith.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903.934.8450

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**Duane Morris LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900

*Counsel for Defendant T-Mobile USA, Inc.*

/s/ Matthew S. Yungwirth

Deron R. Dacus (TX SBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**Duane Morris LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900

*Counsel for Defendant Ericsson Inc.*

*/s/ Matthew S. Yungwirth*

Deron R. Dacus (TX SBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone:  903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**Duane Morris LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900

*Counsel for Defendant Nokia of America Corporation*

*/s/ Matthew S. Yungwirth*
Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323
Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117

210

Facsimile: (903) 581-2543

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**Duane Morris LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900

*Counsel for Defendants Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless*

/s/ Matthew S. Yungwirth

Deron R. Dacus (TX SBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
Duane Morris LLP
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
T: (404)-253-6900

***Counsel for Defendants AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp.***

211

## CERTIFICATE OF SERVICE

      I hereby certify that on October 12, 2023, the foregoing document was served via e-mail upon all counsel of record in this case.

*/s/ Sajid Saleem*
Sajid Saleem
