# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> *Plaintiff,* <br><br> v. <br><br> AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP., <br><br> *Defendants,* <br> NOKIA OF AMERICA CORPORATION and ERICSSON INC., <br> *Intervenors,* | Case No. 2:23-cv-00202-JRG-RSP <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> *Plaintiff,* <br><br> VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> *Defendants,* <br> NOKIA OF AMERICA CORPORATION and ERICSSON INC., <br> *Intervenors,* | Case No. 2:23-cv-00203-JRG-RSP <br> (Member Case) |

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>                    *Plaintiff*,<br><br>    v.<br><br>T-MOBILE USA, INC.,<br><br>                    *Defendants*,<br><br>NOKIA OF AMERICA CORPORATION and ERICSSON INC.,<br>                    *Intervenors*, | Case No. 2:23-cv-00204-JRG-RSP<br>(Member Case) |

# **PLAINTIFF XR COMMUNICATION, LLC'S MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' DAMAGES EXPERT W. CHRISTOPHER BAKEWELL**

1

Defendants do not dispute that the 2006 Asset Purchase Agreement with Wayout, the 2007 Agreement and Plan of Merger Between Vivato and Catcher, and the 2009/2010 Patent Purchase and Secured Party Bill of Sale involving Aequitas are not comparable agreements. Therefore, under the Federal Circuit maxims outlined in XR's Motion, they are not admissible. Dkt. 168. Defendants point to no law that holds rebuttal experts to a lower comparability requirement than patentee experts.

Defendants vaguely assert that "proper context" and suspicion that there may be facts XR will "take advantage of" at trial renders Mr. Bakewell's damages testimony on these noncomparable agreements fair game. But Defendants cite to no caselaw that says a damages expert (who himself, more confusingly, is relying on other agreements to prove damages) may also rely on noncomparable agreements for such vague purposes as "proper context" and "corporate history." Such an exception would largely swallow the rule against presenting noncomparable licenses.

Defendants argue that XR's damages expert, Mr. Dell, may testify about these agreements as part of patent ownership history. But Mr. Dell will not testify about these agreements. Mr. Dell's report includes anticipatory rebuttal opinions about these agreements, but he, himself will not introduce them if they are (properly) stricken from Mr. Bakewell's report. He makes clear, for example, that the 2009 Patent Purchase that was part of a foreclosure sale is irrelevant. Dkt. 179, Ex. D at fn 57.

Defendants argue that XR's corporate representative may testify about general XR company history or history of the patents. But this does not permit a <u>damages expert</u> such as Mr. Bakewell to publish all of the details and payment provisions of noncomparable agreements to the jury.

Defendants argue that Mr. Dell references a predecessor-in-interest's initial funding (also named "Vivato") and that opens the door to the three noncomparable agreements. But that initial funding is not a noncomparable agreement, has not been sought to be excluded by Defendants, and in any event, can be addressed on cross-examination. If Mr. Dell (or XR's corporate witness) brings up initial funding amounts, Defendants can cross with the fact that XR's predecessor failed. But it does not open the door to its own damage expert going into the terms and particulars, including payment provisions, of noncomparable agreements. Defendants admit they are offering Mr. Bakewell's opinions on specific patent license transactions ("as part of the subsequent winddown, Vivato licensed its technology to Catcher at zero cost") and, crucially, admit that they are offering the evidence to show "how the parties valued the technology at the time." Dkt. 179 at 2. This is impermissible without a grounding of comparability, which Defendants do not dispute is lacking.

Defendants mis-state that XR's motion is built on only a lack of relevance of these agreements. Dkt. 179 at 1. XR also describes the <u>prejudice</u> from Mr. Bakewell delving into bankruptcy proceedings, and irrelevant payments in irrelevant, ancient agreements. Defendants fail to address this. This additionally should result in exclusion of Mr. Bakewell's opinions on the three irrelevant agreements..

**Conclusion**

For the foregoing reasons, the Court should exclude Mr. Bakewell's opinions on the 2006-2010 Vivato foreclosure sale and patent transfers.   Ex A at ¶¶ 582-591, Ex. B at ¶¶ 580-589, Ex. C at ¶¶ 581-590.

Dated: June 24, 2025                                                              Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Adam Hoffman
CA State Bar No. 218740
Neil A. Rubin
CA State Bar No. 250761
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Philip Wang
CA State Bar No. 262239
Minna Jay
CA State Bar No. 305941
Paul Kroeger
CA State Bar No. 229074
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_vivato@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff,*
*XR Communications, LLC,*
*dba Vivato Technologies*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, and served defendants with a copy via electronic mail.

/s/ *Reza Mirzaie*
Reza Mirzaie