# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br><br>Defendants. | Case No. 2:23-cv-00202-JRG-RSP<br>**(Lead Case)**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS'/INTERVENOR REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WRITTEN <u>DESCRIPTION FOR THE '235 PATENT</u>

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | U.S. Patent No. 10,715,235 ("'235 Patent") |
| 2 | Negus Invalidity Report |
| 3 | Cooklev Rebuttal Report |
| 4 | XR Response to Defendants' Common Interrogatory No. 5 |
| 5 | U.S. Patent Publication No. 2004/00224637 |

Neither of XR's two positions in opposition to the invalidity of the '235 patent has merit.

First, XR presents a series of *attorney arguments* citing to various portions of the '235 patent and its Provisional to allege written description support for the claim elements. XR's lack of any citation to its expert, Dr. Cooklev, is telling. Simply put, XR does not have any <u>evidence</u> that a POSITA would construe XR's citations to provide written description support. Clearly, the language cited by XR throughout its entire brief is different from the challenged claim language. XR lacks any evidence (e.g., expert declaration) providing the explanatory link as to why the cited language discloses to a POSITA the (very different) challenged claim terms. While the Defendants bear the burden on invalidity, that burden was met with actual evidence in the form of Dr. Negus' testimony – unrebutted by any actual evidence or testimony from XR's expert. XR's attorney argument cannot trump Dr. Negus' testimony – particularly when the claim language is so drastically different from any disclosure cited by XR's attorneys.

Second, XR relies heavily on the Provisional application and notes "Defendants do not even attach the Provisional to their Motion." Opp. at 4. There is no reason to cite or discuss the Provisional because the Provisional does not provide support. Even Dr. Cooklev does not identify any Provisional passages providing support for the challenged terms. XR's position on "simultaneous" shows XR's problem. XR asserts that "the Provisional provides clear disclosure of [sic] a first and second signal transmission" and shows this diagram below. Opp. at 4-5. This diagram shows "simultaneous" but <u>not to the same UE as required by claim 1</u>. It shows "simultaneous beams" to <u>two different devices</u>. This confirms that XR's claims are



invalid because even XR's attorney argument cannot point to any written description.

Dated: June 26, 2025

Respectfully submitted,

*/s/ Matthew S. Yungwirth*
Melissa R. Smith (TBN 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Deron R. Dacus (TBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Tyler Marandola
tmarandola@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000

Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

*Counsel for Defendants / Intervenors*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 26, 2025.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth