# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00202-JRG-RSP<br>**(Lead Case)**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS'/INTERVENOR'S SUR-REPLY IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' TECHNICAL EXPERT DR. KEVIN NEGUS (DKT. 181)**

## TABLE OF EXHIBITS

| Exhibit No. | Exhibit Description |
|---|---|
| A | Excerpts of XR's Amended Infringement Contentions for U.S. Patent No. 7,177,369 ("'369 Patent"), served August 31, 2023 |
| B | Excerpts of Expert Report of Dr. Kevin J. Negus Ph.D Regarding Noninfringement of US Patent Nos. 7,177,369, 10,735,235, and US 8,737,511 |

Despite XR's efforts to characterize Dr. Negus's proposed demonstratives as untimely expert evidence, the fact remains that Defendants and Dr. Negus have no duty to disclose demonstratives under Rule 26. Even so, Dr. Negus thoroughly disclosed the substance of his demonstratives in his report, even including a description of his process for creating certain images. Further, a dispute regarding demonstratives is not appropriate in the context of a motion to strike. To the extent that a dispute exists, the Court should resolve the same in accordance with its standard pretrial procedure.

I.  **Dr. Negus's proposed radio wave propagation simulations are demonstratives.**

Dr. Negus makes clear in his report that he "expect[s] to develop demonstratives" to illustrate his fully disclosed conclusions as to radio wave propagation by using "industry-standard tools with industry-standard channel propagation models." Ex. B (Negus Rebuttal Report), ¶ 266. The proposed simulations are not themselves the basis for the calculations set forth in Dr. Negus's report but are intended to serve as an illustration of the results of his calculations for purposes of assisting the jury in understanding his testimony.[1] The use of a demonstrative to help explain an expert witness's oral testimony is a "classic and proper use of a demonstrative exhibit." *Baugh v. Cuprum S.A. De C.V.,* 730 F.3d 701, 708 (7th Cir. 2013). XR asserts that the simulations are "not important and can be excluded" simply because they are prospective demonstratives. Dkt. 200 at 3. This argument is nonsensical. Dr. Negus's proposed simulations should not be prematurely excluded, months in advance of trial, merely because they will be used as demonstratives.

---

[1] XR appears to confuse the issue by arguing that Dr. Negus's report did not include "any simulations, or simulation results, that [he] wants to submit to the jury as evidence supporting his opinion on the critical question of infringement in this case." Dkt. 200 at 2. The proposed simulations (and the results of the same) will be used as demonstratives, which would not be submitted to the jury as substantive evidence.

**II.     Dr. Negus's substantive opinions that inform the proposed demonstratives have been fully disclosed.**

XR asserts that Dr. Negus is "expand[ing] his opinions beyond the report." Dkt. 200 at 3. This is not true. Dr. Negus made clear in his report that any demonstratives submitted will be supported by his analyses set forth in his report (Ex. B, ¶ 776), and he fully disclosed the substantive opinions that would be the subject of his demonstratives (even including his process for creating certain images). *Id.* at ¶¶ 203-265, 267. XR does not challenge these substantive opinions. Instead of challenging the substantive portions of Dr. Negus's report or his analyses, XR claims prejudice by alleging that Dr. Negus has not disclosed "any specific tool or channel propagation model that he plans to use to build a simulation." Dkt. 200 at 1. But as Defendants pointed out in their Opposition, XR's infringement contentions cite the very same tools and channel propagation models that Dr. Negus plans to use. Dkt. 181 at 3. In its Reply, XR takes the position that Dr. Negus should have built the simulations earlier. Dkt. 200 at 2. Not only is this not a requirement (and XR has not pointed to any such requirement), but it also is certainly not a plausible basis to exclude prospective demonstratives at this stage of the case.

**III.    The Court should defer its ruling in accordance with its standard pretrial procedure.**

A motion to strike is not the proper vehicle for addressing an alleged dispute regarding demonstrative evidence. Excluding demonstratives at this stage would be premature and prejudicial to Defendants, especially considering that neither the Court nor XR has actually seen the demonstratives at issue. This Court typically declines to rule on demonstrative disputes outside of the standard pretrial procedure. *See Mojo Mobility, Inc. v. Samsung Electronics Co., Ltd.* et al, 2024 WL 3497905 at *6 (E.D. Tex. July 22, 2024) ("[a]ny consideration of the permissibility of demonstratives may be addressed through the procedure set forth in the pretrial order."); *see also Hillman Group v. Keyme*, 2021 WL 1248180 at *9 (E.D. Tex. March 30, 2021) (declining to rule

on a demonstrative dispute at the pretrial conference, noting "[t]he Court will hear objections to [the demonstratives in dispute] in accordance with the normal process for disputing demonstratives."). Thus, the Court should address any dispute as to Dr. Negus's proposed demonstratives in accordance with its typical pretrial procedure regarding objections to demonstratives.

For at least the foregoing reasons, Defendants and Intervenor respectfully request that XR's Motion be denied.

Dated: July 1, 2025

Respectfully submitted,

/s/ Matthew S. Yungwirth
Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

Melissa Richards Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903.934.8450

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
Sajid Saleem
ssaleem@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
Telephone: 404.253.6900

>Tyler Marandola
>tmarandola@duanemorris.com
>Brianna Vinci
>bvinci@duanemorris.com
>**DUANE MORRIS LLP**
>30 S. 17th Street
>Philadelphia, PA 19103
>Telephone: (215) 979-1000
>
>Kevin P. Anderson
>kpanderson@duanemorris.com
>Elissa Sanford
>esanford@duanemorris.com
>**DUANE MORRIS LLP**
>901 New York Avenue NW
>Suite 700 East
>Washington, D.C. 20001-4795
>Telephone: (202) 776-5231
>
>*Counsel for Defendants / Intervenor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 1, 2025.

>*/s/ Matthew S. Yungwirth*
>Matthew S. Yungwirth