# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC.; AT&T MOBILITY LLC; and AT&T CORP,<br><br>    Defendants. | Case No. 2:23-cv-00202-JRG-RSP<br><br>**LEAD CASE** |

**VIVATO'S SUR-REPLY TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WRITTEN DESCRIPTION FOR THE '235 PATENT (DKT. 159)**

Defendants' scant Reply (less than one page) fails to show the absence of genuine fact as to written description. Defendants' complaint that "XR does not have any evidence that a POSITA would construe XR's citations to provide written description support" ignores that the patent specification *is evidence* on the issue of written description. In contrast, conclusory expert testimony, such as that of Dr. Negus relied on by experts, is not. Smith v. Chrysler Grp., LLC, No. 1:15-CV-218, 2017 WL 3482174, at *1 (E.D. Tex. Aug. 14, 2017) ("'conclusory statements by an expert are not competent evidence and are insufficient to support or defeat summary judgment'") (quoting *DeGrate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 410-11 (Tex. App.—Tyler 2008, no pet.). Defendants had the burden to explain why the citations cited by XR did not provide written description support. Their expert's failure to address the citations, or otherwise explain why the do not provide written description support, is alone grounds for denial of their motion.

Concerning the Provisional, Defendants do not refute that their expert did not meaningfully address its contents. Defendants only assert the Provisional does not support simultaneous transmission "by the same UE" as required by the claims. Yet, as noted by XR "is it at least genuine issue of fact as to whether a POSITA would understand that the teaching [of the Provisional] would apply to two signals from the same device." Opp'n at 6. The failure of Defendants and their expert to explain why a POSITA would not consider the Provisional to provide written description support again means that the motion should be denied.

| | |
|---|---|
| Dated: July 2, 2025 | Respectfully submitted,<br><br>*/s/ Reza Mirzaie*<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Adam Hoffman<br>CA State Bar No. 218740<br>Neil A. Rubin<br>CA State Bar No. 250761<br>James Pickens<br>CA State Bar No. 307474<br>Christian W. Conkle<br>CA State Bar No. 306374<br>Philip Wang<br>CA State Bar No. 262239<br>Minna Jay<br>CA State Bar No. 305941<br>Paul Kroeger<br>CA State Bar No. 229074<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>rak_vivato@raklaw.com<br><br>Andrea L. Fair<br>TX State Bar No. 24078488<br>MILLER FAIR HENRY PLLC<br>1507 Bill Owens Parkway<br>Longview, TX 75604<br>Telephone: 903-757-6400<br>andrea@millerfairhenry.com<br><br>*Attorneys for Plaintiff,*<br>*XR Communications, LLC,*<br>*dba Vivato Technologies* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served through CM/ECF on July 2, 2025.

                                                   */s/ Reza Mirzaie*
                                                   Reza Mirzaie