# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> AT&T SERVICES INC., et al <br><br> Defendants, <br><br> ERICSSON INC., <br><br> Intervenor. | Case No. 2:23-cv-00202-JRG-RSP <br><br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS INC. and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendants, <br><br> ERICSSON INC., <br><br> Intervenor. | Case No. 2:23-cv-00203-JRG-RSP <br><br> (Member Case) |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> Defendants, <br><br> ERICSSON INC., <br><br> Intervenor. | Case No. 2:23-cv-00204-JRG-RSP <br> (Member Case) |

**DEFENDANTS' AND INTERVENOR'S OPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Federal Rules of Civil Procedure 16(b) and 15(a)(2), Defendants AT&T Services Inc., et al. ("AT&T"); Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless ( "Verizon"); T-Mobile USA, Inc. ("T-Mobile") (collectively, "Defendants"), and Intervenor Ericsson Inc. ("Ericsson" and, collectively with Defendants, "Defendants/Intervenor") respectfully move the Court for leave to file Amended Answers to Plaintiff XR Communications, LLC's ("Plaintiff") Complaints for Patent Infringement, to include counterclaims of invalidity as to the three remaining asserted patents. Copies of the proposed Amended Answers are attached hereto as Exhibits A-F and redlines showing the changes made against Defendants/Intervenor's original Answers and Affirmative Defenses are attached hereto as Exhibit G-L.

Defendants/Intervenor seek to incorporate their invalidity claims, which have been pleaded as an affirmative defense, as counterclaims. Plaintiff is already on notice of these claims, as they have existed as affirmative defenses since Defendants/Intervenor filed their initial Answers to Plaintiff's original Complaint for patent infringement. Further, Plaintiff is aware of all factual and legal bases for the proposed counterclaim because Defendants/Intervenor have served invalidity contentions and expert reports outlining the bases for such claims. Thus, there is no prejudice to Plaintiff in allowing Defendants/Intervenor to present their claims to the jury as counterclaims. Instead, allowing leave to amend would facilitate the complete and proper resolution of the issues in this case. Moreover, no continuance is required because the parties have already litigated Defendants/Intervenor's invalidity claims.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

1

These cases were brought by Plaintiff against AT&T, Verizon, and T-Mobile; Ericsson, Inc. has intervened in all related actions. Plaintiff filed the first set of cases ("XR 1") on May 8, 2023, alleging that each of AT&T, T-Mobile, and Verizon infringe five patents. On October 4, 2024, Plaintiff filed a second set of cases ("XR 2"), again alleging that each of AT&T, T-Mobile, and Verizon infringe two patents.[1] XR 1 and XR 2 were consolidated on September 16, 2024. *See* Dkt. 94. Following the consolidation of XR 1 and XR 2, the Verizon Defendants filed a first amended answer and defenses. *See* Dkt. 100. Defendants' original Answers in XR 1 and 2 both pled invalidity as an affirmative defense. *See* Case No. 2:23-cv-00202, Dkt. 26, at ¶ 84 (AT&T's Second Defense), Dkt. 57, 58, 59 (Ericsson's Second Defense); Case No. 2:23-cv-00203, Dkt. 19, at ¶ 81 (Verizon's Second Defense); Case No. 2:23-cv-00468, Dkt. 18, at ¶ 53 (AT&T's Second Defense), Dkt. 32, 33, 34 (Ericsson's Second Defense); Case No. 2:23-cv-00469, Dkt. 16, at ¶ 50 (T-Mobile's Second Defense); Case No 2:23-cv-00470, Dkt. 16, at ¶ 51 (Verizon's Second Defense). Similarly, the Verizon Defendants' Amended Answer following consolidation maintained the invalidity defense. *See* Dkt. 100, at ¶ 81 (Second Defense). XR has since dropped certain patents, and has indicated to Defendants/Intervenors that they only intend to proceed to trial as to U.S. Patent Nos. 7,177,369; 8,737,511; and 10,715,235.

Defendants/Intervenor have disclosed their invalidity theories as to the three remaining asserted patents throughout the course of this proceeding. On October 12, 2023, Defendants/Intervenor served preliminary invalidity contentions in XR 1. On February 29, 2024,

---

[1] Plaintiff has since filed a third set of cases, alleging that each of AT&T, T-Mobile, and Verizon infringe three patents ("XR 3"). *See XR Communications LLC d/b/a Vivato Technologies v. AT&T Services, Inc., et al.*, No. 2:25-cv-00699 (E.D. Tex. July 8, 2025); *XR Communications LLC d/b/a Vivato Technologies v. Verizon Communications, Inc., et al.*, No. 2:25-cv-00698 (E.D. Tex. July 8, 2025); *XR Communications LLC d/b/a Vivato Technologies v. T-Mobile USA, Inc.*, No. 2:25-cv-00697 (E.D. Tex. July 8, 2025). The XR 3 cases have not been consolidated with the XR 1 and XR 2 cases.

Defendants/Intervenor served preliminary invalidity contentions in XR 2. On December 3, 2024, Defendants/Intervenor served amended invalidity contentions relating to U.S. Patent No. 7,177,369, in light of the Court's claim construction order. Defendants/Intervenor have also served expert reports regarding invalidity. Thus, Plaintiff has been on notice of Defendants/Intervenor's invalidity theories and intent to raise invalidity throughout the course of this litigation.

## II.     LEGAL STANDARD

A party seeking to amend its pleading after the deadline set by the relevant scheduling order must comply with Federal Rule of Civil Procedure 16(b), which "permits modifications to a scheduling order after it has been entered 'for good cause and with the judge's consent.'" Fed. R. Civ. P. 16(b)(4). Under applicable Fifth Circuit law, courts consider four factors in determining whether good cause exists: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *E.g.*, *Ring Plus, Inc. v. Cingular Wireless, LLC*, No. 2:06-CV-159-DF, 2008 WL 11347986, at *1 (E.D. Tex. Feb. 13, 2008) (quoting *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). These factors are to be considered "holistically"; courts "do[] not mechanically count the number of factors that favor each side." *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016).

After good cause is established, the "court . . . looks to Federal Rule of Civil Procedure 15(a) to determine whether leave to amend should be granted." *Crouch v. J.C. Penney Corp., Inc.*, No. 4:06-cv-113, 2007 WL 1100461, at *2 (E.D. Tex. April 11, 2007). Under Rule 15, the court may consider various factors in determining whether leave is warranted, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by

3

amendments previously allowed, undue prejudice to the opposing party … , and futility of the amendment." *Jones v. Robinson Prop. Grp.*, L.P., 427 F.3d 987, 994 (5th Cir. 2005). Critically, Rule 15 provides a strong presumption in favor of granting leave to amend. *See Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004); *see also In re BP P.L.C. Sec. Litig.*, No. 1-MD-2185, 2014 WL 2112823, at *15 (S.D. Tex. May 20, 2014) ("district courts in the Fifth Circuit 'must entertain a presumption in favor of granting parties leave to amend'" (*quoting Mayeaux*, 376 F.3d at 425)); *see also Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (Fed. R. Civ. P. 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend.").

### III. ARGUMENT

Defendants/Intervenor seek leave to amend their answers to include their existing invalidity claims, which have already been pled as an affirmative defense, as counterclaims. Because the Rule 15 and 16 factors, considered holistically, weigh in favor of granting leave, such leave should be "freely given." *Harrison*, 2016 WL 3612124, at *2; *Forman v. Davis*, 371 U.S. 178, 182 (1962).

#### A. Good Cause Exists

##### 1. The proposed amendments are necessary to ensure the proper resolution of the case

The proposed amendments seek to plead invalidity as counterclaims, in addition to the existing affirmative defenses. The amendments are necessary to ensure the efficient, proper resolution of this matter. Presenting Defendants/Intervenor's invalidity theories as counterclaims will allow an issue that could "dispose of this case" to be presented to the jury in the most efficient manner. *See Ring Plus, Inc.*, 2008 WL 11347986, at *3. This Court has found that "judicial efficiency is (1) important, and (2) a basis upon which amendments are allowed in cases." *See Cellular Commc'ns Equip. LLC v. AT&T Inc.*, No. 2:15-cv-00576, 2017 WL 2267296, at *2 (E.D.

4

Tex. May 24, 2017). Given that the proposed amendments arise from facts already pled and disclosed, allowing the claims to be resolved via counterclaims promotes efficiency and weighs in favor of allowing the amendments. *See id.* (finding that where the "new counterclaim involves" facts and issues "referred to in [the defendant]'s earlier pleadings," this factor weighs in favor of granting leave).

### 2. There is no prejudice to Plaintiff

There is no prejudice to Plaintiff because it is already on notice of all factual and legal bases for the invalidity counterclaims. As noted above, Defendants/Intervenor have already pled invalidity as an affirmative defense and have disclosed the factual and legal bases for these claims via invalidity contentions and expert reports. The allegations supporting the counterclaims are identical to these timely-disclosed theories, thus creating no prejudice to Plaintiff. This factor therefore weighs in favor of allowing the proposed amendments. *See Cellular Commc'ns Equip. LLC*, 2017 WL 2267296, at *3 (finding no prejudice where "the newly added factual allegations are very similar to the allegations already made by [defendant] in its earlier Answer").

### 3. There is no need for a continuance

No continuance is necessary here, as Defendants/Intervenor's proposed amendments do not prejudice Plaintiff and "would not inevitably delay trial or any other deadline." *EMG Tech., LLC v. Vanguard Grp., Inc.*, No. 6:12-cv-543, 2014 WL 12597427, at *3 (E.D. Tex. May 12, 2014). Defendants/Intervenor have timely disclosed the bases for their invalidity claims through pleading invalidity as an affirmative defense and through invalidity contentions and expert reports. Thus, no additional discovery or expert disclosures are required. Defendants/Intervenor's proposed amendments therefore do not impact the schedule in this case, and this factor weighs in favor of granting leave to amend.

    **4.  While the request for leave comes after the deadline set forth in the Docket Control Order, the requested amendments are mere formalities**

  Defendants/Intervenor's requested amendments are formalities which allow for the presentation of all claims and defenses to be presented and decided by the jury in an efficient manner.  While Defendants/Intervenor's request for leave to amend comes after the deadline set by the DCO, it merely seeks to plead an existing defense—the bases for which have been fully disclosed—as a counterclaim.  This procedural request will not require the further modification of the schedule and will promote efficiency at trial and on appeal.

  **B.  Leave to Amend Should Be "Freely Given," as There is No Bad Faith or Undue Delay and Amendment is Not Futile**

  Because good cause exists to modify the scheduling order and allow Defendants/Intervenor's requested amendments, leave should be "freely given" absent bad faith or undue delay.  Whether these factors are present is analyzed under the more lenient standards of Rule 15, which requires "the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." S*ee Lyn-Lea Travel Corp.,* 283 F.3d at 286.

  Defendants/Intervenor have acted in good faith and have not unduly delayed in their efforts to seek leave to amend their answer.  Rather, on determining that pleading their invalidity claims as not just affirmative defenses, but as a counterclaim, would better serve the efficient resolution of this matter, Defendants/Intervenor timely sought to confer with Plaintiff regarding this motion. Defendants/Intervenor seek this amendment in good faith, in order to ensure that all claims are brought before the jury in the most efficient manner.  Indeed, Defendants/Intervenor have already provided the bases for their invalidity claims throughout the course of this litigation; seeking to present them in the form of a counterclaim is a mere formality.  For this reason, the proposed

amendments are not futile. Defendants/Intervenor have adequately pleaded the proposed counterclaims and have discovered—and timely disclosed—evidence to support the counterclaims.

Finally, there are no repeated failures to cure deficiencies by amendments previously allowed in this circumstance. Only the Verizon Defendants have previously amended their answer—and only once, to add a licensing defense not related to their invalidity claims.

## IV.   CONCLUSION

For the foregoing reasons, Defendants/Intervenor request leave to file their proposed amended answers and counterclaims.

Dated: July 17, 2025

Respectfully submitted,

*/s/ Matthew S. Yungwirth*
Melissa R. Smith (TBN 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Deron R. Dacus (TBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: 404.253.6900

Tyler Marandola
tmarandola@duanemorris.com
Brianna Vinci
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000

Kevin P. Anderson
kpanderson@duanemorris.com
Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW, Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

*Counsel for Defendants/Intervenor*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants and Intervenor informed counsel for Plaintiff of their intent to seek the relief outlined in this Motion via email on July 15, 2025. Counsel for Plaintiff has indicated that they oppose this Motion.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 17, 2025.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth