# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES, <br><br> *Plaintiff*, <br><br> v. <br><br> AT&T INC., AT&T SERVICES INC., AT&T MOBILITY LLC and AT&T CORP., <br><br> *Defendants*. | Case No. 2:23-cv-00202-JRG-RSP <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.[1] (collectively, "Defendants" or "AT&T") hereby submit their Amended Answer to Plaintiff XR Communications, LLC dba Vivato Technologies' ("XR" or "Plaintiff") Complaint for Patent Infringement ("Complaint") against Defendants:

**INTRODUCTION**

1.      AT&T admits that the Complaint purports to make a claim for patent infringement of U.S. Patent Nos. 8,737,511 (the "'511 Patent"), 10,715,235 (the "'235 Patent"), 10,594,376 (the "'376 Patent"), 7,177,369 (the "'369 Patent"), and 8,289,939 (the "'939 Patent"), and collectively refers to the patents as the "Asserted Patents." AT&T lacks knowledge or information sufficient to form a belief as to the ownership of the Asserted Patents. AT&T denies it has infringed any of the Asserted Patents and denies any remaining allegations in Paragraph 1.

---

[1] Plaintiff has voluntarily dismissed AT&T Inc. from this lawsuit. *See* Dkt. 21.  As used herein, the terms "AT&T" and "Defendants" do not include AT&T Inc.

1

2.      AT&T admits that electronic devices connect to the Internet wirelessly and allow people to communicate with each other. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2, and therefore denies the same.

3.      AT&T admits that Guglielmo Marconi was granted a British Patent (No. 12039), but denies that it occurred in 1896. AT&T admits that British Patent (No. 12039) was titled "Improvements in Transmitting Electrical impulses and Signals, and in Apparatus therefor." AT&T admits that Guglielmo Marconi shared the Nobel Prize in Physics with Karl Ferdinand Braun in 1909. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, and therefore denies the same.

4.      AT&T admits that Guglielmo Marconi shared the Nobel Prize in Physics with Karl Ferdinand Braun in 1909. AT&T admits that Karl Ferdinand Braun gave a Nobel Lecture dated December 11, 1909. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4, and therefore denies the same.

5.      AT&T admits that Karl Ferdinand Braun is credited with inventions related to radio waves. AT&T admits that Karl Ferdinand Braun's December 11, 1909 Nobel Lecture described his experiments with antennas.  AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5, and therefore denies the same.

6.      AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies the same.

7.      AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies the same.

8.      AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies the same.

**THE PARTIES**

10.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies the same.

11.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies the same.

12.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies the same.

13.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies the same.

14.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies the same.

15.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies the same.

16.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies the same.

17.    Plaintiff has voluntarily dismissed AT&T Inc. from this lawsuit. No response is required to the allegations in Paragraph 17 of the Complaint because AT&T Inc. is no longer a party to this action. *See* Dkt. 21.

18.    AT&T Services, Inc. admits that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 208 South Akard Street, Dallas, Texas 75202, and may be served through its registered agent CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, TX 75201.

19.    AT&T Mobility LLC, admits that it is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319, and may be served through its registered agent The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE 19801.

20.    AT&T Corp. admits that it is a corporation organized and existing under the laws of the state of New York, with a principal place of business at One AT&T Way, Bedminster, New Jersey, 07921-0752, and may be served through its registered agent CT Corporation System, at 28 Liberty Street, New York, NY 10005.

## JURISDICTION AND VENUE

21.    AT&T admits that the Complaint purports to state a claim for patent infringement arising under Title 35 of the United States Code. AT&T admits that this Court has subject matter jurisdiction over patent-law claims generally pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22.    To the extent that the allegations of Paragraph 22 of the Complaint set forth legal conclusions, no response is required. For purposes of this action only, AT&T does not challenge that AT&T is subject to personal jurisdiction within this District. AT&T admits that one or more of the Defendants have conducted and conduct certain business in the State of Texas and in the Eastern District of Texas. AT&T denies the remaining allegations set forth in Paragraph 22.

23.    To the extent that the allegations of Paragraph 23 of the Complaint set forth legal conclusions, no response is required. AT&T admits that at least one of the Defendants sells products and/or services in the Eastern District of Texas. AT&T denies that Defendants purposefully and voluntarily placed products and/or services into the stream of commerce that practice the Asserted Patents. AT&T denies any remaining allegations set forth in Paragraph 23.

24.     To the extent that the allegations of Paragraph 24 of the Complaint set forth legal conclusions, no response is required. AT&T denies that it engages in any acts of infringement in this District or elsewhere. AT&T, however, does not contest whether venue in this District is proper pursuant to 28 U.S.C. § 1400(b) for purposes of this action only; but it does deny that this is the most convenient forum in which to try this case. The remainder of the allegations in Paragraph 24 regarding alleged "regular and established places of business" otherwise contain legal conclusions to which no response is required. AT&T further denies any remaining allegations of Paragraph 24.

25.     AT&T admits that one or more wireless telecommunications networks in the United States have been advertised as providing coverage within the Eastern District of Texas under the brand name "AT&T." AT&T denies all remaining allegations of Paragraph 25.

26.     AT&T admits the website referenced in Paragraph 26 speaks for itself.

27.     AT&T admits the website referenced in Paragraph 27 speaks for itself. AT&T admits that mobile devices have been sold in stores with the AT&T brand, including within the Eastern District of Texas. AT&T denies all remaining allegations of Paragraph 27.

28.     To the extent that the allegations of Paragraph 28 of the Complaint set forth legal conclusions, no response is required. AT&T denies that it admitted or did not contest that this District was a proper venue for patent infringement in *Sol IP v. AT&T Mobility LLC*, No. 2:18-cv-526, Dkt. 113 (E.D. Tex. Apr. 4, 2019). In its Answer at ¶ 14, AT&T Mobility LLC did not challenge the propriety of venue in this District, but reserved the right to move to transfer or move to change this case to a more convenient forum. AT&T further denies that it admitted or did not contest that this District was a proper venue for patent infringement in *IPCom, Gmbh & Co. KG v. AT&T Inc., et al.*, No. 2:20-cv-322, Dkt. 21 (E.D. Tex. Dec. 18, 2020).  In its Answer at ¶ 14,

AT&T denied that "venue is proper in this judicial district." AT&T admits that (1) AT&T Mobility LLC in *Sol IP* and (2) "certain of the Defendants" sued by IPCom admitted that they had conducted business in the State of Texas and the Eastern District of Texas. AT&T denies all remaining allegations of Paragraph 28.

29.     AT&T admits the website referenced in Paragraph 29 speaks for itself. AT&T also admits that mobile communication network services have been provided under the AT&T brand using equipment located in the Eastern District of Texas. AT&T denies all remaining allegations of Paragraph 29.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,737,511

30.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, AT&T repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-29, as set forth above.

31.     AT&T admits that Exhibit 1 to the Complaint purports to be a true and correct copy of U.S. Patent No. 8,737,511 (the "'511 Patent") entitled "Directed MIMO Communications." AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and therefore denies the same.

32.     AT&T denies the allegations in Paragraph 32 of the Complaint.

33.     AT&T denies the allegations in Paragraph 33 of the Complaint.

34.     AT&T denies the allegations in Paragraph 34 of the Complaint.

35.     AT&T admits that Exhibit 2 attached to the Complaint purports to be a claim chart related to the '511 Patent. AT&T denies the remaining allegations in Paragraph 35 of the Complaint.

36.     AT&T denies the allegations in Paragraph 36 of the Complaint.

37.    AT&T denies the allegations in Paragraph 37 of the Complaint.

38.    AT&T denies the allegations in Paragraph 38 of the Complaint.

39.    AT&T denies the allegations in Paragraph 39 of the Complaint.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 10,715,235**

40.    No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, AT&T repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-39, as set forth above.

41.    AT&T admits that Exhibit 3 to the Complaint purports to be a true and correct copy of U.S. Patent No. 10,715,235 (the "'235 Patent") entitled "Directed Wireless Communications." AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41, and therefore denies the same.

42.    AT&T denies the allegations in Paragraph 42 of the Complaint.

43.    AT&T denies the allegations in Paragraph 43 of the Complaint.

44.    AT&T denies the allegations in Paragraph 44 of the Complaint.

45.    AT&T admits that Exhibit 4 attached to the Complaint purports to be a claim chart related to the '235 Patent. AT&T denies the remaining allegations in Paragraph 45 of the Complaint.

46.    AT&T denies the allegations in Paragraph 46 of the Complaint.

47.    AT&T denies the allegations in Paragraph 47 of the Complaint.

48.    AT&T denies the allegations in Paragraph 48 of the Complaint.

49.    AT&T denies the allegations in Paragraph 49 of the Complaint.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 10,594,376

50.     No response is required to Plaintiff's reference and incorporation of the Paragraphs above. To the extent a response is deemed required, AT&T repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1- 49, as set forth above.

51.     AT&T admits that Exhibit 5 to the Complaint purports to be a true and correct copy of U.S. Patent No. 10,594,376 (the "'376 Patent") entitled "Directed Wireless Communications." AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51, and therefore denies the same.

52.     AT&T denies the allegations in Paragraph 52 of the Complaint.

53.     AT&T denies the allegations in Paragraph 53 of the Complaint.

54.     AT&T denies the allegations in Paragraph 54 of the Complaint.

55.     AT&T admits that Exhibit 6 attached to the Complaint purports to be a claim chart related to the '376 Patent. AT&T denies the remaining allegations in Paragraph 55 of the Complaint.

56.     AT&T denies the allegations in Paragraph 56 of the Complaint.

57.     AT&T denies the allegations in Paragraph 57 of the Complaint.

58.     AT&T denies the allegations in Paragraph 58 of the Complaint.

59.     AT&T denies the allegations in Paragraph 59 of the Complaint.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,177,369

60.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, AT&T repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-59, as set forth above.

61.     AT&T admits that Exhibit 7 to the Complaint purports to be a true and correct copy of U.S. Patent No. 7,177,369 (the "'369 Patent") entitled "Multipath Communication Methods and Apparatuses." AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61, and therefore denies the same.

62.     AT&T denies the allegations in Paragraph 62 of the Complaint.

63.     AT&T denies the allegations in Paragraph 63 of the Complaint.

64.     AT&T denies the allegations in Paragraph 64 of the Complaint.

65.     AT&T admits that Exhibit 8 attached to the Complaint purports to be a claim chart related to the '369 Patent. AT&T denies the remaining allegations in Paragraph 65 of the Complaint.

66.     AT&T denies the allegations in Paragraph 66 of the Complaint.

67.     AT&T denies the allegations in Paragraph 67 of the Complaint.

68.     AT&T denies the allegations in Paragraph 68 of the Complaint.

69.     AT&T denies the allegations in Paragraph 69 of the Complaint.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 9,289,939[2]**

70.     No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, AT&T repeats and incorporates by reference, as if fully set forth herein, their answers to Paragraphs 1-69, as set forth above.

71.     AT&T denies that Exhibit 9 to the Complaint attaches a true and correct copy of U.S. Patent No. 9,289,939. AT&T admits that Exhibit 9 to the Complaint purports to be a true and correct copy of U.S. Patent No. 8,289,939 (the "'939 Patent") entitled "Signal Communication

---

[2] AT&T copies Plaintiff's Headings for ease of reference, but notes that the Asserted Patent is U.S. Patent No. 8,289,939, not 9,289,939.

Coordination." AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71, and therefore denies the same.

72.  AT&T denies the allegations in Paragraph 72 of the Complaint.

73.  AT&T denies the allegations in Paragraph 73 of the Complaint.

74.  AT&T denies the allegations in Paragraph 74 of the Complaint.

75.  AT&T admits that Exhibit 2 attached to the Complaint purports to be a claim chart related to the '939 Patent. AT&T denies the remaining allegations in Paragraph 75 of the Complaint.

76.  AT&T denies the allegations in Paragraph 76 of the Complaint.

77.  AT&T denies the allegations in Paragraph 77 of the Complaint.

78.  AT&T denies the allegations in Paragraph 78 of the Complaint.

79.  AT&T denies the allegations in Paragraph 79 of the Complaint.

## PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. AT&T denies that Plaintiff is entitled to any relief and specifically denies all the allegations and prayers for relief contained in Paragraphs (a) through (f) of Plaintiff's Prayer for Relief.

## DEFENSES

Subject to the responses above, AT&T alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that AT&T bears the burden of proof as to any of them or that any must be pleaded as defenses. AT&T specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST DEFENSE**
**(NO INFRINGEMENT)**

80.    AT&T has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, in any manner including under any section of 35 U.S.C. § 271, including 35 U.S.C. §271(a), (b), and/or (c), willfully or otherwise. AT&T has not performed any act and are not proposing to perform any act in violation of any rights validly belong to Plaintiff.

81.    AT&T does not indirectly infringe any asserted claim and, in particular, do not induce any third party to perform all of the required steps of any asserted method claims while using any of the accused products.

82.    AT&T has not infringed and does not infringe either literally or by the doctrine of equivalents.

83.    AT&T does not supply any component that contributes to infringement of any valid claim.

**SECOND DEFENSE**
**(INVALIDITY)**

84.    The asserted claims of the Asserted Patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, each claim is invalid in view of the references cited by the Examiner and arguments made by the Applicants during prosecution of the applications that issued as the Asserted Patents.

**THIRD DEFENSE**
**(NOTICE, DAMAGES, AND COSTS)**

85.    Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 252, 286, 287, or 307. To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part,

for any damages arising from AT&T's alleged infringement prior to at least the date of the filing of the original Complaint or otherwise limited by 35 U.S.C. § 286.

86.     Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

87.     Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

## FOURTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

88.     Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## FIFTH DEFENSE
### (FAILURE TO STATE A CLAIM)

89.     The Complaint fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE
### (LICENSE, IMPLIED LICENSE, AND/OR EXHAUSTION)

90.     Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to AT&T by any entity or entities having express or implied licenses or covenant not to sue or assert to the Asserted Patents and/or (ii) under the doctrine of patent exhaustion. Additionally, Plaintiff's claims for patent infringement are precluded in whole or in part to any direct licenses or agreements/covenants not to sue that pertain to AT&T.

## SEVENTH DEFENSE
## (INEQUITABLE CONDUCT)

91.　　Plaintiff's enforcement of at least the '235 Patent, the '376 Patent, and the '939 Patent is barred by inequitable conduct, as follows:

92.　　The '235, '376, and '939 Patents all ultimately arose from applications originally filed in 2003 as Application Serial Numbers 10/700,329 for the '235 and '376 Patents and 10/700,342, for the '939 Patent.

93.　　By fall of 2007, the '329 and '342 applications were owned by Vivato Networks, Inc.

94.　　In November 2007, Aequitas Capital Management, Inc. ("Aequitas Capital") agreed to loan up to $1,000,000 to Vivato Networks, with an initial advance of $300,000, secured in part by the patent applications.

95.　　In December 2007, Vivato Networks merged with Catcher Holdings, Inc. ("Catcher"), and transferred the patent applications to Vivato Networks Holdings, Inc. ("Vivato Holdings"). Vivato Holdings granted Catcher the exclusive right to prosecute the applications.  On April 1, 2008, Catcher ceased operations and terminated all employees due to a lack of working capital.

96.　　 In late April or early May 2008, Brooks withdrew as the attorney of record for the '329 and '342 applications.

97.　　In June 2008, Aequitas Equipment Finance, LLC ("Aequitas"), assignee of Aequitas Capital's security interest in the applications, sought to foreclose on the '329 and '342 applications, each of which became abandoned between June and July 2008 for failure to respond to office actions from the United States Patent and Trademark Office ("USPTO").

98.    In April 2009, Aequitas obtained a foreclosure judgment against Vivato Networks and Vivato Holdings, and took titled of the abandoned applications through a sheriff's sale.

99.    In fall 2009, Carl J. Schwedler, attorney for Aequitas, filed petitions to revive the '329 and '342 applications.  As part of each of those petitions, Schwedler represented that the entire period of delay from the due date for filing a reply to the pending USPTO office actions to the date of the petitions, was unintentional under 37 C.F.R. § 1.137(b)(4).

100.    Upon information and belief, Schwedler's representation that the delay in prosecuting the applications was unintentional was false.

101.    The USPTO granted the petitions filed by Aequitas to revive the '342 application, but denied the petition to revive the '329 application.  In December 2009, Aequitas sold its patent portfolio (including the revived '342 application and the still-abandoned '329 application) to Plaintiff XR.

102.    In 2010, XR took responsibility for prosecuting the patent applications.

103.    On November 8, 2010, Daniel P. Burke, an attorney for XR, filed a renewed petition to revive the '329 application.  In doing so, Burke represented to the USPTO that the entire period of delay from the due date for filing a reply to the pending USPTO office action to the date of the petition was unintentional.

104.    Upon information and belief, Burke's representation that delay in prosecuting the applications was unintentional was false, and XR itself would not have had knowledge of the circumstances surrounding the abandonment of the applications.

105.    Upon information and belief, the delay that resulted in abandonment of the '329 and '342 applications was not unintentional.

106.    Catcher's SEC filings reflect that, at least as of September 2007, it likely had sufficient funds to pay for prosecution of the applications. Moreover, Catcher's wholly-owned subsidiary Vivato Networks had received an agreement for a $1,000,000 loan in November 2007 (with $300,000 advances), which could have been used to pay for prosecution of the '329 and '342 applications.

107.    Therefore, upon information and belief, Aequitas and XR falsely certified that the entire period of delay in replying to the PTO was unintentional.

108.    Upon information and belief, the false representations that the entire period of delay in responding to the USPTO with respect to the '329, and '342 applications was unintentional were made with intent to deceive the USPTO into granting the petitions to revive. Specifically, upon information and belief, the following petitions to revive (and requests for reconsideration) contained knowingly false statements made with intent to deceive, and were material to the USPTO's decision to revive the applications and ultimately issue the Patents-in-Suit:

a.    The petition to revive the '329 application, filed on August 28, 2009 by Schwedler;

b.    The petition to revive the '342 application, filed on November 3, 2009 by Schwedler;

c.    The request for reconsideration of the dismissal of the petition to revive the '329 application, filed on November 18, 2009 by Schwedler; and

d.    The renewed petition to revive the '329 application, filed on November 8, 2010 by Burke.

109.    Upon information and belief, the false representations that the entire period of delay in responding to the USPTO with respect to the '329 and '342 applications was unintentional were

material to the USPTO, because without that false representation the USPTO would not have ultimately granted the petitions to revive and the '235, '376, and '939 Patents never would have issued.

110.    Accordingly, upon information and belief, Aequitas, XR and their counsel engaged in inequitable conduct in reviving the '329 and '342 applications.

## EIGHTH DEFENSE
## (STATUTORY LIMITATIONS)

111.    To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government and/or public good, Plaintiff's claims involving AT&T may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## NINTH DEFENSE
## (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

112.    XR is not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 547 U.S. 388 (2006), any alleged injury to XR would not be immediate or irreparable, XR would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## RESERVATION OF DEFENSES

AT&T hereby reserves the right to supplement defenses as discovery proceeds in this case.

## PRAYER FOR RELIEF

WHEREFORE, AT&T prays for judgment as follows:

a.    A judgment dismissing Plaintiff's Complaint with prejudice;

b.    A judgment in favor of AT&T on all of their Defenses;

c.    A judgment that AT&T has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Asserted Patents;

d.    A judgment that the Asserted Patents are invalid;

e.    A judgment that the Asserted Patents are unenforceable;

f.    An award to AT&T of their fees and expenses of litigation;

g.    A judgment limiting or barring Plaintiff's ability to enforce the Asserted Patents in equity;

h    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendants respectfully demand a jury trial of all issues triable to a jury in this action.

## <u>COUNTERCLAIMS</u>

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants and Counterclaim-Plaintiffs AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp. ("AT&T" or "AT&T Counterclaimants") asserts the following Counterclaims against Plaintiff XR Communications, LLC dba Vivato Technologies ("XR" or "Counterclaim-Defendant").

### THE PARTIES

1.     Defendant and Counterclaim-Plaintiff AT&T Services, Inc. is a corporation organized under the State of Delaware, with its principal place of business in Dallas, Texas.

2.     Defendant and Counterclaim-Plaintiff AT&T Mobility, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

3.     Defendant and Counterclaim-Plaintiff AT&T Corp. is a corporation organized under the laws of the State of New York, with its principal place of business in Bedminster, New Jersey.

4.     Upon information and belief, and according to the allegations in its Complaint, XR is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 2809 Ocean Front Walk, Venice, California 90291.

5.     XR's Complaint alleges it is the owner of United States Patent No. 8,737,511 (the "'511 Patent"), 10,715,235 (the "'235 Patent"), and 7,177,369 (the "'369 Patent"),

(collectively, "Asserted Patents").[1]

## JURISDICTION AND VENUE

6.        This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 271, et seq.

7.        XR has subjected itself to personal jurisdiction by maintaining its lawsuit against AT&T in this judicial district.

8.        Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

9.        XR has sued AT&T for infringement of the Asserted Patents.  AT&T denies infringement and denies that the claims of the Asserted Patents are valid.  Therefore, there is a substantial, actual, and continuing controversy between XR and AT&T as to the validity and infringement of the Asserted Patents.

## NATURE OF THE ACTION

10.        Based on the Complaint, XR has substantial rights and interests in the Asserted Patents.

11.        XR has sued AT&T (as defined above) for alleged infringement of the Asserted Patents in Eastern District of Texas, Case No. 2:23-CV-00202 (the "AT&T Case").

12.        The Complaint in the AT&T Case alleges infringement based, in part, upon functionality implemented by AT&T's products or technology.

13.        AT&T asserts that the Asserted Patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112.

---

[1] XR dropped its claims of infringement with respect to U.S. Patent No. 10,594,376 (*see* the Joint Stipulation of Dismissal at Dkt. 71), and U.S. Patent 8,289,939 (dropped on April 11, 2025, in connection with the claim narrowing process).  Accordingly, AT&T does not further address those patents herein.

14.     AT&T further denies any allegation of infringement of the Asserted Patents directly or indirectly, through AT&T products or technology.

15.     In view of the foregoing, a conflict of asserted rights between AT&T and XR with respect to the alleged infringement and validity of the Asserted Patents.

16.     AT&T seeks a declaratory judgment of invalidity of the Asserted Patents, pursuant to the laws of 35 U.S.C. § 100, *et seq.* (including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112), and such other relief as the Court deems just and proper.

17.     AT&T seeks this relief because XR has accused AT&T of infringing the Asserted Patents through AT&T's products and technology. AT&T believes XR's allegations lack merit and thus asks the Court to declare the legal rights of AT&T so that AT&T is afforded relief from the uncertainty and delay regarding its rights caused by XR's allegations against AT&T.

### First Counterclaim
### Declaratory Judgment of Invalidity of the '511 Patent

18.     AT&T incorporates by reference the prior allegations.

19.     Based on XR's filing of this action and at least AT&T's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '511 Patent.

20.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, AT&T requests a judicial determination and declaration that the claims of the '511 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

21.     The bases for AT&T's invalidity counterclaims are further set forth in, and AT&T specifically incorporates by reference, its preliminary invalidity contentions served on October 12, 2023, and the Expert Report of Kevin J. Negus, Ph.D., served April 25, 2025.

### Second Counterclaim
**Declaratory Judgment of Invalidity of the '235 Patent**

22.        AT&T incorporates by reference the prior allegations.

23.        Based on XR's filing of this action and at least AT&T's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '235 Patent.

24.        Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., AT&T requests a judicial determination and declaration that the claims of the '235 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

25.        The bases for AT&T's invalidity counterclaims are further set forth in, and AT&T specifically incorporates by reference, its preliminary invalidity contentions served on October 12, 2023, and the Expert Report of Kevin J. Negus, Ph.D., served April 25, 2025.

### Third Counterclaim
**Declaratory Judgment of Invalidity of the '369 Patent**

26.        AT&T incorporates by reference the prior allegations.

27.        Based on XR's filing of this action and at least AT&T's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '369 Patent.

28.        Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., AT&T requests a judicial determination and declaration that the claims of the '369 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

29.     The bases for AT&T's invalidity counterclaims are further set forth in, and AT&T specifically incorporates by reference, its preliminary invalidity contentions served on October 12, 2023, its amended invalidity contentions served on December 3, 2024, and the Expert Report of Kevin J. Negus, Ph.D., served April 25, 2025.

## PRAYER FOR RELIEF

WHEREFORE, AT&T prays for judgment as follows:

a.      A declaration that the '235, '511, and '369 Patents are invalid;

b.      A judgment in favor of AT&T on all of its Defenses;

c.      A judgment denying any relief whatsoever in favor of XR;

d.      A judgment in favor of AT&T on its Counterclaims;

e.      A judgment that the claims of each of the '235, '511, and '369 Patents are invalid and/or unenforceable;

f.      A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and an award of attorney's fees and expenses of litigation to AT&T;

g.      A judgment dismissing XR's Complaint against AT&T with prejudice;

h.      An award to AT&T of their fees and expenses of litigation, including but not limited to reasonable attorney's fees and costs;

i.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, AT&T respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  July 17, 2025

Respectfully submitted,

*/s/ Matthew S. Yungwirth*
Deron R. Dacus (TBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323
Suite 430
Tyler, Texas  75701
Telephone:  903.705.1117
Facsimile:  903.581.2543

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
Sajid Saleem
ssaleem@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
Telephone: 404.253.6900

Tyler Marandola
tmarandola@duanemorris.com
Brianna Vinci
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000

Kevin P. Anderson
kpanderson@duanemorris.com
Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

*Counsel for Defendants AT&T Services, Inc.,
AT&T Mobility LLC, and AT&T Corp.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 17, 2025.

*/s/ Matthew S. Yungwirth*

Matthew S. Yungwirth
