# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| XR COMMUNICATIONS LLC D/B/A<br>VIVATO TECHNOLOGIES<br><br>v.<br><br>AT&T INC., ET AL. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:23-CV-0202-JRG-RSP |

**Pretrial Conference**
**MAG. JUDGE ROY PAYNE PRESIDING**
**August 29, 2025**

**OPEN:** 9:01 a.m.     **ADJOURN:** 2:17 p.m.

ATTORNEYS FOR PLAINTIFF:          See attached.

ATTORNEYS FOR DEFENDANTS:     See attached.

LAW CLERK:                                       Greg Saltz

COURT REPORTER:                          Ed Reed

COURTROOM DEPUTY:                  Wendy Asbel

| TIME | MINUTES |
|---|---|
| 9:01 AM | Court opened. Case called. Andrea Fair introduced co-counsel and announced ready. Tom Gorham introduced co-counsel and announced ready. |
| 9:02 AM | Court provided instructions and housekeeping matters to the parties. Jury Selection is set on the September 22, 2025, docket before Judge Gilstrap. There are several cases still on the docket and Judge Gilstrap will announce the order of the trials soon. Court asked counsel if there was any agreement on the order in which the 3 consolidated cases should be tried. Andrea Fair announced that the parties have agreed that it would make the most sense to try all of it together in a single trial. The parties agree that they would ask for 13 hours. Matt Yungwirth confirmed that agreement and are waiving the right to have separate trials. Court asked if the parties verdict form would have the jury reach a separate verdict as to each of the 3 defendants. Mr. Yungwirth responded regarding the parties agreement and plans. All expert witnesses will be shared between the 3 carriers. Court will consult with Judge Gilstrap and if we go forward in the fashion stated, Court will allow 13 hours per side for evidence. The parties will have 30 minutes per side for *voir dire*. Mr. Yungwirth and Ms. Fair agreed that 30 minutes for opening would be fine but requested 45 minutes |

|  | for closing.  The parties will have four peremptory strikes each side.  Eight jurors will be seated.  The parties will have 30 minutes for opening statements and, at this time, 40 minutes per side for closing arguments but the Court suspects it will be 45 minutes if all 3 cases are tried at one time. The jury will report at 8:30 daily.  Lunch is supplied to the jury, which means the lunch break will be held to 40-45 minutes.  Typically, the jury will be excused around 6:00 p.m., depending upon a stopping point with a particular witness.  Court will be in chambers at 7:30 a.m. each morning.  The parties shall notify the Court by 10:00 p.m. each evening of disputes/objections not resolved through meet and confer efforts. While not in the order, the parties should be aware that jury selection may be moved to the Friday before.  Deposition objections and/or disputes are to be taken up by the Court by the morning of the day before the day the deposition will be played so that the disputes can be resolved the day before the deposition is to be used.  It is the Court's practice to hold all Rule 50(a) motions until the close of all evidence.  There will be an informal charge conference (off the record) to look at the state of the proposed jury instructions, usually held at the close of all evidence.  The Court instructed counsel not to refer to witnesses and others by their first names, and to advise their respective witnesses regarding same.  The Court directed counsel to refer to the Court's Standing Order regarding the sealing of the courtroom regarding confidential or highly sensitive testimony.  Court addressed the matter of jury questionnaires.  Ms. Fair confirmed that the questionnaires had already been provided to Deputy in Charge, Kecia Clendening.  The parties should consult with Ms. Clendening on the timing for picking up the questionnaires.  Counsel should review Judge Gilstrap's Standing Order regarding the use of jury information.  The pretrial order provides the requirements regarding juror notebooks. The parties will provide juror notebooks a week before the trial.  Each notebook shall contain a sheet with a photo of each witness with the name above the photo (and no other information) and lines for taking notes, a copy of the patent(s), the Court's claim construction chart, a 3-hole punched note pad and a non-clicking pen.  If there are stipulations you think the jury should hear before trial, you should let Judge Gilstrap's chambers know that you want them included in the preliminary instructions. |
|---|---|
| 9:29 PM | Court addressed disagreements in the pretrial order.  Paul Kroeger responded for Plaintiff regarding the agreements and pending disputes.  Alice Snedeker responded for Defendants.  The parties agreed to a simultaneous exchange of closing argument demonstratives.  Closing demonstratives are to be exchanged by 7:00 a.m. on the day of closing arguments.  Counsel is to confer about objections and notify the court by 7:30 a.m. of any unresolved objections. |
| 9:35 PM | Ms. Snedeker noted that there was an exhibit they wanted to withdraw from the joint exhibit list. Court will take that up later.  With no other objections or disputes regarding the pretrial, Court adopted the pretrial order. |
| 9:36 PM | Court addressed expert reports.  Experts should be held to the four-corners of their reports.  Chambers will send an email regarding expert reports. |

| 9:39 AM | Court inquired regarding objections to witnesses. Mr. Kroeger responded for Plaintiff. Matt Yungwith responded for Defendants. |
|---|---|
| 9:40 AM | Court questioned how Plaintiff planned to refer to their client during trial. James Pickens noted that the client will be referred to as Vivato. |
| 9:41 AM | Court heard argument regarding disputed MILs. James Pickens argued for Plaintiff. Kevin Anderson and Mr. Yungwirth argued for Defendants. Court made rulings as set forth in the record. |
| 10:27 AM | Recess |
| 10:40 AM | Court continued hearing argument regarding disputed MILS. Philip Wang and James Pickens argued for Plaintiff. Ms. Snedeker and John Gibson argued for Defendants. Court made rulings as set forth in the record. |
| 12:03 PM | Court adjourned until 1:30p. |
| 1:35 PM | Court reconvened and continued hearing argument regarding disputed MILs. Mr. Gibson, Ms. Snedeker, Mr. Yungwirth argued for Defendants. Jacob Buczko argued for Plaintiff. Court made rulings as set forth in the record. |
| 2:16 PM | Argument on MILS was concluded and there were no further comments from the parties. The parties were to consult with Ms. Asbel on a final pretrial conference date. |
| 2:17 PM | Court adjourned. |