IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| XR COMMUNICATIONS LLC D/B/A VIVATO TECHNOLOGIES, | § § § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 2:23-cv-00202-JRG-RSP (Lead Case) |
| AT&T INC., ET AL., | § § | JURY TRIAL REQUESTED |
| Defendants. | § § § | |

### NINTH AMENDED DOCKET CONTROL ORDER

Having considered the parties' Joint Motion to Amend the Docket Control Order, the Court finds that it should be and hereby is **GRANTED**. Accordingly, it is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| Current Deadline | Amended Date | Event |
|---|---|---|
| September 22, 2025 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| September 17, 2025 (or two days after Defendants disclose final invalidity theories, whichever is later) | 5 days before final pretrial conference | Joint proposed jury instructions and joint proposed verdict form. |
| 7 days before Jury Selection | Completed, although Defendants can continue to narrow | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses with notice of the same filed with the Court.[1] |

---

[1] The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

1

| Current Deadline | Amended Date | Event |
|---|---|---|
| 10 days before Jury Selection | Completed, although Plaintiff can continue to narrow | *Plaintiff to disclose final election of Asserted Claims with notice of the same filed with the Court.[2] |
| November 12, 2025 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |

**(*) indicates a deadline that cannot be changed without an acceptable showing of good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.**

### ADDITIONAL REQUIREMENTS

**Mediation:** While certain cases may benefit from mediation, such may not be appropriate for every case. The Court finds that the Parties are best suited to evaluate whether mediation will benefit the case after the issuance of the Court's claim construction order. Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for mediation **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions:**  For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed.  All documents shall be single-sided and must include the CM/ECF header.  These copies shall be delivered to the Court within three (3) business days after briefing has completed.  For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court.  Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness:**  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

---

[2] Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

**Lead Counsel:** The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel. The true lead counsel should be designated early and should not expect to parachute in as lead once the case has been largely developed.

**Motions for Continuance:** The following will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a) The fact that there are motions for summary judgment or motions to dismiss pending;

(b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):** Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Joint Pretrial Order:** In the contentions of the Parties included in the Joint Pretrial Order, the Plaintiff shall specify all allegedly infringed claims that will be asserted at trial. The Plaintiff shall also specify the nature of each theory of infringement, including under which subsections of 35 U.S.C. § 271 it alleges infringement, and whether the Plaintiff alleges divided infringement or infringement under the doctrine of equivalents. Each Defendant shall indicate the nature of each theory of invalidity, including invalidity for anticipation, obviousness, subject-matter eligibility, written description, enablement, or any other basis for invalidity. The Defendant shall also specify each prior art reference or combination of references upon which the Defendant shall rely at trial, with respect to each theory of invalidity. Other than as set forth in the above deadlines, the contentions of the Parties may not be amended, supplemented, or dropped without leave of the Court based upon a showing of good cause. The Parties in a case which has been consolidated for pre-trial purposes and which is moving towards a separate trial on the merits (subsequent to pre-trial) shall file, as an exhibit to the parties' Joint Pretrial Order, a list identifying all docket entries from the lead case that relate to the applicable member case.

**Trial:** All parties must appear in person at trial. All non-individual (including but not limited to corporate) parties must appear at trial through the presence in person of a designated representative. Once they have appeared, any representative of a non-individual party shall not be replaced or substituted without express leave of Court.