IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS LLC D/B/A VIVATO TECHNOLOGIES,<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T INC., ET AL,,<br><br>*Defendants*. | § § § § § § § § § § |

CASE NO. 2:23-CV-00202-JRG-RSP
(LEAD CASE)

# REPORT AND RECOMMENDATION

Before the Court is Defendants' and Intervenors'[1] Motion for Partial Summary Judgment of No Literal Infringement for the '369 Patent. **Dkt. No. 160**. For the reasons discussed below, the motion should be **DENIED**.

## I.    APPLICABLE LAW

### A.  Literal Infringement

Determining whether a product or method literally infringes a patent is a two-step process. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012). The Court must first determine the proper construction of the asserted claims, which is a matter of law. *Id.* At the second step, the finder of fact must determine whether the asserted claim, as properly construed, "reads" on the product or method. *Id.* In other words, "a patentee must supply sufficient evidence to prove that the accused product or process contains . . . every limitation of the properly construed claim." *Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1328 (Fed. Cir. 2019) (quoting *Seal-Flex, Inc. v. Athletic Track and Court Const.*, 172 F.3d 836, 842 (Fed. Cir. 1999)).

---

[1] For the sake of brevity, the Court will simply refer to the moving parties as "Defendants."

### B. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA*,

2

Inc., No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.     ANALYSIS

In the Motion, Defendants argue that Plaintiff cannot show literal infringement of the '369 Patent because the accused Ericsson base stations do not "selectively set[] different transmission power levels for at least two different Frequency Division Multiplexing (OFDM) tones" in downlink transmissions. Dkt. No. 160 at 5-6 (quoting '369 Patent at claim 1). They assert that "Ericsson base stations always set the same power level for all OFDM tones and this step happens after the precoding that XR and Dr. Williams accuse of infringement." *Id.* at 6. Specifically, they say that "[a]fter applying beamforming weights (which is XR's and Dr. Williams's theory of infringement), Ericsson's NR Transmitter algorithm applies 'Reciprocity-based Beamforming Weights Scaling' where '[t]he total power of the MMSE weights for reciprocity-based beamforming' 'over all the beams and layers on each SCG [subcarrier group] is 1.'" *Id.* (citing Dkt. No. 160-5 at -603196; Dkt. No. 160-4 ("Negus[2] Report") at ¶¶ 261, 417). Defendants further cite to Ericsson documents in support of this proposition, which ostensibly show that "Ericsson base stations always have the same transmission power for all OFDM tones (or subcarriers)." *Id.* at 7 (citing Dkt. No. 160-6 at -601790, -601792). They contend that this means that "the transmit power level for each OFDM tone is the same." *Id.* at 6-7 (citing Negus Report at ¶¶ 246-265, 417-420).

Defendants also argue that Dr. Williams[3] offers nothing more than *ipse dixit* argument in response to the aforementioned Ericsson documents, which "unequivocally state that Ericsson base stations set all OFDM tones to the same power level." *Id.* at 7. They contend that an expert's mere

---

[2] Defendants' technical expert.
[3] Plaintiff's technical expert.

3

disbelief in the evidence, without more, is insufficient to create a fact issue. *Id.* at 7-8 (citing *EMG Tech., LLC v. The Vanguard Grp., Inc.*, No. 6:12-cv-543, 2014 WL 12597428, at *2-3 (E.D. Tex. June 24, 2014)). In sum, Defendants argue that "Dr. Williams's opinions are based on a misunderstanding of how Ericsson base stations operate" but that they (Defendants) know how they actually operate, which doesn't infringe the '369 Patent. *See id.* at 9-10.

Plaintiff, in response, argues that "Dr. Williams analyzed the Ericsson documentation and testimony and came to a very different conclusion from Dr. Negus about the combined effect of Power Scaling and frequency selective beamforming on setting different transmission power levels of the OFDM tones." Dkt. No. 195 at 9. Specifically, Plaintiff cites to the report of Dr. Williams who "analyzed Power Scaling of beamforming weights, opining that the Ericsson algorithm specifications show that while Power Scaling scales beamforming weights (changing their absolute value), this Power Scaling (also called 'weight normalization') 'retains the relative power level differences in the weights for the subcarrier groups and does not result in the same weight and power level being applied to different subcarrier groups.'" *Id.* at 10 (citing Dkt. No. 184-2 ("Williams Report") at ¶ 184, 197-198).

As to Defendants' assertion that Dr. Williams offers nothing more than *ipse dixit* argumentation, Plaintiff points out that Dr. Williams's relies, in part, on the deposition testimony of Ericsson's corporate witness, Dr. Göransson, to come to his conclusions: "beamforming in the 'right direction' will '*increase the received power at the terminal*' and '*the gain of the antenna will, of course, be much smaller if we don't do the beamforming*.'" *Id.* at 11 (emphasis added by Plaintiff) (citing Williams Report at page 308-309, 338, 340-341). Plaintiff also points to Dr. Williams's reliance on the ERICSSON-XR-580894 document (Massive MIMO Handbook Second Ed.), Ericsson's "How to build high-performing Massive MIMO systems" white paper, Ericsson's

4

"Massive MIMO for 5G Networks" white paper, ERICSSON-XR-605546 (Ericsson's Reciprocity SU MIMO Implementation Description), ERICSSON-XR-581636 (Algorithm Specification: NR Downlink Beamforming Controller), and ERICSSON-XR-623948 (Algorithm Specification: Sounding Reference Symbol Receiver). *Id.* at 2-3, 12-13 (citing Williams Report at ¶¶ 187, 197).

The Court finds Defendants' position unpersuasive. In essence, Defendants' argument is that 'we don't do what Plaintiff says we do, and Plaintiff's arguments in its allegations are wrong.' This is of no moment. The proper inquiry here is whether Plaintiff has sufficient *evidence* to create a genuine dispute of material fact, and the Court finds that it does. Contrary to Defendants' assertion that Dr. Williams has exclusively *ipse dixit* argumentation, Plaintiff points to a wide variety of not only opinions that Dr. Williams forwards in his report (which are in and of themselves evidence), but of the evidence that he relied on in reaching those opinions. That Defendants may dispute this evidence is irrelevant for purposes of summary judgment.[4]

### III.   CONCLUSION

Accordingly, for the reasons discussed above, the Court recommends that the Motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and

---

[4] The Parties also dispute whether supplemental claim construction is necessary. *See* Dkt. No. 160 at 12-13; *compare* Dkt. No. 195 at 15. Having reviewed the matter, the Court finds that no additional claim construction is required. This dispute comes down to a factual disagreement between experts.

Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 22nd day of September, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE