IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS LLC D/B/A VIVATO TECHNOLOGIES, <br><br> *Plaintiff*, <br><br> v. <br><br> AT&T INC., ET AL,, <br><br> *Defendants*. | § § § § § § § § § § <br><br> CASE NO. 2:23-CV-00202-JRG-RSP <br> (LEAD CASE) |

## REPORT AND RECOMMENDATION

Before the Court is Defendants' and Intervenor's[1] Motion for Partial Summary Judgment of No Literal Infringement for the '511 Patent. **Dkt. No. 162**. For the reasons discussed below, the Court recommends that the Motion be **DENIED**.

### I.   APPLICABLE LAW

**A. Literal Infringement**

Determining whether a product or method literally infringes a patent is a two-step process. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012). The Court must first determine the proper construction of the asserted claims, which is a matter of law. *Id.* At the second step, the finder of fact must determine whether the asserted claim, as properly construed, "reads" on the product or method. *Id.* In other words, "a patentee must supply sufficient evidence to prove that the accused product or process contains . . . every limitation of the properly construed claim." *Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1328 (Fed. Cir. 2019) (quoting *Seal-Flex, Inc. v. Athletic Track and Court Const.*, 172 F.3d 836, 842 (Fed. Cir. 1999)).

---

[1] For the sake of brevity, the Court will simply refer to the moving parties as "Defendants."

### B. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA*,

Inc., No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.   ANALYSIS

In the Motion, Defendants argue that the only asserted claim of the '511 Patent, claim 20, is not infringed. Dkt No. 162 at 1. Claim 20 reads as follows:

> An apparatus comprising:
> m antenna arrays configured to transmit a propagating radio frequency signal, each of the antenna arrays comprising:
> a plurality of antenna elements; and
> a beamformer configured to produce n different transmit beams using the plurality of antenna elements; and
> n multiple-input multiple-output transmitters (MIMO), each MIMO transmitter configured to process m different transmit signals, wherein a v-th transmit signal from a z-th MIMO transmitter corresponding to a z-th beam of a v-th antenna array is selected for transmission,
> wherein m, n, v, and z are integer number values, and
> wherein z=1, . . . , n, and v=1, . . . m, and
> wherein n≧2 and m≧2.

'511 Patent at claim 20. Defendants argue that the "MIMO transmitter" recited actually requires at least two such transmitters because the patentee specified this via an amendment made during prosecution to overcome prior art. *See* Dkt. No. 162 at 1, 3-5.

Defendants claim that they are entitled to summary judgment in view of the above because Plaintiff's technical expert, Dr. Cooklev, fails to identify these MIMO transmitters and "merely repeats the claim language, without actually identifying what in the accused base stations he opines meets this element." *Id.* at 5 (Dkt. No. 162-2 ("Cooklev Report") at ¶¶ 224-44). "At best," contend Defendants, "Dr. Cooklev has opined that an 'Ericsson base station digital beamforming controller uses e.g., two MIMO transmitters for an antenna array comprising e.g., 32 sub-arrays to achieve polarization domain.'" *Id.* at 5-6 (quoting Cooklev Report at ¶ 232). Defendants further allege that, when pressed at his Deposition, Dr. Cooklev still was not able to identify what he believes met the "MIMO transmitter" element. *Id.* at 6 (citing Dkt. No. 162-3 ("Cooklev Depo") at 112:1-131:7).

3

Thus, conclude Defendants, summary judgment is proper because Plaintiff has necessarily failed to identify the two or more MIMO transmitters in the accused Ericsson base stations. Thus, Plaintiff cannot have the asserted claim 20 read on the base stations.

In response, Plaintiff does not dispute that there must be at least two MIMO transmitters, but argues that Dr. Cooklev does, in fact, identify the "MIMO transmitter" within the accused Ericsson base stations. Dkt. No. 191 at 1. Plaintiff asserts that the "digital radio chain[s] and . . . analog radio chain[s]" correspond to the "MIMO transmitter." *Id.* at 2 (citing Cooklev Report at ¶¶ 229, 231, 232, 233, 238). Specifically, Plaintiff contends that Dr. Cooklev's opinion is that "The digital radio chains and analog radio chains that are responsible for the first polarization is the first MIMO transmitter; and the digital radio chains and analog radio chains that are responsible for the second polarization is the second MIMO transmitter." *Id.* With respect to Defendants' arguments regarding Dr. Cooklev's deposition testimony, Plaintiff points out that when asked about the MIMO transmitter, he identified "two MIMO transmitters, one MIMO transmitter per polarization," and expressly cited to paragraph 229 of his infringement report and to "the documents produced by Ericsson." *Id.* at 5 (citing Cooklev Depo at 118:20-119:16).

Evidently anticipating this rebuttal, Defendants also argue in their Motion that the prior art reference—"Adams"—that the patentee was able to overcome through amendment, itself included two polarizations, but "XR successfully argued that Adams included only 1 MIMO transmitter." Dkt. No. 162 at 10-11 (citing Dkt. No. 162-6 at 0057-0058). In other words, Defendants conclude that "[d]espite Adams teaching dual polarizations, XR successfully argued to the examiner that Adams taught only a single MIMO transmitter. Thus, Dr. Cooklev's identification of two polarizations does not identify two MIMO transmitters." *Id.* at 11 (citing Dkt. Noo. 162-6 at 0057-0058; ).

Countering this, Plaintiff argues that "Defendants seem to suggest that the applicants distinguished a system with two polarizations but only one MIMO transmitter [and that,] therefore, *all* systems with two polarizations must be understood to have only a single MIMO transmitter," but that this is simply not the case. Dkt. No. 191 at 5-6 (emphasis in original). Plaintiff offers little further clarification on this other than to say that Defendants' position is underdeveloped, and that it amounts to prosecution disclaimer, for which Plaintiff asserts Defendants have not met their burden of clear and unambiguous disavowal of claim scope. Specifically, Plaintiff points out that "[n]either the word 'polarization' nor any synonym appears in the quoted applicant remarks" concerning the amendment during prosecution. *Id.* at 6 (citing Dkt. No. 162-5).

The Court finds that summary judgment is not justified here. First, contrary to Defendants' assertions, Dr. Cooklev does point to "MIMO transmitters" in the accused Ericsson base stations as Plaintiff contends. Although Defendants may disagree with it, his opinion that each polarization for the radio chains constitutes a MIMO transmitter is sufficient at this juncture. A reasonable jury could find that these polarizations each constitute a MIMO transmitter. As to Defendants' argument regarding prosecution disclaimer, the Court finds that Defendants have not met their burden to show a clear and unambiguous disclaimer. While Adams did teach polarizations for two-branch MIMO systems (Dkt. No. 162-6 at 0057-0058), at no point do the patentee's statements (Dkt. No. 162-5) related to the amendment at issue bring up "polarization" or any other synonymous terms as a means by which they differentiated their application from Adams. In other words, the patentee never disclaimed the idea that a two (or more) polarization system could constitute a two-MIMO transmitter system.

### III. CONCLUSION

Accordingly, for the reasons discussed above, the Court recommends that the Motion be

5

**DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 22nd day of September, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE