IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS LLC dba VIVATO TECHNOLOGIES,<br><br>    *Plaintiff,*<br><br>vs.<br><br>AT&T INC., et al.,<br><br>    *Defendants.* | Case No. 2:23-cv-00202-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS'/ERICSSON'S OBJECTIONS TO ORDER
DENYING LEAVE TO SERVE SUPPLEMENTAL REPORTS BASED ON JOINT
<u>STIPULATION OF DISMISSAL (DKT. NO. 265)</u>**

Defendants/Ericsson respectfully object to the Magistrate Judge's September 22, 2025 Memorandum Order (Dkt. 265; hereafter the "Nokia Order") denying Defendants'/Ericsson's Motion for Leave to Serve Supplemental Reports Based on Joint Stipulation of Dismissal as to Nokia Products (Dkt. 212). The Court must set aside the Nokia Order as clearly erroneous and contrary to law. Fed. R. Civ. P. 72(a).

### A. The Nokia Order Fails to Meaningfully Address the Good Cause Standard

As a threshold matter, the Nokia Order holds that because the stipulation dismissing the allegations as to Nokia's products with prejudice (Dkt. 180) and the Motion for Leave (Dkt. 212) were filed after fact discovery, they came "too late" and thus the Motion for Leave was denied "on this basis." Dkt. 265 at 2. But if this reasoning held, all motions for leave to supplement an expert report would be dead on arrival; by their very nature any such motion is necessarily filed after the close of fact discovery. Moreover, the Nokia Order fails to address the fact that the Motion could not have been filed any earlier and that Plaintiff would suffer no prejudice because it has long been on notice of Defendants' noninfringement positions as to the Nokia products. By failing to confront these arguments and the rest of the Fifth Circuit's "good cause" factors, the Nokia Order is contrary to law and must be overruled. And to the extent the Nokia Order's holding that the Motion for Leave "would be futile" purports to trump all other factors, that holding is also contrary to law and clearly erroneous for the reasons set forth below.

### B. The Magistrate Judge's Decision To Exclude the Nokia Products as NIAs at Trial Was Contrary to Law

The issue before the Magistrate Judge was whether the with prejudice dismissal, which operates as an adjudication on the merits, had any bearing on the issue of damages at trial.

    a. **The Nokia Order's Holding That Defendants/Intervenors Are Not Entitled to Forward-Looking Protection As to Nokia's Products Under *Kessler* Is Contrary to Law**

In the Nokia Dismissal, Plaintiff, Defendants, and Intervenor-Nokia "stipulate[d] to a dismissal with prejudice of Plaintiff's claims for infringement … with respect to Nokia's products." Dkt. 180. Nevertheless, the Magistrate Judge concluded that "Plaintiff could still sue Nokia directly" for infringement on the same patents and based and on the same Nokia products. This ruling so undermines *Kessler* (and more generally dismissals with prejudice) that even Plaintiff did not ask for it; rather, Plaintiff's opposition distinguished *In re PersonalWeb*, 961 F.3d 1365 (Fed. Cir. 2020) **only** on the ground that "this prospective *res judicata* principal [*sic*] is irrelevant to NIAs, which look backwards in time to the date of first infringement." Dkt. No. 226 at 6 (emphasis and misspelling in original).[1] But to be sure, Plaintiff now understands the Magistrate Judge's Order to render *Kessler* dead letter. Just three days after the Order, Plaintiff accepted the Court's invitation to sue Nokia for infringement of the same patents by the same Nokia products at issue in these cases. *See XR Commc'ns, LLC v. Nokia of Am. Corp.*, 2:25-cv-979 (E.D. Tex.), Dkt. 1; *see also id.* Dkt. 24. The Magistrate Judge's decision on this point is contrary to law, and must be overruled, for at least three reasons.

First, the Magistrate Judge concluded that the *Kessler* doctrine does not apply when the manufacturer is not a named defendant in the first suit. Dkt. No. 265 at 4. But the *Kessler* doctrine "attaches to the product itself" and not just specific parties. *PersonalWeb*, 961 F.3d at 1378-79. Moreover, Nokia **is** a party; an intervenor is a "party" to the case, including for claim preclusion. *Cahill v. Insider Inc.*, 131 F.4th 933, 937 (9th Cir. 2025) ("Other circuits have

---

[1] Defendants/Ericsson also made clear that the Nokia Dismissal was relevant to damages issues *prospectively* at least because the '511 Patent does not expire until 2032 and Plaintiff's experts have argued that the same features that infringe the '369 Patent (which expired in July 2024) infringe the '511 Patent. Dkt. 229 at 4. Indeed, even Plaintiff's damages expert recognized that the future existence of an NIA during the damages window would be relevant. *See*, *e.g.*, Exh. A (Dell T-Mobile Report) ¶¶ 294-298 (license term of 11 years "could tend to increase Defendant's desire and incentive to design around or develop non-infringing alternatives to the Asserted Patents.")

reached the same conclusion: once an intervenor enters an action, they become a 'party' to it."); *U.S. v. Great Am. Bank of Dade Cnty.*, 578 F. Supp. 109, 111 (S.D. Fla. 1983).

Second, the Magistrate Judge correctly understood the *Kessler* doctrine as one that "holds that, upon adjudication of non-liability for infringement, a manufacturer receives a limited trade right to continue making, using and selling the previously accused instrumentalities, and that a plaintiff may not further harass the manufacturer either directly or through suits against the manufacturer's customers for using the instrumentalities." Dkt. 265 at 3 (citing *Kessler v. Eldred*, 206 U.S. 285 (1907)). But the Magistrate Judge appears to have misunderstood the *Kessler* doctrine to require "that the issue of non-infringement … be 'actually litigated' in order to invoke" its protection. *PersonalWeb*, 961 F.3d at 1379. Instead, *Kessler* is triggered by ***any*** dismissal with prejudice that is not contingent on some other factor, like a license agreement. *See id.* at 1377-78. Thus, under *Kessler*, "dismissal operate[s] as an adjudication of non-liability for infringement." *Id.* at 1379; *see also Askan v. FARO Technologies, Inc.*, 2023 WL 4101351, at *3 (Fed. Cir. June 21, 2023) (dismissal with prejudice for discovery violations triggered *Kessler*).

Third, and most significantly, the Magistrate Judge appears to have read the Plaintiff's self-serving reasoning for agreeing to a dismissal with prejudice—*i.e.*, to "simplify[] the issues in this litigation" and its assertion that the dismissal with prejudice was not an admission "that Nokia products do not infringe"—as somehow negating the legal effect of a with prejudice dismissal. Dkt. 265 at 3.[2] Indeed, the Magistrate Judge called this language an "explicit reservation." *Id.* at 4. That is wrong as a matter of law. Nothing in this language reserves any

---

[2] The purported justification also makes no sense. If Plaintiff truly only sought to narrow the case, it could have sought to drop its claims against the Nokia products with***out*** prejudice. By dismissing the claims ***with*** prejudice, Plaintiff invoked the principles of the *Kessler* doctrine and *res judicata*.

3

right. It is a statement that purports to explain *why* Plaintiff dismissed with prejudice, not a qualification of it. It is telling that even Plaintiff did not argue the position that the Court took. While Plaintiff argued that its explanatory statement was relevant to whether the Nokia products could be called a "non-infringing" alternative, it did not argue that the statement qualified or limited the effect of a "with prejudice" dismissal. By reaching out to rule on an issue no party presented, the Magistrate Judge violated the bedrock principle that courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Astellas Pharma, Inc. v. Sandoz Inc.*, 117 F.4th 1371, 1377 (Fed. Cir. 2024). "By rendering its decision on a ground not raised by any party at any stage of the proceedings . . . the district court . . . abused its discretion." *Id.*

Moreover, on the merits, the Magistrate Judge was mistaken to conclude that the explanatory statement in the parties' with prejudice dismissal stipulation "reserved" the right to file future suits. The Court's reading is inconsistent with the parties' agreement to withdraw the motion for summary judgment of noninfringement as "moot" based on the "stipulated . . . dismissal with prejudice of the challenged claims . . . with respect to Nokia products." Dkt. No. 193. If the parties did not intend the dismissal with prejudice to bar future litigation, then the motion for summary judgment would not have been moot. Thus, the issue of "fairness" (Dkt. 265 at 5) is squarely in Defendants/Intervenors' favor, not Plaintiff's.

Separately, the Magistrate Judge's decision does not comport with the case law holding that any reservation of a right to litigate a claim in the future "must be express." *Pactiv Corp. v. Dow Chem. Co.*, 449 F.3d 1227, 1231 (Fed. Cir. 2006). Thus, the proper question was whether it "expressly *permitted* [Plaintiff] to participate in future litigation." *Id.* Plaintiff's statement says nothing about *future* litigation at all; it purports to be nothing more than a self-serving

4

explanation for why Plaintiff dismissed the claims it litigated for two years.

### b. The Holding's Applicability for the Period Between the Hypothetical Negotiation and the Nokia Dismissal is Contrary to Law

The Magistrate Judge also addressed the period between the hypothetical negotiation (in approximately 2022) and the Nokia Dismissal (in June 2025). Citing to *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1222-23 (Fed. Cir. 1995), the Nokia Order holds that "even though the Parties here stipulated to a dismissal of the Nokia products, those products do not retroactively become NIAs." Nokia Order at 2. In other words, according to the Nokia Order, the Nokia functionality could not be an NIA prior to the Nokia Dismissal being entered.

Because Plaintiff did not cite to *Pall Corp.* in its briefing Defendants/Ericsson did not have an opportunity to address its lack of relevance. That case involved lost profits, not a reasonable royalty, and involved a license, not a dismissal with prejudice that serves "as an adjudication of non-liability for infringement." *PersonalWeb*, 961 F.3d at 1379; *see also Hallco Mfg. Co., Inc. v. Foster*, 256 F.3d 1290, 1297 (Fed. Cir. 2001) ("[A] dismissal with prejudice … is a judgment on the merits."). Moreover, because Defendants/Intervenors have always taken the position that the Nokia products/functionality does not infringe (and thus "available" during the damages window), the dismissal with prejudice simply served as the confirmatory legal effect of non-infringement for purposes of an NIA analysis. *See Headwater Research LLC v. Samsung Elecs. Co., Ltd.*, 2024 WL 3844962 (E.D. Tex. July 30, 2024).

### C. Conclusion

It is fundamentally unfair to deprive the jury of a crucial piece of information bearing on the value of the asserted patents: that a non-infringing feature existed during the alleged damages window that Plaintiff's own expert admits "provides similar benefits as the [allegedly] infringing Ericsson feature." Dkt No. 212-1 at 2. Defendants/Intervenors' objections should be sustained.

| | |
|---|---|
| Dated: October 6, 2025 | Respectfully submitted,<br><br>*/s/ Matthew S. Yungwirth*<br>Deron R. Dacus (TBN 00790553)<br>ddacus@dacusfirm.com<br>**THE DACUS FIRM, P.C.**<br>821 ESE Loop 323, Suite 430<br>Tyler, Texas 75701<br>Telephone: 903.705.1117<br><br>Matthew S. Yungwirth<br>msyungwirth@duanemorris.com<br>Alice E. Snedeker<br>aesnedeker@duanemorris.com<br>John R. Gibson<br>jrgibson@duanemorris.com<br>**DUANE MORRIS LLP**<br>1075 Peachtree Street NE<br>Suite 1700<br>Atlanta, Georgia 30309<br>Telephone: 404.253.6900<br>Facsimile: 404.253.6901<br><br>Tyler Marandola<br>tmarandola@duanemorris.com<br>**DUANE MORRIS LLP**<br>30 S. 17th Street<br>Philadelphia, PA 19103<br>Telephone: (215) 979-1000<br><br>Elissa Sanford<br>esanford@duanemorris.com<br>**DUANE MORRIS LLP**<br>901 New York Avenue NW<br>Suite 700 East<br>Washington, D.C. 20001-4795<br>Telephone: (202) 776-5231<br><br>***Counsel for Defendants / Intervenors*** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 6, 2025.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth
