# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>*Plaintiff,*<br>v.<br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br><br>*Defendants,*<br>ERICSSON INC.,<br>*Intervenor.* | Case No. 2:23-cv-00202-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>*Plaintiff,*<br>v.<br>VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>*Defendants,*<br>ERICSSON INC.,<br>*Intervenor.* | Case No. 2:23-cv-00203-JRG-RSP<br>(Member Case) |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>*Plaintiff,*<br>v.<br>T-MOBILE USA, INC.,<br><br>*Defendants,*<br>ERICSSON INC.,<br>*Intervenor.* | Case No. 2:23-cv-00204-JRG-RSP<br>(Member Case) |

**VIVATO'S OBJECTIONS TO REPORT AND RECOMMENDATION ON DKT. NO. 164 REGARDING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

I. **The Court Correctly Denied The Motion As To The "MIMO Transmitter" Element In Claim 20 Of The '511 Patent**

On the '511 patent, "the Court recommends that the Motion be GRANTED IN PART to the extent that Plaintiff is precluded from arguing (1) DoE for the first and third elements of claim 20 of the '511 Patent, (2) that "n" is equal to 1 for claim 20 of the '511 Patent, and (3) arguing DoE for element 1[c] of the '369 Patent. The Motion should otherwise be DENIED." Dkt. 269 at 19.

On the first issue, the Court's Order observed that: "A simple comparison of claim 1 with claim 20 reveals that both have the limitation of a "MIMO transmitter" in them. See '511 Patent at 10:38; compare id. at 12:31." Dkt. 269 at 8. The Court then held that "to the extent that elements 1[a], 1[b], and 1[c] are the same as elements 20[a], 20[b], and 20[c], we are satisfied that Plaintiff has provided Defendants with adequate notice of its DoE theories." *Id.* The Court also held that the theory is limited to *n* MIMO transmitters (the second element of claim 20), holding that "the Motion on this basis should be GRANTED to the extent that Plaintiff is precluded from arguing DoE for the first and third elements of claim 20. Further, should element 1[b] differ from element 20[b], then Plaintiff is also precluded from arguing DoE for the second element of claim 20." *Id.*

A comparison of claim 1[b] and claim 20[b] from the Infringement Contentions (attached hereto) shows that element 1[b] and element 20[b] use identical language ("MIMO transmitter"), both requiring "*n*" MIMO transmitters "configured to process *m* different transmit signals, wherein an v-th transmit signal from a z-th MIMO transmitter corresponds to a z-th beam of an v-th antenna array." Therefore, Plaintiff understands that the Motion is denied as to the second element of claim 20 (n MIMO transmitters). If the Court were to find otherwise, then Plaintiff objects, as the claim language of the applicable claim element is substantively and materially identical. Both claims require *n* MIMO transmitters configured in the exact same way using identical language:

1

| '511 Patent, Claim 1[b] | '511 Patent, Claim 20[b] |
|---|---|
| 1[b]: **n multiple-input multiple-output transceivers (MIMO),** comprising: a MIMO receiver configured to process m different received signals, wherein an i-th received signal to a j-th MIMO receiver corresponds to a j-th beam of an i-th antenna array; **a MIMO transmitter configured to process m different transmit signals, wherein an v-th transmit signal from a z-th MIMO transmitter corresponds to a z-th beam of an v-th antenna array.** | **n multiple-input multiple-output transmitters (MIMO), each MIMO transmitter configured to process m different transmit signals, wherein a V-th transmit signal from a z-th MIMO transmitter corresponding to a Z-th beam of a v-th antenna array** is selected for transmission; |

The Court also held that Plaintiff is precluded from arguing that "n" is equal to 1 for claim 20 of the '511 patent. Plaintiff does not contend here that "n" is equal to 1, so this aspect is moot.

## II. Plaintiff respectfully objects to the portion of Dkt. 269 granting-in-part the Motion as to element 1[c] of the '369 Patent

On the '369 Patent, the Court correctly denied Defendants' motion as to elements 1[a] and 1[b]. Dkt. 269 at 16-19. On element 1[c], the Court granted the motion and found that Plaintiff is estopped from asserting DoE from element 1[c]. Dkt. 269 at 15. Plaintiff respectfully objects to this aspect of the Report and Recommendation. As to element 1[c], the Court found Plaintiff failed to satisfy the Tangential Relationship Doctrine and held:

> Plaintiff's largely conclusory assertion that Dr. Williams's equivalent is "consistent with the prosecution history" is explained solely by reference to paragraph 200 of his report. This paragraph, in turn, merely says "Ericsson's contention that 'none of the Accused Instrumentalities from any vendor applies the channel matrix on a specific OFDM tone basis as required by the '369 claims' is not supported by the claims, the specification, the prosecution history, or the Court's claim constructions." Dkt. No. 184-2 at ¶ 200. Despite referencing the '369 Patent's prosecution history, Dr. Williams never actually explains why his equivalent is in accordance with it. See id. Because it is Plaintiff's burden to rebut, and because it does not establish that the Tangential Relationship Doctrine applies based "solely upon the public record of the patent's prosecution," Plaintiff is estopped from asserting DoE for element 1[c].

2

However, Plaintiff respectfully objects to this determination as an incorrect application of *Eli Lilly & Co. v. Hospira, Inc.,* 933 F.3d 1320, 1331 (Fed. Cir. 2019) given the full opinion presented in Paragraph 200 of Dr. Williams's report, which is not recited in Dkt. 269. Paragraph 200 in Dr. Williams's report is much longer than what is quoted in Dkt. 269, and Paragraph 200 goes on to establish that the Tangential Relationship Doctrine applies based "solely upon the public record of the patent's prosecution." *Eli Lilly*, 933 F.3d at 1331. Paragraph 200 is reproduced below:

> 200. I further note that Ericsson's contention that "none of the Accused Instrumentalities from any vender applies the channel matrix on a specific OFDM tone basis as required by the '369 claims" is not supported by the claims, the specification, the prosecution history, or the Court's claim constructions. Claim 1 recites that modifying with at least one pre-equalization parameter includes selectively setting different transmission power levels for at least two Orthogonal Frequency Division Multiplexing (OFDM) tones in said forward path data signal. Claim 1 does not recite selectively setting different transmission power levels for <u>each</u> OFDM tone in the forward path data signal. Rather, it only requires doing this for <u>at least</u> two tones. Further, claim 1 does not place any restriction on how many OFDM tones in the forward path data signal need to be different from one another apart from requiring that at least two have been selectively set at different transmission power levels. See, e.g., '369 Patent, Figure 7-8 and accompanying text. The specification also describes an exemplary methods in which one OFDM tone is selectively set at a different power level from a second OFDM tone. Like Claim 1, Claim 7 describes "sub-carrier pre-equalized OFDM data" without imposing any restriction involving "each OFDM tone." Further, a person of ordinary skill in the art would understand from the specification that selectively setting different transmission power levels of at least two OFDM tones is accomplished by selectively setting the transmission power level of OFDM tones according to the beamforming weight applicable to that subpart of the frequency spectrum (e.g., subcarrier group) as this will ameliorate at least some multipath effects for at least that part of the frequency spectrum. The specification teaches that not all multipath effects need to be addressed and it is advantageous to perform pre-equalization that reduces unwanted effects (by selectively setting transmission power levels of at least two OFDM tones) even if this does not eliminate all unwanted multipath effects for all possible frequency tones. See, e.g., column 7-16.

Dkt. 184-2 ¶ 200 (emphasis original).

Here, Paragraph 200 of Dr. Williams's report establishes that the Tangential Relationship Doctrine applies based "solely upon the public record of the patent's prosecution." *Eli Lilly*, 933 F.3d at 1331. Dr. Williams's explanation shows that the claim language in the amendment that

3

was added in prosecution does not require "each," which is why the alleged equivalent is consistent with it and has only a tangential relationship to the amendment. In the analysis of paragraph 200, Dr. Williams first quotes the amendment's language ("selectively setting different transmission power levels for at least two Orthogonal Frequency Division Multiplexing (OFDM) tones in said forward path data signal"), and then he explains that in this language, "Claim 1 does not recite selectively setting different transmission power levels for each OFDM tone in the forward path data signal. Rather, it only requires doing this for at least two tones." Dkt. 184-2 ¶ 200. Since the claim language added in prosecution did not require "each," it is consistent with the alleged equivalent and bears no more than a tangential relation to the asserted equivalent. *Id.* Thus, Dr. Williams' analysis uses the claim language added in prosecution to show that the Tangential Relationship Doctrine applies here, in accordance with *Eli Lilly*. *Id.*

Moreover, the Court erred in finding that the context of Defendants' non-infringement argument is "inapposite" here, as Dr. Williams's reference to that argument (about "each") is how he explains why his equivalent is in accordance with the prosecution history (which does not require "each"). As his report makes clear, Dr. Williams's DoE theory is presented to rebut Ericsson's non-infringement argument that "none of the Accused Instrumentalities from any vendor applies the channel matrix on a specific OFDM tone basis as required by the '369 claims." Dkt. 184-2 ¶ 200. Dr. Williams properly argues that to the extent Ericsson argues that this is a basis for non-infringement, then Ericsson is both wrong that there is no literal infringement and in any event wrong because there would also be infringement under the doctrine of equivalents *based on the language of the claim amendment itself*, which confirms that "it only requires doing this for at least two tones" and not "each" tone. Dkt. 184-2 ¶ 200.

For the foregoing reasons, Plaintiff respectfully objects to the Report and Recommendation on element 1[c] of the '369 Patent. And indeed, there is no prejudice from this theory, given that it

4

responds to Defendants' non-infringement contentions. Dkt. 164-13 (Mot. Ex. 12) at 25-27.

### III. Ensnarement was not pled in Defendants' Answers

The Court correctly denied Defendants' arguments on ensnarement, including because Defendants' "single-sentence assertion does not meet its initial burden of production." Dkt. 269 at 19. But in any event, ensnarement was not pled in Defendants' Answers. *See, e.g.,* Case No. 2:23-cv-202, Dkt. 26; Case No. 2:23-cv-203, Dkt. 19; Case No. 2:23-cv-204, Dkt. 15. The Court should deny any Motion relating to ensnarement because it is not a pled defense. And even if ensnarement had been properly pled, it would be "premature to rule" on it now. *Estech Systems, Inc. v. Target Corp.,* Case No. 2:20-cv-00123-JRG-RSP, Dkt. No. 307 at 17-19 (E.D. Tex. Aug. 20, 2021).

Dated: October 6, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Adam Hoffman
CA State Bar No. 218740
Neil A. Rubin
CA State Bar No. 250761
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Philip Wang
CA State Bar No. 262239
Minna Jay
CA State Bar No. 305941
Paul Kroeger
CA State Bar No. 229074
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_vivato@raklaw.com

Andrea L. Fair

5

        TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff,*
*XR Communications, LLC,*
*dba Vivato Technologies*

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas, and served counsel of record with a copy via electronic email.

/s/ *Reza Mirzaie*
Reza Mirzaie