# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>*Plaintiff,*<br>v.<br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br><br>*Defendants,*<br>ERICSSON INC.,<br>*Intervenor.* | Case No. 2:23-cv-00202-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>*Plaintiff,*<br><br>VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>*Defendants,*<br>ERICSSON INC.,<br>*Intervenor.* | Case No. 2:23-cv-00203-JRG-RSP<br>(Member Case) |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>*Plaintiff,*<br>v.<br>T-MOBILE USA, INC.,<br><br>*Defendants,*<br>ERICSSON INC.,<br>*Intervenor.* | Case No. 2:23-cv-00204-JRG-RSP<br>(Member Case) |

**VIVATO'S RESPONSE TO DEFENDANTS' OBJECTIONS [DKT. 281] TO MEMORAMDUM ORDER DENYING DEFENDANTS' AND INTERVENOR'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL REPORTS BASED ON JOINT STIPULATION OF DISMISSAL AS TO NOKIA PRODUCTS [DKT. 265]**

The Court should overrule Defendants' Objections (Dkt. 281) ("Obj.") to the Memorandum Order Denying Defendants' and Intervenor's ("Defendants") Motion for Leave to Serve Supplemental Reports Based on Joint Stipulation of Dismissal as to Nokia Products (Dkt. 265) ("the "Order"). First, the Order correctly found that "the Stipulation and Motion for Leave come too late." Dkt. 265 at 2. Second, the Order correctly found that even if it were timely, "the Motion would be futile." Dkt. 265 at 2. Defendants' Objections should be overruled.

**I.  The Court Properly Found Defendants' Motion Untimely.**

Defendants are incorrect that "as a threshold matter," the Court was required to go beyond considering the untimeliness of Defendants' Motion. Obj. at 1. Under Rule 26, a party ***must*** disclose the opinions of its experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). And under Rule 16, a court ***may*** provide leave to supplement an expert's report after the deadline in the scheduling order for "good cause," but is not required to do so. Fed. R. Civ. P. 16(b)(4). The Magistrate Judge properly could have denied the Motion for Leave on the basis that the deadline for disclosing all expert opinions had already passed, though the Magistrate Judge went well beyond that.

Defendants also ignore that the Court's "consider[ed] the procedural posture of the case *as a whole*" in finding the Motion untimely. Dkt. 265 at 2[1]. This includes, as Vivato argued in Opposition, the fact that (1) ***during*** the fact discovery period, Defendants never identified any Nokia products as non-infringing alternatives ("NIAs"); and (2) ***during*** the expert discovery period, Defendants never identified the dropped Nokia products as NIAs in either their opening or rebuttal expert reports. Dkt. 226 at 2-3; *see Headwater Research, LLC v. Verizon Comm's Inc. et al.*, Case No. 2:23-cv-00352-JRG-RSP, Dkt. 324 at *7-10 (E.D. Tex. Jun. 16, 2025) ("*Headwater*-352") (excluding NIA opinions that were not disclosed during fact discovery, including specifically where the NIA was a formerly

---

[1] All emphasis is added unless otherwise noted.

1

accused and then dropped product). Defendants' point that they "have always taken the position that the Nokia products/functionality do[] not infringe (and thus 'available' during the damages window)" (Obj. at 5) further underscores their untimeliness in identifying the Nokia products as NIAs. Thus, the Court should overrule Defendants' objections on this basis.

## II. The Magistrate Judge's Decision to Deny Defendants' Motion for Leave is Consistent with the Law

Defendants incorrectly frame "the issue before the Magistrate Judge" as "whether the with prejudice dismissal…had any bearing on the issue of damages at trial." Obj. at 1. That is not the issue; rather, at issue with Defendant's Motion to Leave to Serve Supplemental Reports (Dkt. 212) was whether Defendants had demonstrated sufficient good cause to warrant the requested supplemental reports. And here, the Court correctly found that Defendants failed to do so, since the proposed supplements—all directed to the dropped Nokia products as new NIA opinions—would have been futile. Dkt. 265 at 2-6.

Defendants' Objections completely fail to address why or how their requested use of dropped Nokia products as NIAs could be proper, and instead sidetrack the issue by arguing that the *Kessler* doctrine applies to bar all future litigation against any and all Nokia products. Obj. at 2-4. But not only is Defendants' argument a red herring, but Defendants' suggestion that the Magistrate Judge's ruling on their Motion for Leave "undermines *Kessler*" and "invit[es] [Plaintiff] to sue Nokia for infringement of the same patents by the same Nokia products at issue in these cases" is patently false. Obj. at 2. As discussed in the Vivato's Opposition to Defendants' Partial Motion to Dismiss in *XR Commc'ns, LLC v. T-Mobile USA, Inc.*, No. 2:25-cv-00697-JRG-RSP (E.D. Tex. Oct. 3, 2025) ("*XR2*") (Dkt. No. 24), only 1 patent—dropped long before the Stipulation of Dismissal in this case—overlaps in this case and *XR2*, but there is *zero* overlap in the Nokia products accused in this case and in *XR2*; different functionalities and products are being accused in the two cases, as admitted

by Defendants in their own prior briefings. *See id.* at 2-7. And in any event, the Court was correct that *Kessler* didn't apply given the explicit reservation in the stipulation:

> As was made clear in the Stipulation dropping the Nokia products, "[this] stipulation is made for the purposes of simplifying issues in this litigation. *It should not be taken as a position by [Plaintiff] that Nokia products do not infringe the Asserted and Dropped Patents.*"

Order at 3 (citing Dkt. No. 180 at 1-2) (emphasis in original); *see id.* at 4 ("[M]ore importantly, the Federal Circuit has said that *Kessler* doctrine kicks in when a plaintiff 'abandon[s] its claims against [a defendant] *without reservation*, explicit or implicit.') (citing *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1379 (Fed. Cri. 2020) (emphasis in original).

Moreover, on the merits, Defendants fail to address how the stipulated "dismissal of the Nokia products" "retroactively become NIAs" since "the critical time period for determining availability of an alternative is the period of infringement for which the patent owner claims damages" (Order at 2-3), aside from arguing that the cited case, *Pall Corp. v. Micron Separations, Inc.* involved lost profits and a license instead of a dismissal with prejudice. Obj. at 5. But that is a distinction without a difference; even in the reasonable royalty context, a "key inquiry" is whether *at the time* of the hypothetical negotiation, there were non-infringing alternatives. *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1304-1305 (Fed. Cir. 2015). And here, as the Court correctly found that the "very specific conditions" where dismissed products could retroactively become NIAs are "not present here." Order. at 2. For example, as the Court correctly noted, the dropped Nokia products remain unavailable as an NIA because:

> Plaintiff has underscored that 'Defendants did not turn on the relevant features during the damages period in the Nokia base stations that exist in their networks.' Thus, it is reasonable for Plaintiff to drop its claims against the carriers given the difficulties of explaining to a jury why the simple presence of these features, despite not being enabled, may still infringe.

Order at 4-5. Indeed, Vivato's experts did opine that Nokia products infringed, but instead of turning on the relevant features during the damages period in Nokia base stations, Defendants used

3

Ericsson's—not Nokia's—5G base stations for the accused functionalities. *See* Dkt. 226 at 4-5. Further, at least AT&T and Verizon had been removing Nokia base stations and implementing Ericsson base stations instead. *See* Dkt. 226 at 4-5. Moreover, the hypothetical negotiation date in each member case is 2021; the notion that carriers could have swapped in Nokia base stations in 2021—before knowing that Nokia products would be dropped from the litigation years later in 2025—defies logic. *Id.* And worse, even if Defendants had a crystal ball and *had* implemented such a swap to turn on the relevant features during the damages period, then Vivato would not have streamlined out the Nokia products in the first place *See* Dkt. 226 at 5-6. For all of these reasons, the dropped Nokia products are ***not*** non-infringing alternatives, and Defendants' belated argument that they could be one makes no sense. And even if they could be one, then the onus was on Defendants to have timely identified them as NIAs during the fact and expert discovery period. Thus, the Court was correct that Defendants' Motion for Leave would be futile.

### III. Conclusion

For all of the foregoing reasons, the Court should overrule Defendants' Objections.

Dated: October 20, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Adam Hoffman
CA State Bar No. 218740
Neil A. Rubin
CA State Bar No. 250761
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Philip Wang

CA State Bar No. 262239
Minna Jay
CA State Bar No. 305941
Paul Kroeger
CA State Bar No. 229074
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_vivato@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff,*
*XR Communications, LLC,*
*dba Vivato Technologies*

## **CERTIFICATE OF SERVICE**

I certify that on October 20, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

/s/ *Reza Mirzaie*
Reza Mirzaie