# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

XR COMMUNICATIONS, LLC, dba
VIVATO TECHNOLOGIES,

        Plaintiff,

        v.

AT&T SERVICES INC.; AT&T MOBILITY
LLC; and AT&T CORP.,

        Defendants.

Case No. 2:23-cv-00202-JRG-RSP
(**Lead Case**)

**JURY TRIAL DEMANDED**

**DEFENDANTS / INTERVENOR'S RESPONSE TO VIVATO'S OBJECTIONS TO
REPORT AND RECOMMENDATION ON DKT. NO. 164 REGARDING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO
INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS (DKT. 283)**

I.    **The Court Correctly Granted Defendants'/Intervenor's Motion as to Limitation 1[c] of the '369 Patent**

The Court correctly held that XR is estopped from asserting the doctrine of equivalents for element 1[c] of the '369 Patent because the Applicant amended element 1[c] during prosecution to add the requirement "wherein said modifying includes selectively setting different transmission power levels for at least two Orthogonal Frequency Division Multiplexing (OFDM) tones in said forward path data signal." Dkt. 269 ("R&R") at 13-14. Thus, the Court found that Prosecution History Estoppel applies because this amendment narrowed the scope of the claim and was done in response to an Examiner amendment. *Id.* at 14. XR's objections (Dkt. 283) do not dispute that the amendment to element 1[c] was made for a reason "substantially relating to patentability." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1566-67 (Fed. Cir. 2003) (en banc).

Instead, XR focuses on the Tangential Relationship Doctrine, which the Court rejected and explained that XR's application of the doctrine was incorrect and that the relevant inquiry was whether the "narrowing amendment [is] directly relevant to the alleged equivalent." *Id*. at 15 (*citing Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1331 (Fed. Cir. 2019)). "The tangential relation exception is very narrow" and the inquiry is "whether the reason for the narrowing amendment was peripheral, or not directly relevant, to the alleged equivalent." *Integrated Tech. Corp. v. Rudolph Techs., Inc.*, 734 F.3d 1352, 1358 (Fed. Cir. 2013).[1] Further, the "tangential relation inquiry 'focuses on the patentee's objectively apparent reason for the narrowing amendment,' which 'should be discernible from the prosecution history record.'" *Id.* (citing *Festo*,

---

[1] Defendants/Intervenor also note that "An amendment made to avoid prior art that contains the equivalent in question is not tangential." *Integrated Tech.*, 734 F.3d at 1358. While the Court did not reach this issue, Defendants explained that XR's purported equivalent to limitation 1[c], a "group of tones," was well-known in the prior art. Dkt. 164 at 9-10.

344 F.3d at 1369).   Further, the patentee bears the burden of showing that "'the rationale underlying the amendment [bears] no more than a tangential relation to the equivalent in question.'" *Integrated Tech.*, 734 F.3d at 1356 (*quoting Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002)).

XR does not even attempt to meet its burden here.[2]  To obfuscate the holes in its argument, XR pastes an excerpt of its expert's infringement report and argues that this paragraph sets forth an opinion about why the Tangential Relationship Doctrine applies.  Dkt. 283 at 3-4 (reproducing Dkt. 184-2, ¶200).  It argues that its expert used the words "prosecution history," recites the claim language added in the claim amendment, and how the Accused Products purportedly infringe under the doctrine of equivalents.  Dkt. 283 at 3-4.  According to XR, its expert opined how the accused products infringed under the doctrine of equivalents because "the claim language added in prosecution did not require each" and so the claim language "is consistent with the alleged equivalent and bears no more than a tangential relation to the alleged equivalent." *Id.* at 4.  XR's argument can be summarized as: because its expert puts forth a Doctrine of Equivalents theory, it has met its burden to show that the Tangential Relationship Doctrine applies.

That is not the law.  To apply the Tangential Relationship Doctrine, XR has the burden to show more than the difference between the claims and the accused products is an insubstantial one (which is simply the infringement inquiry under the doctrine of equivalents).  Instead, to rebut the application of prosecution history estoppel under the Tangential Relationship Doctrine, XR has to show that "the objectively apparent ***reason*** for the narrowing amendment" bore no more than a tangential relationship to the alleged equivalent. *Festo*, 344 F.3d at 1369 (emphasis added).  XR

---

[2] As the Court found, the prosecution history contains no discussion of the rationale underlying the amendment either.

ignores its legal burden and never addresses the reason for the narrowing amendment, which is a linchpin for applying the Tangential Relationship Doctrine.[3]

XR's failure to address this issue is consistent with the Court's finding that the prosecution history for the '369 Patent does not have "any specifically articulated reason for why the patentee made the amendment to claim 1." R&R at 15-16, n. 9. The "reason [for the amendment] should be discernable from the prosecution history record, if the public notice function of a patent and its prosecution history is to have significance." *Festo*, 344 F.3d at 1369; *see also Biagro Western Sales, Inc. v. Grow More, Inc.* 423 F.3d 1296, 1306 (Fed. Cir. 2005) ("since the prosecution history shows no reason for adding [the limitation], [patentee] cannot claim that the rationale for the amendment is merely tangential."). Here the reason is not discernable and therefore XR's objections as to element 1[c] of the '369 Patent should be overruled.

## II. The Court Correctly Granted the Motion as to Element 20[b] of the '511 Patent Because Element 20[b] Substantively Differs From Element 1[b]

The Court granted Defendants' Motion as to limitations 20[a] and 20[c] of the '511 Patent, ruling that "Plaintiff is precluded from arguing DoE for the first and third elements of claim 20." R&R at 8-9. XR does not object to this ruling. Thus, XR has waived any objection to the Court's ruling as to limitations 20[a] and 20[c].

---

[3] Further, XR's expert's infringement opinions simply aren't relevant to the issue at hand. "'[W]hether the patentee has established a merely tangential reason for a narrowing amendment is for the court to determine from the prosecution history record *without the introduction of additional evidence, except, when necessary*, testimony from those skilled in the art as to the interpretation of that record.'" *Howlink Global LLC v. AT&T, Inc.*, No. 2:22-cv-00040-JRG-RSP (E.D. Tex. May 30, 2023) (emphasis in original and quoting *Festo*, 344 F.3d at 1370). Dr. Williams's opinions contain no explanation as to the substance of the prosecution history (including no mention of the reason for the amendment) and so they simply aren't relevant to the issue of what the reason for the narrowing amendment was.

XR's Objections focus only on the Court's ruling as to element 20[b]. For element 20[b], the Court ruled that "should element 1[b] differ from element 20[b], then Plaintiff is also precluded from arguing DoE for the second element of claim 20." *Id.* at 9. XR does not object to this ruling by the Court. Confusingly, XR then argues that it "understands that the motion is denied as to the second element of claim 20" and that "[i]f the Court were to find otherwise, then Plaintiff objects, as the claim language of the applicable claim element is substantively and materially identical." Dkt. 283 at 1. Given that claim elements 1[b] and 20[b] plainly differ, XR's DoE argument is precluded by the Court's holding (which is not the subject of XR's objection) and XR's argument should be rejected.

To the extent the Court is inclined to consider the differences between the claim elements, element 1[b] contains requirements that are not present in element 20[b], and element 20[b] contains requirements not present in element 1[b].[4] This is illustrated in the table below, with claim language found only in element 1[b] highlighted in green and claim language only in element 20[b] highlighted in blue.

| '511 Patent, Claim 1[b] | '511 Patent, Claim 20[b] |
|---|---|
| 1[b]: n multiple-input multiple-output transceivers (MIMO), each MIMO transceiver comprising: a MIMO receiver configured to process m different received signals, wherein an i-th received signal to a j-th MIMO receiver corresponds to a j-th beam of an i-th antenna array; and a MIMO transmitter configured to process m different transmit signals, wherein a v-th transmit signal from a z-th MIMO transmitter corresponds to a z-th beam of a v-th antenna array, | 20[b]: n multiple-input multiple-output transmitters (MIMO), each MIMO transmitter configured to process m different transmit signals, wherein a v-th transmit signal from a z-th MIMO transmitter corresponding to a z-th beam of a v-th antenna array is selected for transmission; |

---

[4] Defendants/Intervenor did not object to this ruling in their objections (Dkt. 289) because, as explained herein, elements 1[b] and 20[b] differ and so per the Court's order XR is precluded from arguing DoE for element 20[b].

4

According to element 20[b], but not element 1[b], a "v-th transmit signal" must be "selected for transmission."  On the other hand, element 1[b] requires "MIMO receivers" that are not required in element 20[b].  These differences are not merely happenstance.  Claim 1 *originally* recited the "is selected for transmission" found in claim 20.  However, in response to a rejection over prior art, XR amended claim 1 to: (a) delete the "is selected for transmission" and (b) add additional language to the element:

> a MIMO transmitter configured to ~~provide~~ process m different transmit signals, wherein ~~the~~ a v-th ~~output~~ transmit signal from ~~the~~ a z-th MIMO transmitter ~~corresponding~~ corresponds to ~~the~~ a z-th beam of ~~the~~ a v-th antenna array ~~is selected for transmission,~~

Dkt. 164-9 at XR-EDTX-00000936.  Thus, even the "MIMO transmitter" element by itself is different in claim 1 from the "MIMO transmitter" in claim 20 – a difference that resulted from a purposeful, knowing amendment of claim 1 seeking (successfully) to overcome prior art.

XR ignores the substantive differences in the claim language, instead focuses on the similarities between the claims.  But merely showing some similarity as XR claims (Dkt. 283 at 1) is not enough.  XR never explains why it contends the differences in claim language are not material.  XR does not even acknowledge the differences between the claims, and so the Court should overrule XR's objections as to the '511 Patent on that basis alone.

Moreover, under the Court's reasoning that "to the extent that elements 1[a], 1[b], and 1[c] are the same as elements 20[a], 20[b], and 20[c] . . . [XR] has provided Defendants with adequate notice of its DoE theories" (R&R at 8), the material differences between element 1[b] and element 20[b] mean that XR's expert's opinions for element 1[b] could not have provided Defendants with notice that XR intended to preserve a DoE argument for element 20[b], which is yet another basis on which to reject XR's arguments.

Dated: October 21, 2025

Respectfully submitted,

*/s/ John R. Gibson*

Deron R. Dacus (TBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Alice E. Snedeker
aesnedeker@duanemorris.com
John R. Gibson
jrgibson@duanemorris.com
Sajid Saleem
ssaleem@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
Telephone: 404.253.6900

Tyler Marandola
tmarandola@duanemorris.com
Brianna Vinci
bvinci@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000

Kevin P. Anderson
kpanderson@duanemorris.com
Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue NW
Suite 700 East
Washington, D.C. 20001-4795
Telephone: (202) 776-5231

***Counsel for Defendants / Intervenor***

6

Melissa R. Smith (TBN 24001351)
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

***Counsel for Defendant T-Mobile***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 21, 2025.

*/s/ John R. Gibson*
John R. Gibson