# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>*Plaintiff,*<br>v.<br>AT&T SERVICES INC.; AT&T MOBILITY LLC; and AT&T CORP.,<br><br>*Defendants,*<br>ERICSSON INC.,<br>*Intervenor.* | Case No. 2:23-cv-00202-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>*Plaintiff,*<br><br>VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>*Defendants,*<br>ERICSSON INC.,<br>*Intervenor.* | Case No. 2:23-cv-00203-JRG-RSP<br>(Member Case) |
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br>*Plaintiff,*<br>v.<br>T-MOBILE USA, INC.,<br><br>*Defendants,*<br>ERICSSON INC.,<br>*Intervenor.* | Case No. 2:23-cv-00204-JRG-RSP<br>(Member Case) |

**VIVATO'S RESPONSE TO DEFENDANTS' OBJECTIONS (DKT. 280) TO REPORT AND RECOMMENDATION DENYING MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT UNDER DOCTRINE OF EQUIVALENTS (DKT. 269)**

Judge Payne issued a Report and Recommendation (R&R, Dkt. 269) denying Defendants'[1] motion for summary judgment of no infringement under the doctrine of equivalents (Mot., Dkt. 164). Defendants' objections (Objs., Dkt. 286) are limited to the R&R's ruling for elements 1[a] and 1[b] of the '369 patent on vitiation and ensnarement. The objections lack merit and should be overruled. For the reasons in the R&R and Vivato's opposition and sur-reply (Dkts. 188 & 225), Vivato's DOE theory is not precluded by vitiation and ensnarement.

The Objections fail to adequately address the findings and analysis of the R&R. Although Defendants cite the R&R, they fail to identify any factual or legal error therein. This shows that that the relevant portion of the R&R (regarding vitiation and ensnarement for elements 1[a] and 1[b] of the '369 patent) is correct and should be adopted. Defendants' objections are also conclusory and undeveloped, and provide no basis for disturbing the R&R.

*First*, as to vitiation, the R&R found that for both the "multipath delay" element and the "forward path pre-equalization parameter" element, Vivato put forth sufficient opinions and evidence for infringement under DOE. Dkt. 269 at 16-18. Defendants object, allegedly because "neither Dr. Williams' report nor the R&R substantively addressed how Dr. Williams' supposed equivalents did anything other than read out several explicit claim requirements." Dkt. 286 at 1.

This fails. Defendants' argument is entirely conclusory and fails to address both the R&R and Vivato's argument and evidence. For example, the R&R's discussion of Vivato's DOE theory, opinions, and evidence spans more than two pages, e.g., 17-18 pages of the R&R. *See* Dkt. 269 at 17-18 (citing Dkt. 188 at 9-11, Dkt. 184-2 at ¶¶ 120, 152, 189-191). Additional argument and evidence are discussed in Vivato's briefing and exhibits. *See* Dkt. 188 at 1-3, 8-11 and citations

---

[1] Collectively, "Defendants" means Defendants AT&T Corp., AT&T Mobility LLC, and AT&T Services, Inc.; Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless; T-Mobile USA, Inc.; and Intervenor Ericsson Inc.

therein; Dkt. 225 at 4-5 and citations therein. Defendants don't even mention the material cited in the R&R. This is fatal to the objections because the Court reviewed "the arguments and supporting documents" concluded that Vivato's evidence is sufficient. Specifically, as the Court found, Vivato properly included the "multipath delay" and "forward path pre-equalization parameter" elements for purposes of a DOE analysis. Therefore, Defendants' assertion that Vivato "read out" several claim limitations is incorrect under the facts and the law.

*Second*, as to ensnarement, the Court found that "Defendants' argument consists of a single-sentence conclusory assertion[.]" Dkt. 269 at 18. Defendants do not and cannot dispute this finding. This is fatal to Defendants motion and shows that they either waived or are not entitled to summary judgment. Defendants' objections should be overruled for this reason alone. The R&R's rejection of Defendants' argument was well within the Court's discretion and necessary for compliance with the rules. *See id.* at 19 ("Defendants may not circumvent the page limits for summary judgment motions by pointing to their responses to Plaintiff's interrogatories for their ensnarement argument. Defendants must fully argue their position in the instant motion. Citation to other documents as support for arguments is permissible, but making all such arguments in another document is not.").

The record shows and the Court found that Defendants did not meet their initial burden of production as the ensnarement. As Vivato explained, Defendants' argument fails on two fronts: (1) they failed to meet their initial burden of production; and (2) even if they did, Vivato's DOE theory would not ensnare the prior art. *See* Dkt. 188 at 12-14 and citations therein; Dkt. 255 at 3-5 and citations therein. For example, as Vivato discussed in sur-reply:

> Vivato was not required to disclose an ensnarement analysis in its infringement report where Defendants never plead it and never met their burden of production. To the extent Defendants somehow met that burden in their opening report, Dr. Williams's rebuttal report on validity at ¶ 89-99 distinguishes the infringing elements from the asserted prior art, precluding summary judgment. Defendants' Reply acknowledges Vivato's argument in its Opposition refers to Dr. Williams's

2

rebuttal report, which is attached as Exhibit B. Defendants cite no case law that Vivato was required to anticipate an ensnarement defense never disclosed, nor that the rebuttal report is untimely

Dkt. 255 at 4-5.

Defendants ignore this in their Objections and again provide no basis for disturbing the R&R's finding and conclusion. Here, especially given factual disputes, ensnarement is not an appropriate issue to resolve on summary judgment.

\* \* \*

For the foregoing reasons, Defendants' objections to the R&R lack merit and should be overruled. The R&R correctly found that the Vivato's DOE theories and evidence for elements 1[a] and 1[b] of the '369 patent are not precluded by vitiation or ensnarement.

Dated: October 21, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Adam Hoffman
CA State Bar No. 218740
Neil A. Rubin
CA State Bar No. 250761
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Philip Wang
CA State Bar No. 262239
Minna Jay
CA State Bar No. 305941
Paul Kroeger
CA State Bar No. 229074
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_vivato@raklaw.com

3

                Andrea L. Fair
                TX State Bar No. 24078488
                MILLER FAIR HENRY PLLC
                1507 Bill Owens Parkway
                Longview, TX 75604
                Telephone: 903-757-6400
                andrea@millerfairhenry.com

*Attorneys for Plaintiff,*
*XR Communications, LLC,*
*dba Vivato Technologies*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas, and served counsel of record with a copy via electronic email.

/s/ *Reza Mirzaie*
Reza Mirzaie